**FILED**

UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

JAN 2 4 2012

MATTHEW J. DYKMAN
CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) CR No. 10-2734 JCH |
| | ) |
| vs. | ) Count 1: 18 U.S.C. § 371: Conspiracy |
| | ) to Commit Carjacking; |
| **JOHN CHARLES MCCLUSKEY,** | ) |
| | ) Counts 2-3: 18 U.S.C. § 2119(3): |
| Defendant. | ) Carjacking Resulting in Death; 18 |
| | ) U.S.C. § 2: Aiding and Abetting; |
| | ) |
| | ) Counts 4-5: 18 U.S.C. § |
| | ) 1512(a)(1)(C): Tampering With a |
| | ) Witness; 18 U.S.C. § 2: Aiding and |
| | ) Abetting; |
| | ) |
| | ) Count 6: 18 U.S.C. § 1951: |
| | ) Conspiracy to Interfere with |
| | ) Commerce; |
| | ) |
| | ) Counts 7-8:  18 U.S.C. § 1951: |
| | ) Interference with Commerce; 18 |
| | ) U.S.C. § 2: Aiding and Abetting; |
| | ) |
| | ) Counts 9-18: 18 U.S.C. §§ 924(c)(1) |
| | ) and (j):  Using and Carrying Firearm |
| | ) During and in Relation to Crime of |
| | ) Violence; 18 U.S.C. § 2: Aiding and |
| | ) Abetting; |
| | ) |
| | ) Count 19: 18  U.S.C. §§ 922(g)(1) and |
| | ) 924(a)(2): Felon in Possession of |
| | ) Firearms and Ammunition; |
| | ) |
| | ) Count 20: 18 U.S.C. §§ 922(g)(2) and |
| | ) 924(a)(2): Fugitive in Possession of |
| | ) Firearms and Ammunition. |

## THIRD SUPERSEDING INDICTMENT

The Grand Jury charges:

Count 1

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** and others known to the grand jury, did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree to carjack Gary Haas and Linda Haas, in violation of Title 18, United States Code, Section 2119, and as a result of this act, caused the death of Gary Haas and Linda Haas.

In furtherance of such agreement and conspiracy and to effect the objects thereof, the defendant committed the following overt acts, among others:

a.     **JOHN CHARLES MCCLUSKEY,** and others known to the grand jury, agreed to take a 2006 Chevrolet pick-up and camper trailer from a man and woman at a rest stop.  This vehicle and trailer belonged to Gary Haas and Linda Haas.

b.     **JOHN CHARLES MCCLUSKEY,** and another person known to the grand jury, approached the pick-up and forced Linda Haas into the pick-up at gunpoint.

c.     **JOHN CHARLES MCCLUSKEY,** and another person known to the grand jury, forced Gary Haas at gunpoint to drive the pick-up and trailer away from the rest stop.

d.     **JOHN CHARLES MCCLUSKEY** ordered Gary Haas and Linda Haas out of the pick-up at gunpoint and thereafter shot and killed them.

e.     **JOHN CHARLES MCCLUSKEY,** and others known to the grand jury, then drove away in the Haases' pick-up.

In violation of 18 U.S.C. § 371.

2

Count 2

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** with the intent to cause death and serious bodily harm, did take a motor vehicle, a 2006 Chevrolet Pick-Up Truck, Vehicle Identification Number 1GCHK23D36F235389, which had been transported, shipped and received in interstate commerce, from the person and presence of Gary Haas by force and violence, and by intimidation, resulting in the death of Gary Haas.

In violation of 18 U.S.C. §§ 2119 and 2.

Count 3

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** with the intent to cause death and serious bodily harm, did take a motor vehicle, a 2006 Chevrolet Pick-Up Truck, Vehicle Identification Number 1GCHK23D36F235389, which had been transported, shipped and received in interstate commerce, from the person and presence of Linda Haas by force and violence, and by intimidation, resulting in the death of Linda Haas.

In violation of 18 U.S.C. §§ 2119 and 2.

Count 4

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did unlawfully and with malice aforethought kill Gary Haas, with the intent to prevent the communication to any law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, including but not limited to the Federal offenses charged in Counts 1 through 3 and 6 through 20

3

of this Indictment, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 1512(a)(1)(C) and 2.

### Count 5

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did unlawfully and with malice aforethought kill Linda Haas, with the intent to prevent the communication to any law enforcement officer and judge of the United States of information relating to the commission and possible commission of a Federal offense, including but not limited to the Federal offenses charged in Counts 1 through 3 and 6 through 20 of this Indictment, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 1512(a)(1)(C) and 2.

### Count 6

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** and others known to the grand jury, did unlawfully combine, conspire, confederate, and agree to obstruct, delay and affect commerce as that term is defined in Title 18, United States Code, Section 1951, and the movement of articles and commodities in such commerce, by robbery as that term is defined in Section 1951, in that the defendant did unlawfully conspire and agree to rob and take and obtain personal property including but not limited to a 2006 Chevrolet Pick-Up Truck, Vehicle Identification Number 1GCHK23D36F235389, a camper trailer, Vehicle Identification Number 4YDT2752132034867, a sum of United States currency, a Glock, Model 36, .45 caliber semi-automatic handgun, serial number DVU736US, a Glock, Model 17, 9mm semi-automatic handgun, serial number AK548US, and a Rossi, .38 caliber handgun, serial number W243613, from the presence of Gary

4

Haas and Linda Haas, individuals engaged in interstate commerce, against the will of Gary Haas
and Linda Haas, by means of actual and threatened force, violence, and fear of injury, immediate
and future, to their person.

In violation of 18 U.S.C. § 1951(a).

## Count 7

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN
CHARLES MCCLUSKEY,** did unlawfully obstruct, delay and affect commerce as that term is
defined in Title 18, United States Code, Section 1951, and the movement of articles and
commodities in such commerce, by robbery as that term is defined in Section 1951, in that the
defendant did unlawfully take and obtain personal property including but not limited to a 2006
Chevrolet Pick-Up Truck, Vehicle Identification Number 1GCHK23D36F235389, a camper
trailer, Vehicle Identification Number 4YDT2752132034867, a sum of United States currency, a
Glock, Model 36, .45 caliber semi-automatic handgun, serial number DVU736US, a Glock,
Model 17, 9mm semi-automatic handgun, serial number AK548US, and a Rossi, .38 caliber
handgun, serial number W243613, from the presence of Gary Haas, an individual engaged in
interstate commerce, against the will of Gary Haas, by means of actual and threatened force,
violence, and fear of injury, immediate and future, to his person.

In violation of 18 U.S.C. § 1951(a).

## Count 8

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN
CHARLES MCCLUSKEY,** did unlawfully obstruct, delay and affect commerce as that term is
defined in Title 18, United States Code, Section 1951, and the movement of articles and

commodities in such commerce, by robbery as that term is defined in Section 1951, in that the

defendant did unlawfully take and obtain personal property including but not limited to a 2006

Chevrolet Pick-Up Truck, Vehicle Identification Number 1GCHK23D36F235389, a camper

trailer, Vehicle Identification Number 4YDT2752132034867, a sum of United States currency, a

Glock, Model 36, .45 caliber semi-automatic handgun, serial number DVU736US, a Glock,

Model 17, 9mm semi-automatic handgun, serial number AK548US, and a Rossi, .38 caliber

handgun, serial number W243613, from the presence of Linda Haas, an individual engaged in

interstate commerce, against the will of Linda Haas, by means of actual and threatened force,

violence, and fear of injury, immediate and future, to her person.

In violation of 18 U.S.C. § 1951(a).

## Count 9

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN**

**CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a

crime of violence for which the defendant may be prosecuted in a court of the United States, that

is, Conspiracy to Commit Carjacking, as charged in Count 1 of the Indictment, and in the course

of this violation caused the death of Gary Haas through the use of the firearm, which killing is a

murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice

aforethought killed Gary Haas, and such killing was willful, deliberate, malicious, and

premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

## Count 10

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN**

6

**CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Conspiracy to Commit Carjacking, as charged in Count 1 of the Indictment, and in the course of this violation caused the death of Linda Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Linda Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

### Count 11

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count 2 of the Indictment, and in the course of this violation caused the death of Gary Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Gary Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

### Count 12

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Carjacking, as charged in Count 3 of the Indictment, and in the course of this violation caused

7

the death of Linda Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Linda Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

## Count 13

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Tampering With a Witness, as charged in Count 4 of the Indictment, and in the course of this violation caused the death of Gary Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Gary Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

## Count 14

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Tampering With a Witness, as charged in Count 5 of the Indictment, and in the course of this violation caused the death of Linda Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Linda Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Count 15

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Conspiracy to Interfere with Commerce, as charged in Count 6 of the Indictment, and in the course of this violation caused the death of Gary Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Gary Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Count 16

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Conspiracy to Interfere with Commerce, as charged in Count 6 of the Indictment, and in the course of this violation caused the death of Linda Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Linda Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Count 17

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN**

9

**CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce, as charged in Count 7 of the Indictment, and in the course of this violation caused the death of Gary Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Gary Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Count 18

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** did knowingly use and carry a firearm during and in relation to a crime of violence for which the defendant may be prosecuted in a court of the United States, that is, Interference with Commerce, as charged in Count 8 of the Indictment, and in the course of this violation caused the death of Linda Haas through the use of the firearm, which killing is a murder as defined in 18 U.S.C. § 1111, in that the defendant unlawfully and with malice aforethought killed Linda Haas, and such killing was willful, deliberate, malicious, and premeditated.

In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Count 19

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN CHARLES MCCLUSKEY,** a person who had been convicted of felony crimes punishable by imprisonment for a term exceeding one year, to wit: attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Case No. CR 2009-118185 in Maricopa County, Arizona; and robbery, criminal conspiracy, and aggravated assault in Case No. CR 2733-

10

92, Lancaster County, Pennsylvania, did knowingly possess, in and affecting commerce,

firearms, a Smith and Wesson, model SW40VE, .40 caliber handgun, serial number DUM2735, a

Smith and Wesson, model SW40VE, .40 caliber handgun, serial number PDB5557, a Glock,

model 36, .45 caliber handgun, serial number DVU736US, approximately 25 rounds of Blazer

.40 caliber ammunition, approximately 13 rounds of Winchester .40 caliber ammunition,

approximately 4 rounds of Remington 9mm ammunition, approximately 5 rounds of Federal

9mm ammunition, approximately 5 rounds of Winchester 9mm ammunition, approximately 1

round of PMC 9mm ammunition, approximately 1 round of 9-PACP 9mm caliber ammunition,

approximately 99 rounds of Winchester .45 caliber ammunition, and approximately 12 rounds of

Federal .45 caliber ammunition.

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Count 20

On or about August 2, 2010, in the District of New Mexico, the defendant, **JOHN**

**CHARLES MCCLUSKEY,** a person who was a fugitive from justice, did knowingly possess,

in and affecting commerce,  firearms, a Smith and Wesson, model SW40VE, .40 caliber

handgun, serial number DUM2735, a Smith and Wesson, model SW40VE, .40 caliber handgun,

serial number PDB5557, a Glock, model 17, 9mm semi-automatic handgun, serial number

AK548US, a  Glock, model 36, .45 caliber handgun, serial number DVU736US, a Rossi, .38

caliber handgun, serial number W243613, approximately 25 rounds of Blazer .40 caliber

ammunition, approximately 13 rounds of Winchester .40 caliber ammunition, approximately 99

rounds of Winchester .45 caliber ammunition, approximately 12 rounds of Federal .45 caliber

ammunition, approximately 14 rounds of unknown brand 9mm ammunition, approximately 10

11

rounds of CCI 9mm ammunition, approximately 19 rounds of Winchester 9mm ammunition, approximately 4 rounds of Remington 9mm ammunition, approximately 5 rounds of Federal 9mm ammunition, approximately 1 round of PMC 9mm ammunition, approximately 1 round of 9-PACP 9mm ammunition, approximately 50 rounds of Remington .38 caliber ammunition, and approximately 4 rounds of ELD .38 caliber ammunition.

In violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2).

Special Findings

The grand jury repeats and realleges the accusations of Counts 2 - 5 and 9 - 18 of the Indictment.

With respect to each of Counts 2 - 5, and 9 - 18, the Grand Jury finds that the defendant, **JOHN CHARLES MCCLUSKEY:**

a.  was 18 years of age or older at the time of the offenses charged (18 U.S.C. § 3591(a));

b.  intentionally killed Gary Haas (18 U.S.C. § 3591(a)(2)(A));

c.  intentionally killed Linda Haas (18 U.S.C. § 3591(a)(2)(A));

d.  intentionally participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gary Haas and Linda Haas died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

e.  intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Gary Haas and Linda Haas died as a result of the act (18 U.S.C. § 3591(a)(2)(D));

f.  has previously been convicted of violent offenses, punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person (18 U.S.C. § 3592(c)(2));

g.  has previously been convicted of other serious offenses, punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person (18 U.S.C. § 3592(c)(4));

h.  committed the offense in a heinous, cruel, or depraved manner, in that it involved serious physical abuse to the victims (18 U.S.C. § 3592(c)(6)); and

i.  intentionally killed more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

A TRUE BILL:

/s/
FOREPERSON OF THE GRAND JURY

Assistant United States Attorney

01/23/12  4:17pm

13