IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CR No. 10-2734 JCH |
| | ) |
| JOHN CHARLES MCCLUSKEY, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**NOTICE OF INTENTION TO SEEK THE DEATH PENALTY**

The United States of America, pursuant to 18 U.S.C. § 3593(a), hereby gives notice that the circumstances of this case are such that, in the event the defendant is convicted of a capital offense relating to the death of Gary Haas and Linda Haas, a sentence of death is justified and the United States will seek a sentence of death. Specifically, the United States will seek a sentence of death for the following Counts in the Third Superseding Indictment (the "Indictment"): Counts Two and Three, which charge carjacking resulting in death, in violation of 18 U.S.C. § 2119(3); Counts Four and Five, which charge killing a witness, in violation of 18 U.S.C. § 1512(a)(1)(C); and Counts Nine through Eighteen, which charge the defendant with causing death through the use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 924(c) and (j). For each of the counts listed above of which the defendant is found guilty, the United States proposes to prove the following factors beyond a reasonable doubt to justify a sentence of death.

A.  <u>Statutory Threshold Factors - 18 U.S.C. § 3591(a)</u>.

    1.  The defendant was 18 years of age or older at the time of the offenses. 18 U.S.C. § 3591(a).

    2.  The defendant intentionally killed Gary Haas and Linda Haas. 18 U.S.C. § 3591(a)(2)(A).

    3.  The defendant intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and Gary Haas and Linda Haas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(C).

    4.  The defendant intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and Gary Haas and Linda Haas died as a direct result of the act. 18 U.S.C. § 3591(a)(2)(D).

B.  <u>Statutory Aggravating Factors - 18 U.S.C. § 3592(c)</u>.

    1.  The defendant has previously been convicted of a Federal or State offense punishable by a term of imprisonment of more than one year, involving the use or attempted or threatened use of a firearm against another person, including at least:

        a.  1992 convictions for robbery, criminal conspiracy, and aggravated assault, Case No. CR 2733-92, Lancaster County, Pennsylvania;

        b.        2009 convictions for attempted second degree murder, discharge of a firearm at a structure, and aggravated assault; Case No. CR 2009-118185, Maricopa County, Arizona; and

        c.        2011 convictions for kidnapping, armed robbery, and aggravated assault, Case No. CR 2010-00823, Mohave County, Arizona.

18 U.S.C. § 3952(c)(2).

    2.    The defendant has previously been convicted of two or more Federal or State offenses, each punishable by a term of imprisonment of more than one year, committed on different occasions, involving the infliction of, or attempted infliction of, serious bodily injury or death upon another person, including at least:

        a.        1992 convictions for robbery, criminal conspiracy, and aggravated assault, Case No. CR 2733-92, Lancaster County, Pennsylvania; and

        b.        2009 convictions for attempted second degree murder, discharge of a firearm at a structure, and aggravated assault; Case No. CR 2009-118185, Maricopa County, Arizona.

18 U.S.C. § 3592(c)(4).

    3.    The defendant committed the offense in an especially heinous, cruel, and depraved manner in that it involved serious physical abuse to the victims. 18 U.S.C. § 3592(c)(6).

    4.    The defendant intentionally killed more than one person in a single criminal episode. 18 U.S.C. § 3592(c)(16).

C. <u>Non-Statutory Aggravating Factors Authorized Under 18 U.S.C. § 3592(c)</u>.

    1. Victim Impact Evidence.

As demonstrated by the victims' personal characteristics as an individual human being and the impact of the death upon the victim and the victims' family and friends, the defendant caused injury, harm, and loss to the victim and the victims' family and friends, including at least Cathy Byus, Vivian Haas, Frank and Linda Rook, Sandra Roden Morgan, Talford Perkins, Erma and Jay Dee Patrick, and Steve and Sheila Walker. *See* 18 U.S.C. § 3593(a).

    2. Contemporaneous Serious Criminal Acts.

The defendant killed Gary Haas and Linda Haas during a contemporaneous and continuing episode of serious criminal activity that included, but is not limited to the July 30, 2010, escape from Arizona State Prison - Kingman; the July 31, 2010, robbery and kidnapping of Prahbjeet Bains and Gurdop Singh; the purchase of illegal drugs in Albuquerque, New Mexico, on or about August 2, 2010; and the August 11, 2010, armed robbery of the Kut and Kurl hair salon in Gentry, Arkansas.

    3. Obstruction of Justice.

The defendant killed Gary Haas and Linda Haas with the intent to prevent the victims from providing information and assistance to law enforcement authorities in regard to the investigation or prosecution of another offense or offenses, including but not limited to escape, kidnapping, carjacking, and robbery.

    4. Armed Fugitive from Justice.

The defendant was an armed fugitive from justice wanted by Federal, State, and local law enforcement agencies who traveled across several states from July 30, 2010 through August 19, 2010.

     5.     Future Dangerousness.

The defendant is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others, as evidenced by at least one or more of the following:

    a)    Continuing Pattern of Violence.

The defendant has engaged in a continuing pattern of violence, attempted violence, and threatened violence, including but not limited to the crimes alleged against the defendant in the Indictment and the following:

        (i)    1992 armed robbery, criminal and aggravated assault in Lancaster County, Pennsylvania;

        (ii)    2009 attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Maricopa County, Arizona;

        (iii)    2010 kidnapping, armed robbery, and aggravated assault in Mohave County, Arizona;

        (iv)    2010 armed robbery of the Kut and Kurl hair salon in Gentry, Arkansas; and

        (v)    2011 assaults of a law enforcement officers in Mohave County, Arizona.

    b)    Low Rehabilitative Potential.

Defendant has demonstrated a low potential for rehabilitation as demonstrated by, but not limited to, the following:

        (i)    criminal acts committed after prior incarceration;

        (ii)    July 30, 2010 escape from Arizona State Prison - Kingman;

        (iii)    possession of a contraband cell phone at Arizona State Prison - Kingman;

      (iv)      possession and distribution of illegal drugs in Arizona State Prison system;

      (v)      possession of contraband weapons while incarcerated, including at least: (1) a razor blade at the Mohave County Jail on or about August 24, 2010; (2) a club-like weapon at the Mohave County Jail on or about June 15, 2011; and (3) a razor blade at the Mohave County jail in or about June 2011; and (4) a shank at the New Mexico Department of Corrections - Santa Fe in January 2012; and

      (vi)      illegal contact with a witness via telephone from the New Mexico Department of Corrections - Santa Fe on or about January 9, 2012.

c)      Lack of Remorse.

Defendant has not expressed genuine remorse for killing Gary Haas and Linda Haas as indicated by his actions following the killings, and his statements to his accomplices and law enforcement agents during the course of and following the offenses alleged in the Indictment.

d)      Callous Disregard for Human Life.

Defendant has demonstrated a callous disregard for human life as demonstrated by, but not limited to, the following:

      (i)      the execution-style killings of Gary Haas and Linda Haas and the post-mortem mutilation of their bodies;

      (ii)      attempts to kill or seriously injure victims of previous criminal acts in Pennsylvania and Arizona;

  (iii) statements made to law enforcement officers following his August 19, 2010, arrest indicating that he would have done the same thing to other persons that he did to Gary and Linda Haas;

  (iv) statements made to law enforcement officers following his August 19, 2010, arrest indicating that he would have shot the arresting officers if he would have had his gun;

  (v) statements made to law enforcement officers following his August 19, 2010, arrest indicating that he should have killed a park employee;

  (vi) statements made to an accomplice indicating that he intended to fight and kill any law enforcement officers if confronted while on the run; and

  (vii) statements made to Arizona law enforcement officers in 2009 regarding his desire to inflict serious bodily injury to others.

 e) Gang Membership.

Defendant has demonstrated an allegiance to and membership in the Aryan Brotherhood, a violent criminal enterprise.

 f) Escape Risk.

Defendant represents an escape risk as demonstrated by his July 30, 2010, escape from the Arizona State Prison - Kingman and his possession of contraband weapons while incarcerated.

 The United States further gives notice that in support of imposition of the death penalty, it intends to rely upon all the evidence admitted by the Court at the guilt phase of the trial and the offenses of conviction as described in the Indictment as they relate to the background and character

of the defendant, his moral culpability, and the nature and circumstances of the offenses charged in the Indictment.

        Respectfully submitted,

        KENNETH J. GONZALES
        United States Attorney


        By:_____
        LINDA MOTT
        GREGORY J. FOURATT
        Assistant United States Attorneys
        201 Third Street NW, Suite 900
        Albuquerque, NM 87103
        (505) 346-7274

        MICHAEL S. WARBEL
        Trial Attorney
        United States Department of Justice
        Capital Case Unit
        1331 F. St. NW, Rm. 346
        Washington, DC 20004
        (202) 514-5605

I HEREBY CERTIFY this 26th day of January, 2012, that a copy of this document was filed electronically through the Court's CM/ECF system, which is designed to serve copies of this document to all counsel of record.

/s/_____
LINDA MOTT
Assistant United States Attorney.