IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

   v.                                 Case No.  10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

     Defendant.

## MOTION FOR DISCLOSURE OF GRAND JURY
## AND PETIT JURY DATA

Defendant John Charles McCluskey, pursuant to the Fifth and Sixth

Amendments to the United States Constitution, *Duren v. Missouri*, 439 U.S. 357

(1979) and 28 U.S.C. § 1867(a) and (f), respectfully moves the Court for an Order

directing the Clerk of the United States District Court for the District of New

Mexico to make available to the defense and its expert, for inspection and copying,

all information, data and procedures implemented in the selection of grand and

petit jurors in the District of New Mexico, specifically in the Northern and Central

Divisions.  In support of this Motion, Mr. McCluskey states:

### PROCEDURAL BACKGROUND

Mr. McCluskey is presently charged under a Third Superseding Indictment

with twenty counts, including, *inter alia*, Conspiracy to Commit Carjacking

Resulting in Death, Carjacking Resulting in Death, and Murder of a Witness,

contrary to 18 U.S.C. § 371, 18 U.S.C. § 2119, and 18 U.S.C. § 1512, respectively. [Doc. 274.]  The Third Superseding Indictment includes several special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591.  On January 26, 2012, the government filed its Notice of Intention to Seek the Death Penalty.  [Doc. 275.]

### CONSTITUTIONAL AND STATUTORY REQUIREMENTS FOR JURY SELECTION

A defendant in a criminal trial has a constitutional and statutory right to a grand and petit jury chosen without discrimination from a fair and representative cross-section of the community.  *Glasser v. United States*, 315 U.S. 60 (1942); *Smith v. Texas*, 311 U.S. 128 (1940).  "The selection of a petit jury from a representative cross section of the community is an essential component of the Sixth Amendment right to a jury trial."  *Taylor v. Louisiana*, 419 U.S. 522, 528 (1975).  In addition, discrimination in the selection of a grand or petit jury panel violates a defendant's constitutional right to due process of law as guaranteed by the Fifth Amendment to the United States Constitution.  *Batson v. Kentucky*, 476 U.S. 79 (1986).

For these reasons, a defendant has a constitutional right to challenge the exclusion from the both the jury and grand jury pool of any identifiable group in the community.  *Campbell v. Louisiana*, 523 U.S. 392, 397-400 (1998).  A

defendant may also challenge the exclusion or underrepresentation of any identifiable group from the position of grand jury foreperson.  *See id.*

Under the provisions of the Jury Selection and Services Act, 28 U.S.C. § 1861—which incorporates the standards established by the Sixth Amendment to the United States Constitution—"all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes."  In order to demonstrate a violation of the fair cross-section requirement, a defendant must show that a race, class, or other identifiable group was excluded in the jury selection process.  The legal test is whether a defendant can demonstrate "(1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process."  *Duren v. Missouri*, 439 U.S. 357, 364 (1979).

Section 1861 also safeguards the right of all qualified citizens to be considered for service on grand and petit juries in the Federal district courts.  *See* 28 U.S.C. § 1861 ("It is further the policy of the United States that all citizens shall have the opportunity to be considered for service on grand and petit juries in the

district courts of the United States, and shall have an obligation to serve as jurors

when summoned for that purpose."). This provision incorporates the standards of

the Equal Protection Clause of the Fifth Amendment, which protects the rights of

potential jurors who may have been excluded because of their membership in a

"recognizable, distinct class" capable of being "singled out for different treatment

under the laws." *Castaneda v. Partida,* 430 U.S. 482, 494 (1977). The standard

for considering a Fifth Amendment challenge has been described thusly:

> Traditionally, in order to establish a prima facie case that a jury was selected
> in violation of a defendant's right to equal protection, the defendant is
> required to meet a three-part test established by the Supreme Court in
> *Castaneda v. Partida*, 430 U.S. 482, 494, 97 S. Ct. 1272, 1280, 51 L.Ed.2d
> 498 (1977). "First, he must establish that the group excluded from the grand
> jury is one that is a recognizable, distinct class capable of being singled out
> for different treatment under the laws. Second, he must establish that the
> selection procedure used by the state to select grand juries is susceptible to
> abuse or is not racially neutral. Finally, he must establish the degree of
> underrepresentation occurring over a significant period of time by
> comparing the proportion of the excluded group in the total population to the
> proportion serving as grand jurors." *Jefferson v. Morgan*, 962 F.2d 1185,
> 1188-89 (6th Cir.) (citations omitted), *cert. denied*, 506 U.S. 905, 113 S. Ct.
> 297, 121 L.Ed.2d 221 (1992).

*United States v. Ovalle*, 136 F.3d 1092, 1104 (6th Cir. 1998).

It is the defendant's burden to establish a prima facie case that a jury was

selected in violation of the fair-cross-section requirement. *Duren*, 439 U.S. at 364.

Once the defense has made that showing, the burden shifts to the government to

justify the infringement by showing attainment of a fair cross section is

incompatible with a significant government interest. *Id.* at 368.

4

Although the Tenth Circuit Court of Appeals has recognized that a petit jury need not "mirror the community" the Court has nevertheless repeatedly cautioned that jury panels or venires "must not systematically exclude distinctive groups." *United States v. Contreras*, 108 F.3d 1255, 1268 (10th Cir. 1997). Consequently, the Tenth Circuit has been conscious of the need to ensure adequate representation of distinctive groups and of the constitutional imperative of avoiding systematic exclusion by examining the absolute and comparative disparity of jurors to measure the difference between the percentage of the identifiable group in the general population and its percentage in the qualified jury wheel. *United States v. Chanthadara*, 230 F.3d 1237, 1257-58 (10th Cir. 2000). To make the required showing under the Fifth and Sixth Amendments, a criminal defendant must have access to information in the possession of the District Court Clerk concerning the selection of grand and petit juries, including information addressing how these individuals were qualified.

## ENTITLEMENT TO DISCOVERY OF JURY DATA

A defendant's exercise of his right to bring a jury challenge, of course, depends on his ability to discover the information necessary to determine whether jurors are being improperly excluded. For this reason, the United States Supreme Court held, in *Test v. United States*, 420 U.S. 28 (1975), that the defendant had been improperly denied the right to inspect the jury list in order to prepare a jury

5

challenge pursuant to the Jury Selection and Service Act of 1968.  The Court

explained that

> … without inspection, a party almost invariably would be unable to
> determine whether he has a potentially meritorious challenge.  Thus, an
> unqualified right to inspection is required not only by the plain text of the
> statute, but also by the statute's overall purpose of ensuring "grand and petit
> juries selected at random from a fair cross section of the community."

*Id.* at 30.

28 U.S.C. § 1867 sets forth the procedure for challenging compliance with

the Jury Selection and Service Act.  Section 1867(a) requires the defense to

exercise due diligence in investigating possible grounds for such a challenge.

Under subsection (f), "[t]he parties in a case shall be allowed to inspect, reproduce,

and copy" records or papers used in connection with the jury selection process

during the preparation and pendency of a motion challenging the jury selection

process.  Under this provision, "[t]he right to inspect jury lists is essentially

unqualified." *United States v. Studley*, 783 F.2d 934, 938 (9th Cir. 1986).  "The

right 'to inspect, produce, and copy such records or papers at all reasonable times

during the preparation and pendency of such a motion' granted in section 1867(f)

extends not only to the grand jury panel, but also to the master wheel." *United

States v. Armstrong*, 621 F.2d 951, 955 (9th Cir. 1980).

The District Court for the District of New Mexico currently selects its grand

juries and petit juries pursuant to its 2008 Jury Selection Plan (the "Plan").  The

6

Plan divides the state into three petit jury divisions (the Northern, Central and Southern Divisions) and two grand jury divisions (the North/Central and Southern Divisions). Plan at ¶ 2. A Master Jury Wheel is created every two years ("by March of every odd-numbered year") using the voter registration lists maintained by each county in the state. *Id.*, ¶ 5(a). The Plan requires that at least three thousand people—one thousand from each of the petit jury divisions—be randomly selected from those registration lists.[1] *Id.*, ¶ 5(a)(4). Names are then randomly drawn periodically from the master jury wheel to receive juror qualification questionnaires and summonses to report for grand or petit jury service. *Id.*, ¶¶ 5(a)(2), (b). When the questionnaires are returned, the Clerk of Court dismisses anyone who is disqualified, exempted or otherwise excused. The remainder is added to the Qualified Jury List for the particular division from which the names were drawn. The Qualified Jury List is the source of jurors for grand jury and petit jury panels. *Id.*, ¶ 9.

On September 29, 2010, a Grand Jury for the United States District Court for the District of New Mexico (presumably empanelled in the Northern/Central Division) returned a multi-count indictment against Mr. McCluskey and his two co-defendants. (Doc. 24.) A Superseding Indictment was returned on December

---

[1] On December 3, 2010, the Court ordered that "13,600 names be placed in the Northern Division Jury Master Wheel, 36,000 names be placed in the Central Division Master Jury Wheel, and 30,400 names be placed in the Southern Division Master Jury Wheel." Order, 1:10-mc-0004, Doc. 35 (Dec. 3, 2010).

29, 2010 (Doc. 73), a Second Superseding Indictment was returned on January 12, 2011 (Doc. 83), and a Third Superseding Indictment was returned on January 24, 2012 (Doc. 274). Trial is currently scheduled to begin on March 11, 2013. (Doc. 220.)

Mr. McCluskey is seeking information from the master jury wheel used for selection of the Grand Jury which issued all indictments he faced in this case, as well as current and prospective wheels in order to assess the constitutionality of the petit jury which will hear the trial in this matter.

SPECIFIC REQUESTS

Mr. McCluskey respectfully requests that the Court authorize his counsel and experts to inspect and/or copy all relevant information regarding the procedures used to select grand jurors and petit jurors in the Northern and Central Divisions of the District of New Mexico in the period preceding his indictment and trial, including the following specific information:

**<u>Policies and Procedures</u>**

(1) All information regarding the procedures and databases used to create the relevant grand and petit jury panels, including the area, by county, from which the panels were drawn in the period from March 1, 2007 through the present.

(2) All reports, memoranda, writings, or analyses in the care and custody of

personnel employed in any office of the United States District Court for

the District of New Mexico, or by any vendor working with the Clerk of

the Court for the District of New Mexico, describing the operation of the

jury system in the District, including, but not limited to, the composition

of petit or grand juries, or the composition of any source, master, or other

qualified jury lists used by the Court or by any contractor working for the

Court to summon persons for service from January 1, 2007 through the

present.

(3) Identification of any vendor used by the United States District Court for

the District of New Mexico to assemble jury lists at any time since

January 1, 2007, including the vendor's name, address, telephone number

and contact person for the contract with the United States District Court

for the District of New Mexico.

## Grand Jury Information[2]

(4) All voter registration lists and any other lists used to create the master

wheel from which the Grand Jury which indicted Mr. McCluskey on

---

[2] Under the Jury Selection Plan, the master jury wheel must be emptied and refilled by March of
every odd-numbered year. Information which can be gleaned from the master jury wheel
emptied earlier this year—from which the Grand Jury that returned the prior indictments in this
case was selected—is no longer protected under federal law. 28 U.S.C. § 1867(f) (allowing
disclosure of all records and papers generated for a master jury wheel once "the master jury
wheel has been emptied and refilled ... and all persons selected to serve as jurors before the
master wheel was emptied have completed such service").

September 29, 2010, December 29, 2010, January 12, 2011, and January 24, 2012 (hereinafter "the relevant master wheels") were selected, including all available information on said individuals, including but not limited to name, address, race, gender, and voter registration date.

(5) All demographic information (including race, ethnicity, gender and age) for the individuals included on the relevant master wheels.

(6) All correspondence with voter registration official regarding the relevant master wheels; any and all records (logs, time sheets, documents or writings of any kind) reflecting the dates individuals were put on or added to the relevant master wheels.

(7) All demographic information (including race, ethnicity, gender and age) for the Qualified Jury List from which the Grand Jury which indicted Mr. McCluskey on September 29, 2010, December 29, 2010, and January 12, 201, and January 24, 2012  were selected.

(8) All demographic information (including race, ethnicity, gender and age) for each member of the Grand Jury who actually served on the juries which indicted Mr. McCluskey on September 29, 2010, December 29, 2010, January 12, 2011, and January 24, 2012.

(9) All demographic information (including race, ethnicity, gender and age) for the forepersons of the juries which indicted Mr. McCluskey on

10

September 29, 2010, December 29, 2010, January 12, 2011, and January 24, 2012.

(10)   A list of all individuals (by juror participant number) who were excused or exempted from Grand Jury service for the grand juries which indicted Mr. McCluskey on September 29, 2010, December 29, 2010, January 12, 2011, and January 24, 2012, the reasons why those individuals were excused or exempted and all identifying demographic information (including race, ethnicity, gender and age) for the jurors who were excused or exempted.

(11)   All demographic information (including race, ethnicity, gender and age) for the prospective jurors who were summoned for Grand Jury duty who did not appear for jury selection (the "no shows") for the Grand Jury which indicted Mr. McCluskey on September 29, 2010, December 29, 2010, January 12, 2011, and January 24, 2012.

(12)   All demographic information (including race, ethnicity, gender and age) for all jurors who were drawn from the qualified jury lists to form the grand jury arrays from March 1, 2007 through the present.

(13)   All demographic information (including race, ethnicity, gender and age) for all jurors who have formed the qualified jury lists created

11

pursuant to the one-step qualification and summons process from March 1, 2007 until the present.

(14)   All demographic information (including race, ethnicity, gender and age) for all Grand Jury forepersons who were appointed from March 1, 2007 through the present.

(15)   A list of all individuals deemed unqualified for jury service from March 1, 2007 through the present, the reason for their disqualification, and all demographic information (including race, ethnicity, gender and age) for those individuals deemed unqualified.

**Petit Jury Information**

Upon production of the qualified jury list from which the petit jury that will hear this case will be drawn:

(16)   All voter registration lists and any other lists used to create the master wheel from which the petit jury was selected, including all available information on said individuals, including but not limited to name, address, race, gender, and voter registration date.

(17)   All demographic information (including race, ethnicity, gender and age) for the individuals included on the master jury wheel from which the qualified jury list was drawn.

12

(18)    All correspondence with voter registration officials regarding the relevant master wheels; any and all records (logs, time sheets, documents or writings of any kind) reflecting the dates individuals were put on or added to the relevant master wheels.

(19)    All qualifying questionnaires submitted by the individuals on the qualified jury list from which the petit jury which will hear this case will be drawn, and all demographic information (including race, ethnicity, gender and age) for those individuals.

(20)    A list of all individuals (by juror participant number) who were excused or exempted from petit jury service, the reasons why those individuals were excused or exempted, and all indentifying demographic information (including race, ethnicity, gender and age) for the jurors who were excused or exempted.

(21)    A list of all individuals (by juror participant number) who were deemed unqualified for petit jury service, the reasons why those individuals were deemed unqualified, and all indentifying demographic information (including race, ethnicity, gender and age) for those individuals.

(22)   All demographic information (including race, ethnicity, gender and
age) for all jurors who were drawn from the qualified jury lists to form
the petit jury arrays from December 2, 2008 through the present.

In making this request, Mr. McCluskey's counsel assures the Court that all
members of the defense team will maintain the confidentiality of the materials as
required under the District's Jury Selection Plan, federal statutory law (including
28 U.S.C. § 1867(f)), and any confidentiality order to be issued.

<h2 align="center">CONCLUSION</h2>

Wherefore, Defendant John C. McCluskey respectfully requests that his
attorneys and agents receive all of the aforementioned information and material,
concerning the identity and background, together with the manner of selection of
jurors for the various jury wheels and panels comprising grand and petit juries.
Counsel for Mr. McCluskey requests that a hearing be held, with the appropriate
personnel from the District Court Clerk's office in attendance, so that a workable
and precise plan for disclosure can be mutually agreed upon.

Dated: January 30, 2012

Respectfully submitted,

/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

14

/s/ Theresa M. Duncan
Theresa M. Duncan
Freedman Boyd Hollander Goldberg Ives & Duncan P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
505/842-9960

Attorneys for Defendant John McCluskey

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 27, 2012, I contacted AUSA Linda Mott to determine the government's position on this motion.  Ms. Mott advised that the government is opposed to the motion.

/s/ Theresa M. Duncan
Theresa M. Duncan

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2012, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan