IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

      Plaintiff,

    vs.                                       No. 10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

**MOTION TO SUPPRESS MEDICAL, MENTAL HEALTH, AND
EDUCATIONAL RECORDS**

Defendant John Charles McCluskey, pursuant to the Fourth, Fifth, Eighth,

and Fourteenth Amendments to the United States Constitution and Fed. R. Crim.

P. 12(b), respectfully moves the Court to suppress his medical, mental health, and

educational records, which were seized by the government without warrant or

probable cause and in violation of his reasonable expectation of privacy.  In

support of this request, Mr. McCluskey states:

1. Mr. McCluskey is presently charged under a Third Superseding

Indictment with twenty counts, including, *inter alia*, Conspiracy to Commit

Carjacking Resulting in Death, Carjacking Resulting in Death, and Murder of a

Witness, contrary to 18 U.S.C. § 371, 18 U.S.C. § 2119, and 18 U.S.C. § 1512,

respectively.  [Doc. 274.]  The Third Superseding Indictment includes several

special findings that authorize the government to seek a sentence of death,

pursuant to 18 U.S.C. § 3591.  The government filed its notice of intent to seek a

sentence of death against Mr. McCluskey on January 26, 2012.  [Doc. 275.]  Trial

in this case is scheduled for March 11, 2013.  [Doc. 220.]  Although Mr.

McCluskey was originally charged with two co-defendants, Casslyn Mae Welch

and Tracy Allen Province, the government recently entered into plea agreements

with both co-defendants that provide for sentences less than death.  [Doc. 257,

259.]

     2. On May 3, 2011, Special Agent Marcus B. McCaskill of the FBI obtained

school, testing, and education  records from Eldon Merrel, the Duncan Unified

School District Superintendent, belonging to Mr. McCluskey without a warrant or

probable cause. (Discovery, p.3966)

     3. On June 30, 3011, Special Agent Marcus B. McCaskill obtained medical,

mental, and diagnostic records from Randall Sears, Deputy Chief Counsel,

Pennsylvania Department of Corrections, belonging to Mr. McCluskey without a

warrant or probable cause. (Discovery, p. 4299)

     4. The Fourth Amendment to the United States Constitution provides:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

5. Under the Fourth Amendment,  even in the absence of a trespass, "a Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable." *Kyllo v. United States*, 533 U.S. 27, 31–33, 121 S.Ct. 2038, 150 L.Ed.2d 94 (2001). As stated in *Katz v. United States*, 389 U.S. 347, 353, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), "[t]he existence of a property right is but one element in determining whether expectations of privacy are legitimate. The premise that property interests control the right of the Government to search and seize has been discredited."

6. In relevant part, the Fourteenth Amendment states, "nor shall any State deprive any person of ... liberty ... without due process of law." U.S. Const. Amend. XIV, § 1. In *Roe v. Wade*, 410 U.S. 113, 153, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) the Supreme Court announced that a constitutional "right of privacy ... [is] founded in the Fourteenth Amendment's concept of personal liberty". Subsequently, the Court noted that one type of constitutionally-protected privacy right "is the individual interest in avoiding disclosure of personal matters."

*Whalen v. Roe*, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); see also

*Nixon v. Administrator of Gen. Servs.*, 433 U.S. 425, 457, 97 S.Ct. 2777, 53

L.Ed.2d 867 (1977).

7. Recently, in *United States v. Antoine Jones*, __, U.S. __, __ S. Ct. __,

2012 WL 171117 (January 23, 2012), five members of the Supreme  Court

endorsed an expansive interpretation of the expectation of privacy test. In that

case, Justice Scalia, delivering the opinion of the Court, concluded that the

attachment of a GPS tracking device to an individual's vehicle, and the subsequent

use of that device to monitor the vehicle's movements on public streets,

constitutes a search or seizure within the meaning of the Fourth Amendment,

regardless of whether a reasonable expectation of privacy exists in such a

situation. On the latter point, Justice Scalia wrote that while prior cases "suggest

that such visual observation is constitutionally permissible", "[i]t may be that

achieving the same result through electronic means, without an accompanying

trespass, is an unconstitutional invasion of privacy, but the present case does not

require us to answer that question." Id. * 7.

8. Importantly, Justice Alito, joined by Justices Ginsburg, Breyer, and

Kagan, disagreed with this latter analysis and explicitly concluded in a concurring

opinion that "the use of longer term GPS monitoring in investigations of most

offenses impinges on expectations of privacy." (Id.at * 17) . He also observed:

"Other cases may present more difficult questions. But where uncertainty exists

with respect to whether a certain period of GPS surveillance is long enough to

constitute a Fourth Amendment search, the police may always seek a warrant."

(Id.)

9. In her concurring opinion, Justice Sotomayor agreed with Justice Alito's

analysis: "As Justice ALITO incisively observes, the same technological advances

that have made possible nontrespassory surveillance techniques will also affect the

*Katz* test by shaping the evolution of societal privacy expectations. Post, at —— –

——. Under that rubric, I agree with Justice ALITO that, at the very least, "longer

term GPS monitoring in investigations of most offenses impinges on expectations

of privacy." (Id. at * 8).

10. Mr. McCluskey submits that if there is now a reasonable expectation of

privacy in being free from governmental surveilliance by GPS monitoring on a

public street, there is certainly a reasonable expectation of privacy in information

contained in private medical, mental health, and educational records. The

government's actions in obtaining these records without warrant or probable cause

violated Mr. McCluskey's reasonable expectation of privacy.

11. Undersigned counsel Theresa Duncan has indicated to opposing counsel

that a motion to suppress medical, mental health, and educational records would

be filed and, through Assistant United States Attorney Linda Mott, the

government opposes this motion.

CONCLUSION

WHEREFORE, Defendant John McCluskey requests that the Court enter an

order suppressing his medical, mental health, and educational records, which were

seized by the government without warrant or probable cause and in violation of

his reasonable expectation of privacy.

Dated: January 30, 2012

Respectfully submitted,
/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan
Theresa M. Duncan
Freedman Boyd Hollander Goldberg Ives &
Duncan P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
505/842-9960

Attorneys for Defendant John McCluskey

## CERTIFICATE OF CONFERENCE

I hereby certify that on January 27, 2012, I contacted Assistant United

States Attorney Linda Mott to determine the government's position on this motion.

Ms. Mott advised that the government is opposed to the motion.

<u>/s/ Theresa Duncan</u>
Theresa Duncan

CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2012,  a true and accurate copy of the

foregoing pleading was emailed to counsel of record by CM/ECF.

/s/ Michael N. Burt
Michael N. Burt