IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THE UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                          No. 10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

    Defendant.

### MOTION TO DISMISS INDICTMENT PURSUANT TO RULE 12(b)(3)(B) OR, IN THE ALTERNATIVE, MOTION TO STRIKE SURPLUSAGE PURSUANT TO RULE 7(d)

Defendant John Charles McCluskey, pursuant to the Fifth, Sixth and Eighth Amendments to the United States Constitution and Rules 7(d) and 12(b)(3)(B) of the Federal Rules of Criminal Procedure, respectfully moves this Court for an order dismissing the Third Superceding Indictment under Rule 12(b)(3)(B), or in the alternative, striking prejudicial surplusage from the Third Superceding Indictment, as specified herein pursuant to Rule (7)(d).

As grounds, counsel states:

Mr. McCluskey is presently charged under a Third Superseding Indictment with twenty counts as follows: Conspiracy to Commit Carjacking Resulting in Death (Count 1); Carjacking Resulting in Death (Counts 2-3); Tampering With A

Witness (Counts 4-5); Conspiracy to Interfere with Commerce (Count 6); Interference with Commerce (Counts 7-8); Using and Carrying Firearm During and in Relation to Crime of Violence (Counts 9-18); Felon in Possession of Firearms and Ammunition (Count 19); and Fugitive in Possession of Firearms and Ammunition (Count 20). [Doc. 274.] The government filed its notice of intent to seek a sentence of death against Mr. McCluskey on January 26, 2012. [Doc. 275.] Trial in this case is scheduled for March 11, 2013. [Doc. 220.]

Under Count 1, Conspiracy to Commit Carjacking, it is alleged, "in furtherance of the such agreement and conspiracy to effect the objects thereof, the defendant committed the following *over acts, among others:..."*

Under Count 4 and Count 5, Tampering With a Witness and Aiding and Abetting, it is alleged he intended, "to prevent communication...relating to the commission of a Federal offense, *including but not limited to the Federal Offenses charged in Counts 1 through 3 and 6 through 20."*

Under Count 6, Conspiracy to Interfere With Commerce, it is alleged that he agreed to take and obtain personal property, "*including but not limited to...."*

Under Counts 7 and 8, Interference With Commerce and Aiding and Abetting, it is alleged that Mr. McCluskey did unlawfully take and obtain personal property, *"including but not limited to..."*

2

In *United States v. Santa-Manzano*, 842 F.2d 1, 2 (1st Cir. 1988), then Circuit Court Justice Breyer summarized the requirements of a constitutionally sufficient indictment:

> A constitutionally adequate indictment must "sufficiently apprise[ ] the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763, 82 S.Ct. 1038, 1047, 8 L.Ed.2d 240 (1962) (citations omitted). The Sixth Amendment requires the government to inform the accused " 'of the nature and cause of the accusation,' " *United States v. Murphy*, 762 F.2d 1151, 1154 (1st Cir.1985) (quoting *United States v. Tomasetta*, 429 F.2d 978, 979 (1st Cir.1970)). And, the Fifth Amendment assures the defendant that the government will try him on the charges that the grand jury voted, not on some other "charges that are not made in the indictment against him." [Stirone v. United States, 361 U.S. 212, 317, 80 S.Ct. 270, 4 L.Ed.2d 252 (1960)]. Thus, the indictment must contain " 'the elements of the offense charged' " and " 'fairly inform[ ] a defendant of the charge against which he must defend.' " *United States v. Serino*, 835 F.2d 924, 929 (1st Cir.1987), (quoting *Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 2907-08, 41 L.Ed.2d 590 (1974)) (other citations omitted).

Under these principles, the First Circuit reversed a conviction for violating the wire fraud statute in *Santa-Manzano* under the "plain error" standard because "the indictment did not specify what property was the object of the charged scheme to defraud....Its failure to specify the 'money' or 'property' taken is apparent; the variance between what it seems to charge in this respect and what was proved is wider; the need to correct an important procedural injustice is ...great." (Id. at 3).

The indictment in this case is more obviously defective than in *Santa-Manzano*. Like that case, the indictment here does not specify what property is the object of the language "*including but not limited to....*" in Counts 6, 7, and 8. It does not specify what overt acts are included in the phrase *"among others" in* Count I. It does not specify what Federal offenses are included in the phrase "including but not limited to" in Count 4 and 5.

As the United States Supreme Court stressed in *Russell v. United States*, 369 U.S. at 766:

> The vice which inheres in the failure of an indictment ...to identify the subject under inquiry is thus the violation of the basic principle 'that the accused must be apprised by the indictment, with reasonable certainty, of the nature of the accusation against him, * * *.' [United States v. Simmons, 96 U.S. 360, 362, 24 L.Ed.]. A cryptic form of indictment in cases of this kind requires the defendant to go to trial with the chief issue undefined. It enables his conviction to rest on one point and the affirmance of the conviction to rest on another. It gives the prosecution free hand on appeal to fill in the gaps of proof by surmise or conjecture.

"In capital proceedings generally, [the Supreme] Court has demanded that factfinding procedures aspire to a heightened standard of reliability.... This especial concern is a natural consequence of the knowledge that execution is the most irremediable and unfathomable of penalties; that death is different." *Ford v. Wainwright*, 477 U.S. 399, 411, 106 S.Ct. 2595 (1986). *Santa-Manzano* and *Russell* illustrate that vagueness and uncertainty in an indictment are intolerable

even in a non-capital case. They are even more intolerable and consequently the indictment should be dismissed.

Alternatively, the italicized language quoted above should be stricken as surplusage pursuant to Rule 7 (d). Thar Rule provides:

> Upon the defendant's motion, the court may strike surplusage from the indictment or information

In *United States v. Espy*, 989 F.Supp. 17 (D.D.C.1997), the district court granted a motion to strike surplusage on facts indistinguishable from those in the present case:

> The defendant claims that the government's use of terms such as "included, but were not limited to," "and others," "including, but not limited to," and "in substance and among other things" is prejudicial and immaterial to the charges lodged against the defendant. In support of his argument, the defendant contends that these terms suggest that he is being "accused of criminal acts in addition to those explicitly charged in the substantive counts of the indictment." The court agrees.
> "To expect the jury to assume that the inclusion of language indicative of additional misconduct has no real meaning and does not charge the defendant [] with additional crime merely because it is contained in [the indictment] ... is to ascribe to a jury of laymen an ability to draw distinction that even lawyers have difficulty making." [*United States v. Whitehorn*, 710 F.Supp. 803, 819 (D.D.C.1989)]. This court has found that "[these terms] may encourage the jury to draw inferences that the defendant [is] believed to be involved in activities not charged in the indictment." Id. (quoting *United States v. Hubbard*, 474 F.Supp. 64, 82 (D.D.C.1979) (internal citation omitted)). The exclusion of these terms does not alter the substance of the indictment against the defendant. Furthermore, the government, on the other hand, fails to demonstrate any meaningful purpose for

the inclusion of these terms In fact, striking these terms from the indictment would crystalize the charges and would better inform the jury of the essential substance of the indictment. Fed.R.Crim.P. 7(d) provides the court with wide discretion to strike terms or language that are immaterial or irrelevant to the indictment at issue. [ United States v. Poindexter, 725 F.Supp. 13, 35 (D.D.C.1989).] Accordingly, the court concludes that the terms objected to by the defendant are unnecessary to the indictment. The court grants the defendant's motion as it relates to terms suggesting uncharged misconduct.

CONCLUSION

For all of the foregoing reasons, this Court should dismiss the Third Superceding Indictment under Rule 12(b)(3)(B) , or in the alternative, strike the prejudicial surplusage from the Third Superceding Indictment, as specified herein, pursuant to Rule (7)(d).

Dated: February 13, 2012             Respectfully submitted,

/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan
Theresa M. Duncan
Freedman Boyd Hollander Goldberg Ives & Duncan P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
505/842-9960

Attorneys for Defendant John McCluskey

## CERTIFICATE OF CONFERENCE

I hereby certify that on February 13, 2012, I contacted Assistant United States Attorney Linda Mott to determine the government's position on this motion. Ms. Mott advised that the government is opposed to the motion.

/s/ Michael N. Burt<br>
Michael N. Burt

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2012, a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF.

/s/ Michael N. Burt
Michael N. Burt
