IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                         Case No.  10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

    Defendant.

### REPLY TO RESPONSE IN OPPOSITION TO MOTION TO SUPPRESS MEDICAL, MENTAL HEALTH, AND EDUCATIONAL RECORDS

    The Government's Response In Opposition To Motion To Suppress Medical, Mental Heath, And Educational Records [Doc. 330](hereinafter "Opp.") raises two arguments: (1) the defendant misinterprets *United States v. Jones*, __U.S. __, 132 S. Ct. 945 (2012); and (2) the defendant does not have a reasonable expectation in his medical, mental health, and educational records. Neither argument has merit.

    The government's first argument is flawed because it is the government that misinterprets *Jones*, not the defendant. The government insists that "[i]f *Jones* has any application to this case, the Defendant would have to establish that he had a private property right in his prison medical records and childhood school records and the Government trespassed upon that right by obtaining the records without a warrant." (Opp., p. 3). In other words, according to the government, *Jones* returned us to the trespassory test which was repudiated long ago by the Supreme Court in *Katz v. United States*, 389 U.S. 347, 361, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

    The source of the government's confusion is its failure to understand either Justice Scalia's opinion or the concurring opinion of Justices Sotomayer, who provided the crucial fifth

vote to the majority opinion. Justice Scalia himself is quite clear that he is not abandoning the *Katz* test: "unlike the concurrence, which would make *Katz* the exclusive test, we do not make trespass the exclusive test. Situations involving merely the transmission of electronic signals without trespass would remain subject to *Katz* analysis." (Id. at 953).

Justice Sotomayer is also clear on why she is joining Justice Scalia's opinion: "I join the Court's opinion because I agree that a search within the meaning of the Fourth Amendment occurs, *at a minimum*, '[w]here, as here, the Government obtains information by physically intruding on a constitutionally protected area.' " (Id. at 954)(emphasis added). She quickly adds, citing *Katz* and other cases: "Of course, the Fourth Amendment is not concerned only with trespassory intrusions on property..... Rather, even in the absence of a trespass, 'a Fourth Amendment search occurs when the government violates a subjective expectation of privacy that society recognizes as reasonable.' "  She then goes on to conclude that "I agree with Justice ALITO that, at the very least, 'longer term GPS monitoring in investigations of most offenses impinges on expectations of privacy.'" (Id. at 955).  Justices Alioto, Ginsburg, Breyer, and Kagan agreed with Justice Sotomayer on this point. "Accordingly, it appears as though a five justice majority is willing to accept the principle that government surveillance over time can implicate an individual's reasonable expectation of privacy." *United States v. Graham*, __ U.S.__, 2012 WL 691531 * 9 (D.Md. Mar. 1, 2012). See also, *United States v. Shavlovsky*, 2012 WL 652672 * 4 n. 14 (E.D.Cal. Feb. 24, 2012)("It may be that the Supreme Court's recent ruling in [*Jones*] marks a turning point in the depreciation of the Fourth Amendment recorded in the line of cases cited above.")

The government insists that *United States v. Hanna*,  2012 WL 279435, *3 (S.D. Fla. Jan. 30, 2012), "held that, under *Jones*, 'an essential component of the Fourth Amendment

claim requires that one's *own* personal 'effects' have been trespassed.' Id. at *3." (Opp., p. 3) (emphasis in original). Page 3 of *Hanna* actually states: "Under either approach recognized by *Jones*, an essential component of the Fourth Amendment claim requires that one's own personal "effects" have been trespassed (e.g., one's automobile when a GPS tracking device was secretly installed), *or that one's own expectation of privacy was impinged (e.g., one's own movements were continuously monitored and tracked for a material period of time).*" (emphasis added). The government's selective quotation of *Hanna* speaks for itself.

       The government fares no better in its second argument. The government insists that Mr. McCluskey cites no precedent where a court held that society recognizes a reasonable expectation of privacy in medical, mental health, and educational records. In addition to *Jones*, McCluskey calls the Court's attention to the extensive precedents he provided on this issue in his Partial Opposition to United States' Motion For Rule 17(c) Subpoenas [Doc. 333], including the following: *Ferguson v. City of Charleston*, 532 U.S. 67, 78 (2001) ("The reasonable expectation of privacy enjoyed by the typical patient undergoing diagnostic tests in a hospital is that the results of those tests will not be shared with nonmedical personnel without her consent."); *Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000) ("We conclude that there is a constitutional right to privacy that protects an individual from the disclosure of information concerning a person's health."); *A.L.A. v. West Valley City*, 26 F.3d 989, 990 (10th Cir. 1994) ("There is no dispute that confidential medical information is entitled to constitutional privacy protection."); *Lankford v. City of Hobart*, 27 F.3d 477 (10th Cir. 1994) (upholding district court's denial of qualified immunity against invasion of privacy claim where sheriff seized and reviewed employee's private medical records without her consent or a warrant);Health Insurance Portability and Accountability Act (HIPAA), Pub. L. 104–191, 110 Stat. 1936 (1996); Family

Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C. § 1232g; See *Rios v. Read*, 73 F.R.D. 589, 597-98 (E.D. N.Y. 1977) (discussing legislative history of act and indicating that students have a substantial privacy and confidentiality interest in their school records.).

## CONCLUSION

For all of the foregoing reasons, and for those stated in Doc. 294, Mr. McCluskey respectfully requests that the Court enter an order suppressing his medical, mental health, and educational records, which were seized by the government without warrant or probable cause and in violation of his reasonable expectation of privacy.

Dated: March 14, 2012

Respectfully submitted,

/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan
Theresa M. Duncan
Freedman Boyd Hollander Goldberg Ives & Duncan P.A.
20 First Plaza, Suite 700
Albuquerque, NM 87102
505/842-9960
Attorneys for Defendant John McCluskey

CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2012, a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF.

/s/ Michael N. Burt
Michael N. Burt