IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                  Case No.  10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

**DEFENDANT MOTION FOR PRODUCTION OF LEGAL INSTRUCTIONS PROVIDED TO THE GRAND JURY**

COMES NOW the Defendant, John Charles McCluskey, by and through undersigned counsel, and hereby moves this court, pursuant to Rules 6(e)(3)(E)(I), 12(b)and (ii), 16(a)(1)(F)(iii) of the Federal Rules of Criminal Procedure and the Due Process Clause of the Fifth Amendment to the United States Constitution, to produce and/or to order the Government to produce the Legal Instructions provided to the Grand Jury that Returned the Third Superseding Indictment. As reasons thereof, he STATES and PRAYS as follows:

**I. INTRODUCTION AND FACTUAL STATEMENT**

Mr. McCluskey is presently charged under a Third Superseding Indictment with twenty counts, including, *inter alia*, Conspiracy to Commit Carjacking Resulting in Death, Carjacking Resulting in Death, and Murder of a Witness, contrary to 18 U.S.C. § 371, 18 U.S.C. § 2119, and 18 U.S.C. § 1512, respectively. [Doc. 274.]  The Third Superseding Indictment includes several special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591.  The government filed its notice of intent to seek a sentence of death against Mr. McCluskey on January 26, 2012.  [Doc. 275.]  Trial in this case is scheduled for March 11, 2013.  [Doc. 220.]

On March 30, 2012, defendant filed an <u>Omnibus Motion to Dismiss the "Special Findings" from the Third Superseding Indictment, and to Strike the Notice of Intent to Seek the Death Penalty</u>. [Doc. 387]. In this motion, defendant alleged on information and belief that "[t]he grand jury was not given the choice of holding Mr. McCluskey to answer for a capital crime because it was unaware of the consequences of its 'Special Findings.'" [doc. 387, p. 95].

Defendant alleges in the present motion, again on information and belief, that it is customary for a District Court and government prosecutors to provide legal instructions as well as legal opinions to the Grand Jury. Due to the nature

and form of the Grand Jury Third Superseding Indictment, it is believed that the District Court or government prosecutors provided legal instructions and/or legal opinions to the Grand Jury in this case.

### III. RELIEF REQUESTED

The Defendant John Charles McCluskey requests that this Court order the production of any and all legal instructions and legal advice given by the District Court or the government prosecutors to the Grand Jury that returned the Third Superseding Indictment in this case. Mr. McCluskey needs this information in order to buttress the claim made in his omnibus motion, as referenced above.

### IV. LEGAL ARGUMENT AND AUTHORITY

The law concerning defendant's request is accurately set forth in *United States v. Burgoin*, 2011 WL 6372877 * 6 (D.Kan. 2011):

> [G]rand jury proceedings are confidential and matters before the grand jury are presumed to be secret. The secrecy of grand jury proceedings is codified in Fed.R.Crim.P. 6(e). The court, however, can allow the disclosure of ministerial records of the grand jury. *In re Cudahy*, 294 F.3d 947, 951 (7th Cir.2002); *In re Grand Jury Investigation*, 903 F.2d 180, 182 (3rd Cir.1990); *In re Special Grand Jury*, 674 F.2d 778, 779 (9th Cir.1982); *United States v. Diaz*, 236 F.R.D. 470, 479 (N.D.Cal.2006); *In re Grand Jury Proceedings, Special Grand Jury 89–2*, 813 F.Supp. 1451, 1469–70 (D.Colo.1992). A ministerial record is one that generally relates to the procedural aspects of the empaneling and operation of the grand jury. *In re Special Grand Jury*, 674 F.2d at 779 n. 1. The standard is whether "disclosed information would reveal the substance or essence of the grand jury's investigation or deliberations." *In re Grand Jury*

*Proceedings*, 813 F.Supp. at 1469. The disclosure of these materials is discretionary with the court. Id.

In *Burgoin* the court exercised its discretion in favor of disclosure, ruling that "the court shall direct the government to provide the following materials to the defendant's standby counsel: (1) the order to draw the grand jury that produced the indictment and superseding indictment in this case; (2) the subsequent orders to reconvene the grand jury when the indictment and the superseding indictment were issued; (3) *the charge to the grand jury given by Judge Robinson*." (Id.)(emphasis added)

Other courts have also ordered the disclosure of grand jury instructions. In *United States v. Diaz*, 236 F.R.D. 470, 477-478 (N.D.Cal.2006), a capital case, the court ruled:

> In both motions, defendants request all instructions given to any grand jury that heard evidence in this matter. In response to defendants' motion for discovery pursuant to the right of public access, the government does not object to this request, and only asks for a two-week period during which to provide the instructions. The government does not specifically oppose the request in its response to defendants' second motion. This Court agrees that such instructions do not fall within the bar of Rule 6(e) because their disclosure would not reveal the substance or essence of the grand jury proceedings. Furthermore, disclosure of jury procedures and responsibilities poses no security threat to past, current or prospective jurors.

>Accordingly, defendants' request for instructions given to any grand jury that heard evidence in this matter is Granted.

In *In re Grand Jury Proceedings, Special Grand Jury 89–2*, 813 F.Supp. 1451, 1469–70 (D.Colo.1992), the court also ordered the release of grand jury instructions, concluding that "[w]hile the reasons for disclosure of ministerial documents do not weigh so heavily in public policy as might more substantive court documents, *1470 the reasons against disclosure are also less weighty. We hold that there can be little justification to deny in its entirety petitioners' more limited and narrowly tailored request." (Id. at 1470). See also, *United States v. Jack*, 2009 WL 435124 * 4 ( E.D.Cal. 2009)("The defendants are entitled to the transcript of the instructions and charges to the grand jury. See *United States v. Alter*, 482 F.2d 1016, 1029, n. 21 (9th Cir.1973); see also *United States v. Marcucci*, 299 F.3d 1156 (9th Cir.2002) (addressing challenge to a grand jury charge), cert. denied, 538 U.S. 934, 123 S.Ct. 1600, 155 L.Ed.2d 334 (2003); *Diaz*, 236 F.R.D. at 477-78 (granting same request). The government does not oppose the production of this material.")

As these cases recognize, the transcript of any legal instructions or legal advice provided to the Grand Jury should not be subject to any Rule 6 secrecy concerns. Generally, a party seeking disclosure of Grand Jury material under Rule 6(e) of the Federal Rules of Criminal Procedure must demonstrate a particularized

need. *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001)(particularized need not demonstrated by broad request for all Grand Jury materials). In this case, the Defendant is seeking by this motion a very limited amount of Grand Jury materials, that is, legal instructions or legal advice given to the Grand Jury by the District Court or the prosecutors. There is simply no need to keep this information secret, and in fact, the Defendant has a Fifth Amendment Due Process right to review such material. In this case, where the Third Superseding Indictment includes a "Notice of Special Findings" which is not authorized by any rule or law, a particularized need exists for the Defendant to have copies of the requested Grand Jury material. *See, In re: Grand Jury Proceedings*, 841 F.2d 1048, 1051 (11th Cir. 1988)(particularized need exists because Grand Jury no longer investigating matter, much of information already public, and limited material sought).

There can be no good faith basis for the government to object to the Defendant obtaining copies of the Grand Jury transcripts which contain the legal instructions and legal advice given to the Grand Jury by the District Court or the prosecutors. The government will suffer no prejudice by such production, and no witness secrecy will be violated. On the other hand, failure to produce the requested information will deny the Defendant the right to buttress his motion to

dismiss , and will deny the Defendant effective assistance of counsel and due process of law, in violation of the Fifth and Sixth Amendments to the United States Constitution.

## IV. CONCLUSION

For the foregoing reasons, the Defendant requests an order from this Court requiring the government to produce a transcript of all legal instructions, legal advice and legal opinions given by the District Court or the prosecutors to the Grand Jury which returned the Third Superseding Indictment in this case.

WHEREFORE, for the foregoing reasons, Defendant John Charles McCluskey moves this Court to grant the foregoing request.

Dated: March 30, 2012

> Respectfully submitted,
>
> /s/ Michael N. Burt
> Law Office of Michael Burt
> Michael N. Burt
> 1000 Brannan Street, Suite 400
> San Francisco, CA 94103-4888
> 415/522-1508

/s/ Theresa M. Duncan

Theresa M. Duncan

Freedman Boyd Hollander Goldberg Ives & Duncan P.A.

20 First Plaza, Suite 700

Albuquerque, NM 87102

505/842-9960

Attorneys for John McCluskey

**CERTIFICATE OF CONFERENCE**

I hereby certify that on March 30, 2012, my co-counsel Theresa Duncan contacted Assistant United States Michael Warbel to determine the government's position on this motion. Mr. Warbel advised that the government is opposed to the motion.

/s/ Michael N. Burt

Michael N. Burt

**CERTIFICATE OF SERVICE**

I hereby certify that on March 31, 2012, a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF.

/s/ Michael N. Burt

Michael N. Burt