### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                                              CR. No.  10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Motion for Disclosure of Grand Jury and Petit Jury Data* [Doc. No. 288].  The Court has considered the motion, as well as the response, reply, the relevant law, and the arguments of the parties put forth at the hearing held April 3, 2012.  After consideration of these matters, the motion will be granted in part and denied in part.

### LEGAL STANDARD

The Sixth Amendment provides that a criminal defendant "shall enjoy the right to a speedy and public trial[ ] by an impartial jury of the State and district wherein the crime shall have been committed." U.S. Const. amend. VI. The Supreme Court has explained that this requires "the selection of a petit jury from a representative cross section of the community." *Taylor v. Louisiana*, 419 U.S. 522, 528, 95 S.Ct. 692, 697 (1975). To establish a prima facie violation of this constitutional requirement, the defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community;
> (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this under-representation is due to systematic exclusion of the group in the jury-selection process.

*Duren v. Missouri*, 439 U.S. 357, 364, 99 S.Ct. 664, 668 (1979). If a defendant cannot establish any one of these elements, his claim under the Sixth Amendment fails. *United States v. Pepe*, 747 F.2d 632, 649 (11th Cir. 1984).

The Jury Selection and Service Act of 1968, 28 U.S.C. §§ 1861-1869 (the "JSSA") provides that if a criminal defendant files a motion to dismiss or stay under the statute, "[t]he parties ... shall be allowed to inspect, reproduce, and copy [the] records or papers [used by the clerk of court in connection with the jury selection process] during the preparation and pendency of such a motion." 28 U.S.C. § 1867(f). The Supreme Court held in *Test v. United States*, 420 U.S. 28, 96 S.Ct. 749 (1975), that under this statutory provision, "a litigant has essentially an unqualified right to inspect" records regarding jury selection. *Id.* at 30, 96 S.Ct. at 750 (footnote omitted). The JSSA further provides that "all litigants in Federal courts entitled to trial by jury shall have the right to grand and petit juries selected at random from a fair cross section of the community in the district or division wherein the court convenes." 28 U.S.C. § 1861. The core requirement of the JSSA is that district courts "place into operation a written plan" designed to protect this right. *Id.* § 1863(a). If the JSSA is violated, a criminal defendant may move to dismiss the indictment or stay the proceedings. *Id.* § 1867(a). However, "[b]y its terms, the JSSA provides remedies only for a 'substantial failure to comply' with its requirements." *United States v. Carmichael*, 560 F.3d 1270, 1277 (11th Cir. 2009) (quoting 28 U.S.C. § 1867(d)).

In *Test*, the Supreme Court faced a defendant who was given no access to the court's records. Indeed, the only material that the defendant was able to provide to support his motion to dismiss was an affidavit from his counsel containing facts disclosed by testimony in a jury challenge in another case. 420 U.S. at 29, 96 S.Ct. at 750. The Supreme Court held, under those circumstances, that it was error for the district court to deny the defendant's request to inspect the jury selection records.

*See id.* at 29–30, 96 S.Ct. at 750–51.

Here, Defendant McCluskey is entitled to access to records that would enable him to calculate relevant disparities in the master wheels from which his grand and petit juries were drawn and to ascertain the facts that would be essential to his jury composition claims. In other words, he is entitled to be given access to records that enable him to "determine whether he has a potentially meritorious jury challenge." *Test*, 420 U.S. at 30, 95 S.Ct. at 750.

## DISCUSSION

Defendant asks for 22 categories of information regarding District Court policies and procedures, grand juries, and petit juries. The Court will address each in turn.

**Policies and Procedures**

1. As written, this request is extremely vague. At the hearing, counsel for the Defendant both clarified and narrowed this request. First, counsel clarified that Defendant seeks a vendor-provided procedures manual and any applicable source or master lists for the relevant master jury wheels. Second, counsel narrowed the request by requesting JS-12 reports for the time period from 2010 (two years prior to the Third Superceding Indictment) to the present. The Court will grant Defendant's request for a vendor-provided procedures manual and for the JS-12 reports in the possession of the Jury Division for the period 2010 to 2012, which spans the return of all the indictments in this case, and includes data regarding race, ethnicity, gender, age, and county. The Court further grants the request for access to the master lists for the 2009-2010 and the 2011-2012 master jury wheels, subject to a Confidentiality Order entered contemporaneously with this Memorandum Opinion and Order.

2. Again, this request is vague as written, but defense counsel at the hearing clarified that this request overlaps with Request #1. Accordingly, the Court grants Defendant access to

      information as set forth in #1, *supra*.

3.      Granted.

**<u>Grand Jury Information</u>**

4.      Granted, subject to the Confidentiality Order entered contemporaneously with this Memorandum Opinion and Order.  In addition, the Jury Administrator does not have voter registration dates, and therefore that information is not available.

5.      Granted as described in #1, *supra*.

6.      Granted as to master jury wheels for 2009-2010 and 2011-2012.

7.      Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

8.      Granted, but only as to grand jury GJ11-02, which returned the current Third Superceding Indictment dated January 24, 2012.

9.      Denied.  In *Hobby v. United States*, 468 U.S. 339, 344 (1984), the Court stated that "[d]iscrimination in the selection of grand jury foremen—as distinguished from discrimination in the selection of the grand jury itself—does not in any sense threaten the interests of the defendant protected by the Due Process Clause" such that dismissal of an indictment is warranted.  The Court reasoned that the role of a federal grand jury foreman is largely ministerial, carrying no special powers or duties that meaningfully affect the rights of persons that the grand jury charges with a crime, beyond those possessed by every member of that body.  *Id*. at 345.  Thus, discrimination in the appointment of the grand jury foreperson does not significantly invade the interests of the defendant.  *Id*.

10.     Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

11. Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

12. Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

13. Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

14. Denied for the reasons set forth in #9, *supra*.

15. Granted, but only as to the qualified juror list from which grand jury GJ11-02, which returned the current Third Superceding Indictment, was drawn.

**Petit Jury Information**

16. Granted as explained in #1, *supra*, as the petit jury in this case will be drawn from the 2011-2012 master jury wheel.

17. Granted as explained in #1, *supra*, as the petit jury in this case will be drawn from the 2011-2012 master jury wheel.

18. Granted as to the current and active 2011-2012 master jury wheel from which petit jurors for this case will be drawn.

19. Granted as to questionnaires and race, ethnicity, gender and age of all persons on the qualified jury list from which the petit jury which will hear this case will be drawn, though subject to the Confidentiality Order entered contemporaneously with this Memorandum Opinion and Order.

20. In his motion, Defendant requests a list of all individuals who were excused or exempted from the qualified jury list from which Defendant's petit jury will be drawn. As written, this request is premature because the information Defendant requests does not yet exist. In other

words, the qualified list that will give rise to the petit jury that will serve in this case does not yet exist.  The Court will grant this request when it has the information that Defendant seeks in his motion.  However, at the hearing Defendant fundamentally changed the request he is making in #20.  Now, he is seeking information regarding the jury department's policies regarding excusal and exemption of potential jurors, as well as data regarding jurors who were excused or exempted from qualified jury lists for the past year.  This is a new request of which neither the Court nor the government had prior notice, and to which the government objects because it had no opportunity to respond in its brief.  The Court will grant the revised request for the Jury Division's written policies regarding excusal or exemption of petit jurors, to the extent such written policies exist.  The revised request is denied in all other respects.

21. In his motion, Defendant requests a list of all individuals who were deemed unqualified and stricken from the qualified jury list from which Defendant's petit jury will be drawn.  Just as with #20, *supra*, as written, this request is premature because the information Defendant requests does not yet exist.  In other words, the qualified list that will give rise to the petit jury that will serve in this case does not yet exist.  The Court will grant this request when it has the information that Defendant seeks in his motion.  However, at the hearing Defendant fundamentally changed the request he is making in #21.  Now, he is seeking information regarding the jury department's policies regarding how it determines if potential jurors are unqualified, as well as data regarding jurors who were deemed to be unqualified for petit jury service over the past year.  This is a new request of which neither the Court nor the government had prior notice, and to which the government objects because it had no opportunity to respond in its brief.  The Court will grant the revised request for the Jury

      Division's written policies regarding how its determines whether petit jurors are qualified, to the extent such written policies exist. The revised request is denied in all other respects.

22. Denied in part as overbroad. For the time period requested, this would be demographic information (which the Court considers to be race, ethnicity, gender, and age) for hundreds of jury arrays, and compliance with this request would be overly burdensome for the Jury Department. Accordingly, the Court will grant Defendant access to demographic information for jury arrays for the period October 1, 2011 to March 30, 2012.

      Finally, the Defendant makes reference in his reply brief (Doc. No. 354) to a request for information regarding jurors' counties of residence. Nowhere in his original motion did Defendant request this information; instead, he restricted his requests for demographic information to race, ethnicity, gender, and age. The jury administrator has informed the Court that county of residence can be included on the JS-12 reports referenced in requests #1 and #2. Thus, the Court grants Defendant's request for this information insofar as he is requesting it in #1 and #2.

      **IT IS THEREFORE ORDERED** that Defendant's *Motion for Disclosure of Grand Jury and Petit Jury Data* [Doc. No. 288] is **GRANTED IN PART** and **DENIED IN PART** as described herein, subject to the Confidentiality Order that is being entered contemporaneously with this Memorandum Opinion and Order.

      _____
      **UNITED STATES DISTRICT JUDGE**