IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                           Case No. 10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court on the *United States' Motion for Rule 17(c) Subpoenas*, filed January 30, 2012 [Doc. 291], and Defendant McCluskey's *Motion for Protective Order*, filed February 23, 2012 [Doc. 320]. Having considered the motions, the responses and replies, and the governing authority, the Court will grant the Government's motion for subpoenas and deny Defendant McCluskey's motion for protective order without prejudice.

**I.**     **Background**

On January 24, 2012, the grand jury returned a Third Superceding Indictment [Doc. 273] charging Defendant John Charles McCluskey with Conspiracy to Commit Carjacking, in violation of 18 U.S.C. § 371 (Count 1); Carjacking Resulting in Death, in violation of 18 U.S.C. § 2119(3) and 18 U.S.C. § 2, Aiding and Abetting (Counts 2-3); Tampering With a Witness, in violation of 18 U.S.C. § 1512(a)(1)(C) and 18 U.S.C. § 2, Aiding and Abetting (Counts 4-5); Conspiracy to Interfere with Commerce, in violation of 18 U.S.C. § 1951 (Count 6); Interference with Commerce, in violation of 18 U.S.C. § 1951 and 18 U.S.C. § 2, Aiding and Abetting (Counts 7-8); Using and

Carrying Firearm During and in Relation to Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and (j) and 18 U.S.C. § 2, Aiding and Abetting (Counts 9-18); Felon in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 19); and Fugitive in Possession of Firearms and Ammunition, in violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2) (Count 20). The Third Superceding Indictment also contains a Notice of Special Findings against Defendant McCluskey. *See* Docs. 257, 259. On January 26, 2012, the United States filed its Notice of Intent to Seek the Death Penalty [Doc. 275] as to Defendant McCluskey.[1] Trial of this matter is set for March 11, 2013. *See* Doc. 220.

The primary issues before the court on the present motions are: (1) whether the Government is entitled to obtain medical records relating to Defendant McCluskey's August 24, 2010 treatment at the Mohave County Hospital in Kingman, Arizona by Rule 17(c) subpoena, and (2) whether Defendant McCluskey is entitled to a protective order barring the Government from introducing said records for any purpose other than litigation of Defendant McCluskey's pending motion to suppress certain statements he made to authorities when at the medical facility.

## II.    Legal Standards

Rule 17 of the Federal Rules of Criminal Procedure states: "A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence." Fed. R. Crim. P. 17(c). A party seeking a subpoena *duces tecum* pursuant to Rule 17(c) must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the

---

[1] On January 20, 2012, Co-Defendants Province and Welch entered into plea agreements to the charges in the Second Superceding Indictment.

party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). To meet this burden, a party "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." *Id.* at 700.

The Supreme Court stated in *Simmons v. United States* that, "when a defendant testifies in support of a motion to suppress evidence on Fourth Amendment grounds, his testimony may not thereafter be admitted against him at trial . . . ." 390 U.S. 377, 394 (1968). Thus, a defendant's testimony at a suppression hearing to establish standing to object to a search cannot be used against him at trial to establish guilt, because a defendant cannot be forced to choose between his Fourth and Fifth Amendment rights. *Id.* The Tenth Circuit has interpreted *Simmons* and its progeny as prohibiting use of suppression hearing testimony in the government's case-in-chief, but not as prohibiting its use as impeachment evidence. *See United States v. Roberts*, 14 F.3d 502, 517 (10th Cir. 1993); *see also United States v. Salvucci*, 448 U.S. 83, 93-94 (1980) ("This Court has not decided whether *Simmons* precludes the use of a defendant's testimony at a suppression hearing to impeach his testimony at trial[, … but the] Court has held that 'the protective shield of *Simmons* is not to be converted into a license for false representations . . . .'") (quoting *United States v. Kahan*, 415 U.S. 239, 243 (1974)).

### III.  Discussion

#### A.  Rule 17(c) Subpoenas

The Government filed its motion pursuant to Federal Rule of Criminal Procedure 17(c)(1), requesting permission to issue subpoenas *duces tecum* to acquire the following records in advance of trial: (1) to General Motors for records related to the assembly and manufacture of 2006

3

Chevrolet pickup truck VIN 1GCHK23D36F235389, in its effort to prove that the motor vehicle allegedly taken by Defendant McCluskey from the victims was manufactured outside New Mexico as required to prove Counts 2 and 3 of the Third Superceding Indictment; (2) to OnStar LLC for all records related to the OnStar account associated with the aforementioned pickup truck, where the Government's investigation has revealed that OnStar was used on or about August 4, 2010, to locate said vehicle; (3) to Pennsylvania Board of Probation and Parole for contents of the file in Case No. CR 2733-92, in which Defendant McCluskey was convicted of robbery, criminal conspiracy, and aggravated assault; (3) to the Mohave County Hospital in Kingman, Arizona seeking medical records relating to Defendant McCluskey's August 24, 2010 treatment for self-inflicted cutting wounds as relevant to litigating Defendant's motion to suppress certain statements he made to authorities when at the medical facility, and also for proving the non-statutory aggravating sentencing factors of future dangerousness and escape risk; and (4) to the Arizona Department of Corrections for Defendant McCluskey's educational records as they relate to McCluskey's mental capacity, education or lack thereof, intellectual functioning, and neuropsychological condition relevant for sentencing phase (rebutting or confirming mitigating sentencing factors Defendant has indicated he may present).

Defendant McCluskey filed a partial opposition to the Government's motion for Rule 17(c) subpoenas. Doc. 333. Therein, Defendant states that he "does not oppose the government's request for subpoenas to General Motors and OnStar, LLC," but objects to the remaining three requests. *Id.* at 1-2. In its reply brief, the Government withdrew its requests for subpoenas *duces tecum* for pretrial production of Defendant's Pennsylvania state parole file and to the Arizona Department of Corrections for Defendant's educational records. Doc. 350 at 1. Thus, the only request remaining in need of resolution at present is that seeking medical records from the Mohave County Hospital

in Kingman, Arizona.

The Government filed its motion requesting permission to subpoena the medical records from the Kingman facility on January 30, 2012.  On the same day, Defendant McCluskey filed his Motion to Suppress Statements in which he cites to five different pages of the relevant treatment records, placing those records squarely at issue.  *See* Doc. 293 at 6-7.  The hearing on Defendant's motion is now set for May 29, 2012.  Accordingly, as the Government points out, the medical records are properly the subject of a subpoena compelling their production without an order from the Court.  See Doc. 350 at 7-8. ("Now that a hearing has been set, the United States could do what it (and every other party to litigation) is entitled to do in every case without the Court's advance permission: issue subpoenas to compel the . . . production of relevant evidence at the hearing.").  That said, the Government persists in its request for an order authorizing the subpoena *duces tecum*. *Id*. at 8.

Defendant McCluskey contends that his "medical information is confidential and the Government is not entitled to it."  Doc. 333 at 4.  In support, he relies on *Herring v. Keenan*, 218 F.3d 1171, 1173 (10th Cir. 2000); *A.L.A. v. West Valley City*, 26 F.3d 989 (10th Cir. 1994); and *Lankford v. City of Hobart*, 27 F.3d 477 (10th Cir. 1994).  Each of these cases is distinguishable on its facts.

The Tenth Circuit in *A.L.A.* determined that an accused's HIV status was unlawfully communicated to multiple third parties by government officials in violation of his constitutional privacy protection.  *A.L.A.* at 990.  *Herring* stands for the same general proposition that patients enjoy a right not to have government officials disclose their otherwise confidential medical records to third parties.  There, the Tenth Circuit reversed the district court's denial of qualified immunity as to a probation officer who had disclosed information regarding a probationer's HIV status to his

5

sister and employer, holding that the officer had not violated the probationer's clearly established right to privacy under the law as it existed in 1993. *Herring* at 1176 ("While *A.L.A.* is clear authority for the principle that under certain circumstances the disclosure of an individual's HIV status may violate a constitutional privacy protection, it was decided in 1994, after [the] disclosures in this matter."). In *Lankfort*, the Tenth Circuit determined that a plaintiff enjoys a privacy right precluding her harassing employer from accessing her personal medical records to determine her sexual orientation.

Even assuming Defendant McCluskey has a constitutional privacy interest in the Kingman facility's medical records at issue, none of the cases cited by Defendant McCluskey – nor any other source of federal constitutional, statutory, or common law the Court has found – establishes that he enjoys a constitutional right to deny the prosecution in his criminal case access to limited, relevant medical records where he has himself placed the records at issue. Further, the Court finds that the documents requested are relevant, admissible at the suppression hearing, and specific. Accordingly, the Court will grant the Government's request for issuance of a Rule 17(c) subpoena to obtain the relevant medical records in advance of the suppression hearing.

### B. Protective Order

Defendant McCluskey seeks a protective order "prohibiting the government from using protected health information disclosed for purposes of effectuating Mr. McCluskey's Fifth Amendment rights for any purpose other than the litigation of Mr. McCluskey's motion to suppress his statements to law enforcement." Doc. 320 at 1. Specifically, Defendant McCluskey wishes to limit the Government's use of the medical records from the Mohave County Hospital in Kingman, Arizona to litigation of his motion to suppress certain statements he made to authorities while at the facility for treatment in August, 2010. For support, McCluskey relies primarily on *Simmons v.*

*United States*, a decades-old case in which the Supreme Court declared it "intolerable that one constitutional right should have to be surrendered in order to assert another." 390 U.S. 377, 394 (1968). Defendant McCluskey contends that he presently faces the same intolerable choice of either waiving his constitutional right to the privacy of his medical information or foregoing a challenge to the Government's use of his statements in violation of his Fifth Amendment rights. The Government strongly disagrees with such a broad and wholly unprecedented expansion of the *Simmons* holding and advocates its own particularly narrow reading of the case instead.

Although the Court is inclined to differ with Defendant's broad expansion of *Simmons,* it need not explore the interesting question for purposes of this motion. The Government's requests for a Rule 17(c) subpoena to obtain the information being well-taken, Defendant McCluskey will not be forced to choose between disclosing the medical information and vindicating what he perceives to be a violation of his Fifth Amendment rights, because the Government will obtain the information in preparation for the suppression hearing by other lawful means. Therefore, Defendant McCluskey's *Motion for Protective Order* [Doc. 320] will be denied without prejudice. The Court makes no determination regarding admissibility of the medical evidence for any other purpose, however, and will issue related rulings when the admissibility issues and evidence are actually before it. The Government shall not seek introduction of the medical records outside the context of the pending motion to suppress without alerting the Court and the defense in advance so that defense objections can be made and carefully considered by the Court.

**IT IS THEREFORE ORDERED** that:

I.  The *United States' Motion for Rule 17(c) Subpoenas* [Doc. 291] is **GRANTED** such that trial subpoenas *duces tecum* shall issue to: (1) General Motors; (2) OnStar LLC; and (3) Kingman Regional Medical Center as discussed herein, and the records shall be turned over within ten (10) days after service of the subpoenas;

and

**II.**     Defendant McCluskey's *Motion for Protective Order* [Doc. 320] is **DENIED without prejudice.**

_____
The Honorable Judith C. Herrera
United States District Judge