IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                CR. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on two motions by the Defendant, each requesting that the Court dismiss portions of the Third Superceding Indictment against him. After reviewing the briefs submitted by counsel and the applicable legal authorities, the Court concludes that both motions should be denied.

## DISCUSSION

**I.    Motion to Dismiss On Commerce Clause and Tenth Amendment Grounds [Doc. No. 315]**

In his *Motion to Dismiss Counts 1-2, 5-7, 8-12, and 15-20 on Commerce Clause and Tenth Amendment Grounds* [Doc. No. 315], Defendant moves to dismiss sixteen of the twenty counts in the Third Superceding Indictment on the grounds that the statutes invoked in those charges[1] run afoul of the Commerce Clause and the Tenth Amendment to the United States Constitution. However, as the Defendant acknowledges, the Tenth Circuit has rejected the constitutional arguments he raises. Thus, this Court follows Tenth Circuit precedent, as it is bound to do, and will

---

[1] In his reply brief [Doc. No. 381], Defendant acknowledges that the title of his motion is in error and that in reality he seeks to dismiss Counts 1-3, 6-12, and 15-20.

deny his motion to dismiss.

First, Defendant moves to dismiss the carjacking counts (Counts 1-3, 9-12) on the grounds that the intrastate crimes alleged in the indictment do not substantially impact interstate commerce and are the type of crimes that are traditionally reserved to the states to prosecute. However, in 1999 the Tenth Circuit concluded that the carjacking statute, 18 U.S.C. § 2119, does not violate the commerce clause by failing to meet the substantial interstate nexus requirement. *United States v. Brown*, 200 F.3d 700, 709 (10th Cir. 1999) *(*citing *United States v. Romero*, 122 F.3d 1334, 1339 (10th Cir. 1997)). In *Romero*, the Tenth Circuit cataloged decisions from other Circuit Courts of Appeals rejecting Commerce Clause challenges to the carjacking statute. *Romero*, 122 F.3d at 1339 n.3. Similarly, this Court rejects the Defendant's current challenge based upon the prevailing law within the Tenth Circuit.

Second, Defendant moves to dismiss the counts brought under the Hobbs Act, 18 U.S.C. § 1951 (Counts 6-8, 15-18), which include conspiracy to commit robbery affecting interstate commerce, robbery, and use of a firearm during and in relation to a Hobbs Act crime. Again, however, the Tenth Circuit has previously rejected Commerce Clause challenges to the Hobbs Act. *See, e.g., United States v. Pearson*, 203 F.3d 1243, 1267 (10th Cir. 2000); *Romero*, 122 F.3d at 1340; *United States v. Bolton*, 68 F.3d 396, 399 (10th Cir. 1995). Thus, Defendant's motion to dismiss Counts 6-8 and 15-18 will be denied.

Third, Defendant mounts a Commerce Clause challenge to Counts 19 and 20, possession of firearms by a felon and a fugitive, in violation of 18 U.S.C. § 922(g). Once again, the Tenth Circuit has very recently rejected Defendant's argument, concluding that § 922(g) is constitutional under the Commerce Clause. *See, e.g., United States v. McCane*, 573 F.3d 1037, 1047 (10th Cir. 2009); *United States v. Urbano*, 563 F.3fd 1150, 1154 (10th Cir. 2009); *Bolton*, 68 F.3d at 400.

2

Fourth, having found that the statutes under which the government has charged the Defendant are valid under the Commerce Clause, the Court further concludes that Defendant has no grounds under the Tenth Amendment upon which to challenge those same statutes.

Finally, Defendant asks the Court to overlook these established precedents because "the Commerce Clause is in all likelihood about to undergo further revision by the Supreme Court." Doc. No. 315 at 6.  This Court is in no position to speculate as to the nature and impact of future decisions by the high court.  Instead, this Court will follow the well settled law in the Tenth Circuit and deny Defendant's motion to dismiss.

## II.     Motion to Dismiss Because Offenses Charged Were Not Committed [Doc. No. 316]

Counts 4 and 5 of the Third Superceding Indictment [Doc. No. 274] charge Defendant with killing Gary and Linda Haas with the intent to prevent communication to a federal law enforcement officer regarding his commission of a federal offense.  Counts 13 and 14 charge Defendant with using and carrying a firearm during and in relation to the commission of the crimes charged in Counts 4 and 5.  In his *Motion to Dismiss Counts 4-5 and 13-14 on the Ground that the Undisputed Facts in This Case Demonstrate That The Offenses Charged in These Counts Were Not Committed* [Doc. No. 316], Defendant argues that the foregoing counts should be dismissed because "the undisputed facts in this case demonstrate that the offenses charged in these counts were not committed." Doc. No. 316 at 1.  As grounds for his motion, Defendant quotes from statements made by himself and his co-defendants in an effort to prove that he lacked the requisite *mens rea* to commit the crimes charged in Counts 4, 5, 13, and 14.  In this particular motion Defendant does not challenge the allegations of the indictment on their face or claim that the indictment fails to provide him with fair notice of the charges against him.

In response, the Government argues that in evaluating a pretrial motion to dismiss based on

3

insufficient evidence, the Court may not look beyond the four corners of the indictment and may only determine whether it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against him, and enables him to assert a double jeopardy defense. Doc. No. 349 at 2-3. The Government points out that Defendant has not raised any of these arguments regarding Counts 4, 5, 13, or 14, and the court should decline to weigh the evidence before trial. *Id*. at 3-4. Further, the Government contends that the evidence as to each of these counts will be heavily disputed, also giving examples of evidence that it will use at trial to prove those charges.

The Tenth Circuit has clearly set forth the standard to apply in pretrial motions to dismiss counts of an indictment for insufficient evidence. In *United States v. Pope*, 613 F.3d 1255, 1259 (10th Cir. 2010), the Court said:

> Rule 12 authorizes the district court to resolve before trial only those motions "that the court can determine without a trial of the general issue." Fed. R. Crim. P. 12(b)(2). In a criminal case, the general issue is defined as evidence relevant to the question of guilt or innocence. Thus, the Supreme Court has instructed, Rule 12 permits pretrial resolution of a motion to dismiss the indictment only when trial of the facts surrounding the commission of the alleged offense would be of no assistance in determining the validity of the defense. If contested facts surrounding the commission of the offense would be of any assistance in determining the validity of the motion, Rule 12 doesn't authorize its disposition before trial.

(internal citations and quotations omitted). *See also United States v. Todd*, 446 F.3d 1062, 1067 (10th Cir. 2006) ("Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence. Rather, an indictment should be tested solely on the basis of the allegations made on its face, and such allegations are to be taken as true.") (internal citation and quotation omitted). In his reply, the Defendant agrees that this is the standard that the Court must apply. Doc. No. 380 at 2. Further, on the basis that the Government disputes the evidence regarding his guilt, the Defendant also appears to concede that his motion must be denied. *Id*. The Court agrees, concluding that trial of the facts would be

necessary to determine the validity of the motion and therefore must be left to the jury at trial.  Thus, the motion will be denied.

**IT IS THEREFORE ORDERED** that *Motion to Dismiss Counts 1-2, 5-7, 8-12, and 15-20 on Commerce Clause and Tenth Amendment Grounds* [Doc. No. 315] is **DENIED**, and *Motion to Dismiss Counts 4-5 and 13-14 on the Ground that the Undisputed Facts in This Case Demonstrate That The Offenses Charged in These Counts Were Not Committed* [Doc. No. 316] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**