IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                        CR. No.  10-2734 JCH

,
JOHN CHARLES McCLUSKEY

        Defendant.

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant's *Motion to Dismiss Indictment Pursuant to Rule 12(b)(3)(B) Or, in the Alternative, Motion to Strike Surplusage Pursuant to Rule 7(d)* [Doc. No. 313].  After considering the arguments of counsel and the applicable legal authorities, the Court concludes that the motion should be denied.

## DISCUSSION

Defendant moves to dismiss the entire[1] Third Superceding Indictment [Doc. No. 274] (hereafter, "the indictment") on the grounds that language in six counts does not adequately specify the property, overt acts, or Federal offenses referred to within those counts.  Count 1 charges Defendant with conspiracy to carjack, alleging that he committed various specifically enumerated overt acts, "among others."  In Counts 4 and 5, the indictment charges Defendant with killing Gary and Linda Haas to prevent them from communicating information relating to the commission of a Federal offense, "including but not limited to" all of the other offenses charged in the indictment.

---

[1] Defendant has not clearly explained why he believes that he is entitled to the extreme remedy of dismissal of the entire indictment, when the language he complains of appears in only six counts.

Finally, in Count 6 (conspiracy to interfere with commerce) as well as Counts 7 and 8 (interference with commerce), the indictment alleges that Defendant took personal property, "including but not limited to" certain specific items listed therein.  According to Defendant, the indictment should be dismissed because vagueness and uncertainty are intolerable in an indictment, particularly one that charges capital crimes.

Federal Rule of Criminal Procedure 12(b)(3)(B), under which Defendant moves to dismiss the entire indictment, provides in pertinent part that a court may dismiss an indictment if it "fails to invoke the court's jurisdiction or to state an offense."  Defendant does not argue that the indictment fails to invoke the Court's jurisdiction; thus, the only avenue remaining is to argue that it fails to state an offense.  The Defendant contends that all-inclusive phrases such as "among others," and "including but not limited to" are vague and unfairly broaden the scope of the indictment.

"An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense."  *United States v. Gama–Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (quoting *United States v. Dashney*, 117 F.3d 1197, 1205 (10th Cir. 1997)) (internal quotation marks omitted).  *Accord Russell v. United States*, 369 U.S. 749, 763–64 (1962) (noting that the two principal criteria by which the sufficiency of an indictment is measured are, "first, whether the indictment contains the elements of the offense intended to be charged, and sufficiently apprises the defendant of what he must be prepared to meet, and, secondly, in case any other proceedings are taken against him for a similar offense[,] whether the record shows with accuracy to what extent he may plead a former acquittal or conviction"); *United States v. Barrett*, 496 F.3d 1079, 1092 (10th Cir. 2007).  It is generally sufficient for the indictment to set forth an offense in the words of the

statute violated so long as those words unambiguously set forth all the elements constituting the offense intended to be punished.  *United States v. Doe*, 572 F.3d 1162, 1173 (10th Cir. 2009).  A reading of the indictment in this case reveals that it does, in fact, state an offense against Defendant.  First, it sets forth the elements of each offense charged; Defendant does not contend otherwise.  Second, it apprises the Defendant of the charges he must be prepared to meet by setting forth not only the elements of the charges, but also the factual basis upon which the Government relies for those charges.  Finally, the indictment is more than adequate to allow Defendant to determine whether he has a basis to assert a double jeopardy defense.  Thus, the Court will not dismiss the indictment under Rule 12(b)(3)(B).

Alternatively, Defendant moves the Court to strike the phrases "among others," and "including but not limited to" in Counts 1, 4, 5, 6, 7, and 8 as surplusage under Federal Rule of Criminal Procedure 7(d), which reads: "Surplusage. Upon the defendant's motion, the court may strike surplusage from the indictment or information."  The Tenth Circuit has held that "[a]cting in its discretion, a district court may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990). Defendant argues that the inclusion of this language prejudices him by suggesting to the jury that he has committed criminal acts in addition to those explicitly charged in the indictment and by opening the door to attempts by the Government to enlarge the charges.  In response, the Government argues that the standard to strike language from an indictment is an "exacting one."  While skirting the question of what value the phrases "among others," and "including but not limited to" add to the indictment, the Government contends that "if the Court finds any potential prejudice from the inclusion of the phrases, it can be cured by an appropriate limiting instruction." Doc. No. 347 at 5.

The Court has looked for guidance from other courts that have confronted this issue. While at least one court has declined to strike similar language as surplusage, *United States v. Washington*, 947 F. Supp. 87, 90 (S.D.N.Y. 1986) (declining to strike phrase "by various means, including, among other things" from the indictment as prejudicial surplusage), several others have done so. *See, e.g.*, *United States v. Freeman*, 619 F.2d 1112, 1118 (5th Cir. 1980) (observing that district court should have treated phrase "included, but were not limited to, the following" in indictment as mere surplusage); *Marsh v. United States*, 344 F.2d 317, 320-22 (5th Cir. 1965); *United States v. Espy*, 989 F. Supp. 17, 35 (D.D.C. 1997) (striking the government's use of terms such as "included, but were not limited to," "and others," "including, but not limited to," and "in substance and among other things" as prejudicial and immaterial to the charges lodged against the defendant), *rev'd in part on other grounds*, 145 F.3d 1369 (D.C. Cir. 1998); *United States v. Poindexter*, 725 F. Supp. 13, 35 (D.D.C. 1989) (same); *United States v. DeFabritus*, 605 F.Supp. 1538, 1547 (S.D.N.Y.1985) (striking the words "among other things" from the indictment "where they serve no useful purpose and allow the jury to draw the inference that the defendant is accused of crimes not charged in the indictment"); *United States v. Brighton Bldg. & Maintenance Co.*, 435 F. Supp. 222, 230-31 (N.D. Ill. 1977) (concluding that the use of terms such as "at least" and "among other things" in the indictment serve no useful purpose and allow the jury to draw the inference that the defendant is accused of crimes not charged in the indictment).

In the Tenth Circuit, the Court may exercise its discretion to strike surplusage where the challenged language is not relevant to prove the elements of the offense charged, or is "inflammatory or prejudicial." *United States v. Zabawa*, 39 F.3d 279, 285 (10th Cir. 1994) (citing *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990)). Those criteria are satisfied here. First, the challenged phrases "among others," and "including but not limited to" are not relevant to prove

the elements of the offenses for which Defendant is charged. They add no information of value to the indictment, and they do nothing to inform the Defendant of the underlying conduct for which he is charged. Second, the Court agrees with the Defendant that the language is prejudicial, in that it implies that he is guilty of conduct not enumerated in the indictment and for which the grand jury has not indicted him. Thus, the Court concludes that the language is surplusage and should be stricken under Rule 7(d).

**IT IS THEREFORE ORDERED** that Defendant's *Motion to Dismiss Indictment Pursuant to Rule 12(b)(3)(B) Or, in the Alternative, Motion to Strike Surplusage Pursuant to Rule 7(d)* [Doc. No. 313] is **GRANTED IN PART** and **DENIED IN PART** as described herein.

**IT IS FURTHER ORDERED** that the phrase "among others" in Count 1 of the Third Superceding Indictment is hereby **STRICKEN** and that the phrase "including but not limited to" in Counts 4, 5, 6, 7, and 8 of the Third Superceding Indictment is **STRICKEN**.

_____
**UNITED STATES DISTRICT JUDGE**