IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                            CR. No.  10-2734 JCH

,
JOHN CHARLES McCLUSKEY

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Motion for Severance of Counts 1-18 from Counts 19-20* [Doc. No. 290].  In the motion, Defendant asks the Court to grant him a trial on the felon and fugitive in possession of firearms charges (Counts 19 and 20) that is separate from his trial on the remaining counts against him.  After considering the arguments in the parties' briefs, the facts, and applicable legal authorities, the Court concludes that the motion should be denied.

## BACKGROUND FACTS

The Government alleges that Defendant broke out of prison in Kingman, Arizona and, along with two cohorts, went on an interstate crime spree that resulted in the kidnaping and murder of Gary and Linda Haas, a retired Oklahoma couple vacationing in New Mexico.  In the Third Superceding Indictment, the Government charged Defendant with Conspiracy to Commit Carjacking Resulting in Death (Count 1), Carjacking Resulting in Death (Counts 2-3), and Murder of a Witness (Counts 4-5), Conspiracy to Interfere with Commerce (Count 6), Interference with Commerce (Counts 7-8), Using and Carrying a Firearm During and in Relation to Crime of Violence (Counts 9-18), Felon in Possession of Firearms and Ammunition (Count 19), and Fugitive in Possession of

Firearms and Ammunition (Count 20). *See* Doc. No. 274. Count 19 alleges that Defendant McCluskey has "been convicted of felony crimes punishable by imprisonment for a term exceeding one year, to wit: attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Case No. CR 2009-118185 in Maricopa County, Arizona; and robbery, criminal conspiracy, and aggravated assault in Case No. CR 2733-92, Lancaster County, Pennsylvania . . ." Count 20 alleges that Defendant was "a person who was a fugitive from justice." The Government has filed its notice of intent to seek the death penalty against Defendant McCluskey. Doc. No. 275.

## LEGAL STANDARD

Rule 14 of the Federal Rules of Criminal Procedure permits a district court to sever counts if joinder of offenses in an indictment "appears to prejudice" the defendant.[1] Defendant takes pains to differentiate this standard under which this district court must decide his motion from that which the Tenth Circuit applies upon appellate review. As the Tenth Circuit has previously stated, to prevail under the applicable appellate standard of review, a defendant "must show actual prejudice resulted from the denial" of his motion to sever counts. *United States v. Burkley*, 513 F.3d 1183, 1188 (10th Cir. 2008) (quotation omitted). However, Defendant also concedes that Tenth Circuit cases discussing the issue of severance are instructive, even though they are decided under a stricter standard. Doc. No. 290 at 2-3. The Government, in turn, seems to suggest that there is no difference between the standards to be applied by the district and appellate courts. Doc. No. 328 at

---

[1] Defendant does not argue that joinder of the offenses under Rule 8 of the Federal Rules of Criminal Procedure was improper in the first instance. Rule 8(a) provides for joinder of offenses that "are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." That standard is satisfied in this case.

3. The Court need not delve into this question, however, because it concludes that the joinder of Counts 19 and 20 with the other counts in the Third Superceding Indictment does not appear to prejudice the Defendant under the lighter burden set forth in Rule 14.

## **DISCUSSION**

Defendant argues that if Counts 19 and 20 are not severed, the jury will hear evidence that would otherwise be inadmissible with regard to Counts 1-18, to wit, evidence regarding his previous felony convictions and evidence regarding his status as an escaped fugitive at the time he was found in possession of weapons and ammunition. Defendant argues that he would be prejudiced by this evidence because there is a high risk that the jury will convict him of Counts 1-18 for his prior crimes, or that it will conclude that he has a propensity to commit crimes and that on this occasion he acted in conformity with that character trait.

However, as to evidence of Defendant's status as a felon, this prejudicial effect can be largely eliminated by a stipulation to be read to the jury stating that the parties agree that Defendant is a felon within the meaning of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Such a stipulation would give the jury the information it needs to consider Count 19 without prejudicing the Defendant by presenting the jury with details regarding Defendant's prior crimes and convictions. Furthermore, the Court intends to instruct the jury to limit its consideration of Defendant's felon status to its consideration of Count 19, and not to consider that evidence with regard to Counts 1-18. These measures would mitigate the prejudice to the Defendant. Indeed, in *Panzavecchia v. Wainwright*, 658 F.2d 337, 341 (5th Cir. 1981), a Fifth Circuit case that Defendant describes as "closely analogous" to this one, the Court focused on the lack of a limiting instruction as the source of the unfair prejudice to the defendant. In that case, the defendant was charged with both murder and possession of a firearm by an ex-felon, as well as the unrelated offense of counterfeiting. *Id*. The

court concluded that "repeated references to the defendant's criminal past without any limiting instruction" rendered the petitioner's trial fundamentally unfair.  Of course, this problem can be avoided in this case.  By presenting the evidence of Defendant's prior convictions through a stipulation, the jury will hear it only once, and then without the graphic details that might accompany testimony on the issue.  That was the case in *United States v. Cornelio-Legarda*, 381 Fed. App'x. 835, 2010 WL 2255044 (10th Cir. 2010) (unpublished), where a jury convicted the defendant of drug, money laundering, conspiracy, and firearm crimes, including being a felon in possession of a firearm.  Like Defendant McCluskey, the defendant asserted that the district court's refusal to sever the felon-in-possession charge unfairly prejudiced him because the jury was permitted to hear evidence that he had been in prison and had a prior felony conviction.  *Id.* at 842.  In concluding that Cornelio-Legarda's arguments lacked merit, the court noted that he stipulated to his prior felony and that the stipulation was read into the record at the close of the government's case, thus depriving the jury of the details of the conviction.  *Id.* at 843.  *Accord United States v. Jones*, 213 F.3d 1253, 1260-61 (10th Cir. 2000) (upholding denial of motion to sever robbery counts from felon-in-possession counts where a stipulation as to the prior conviction shielded the jury from the prejudicial details of the defendant's past criminal activities and the trial court gave a limiting instruction).  Furthermore, the Court will give a limiting instruction informing the jury that Defendant's status as a convicted felon is irrelevant except with regard to Count 19.

With regard to Defendant's status as an escaped fugitive, the Court agrees with the Government that evidence regarding Defendant's escape from prison and resulting flight is relevant not only to Count 20, but also to Counts 1-18 because it is part of the same alleged continuous course of criminal conduct by the Defendant.   This was also the case in *United States v. Burkley*, 513 F.3d 1183, 1185 (10th Cir. 2008), where the defendant was convicted of possessing marijuana

with intent to distribute, as well as carrying a firearm during a drug trafficking crime and being an unlawful user of marijuana in possession of firearms. He argued that his conviction on drug trafficking charges was due to improper "prejudicial spillover" from the evidence of his firearm possession counts, and that the improper conviction for drug trafficking in turn led to convictions on the firearms charges. The Tenth Circuit rejected this argument, agreeing with the district court that the charge of possession of marijuana with intent to distribute was "inextricably intertwined" with the charge of carrying a firearm during and in relation to a drug trafficking offense. *Id.* at 1188. Thus, "[e]ven if the counts had been severed, evidence of Defendant's firearm possession would have been admissible to prove his intent to distribute marijuana" because guns are "tools of the trade" of drug trafficking. *Id.* Similarly, evidence of the defendant's drug trafficking would have been admitted in a separate trial on the charge of carrying a firearm during a drug trafficking offense. *Id.* Thus, severance would not have eliminated the prejudice cited by the defendant. *Id.* The Tenth Circuit reasoned similarly in *United States v. Valentine*, 706 F.2d 282, 290 (10th Cir. 1983), where again the defendant was charged with both drug trafficking and possession of a firearm by a felon. The police seized both the weapons and the drugs at the same time from Valentine's home, yielding a strong factual relationship between the two sets of charges that arose from Valentine's own conduct. *Id.* at 290. Finally, the Tenth Circuit noted that the district court did not abuse its discretion in denying severance because evidence of Valentine's prior conviction was not given undue emphasis at trial, but rather was presented through testimony of his probation officer and a copy of the judgement of conviction, with no details of the crime disclosed to the jury. *Id.* The court further noted the importance of limiting instructions in averting substantial prejudice to defendants in similar situations. *Id.* at 290 n.7. *See also Burkley*, 513 F.3d at 1188 (pointing out that "trying firearms and drug-trafficking charges together results in 'no essential unfairness when the

5

relationship of the charges grew out of the defendant's own conduct.'") (citing *Valentine*, 706 F.2d at 290).

This case presents a similar situation, where the Government alleges that Defendant McCluskey escaped from prison, traveled across state lines, illegally obtained firearms (some of them taken from the murder victims themselves), and then used the firearms in commission of the crimes charged in other counts of the indictment. Defendant has not adequately explained to the Court how or why it should exclude evidence of his prison escape with regard to Counts 1-18, as his escape served as the catalyst that began a continuous course of conduct that allegedly led to the commission of the crimes in Counts 1-18. The evidence of Defendant's escape from prison (and hence his fugitive status) is certainly relevant to Counts 1-18 because it is necessary to explain why he and his co-defendants came to New Mexico, why they obtained firearms, how they encountered the Haases, and the nature of their interaction with the retired couple. In fact, as the Defendant himself points out in his reply brief, Counts 2 and 3 (carjacking) require a very specific *mens rea*—that at the moment the defendant demanded or took control over the driver's automobile the defendant possessed the intent to seriously harm or kill the driver if necessary to steal the car. Doc. No. 344 at 6 (citing *Holloway v. United States*, 526 U.S. 1, 12 (1999)). Similarly, Counts 4 and 5, which are for the capital offense of tampering with a witness, make it unlawful to kill "with intent to . . . prevent the communication by any person to a law enforcement officer . . . of the United States of information relating to the commission or possible commission of a Federal offense." 18 U.S.C. § 1512(a)(1)(C). Then follow several pages of Defendant's reply brief discussing the evidence regarding his mental state at the time of the alleged crimes. *Id*. at 7-11. However, most of this evidence regarding Defendant's mental state makes sense only in the context of his status as a fugitive. For example, Defendant cites his statement that "a well-thought-out plan never happened

. . . "[W]e put it together to get out [of prison] . . . . But we didn't have it for after we got out." He also cites the statement by his co-defendant, Casslyn Welch, who blamed the killing on the Haases for lying to "stressed out escapees" about having weapons, as well as statements by both Defendant and Welch regarding their urgent need to obtain transportation and to tie up the Haases so that they would have a four or five hour getaway time before the couple could call authorities. None of this evidence makes sense in vacuum. It is only within the context of the Defendants' status as fugitives that their urgent need for transportation, to avoid detection, and to get a "head start" on law enforcement becomes comprehensible. In other words, the fact that Defendant was a fugitive is inextricably intertwined with the evidence regarding Counts 2, 3, 4, and 5. Further, the relationship between and among the charges grew out of the Defendant's own continuous course of conduct beginning with his escape from prison. That same evidence of Defendant's escape from prison is fundamental to the charge of possession of a firearm by a fugitive in Count 20. As in *Burkley*, with this overlap in evidence it makes little sense to sever the charges.

Other decisions by the Tenth Circuit in similar cases reinforce the Court's conclusion that severance is not warranted. *See, e.g., United States v. Riblet*, 91 Fed. Appx. 128, 129, 2004 WL 440939 (10th Cir. Mar. 11, 2004) (unpublished) (upholding denial of motion to sever robbery charges from felon-in possession charge, stating "this court has consistently upheld joinder when a defendant is charged with being a felon in possession of a firearm in addition to substantive crimes."); *Jones*, 213 F.3d at 1260-61 (upholding denial of motion to sever robbery charges from felon-in possession charges); *United States v. Cox*, 934 F.2d 1114, 1119 (10th Cir. 1991) (upholding trial court's refusal to sever firearm possession counts from drug trafficking counts, where government demonstrated that defendant possessed the firearms as part of a scheme or plan to possess and distribute drugs, and police seized both weapons and narcotics at the same time and

7

place).

Finally, Defendant argues that the risk of unfair prejudice stemming from joinder is enhanced in this case because, in addition to the non-capital offenses in Counts 19 and 20, he has been charged with capital crimes. Defendant cites the California Supreme Court's decision in *People v. Smallwood*, 42 Cal.3d 415 (1986), *overruled on other grounds, People v. Bean*, 46 Cal.3d 919 (1988), as well as *United States v. Best*, 235 F. Supp. 2d 923 (N.D. Ind. 2002), for the proposition that this court should "analyze the severance issue with a higher degree of scrutiny and care than is normally applied in a non-capital case." *Id.* at 430-31. However, both cases are distinguishable. In *Smallwood*, a case decided under California state law and not federal law, the murders at issue were committed seven months apart and were not so similar such that evidence relating to one would be admissible in a separate trial of the other. 42 Cal. 3d at 428-30. That is not the case here, as explained above. And while the Court is sensitive to the fact that it must necessarily tread with great care in a death penalty case, that does not change the fact that it must follow the guidance provided by the Tenth Circuit in its earlier decisions. In *Best*, an opinion from a district court outside of this circuit, the defendant was charged with both murder-related and drug-related crimes. Best moved to sever in part because he wished to testify as to his alibi regarding the murder charges but remain silent as to the drug charges. 235 F. Supp. 2d at 926. In this case, Defendant has not indicated any desire to testify as to some charges and remain silent as to others. Thus, defendant in *Best* presented a fundamentally different, and ultimately more compelling, argument that he would be prejudiced by a failure to sever than Defendant does here. *See Cox*, 934 F.2d at 1114 (10th Cir. 1991) (finding that unless defendant showed that he intended to testify only as to some counts and that testimony would contribute important evidence along with a strong need to refrain from testifying to the other charges, severance was inappropriate).

For all the foregoing reasons, the Court concludes that under the circumstances of this case, Counts 19 and 20 should not be severed for trial.

**IT IS THEREFORE ORDERED** that Defendant's *Motion for Severance of Counts 1-18 from Counts 19-20* [Doc. No. 290] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**