UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff** ) | |
| ) | |
| v. ) | **CR NO. 10-2734 JCH** |
| ) | |
| **JOHN CHARLES McCLUSKEY,** ) | |
| ) | |
| **Defendant** ) | |

## JOINT PROPOSED JURY SELECTION PROCEDURES

The United States of America and the Defendant respectfully request that the following jury selection procedures be utilized in this case:

1. Following completion of all procedures set forth in the Court's Order Regarding Schedule for July Selection Process, Doc. 453, the Jury Division shall create a list of remaining prospective jurors by name and number and the order in which they will be called. The jurors will be called in numerical order starting with number one (1). The Clerk will provide this list to the parties by close of business on Monday, March 4, 2013.

2. On the date the trial is scheduled to commence, March 11, 2013, 15 jurors will be summoned per day until a requisite number of jurors are qualified.

3. The 15 summoned jurors per day will be brought together into the courtroom where the Court will provide an overview of the process and general applicable legal concepts, including the possibility of the death sentence during the penalty phase. Thereafter, the Court and parties will conduct general voir dire on issues for which

individual voir dire is thought not to be necessary.[1] Following this general voir dire, the prospective jurors will be excused to the jury room and cause challenges will be argued. Individual voir dire will then commence for the remaining prospective jurors.

4. When a juror is returned to the courtroom for individual voir dire, the parties will be afforded the opportunity to question each prospective juror on his/her views regarding the death penalty and other sensitive matters appropriate for individual questioning. The parties will alternate going first and only one attorney on behalf of each party may ask questions of each prospective juror. Each party will have only one opportunity to ask questions and there will not be an opportunity for re-questioning or rehabilitation, except by leave of the Court. The Court will restrict repeated questioning and will limit each party's questioning of each prospective juror to 15 minutes. Cause challenges will be argued after the completion of individual voir dire for each prospective juror. The procedure is then repeated for those prospective jurors who remain. Each prospective juror not excused for cause would remain at the call of the Court for possible jury service.

5. Once at least 70[2] jurors have been qualified and accepted by the parties, individual voir dire shall cease. The Jury Division will randomly shuffle the 70 qualified jurors

---

[1] Topics to be explored will include hardships, pretrial publicity, prior contact with the defendant and/or attorneys/witnesses in this case, prior contact with the criminal justice system, bias (race, law enforcement, cooperating witnesses, forensic evidence, etc), and the defendant's right to remain silent.

[2] This number accounts for 12 petit jurors, 20 peremptory strikes per side, 6 alternate jurors, 3 alternate peremptory strikes per side and 6 additional prospective jurors in case issues or problems arise.

and provide the newly ordered list of prospective jurors to the Court and parties. The following business day, the parties will exercise peremptory challenges and the petit jury will be selected. Using the newly ordered list of 70 prospective jurors, the parties will alternate going first in choosing whether to strike or pass each juror. Each party may exercise 20 peremptory strikes.[3]  *See* Fed. R. Crim. P. 24. Once a jury of 12 is selected, the parties will continue the process to select six alternate jurors. When selecting alternate jurors, each party may exercise three peremptory strikes. Any peremptory strikes not used in picking the petit jury may not carry over to be used in selecting the alternate jurors. Once six alternate jurors are selected, any remaining prospective jurors will be excused.

Respectfully submitted,

| | |
|---|---|
| *s/ Gregory Fouratt* | *s/ Michael Burt* |
| LINDA MOTT | MICHAEL BURT |
| GREGORY FOURATT | THERESA DUNCAN |
| MICHAEL S. WARBEL | |
| Attorneys for the United States | Attorneys for the Defendant |

---

[3] The defense reserves the right to request additional peremptory strikes. The government does not agree to this position and will assert a timely objection, if necessary.