IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                        Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

      This case is before the Court on *Defendant's Motion for Order Requiring the Government to Comply with Rule 12(b)(4)(B)* **[Doc. 285]**. The primary issues are: (1) whether compliance with Rule 16 alone satisfies the notice requirements of Rule 12(b)(4)(B), or whether additional notice is required, and (2) if additional notice is required under Rule 12(b)(4)(B), whether that notice requirement applies only to evidence the Government intends to use in its case-in-chief during the guilt phase of the trial, or applies equally to the evidence the Government will present in a penalty phase, should there be one. Having considered the motion, the parties submissions, and the governing authority, the Court will grant the motion in part and deny it in part as described herein.

### DISCUSSION

      **A.**      **Rule 12(b)(4)(B) Requires Notice Beyond Compliance With Rule 16**

      The Defendant moves for disclosure of all evidence the Government intends to use in its case-in-chief, at guilt or penalty trial, pursuant to Rules 12(b)(4)(B) and Rule 16, which evidence "may be the subject of a motion for suppression." Doc. 285 at 1. The Government responds that its full compliance with Rule 16 is sufficient to satisfy the notice requirements of Rule 12(b)(4)(B),

and urges the Court to follow certain district courts having so determined. *See* Doc. 285 at 31. Alternatively, should the Court find that Rule 12(b)(4)(B) requires additional notice, the Government advocates the approach Judge Brack of this district court took in *United States v. Lujan*, 530 F. Supp. 2d 1224, 1244 (D.N.M. 2008), requiring the Government to identify evidence it will not introduce in its case-in-chief, rather than pinpoint each piece from the large volume of evidence it will introduce.

> Rule 12(b)(4)(B) reads:
>
> > At the arraignment or as soon afterward as practicable, the defendant may, in order to have opportunity to move to suppress evidence under Rule 12(b)(3)(C), request notice of the government's intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under Rule 16.

Fed. R. Crim. P. 12(b)(4)(B). "The Rule provides a mechanism to [ensure] that the defendant knows of the government's intention to use evidence to which the defendant may want to object." *United States v. Lujan*, 530 F. Supp. 2d at 1244. Though a defendant is already entitled to discover the same evidence under Rule 16, Rule 12 provides an otherwise unavailable means by which he can distill that evidence down when determining what he will move to suppress, sparing him the futile exercise of moving to suppress evidence the government will not introduce. *See* Fed. R. Crim. P. 12, advisory committee notes, 1974 amendment.

Of the few circuit courts passing on the notice requirement of Rule 12, a well-reasoned opinion from the First Circuit provides the most guidance. In *de la Cruz-Paulino*, the government designated certain evidence for introduction at trial and stated that it would provide any additional evidence it intended to use prior to trial. *United States v. de la Cruz-Paulino*, 61 F.3d 986 (1st Cir. 1995). In its opening statement, the government referenced two pieces of physical evidence that it had never designated. *Id.* at 992. The district court admitted the evidence over objection where the

defense had received the evidence under Rule 16. The First Circuit found a violation of Rule 12(d)(2), determining that an open file policy was insufficient to satisfy Rule12(d)(2).[1] The First Circuit determined that Rule 12(b)(4)(B) is a matter of procedure, not a rule "designed to aid the defendant in ascertaining the government's trial strategy, but only in effectively bringing suppression motions before trial, as required by Rule 12(b)(3)." *Id*. at 994. Accordingly, the *de la Cruz-Paulino* court held that reversal was proper only upon a showing of prejudice, which had not been made. *See id.* at 993.

District courts construing the government's notice obligations under Rule 12(b)(4)(B) are divided. *Compare United States v. Cushmeer*, 2007 WL 1858269, *2 (N.D. Ohio June 26, 2007) (unpublished opinion) (denying request for notice as moot where Rule 16 obligations were met); *United States v. Jordan*, 2007 WL 1849985, *3 (E.D. Tenn. June 25, 2007) (unpublished decision) (denying defendant's motion to require government to provide exhibit list in satisfaction of Rule 12(b)(4)(B) and concluding that government's representation that all physical and documentary evidence had been forwarded to defense was sufficient) *with United States v. Cheatham*, 500 F. Supp. 2d 528, 534-35 (W.D. Pa. 2007) (open file policy insufficient); *United States v. Anderson*, 416 F. Supp. 2d 110, 112 n.1 (D.D.C. 2006) (open file policy combined with notice of intent to use all evidence insufficient, and stating that notice must consist of all evidence that will appear on government's exhibit list).

The *Lujan* court crafted a moderate approach to implementing Rule 12(b)(4)(B), rejecting both the narrow and expansive interpretations, and this Court is persuaded to follow suit. The clear purpose of the Rule is to provide the Defendant with sufficient information to enable him to file only

---

[1] The substance of Rule 12(b)(4)(B) was contained in Rule 12(d)(2) prior to the 2002 amendments.

germane motions to suppress, but is not intended to provide access to the Government's trial strategy. *See de la Cruz-Paulino*, 61 F.3d at 994. To best effect the spirit and purpose of Rule 12(b)(4)(B) in this complex case, the Court will grant Defendant McCluskey's request in part, requiring the Government to notify Defendant of any Rule 16 evidence it *does not* intend to introduce in its evidence-in-chief at trial.

### B. Rule 12(b)(4)(B) Notice Requirement Will Not Extend to Evidence in Aggravation in the Penalty Phase

The Defendant also seeks a determination that Rule 12(b)(4)(B)'s notice requirement encompasses evidence the Government intends to introduce in the penalty phase.[2] The Government objects to Defendant McCluskey's attempt to "expand" the notice requirements of Rule 12(b)(4)(B) to include identification of evidence in aggravation.

Neither the Constitution nor the Federal Death Penalty Act requires pre-trial discovery of evidence relating to aggravating factors in capital cases. *See* 18 U.S.C. § 3591, *et seq*.; *United States v. Nguyen*, 928 F. Supp. 1525, 1550 (D. Kan. 196) (noting there is no constitutional right to pretrial discovery of evidence in aggravation); *Gray v. Netherland*, 518 U.S. 152, 167-69 (1996) (noting that there is no constitutional right to general discovery in criminal cases and no due process right to advance notice of government's evidence in aggravation at capital sentencing hearing).

---

[2] The relief the Defendant seeks here would inherently include a determination that Rule 16 applies equally to all aspects of the penalty phase, as Rule 12(b)(4)(B)'s notice provision by its terms applies only to Rule 16 discovery. The Court need not reach this question, where the Government has repeatedly indicated that it remains compliant with its Rule 16 obligations and has been over-inclusive in its production. *See United States v. Catalan Roman*, 376 F. Supp. 2d 108 (D.P.R., May 19, 2005) ( "It is not clear that the terms of Rule 16 cannot extend to the sentencing phase [in a capital case].). *See United States v. Williams*, 2004 U.S. Dist. LEXIS 25644, at *61, 80-81 (S.D.N.Y. Dec. 22, 2004) (noting with approval that the government had provided specification of the aggravating factors it intended to prove, and it had represented that it had produced material discoverable under Rule 16 of the Federal Rules of Criminal Procedure and *Brady*/*Giglio* relating to aggravating factors).

Yet the Due Process Clause does guarantee criminal defendants a meaningful opportunity to present a complete defense, and courts have often chosen to grant capital defendants broader discovery of evidence in aggravation by exercising their inherent power to do so.  *See, e.g., United States v. Solomon*, 513 F.Supp.2d 520, 535 (W.D. Pa. 2007) (using inherent authority to order government to provide informative outline, without revealing evidentiary detail, of type and scope of victim impact evidence, including personal characteristics of victim); *United States v. Wilson*, 493 F. Supp. 2d 364, 378 (E.D.N.Y. 2006) (same); *United States v. Llera Plaza*, 179 F.Supp.2d 464, 492 (E.D. Pa. 2001) (ordering government to provide outline summarizing information it intended to introduce to establish aggravating factors); *United States v. Glover*, 43 F. Supp. 2d 1217, 1236 (D. Kan. 1999) (using inherent authority to require government to give greater factual specificity regarding each aggravating factor).

Presently, the Defendant also has a separate motion pending, asking the Court to strike the aggravating factors from the Government's notice of intent to seek the death penalty, or, in the alternative, to order an informative outline providing additional information to assist him in mounting a defense at penalty phase.  *See* Doc. 396.  That motion is presently under advisement, and the Court will address the sufficiency of the Government's notice of intent to seek the death penalty in resolving that motion.  In this way, the Court can assure that the Defendant has sufficient information to meaningfully mount his defense.  As to the Defendant's request that procedural Rule 12(b)(4)(B) apply for purposes of a death penalty phase, however, the Defendant's motion will be denied.

## **CONCLUSION**

In summary, the Court will grant Defendant's Motion in part such that the Government must notify the Defendant of any Rule 16 evidence that it *does not* intend to introduce in its case-in-chief

at trial.  Because Rule 12(b)(4)(B) is a procedural rule designed to streamline motions to suppress, and not intended to provide access to the Government's trial strategy, *see de la Cruz-Paulino*, 61 F.3d at 994, the Court will deny Defendant's motion insofar as it seeks extension of Rule(12)(b)(4)(B) to the penalty phase of trial.

**IT IS THEREFORE ORDERED** that *Defendant's Motion for Order Requiring the Government to Comply with Rule 12(b)(4)(B)* **[Doc. 285]** is **GRANTED in part** and **DENIED in part** as discussed herein.

_____
**UNITED STATES DISTRICT JUDGE**