IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    **Plaintiff,**

vs.            CR. No.  10-2734 JCH

JOHN CHARLES McCLUSKEY,

    **Defendant.**

**MEMORANDUM OPINION AND ORDER**

  This matter is before the Court on motions [Docs.  495, 496, 507] by co-defendants Casslyn Welch and Tracy Province to quash the subpoenas requiring them to testify at the evidentiary hearing on Defendant John McCluskey's motion to suppress their statements [Doc. 295]. McCluskey plans to call Welch and Province to the stand in support of his motion to suppress.  The Court has already heard some evidence in support of McCluskey's motion; however, the hearing is set to conclude on July 19, 2012 with the testimony of Welch and Province.

  As grounds for their motions to quash, Welch and Province contend that they plan to assert their Fifth Amendment privilege against self-incrimination in response to each and every question posed to them, and therefore there is no point in bringing them to court to testify.  At a telephonic hearing held on May 25, 2012, the Court deferred ruling on Welch and Province's motions and ordered counsel for McCluskey to file a list of proposed questions for Welch and Province, so that all parties, including the Court, could better evaluate Welch and Province's claims of privilege. *See* Doc. 512.  On June 18, 2012, McCluskey filed his proposed questions.  Doc. 541.  Welch and Province then filed supplements to their motions seeking to quash the subpoenas and invoking their

Fifth Amendment rights, Docs. 556, 559, and 560, to which both the Government, Doc. 566, and McCluskey, Docs. 567 and 568, have responded. The Court has reviewed all the foregoing materials and concludes that Welch and Province must assert their Fifth Amendment privilege against self-incrimination in response to particular questions, and therefore the blanket assertion of the privilege is not appropriate. Accordingly, the Court will deny the motions to quash. Instead, it will rule on Welch and Province's privilege claims on a question by question basis.

## LEGAL STANDARD

Whether a witness may properly invoke the Fifth Amendment privilege against self-incrimination is a question of law. *United States v. Rivas–Macias*, 537 F.3d 1271, 1278 (10th Cir. 2008). A criminal defendant has a constitutional right to present a defense, including the right to present witnesses, and such right is "essential to a fair trial." *Id*. at 1214–15. However, that right, while fundamental, is not absolute. *Rivas–Macias*, 537 F.3d at 1278. In certain cases, "a defendant's right to present a defense must bow to accommodate legitimate, competing interests in the criminal trial process." *Id*. One of these interests is the Fifth Amendment privilege of a witness not to incriminate himself. *Id*. For the privilege to apply, however, the witness "must face some authentic danger of self-incrimination." *Id*. at 1277 (quotations omitted). *See also Zicarelli v. N.J. State Comm'n of Investigation*, 406 U.S. 472, 478 (1972) ("It is well established that the privilege protects against real dangers, not remote and speculative possibilities."); *Ullmann v. United States*, 350 U.S. 422, 439, (1956) (clarifying that the privilege's "sole concern" is with the "danger to a witness forced to give testimony leading to the infliction of 'penalties' affixed" to "criminal acts"). "The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself. . . . It is for the court to say whether his silence is justified and to require him to answer if it clearly appears to the court that he is mistaken." *Hoffman v. United States*, 341 U.S.

479, 486 (1951) (citation and quotations omitted).

The protection against self-incrimination afforded by the Fifth Amendment should be liberally construed. *Id.* It "extends to answers that would in themselves support a conviction under a federal criminal statute [and] those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Id.* "Not much is required, therefore, to show an individual faces some authentic danger of self-incrimination, as the privilege extends to admissions that may only tend to incriminate." *Rivas–Macias*, 537 F.3d at 1278 (citation and quotations omitted). "[W]e will uphold an individual's invocation of the [Fifth Amendment] privilege against self-incrimination unless it is perfectly clear, from a careful consideration of all the circumstances in the case, that the witness is mistaken and his answers could not possibly have a tendency to incriminate." *Id.* at 1278–79 (quotations omitted). An individual may lose his right to claim the privilege if, in a single proceeding, he voluntarily testifies about a subject and then invokes the privilege when asked to disclose the details. *See Mitchell v. United States*, 526 U.S. 314, 321 (1999); *Rogers v. United States*, 340 U.S. 367, 372-73 (1951); *United States v. Constantine*, 263 F.3d 1122, 1128 n. 4 (10th Cir. 2001); *United States v. Nunez*, 668 F.2d 1116, 1121 n. 2 (10th Cir. 1981). In such cases, the "privilege is waived for the matters to which the witness testifies, and the scope of the waiver is determined by the scope of relevant cross-examination." *Mitchell*, 526 U.S. at 321.

*Mitchell v. United States*, 526 U.S. 314 (1999), is informative. Mitchell pled guilty to various drug charges while reserving the right to contest at sentencing the drug quantity attributable to her on the conspiracy charge. At sentencing, three co-defendants testified Mitchell's actions in the conspiracy involved over five kilograms of cocaine. The government also introduced the trial testimony of the confidential informant, who said she purchased cocaine from Mitchell three times

and those purchases involved a total of less than five kilograms of cocaine. Mitchell neither testified nor produced other evidence to rebut the government's evidence. Instead, she argued the three sales to the confidential informant constituted the only sufficiently reliable evidence of drug quantity. Holding Mitchell's silence against her, the district court credited the testimony of the three co-defendants which mandated a minimum sentence of ten years imprisonment. The Third Circuit affirmed, concluding Mitchell had waived her Fifth Amendment privilege by pleading guilty. *Id*. at 320, 119 S.Ct. 1307. The Supreme Court reversed. It held Mitchell retained her Fifth Amendment privilege at sentencing despite her guilty plea. In so holding, the Court rejected "the idea that the entry of the guilty plea completes the incrimination of the defendant, thus extinguishing the privilege." *Id*. at 325, 119 S.Ct. 1307. It reasoned:

> It is true, as a general rule, that where there can be no further incrimination, there is no basis for the assertion of the privilege. We conclude that principle applies to cases in which the sentence has been fixed and the judgment of conviction has become final. If no adverse consequences can be visited upon the convicted person by reason of further testimony, then there is no further incrimination to be feared. Where the sentence has not yet been imposed a defendant may have a legitimate fear of adverse consequences from further testimony.

*Id*. at 326 (citation omitted). Similarly, in *Rivas-Macias*, co-defendant Jimenez invoked his Fifth Amendment privilege at Rivas–Macias' trial. Rivas-Macias claimed the privilege was not available because Jimenez had already pled guilty and given several unsworn debriefing statements to the government. The Tenth Circuit concluded Rivas-Macias had failed to show Jimenez's testimony at trial would not have had any tendency to further incriminate him. 537 F.3d at 1279. Relying on *Mitchell*, the court determined that because Jimenez had yet to be sentenced, he faced an authentic danger of further incriminating himself. *Id*. The Court further concluded Jimenez had not waived his Fifth Amendment privilege by providing the unsworn debriefing statements because those

4

statements were not made in the same proceeding in which Rivas–Macias sought to compel Jimenez to testify, i.e., Rivas–Macias' trial. *Id.* at 1280.

In the Tenth Circuit, a blanket assertion of the Fifth Amendment privilege against self-incrimination will not do; instead, the person asserting the privilege must raise his claim of Fifth Amendment privilege in response to individual questions upon his reasonable belief that a compulsory response will pose a substantial and real hazard of subjecting him to criminal liability. *United States v. Clark*, 847 F.2d 1467, 1474-75 (10th Cir. 1988); *United States v. Schmidt*, 816 F.2d 1477, 1481-82 (10th Cir. 1987); *United States v. Riewe*, 676 F.2d 418, 420 n.1 (10th Cir. 1982).

## DISCUSSION

Welch and Province ask the Court to relieve them of testifying altogether. They contend that they are entitled to a blanket assertion of the Fifth Amendment privilege and should be spared the trouble of asserting the privilege on a question-by-question basis. The Court disagrees. Welch and Province may assert a Fifth Amendment right against self-incrimination on a question-by-question basis, but no blanket privilege is available under the circumstances present here. That is not to say that Welch and Province are not entitled to assert the privilege in response to any particular question—at this stage, the Court expresses no opinion on that matter, which must be determined as to each question posed to them. Rather, the Court concludes that Welch and Province must assert the privilege in response to a particular question or questions, and the Court will evaluate the applicability of the privilege at that time, as well as rule on objections based on relevance and other grounds.

However, at this time the Court will rule on several legal issues raised by McCluskey in his briefs. Docs. 508, 567, and 568. First, McCluskey argues that the Fifth Amendment privilege against self-incrimination does not apply to Welch and Province because under the immunity

doctrine set forth in *Simmons v. United States*, 390 U.S. 377 (1968), their testimony cannot be used against them.  In *Simmons*, the Supreme Court held that testimony given by a defendant in order to demonstrate that he has standing to argue that evidence is the fruit of unlawful search and seizure should not be admissible against him at a trial on the question of his guilt or innocence.  The Court reasoned that "it [is] intolerable that one constitutional right should have to be surrendered in order to assert another."  *Id*. at 394.  However, *Simmons* is meant to protect a <u>defendant</u> from having to decide between asserting competing constitutional rights, and that is how courts around the country have interpreted and applied it.  McCluskey's arguments to the contrary, *Simmons* does not extend immunity to third party witnesses who testify at suppression hearings.  The sole case McCluskey cites, *United States v. Khan*, 309 F. Supp. 2d 789 (E.D. Va. 2004) is not only an outlier among federal court decisions, but it is also distinguishable.  The third party witness in *Khan* was the defendant's attorney, whose testimony was offered to prove that the defendant was represented by counsel when he was interrogated without his attorney present.  *Id*. at 798.  The present circumstances are dissimilar to *Khan*, and in any event this Court declines McCluskey's invitation to extend *Simmons* to third-party witnesses.

Next, McCluskey argues that the Court should compel the government to choose between granting Welch and Province immunity for their testimony at the hearing or giving up the right to call them as witnesses at McCluskey's trial.  The Court declines to do so.  As the Government points out, the cases McCluskey cites in support of forcing the Government to make such a choice are inapplicable, as all but one of them involved an entirely different scenario—where the Government refused to grant a witness immunity for his testimony at trial, as opposed to at a pretrial motion hearing.  And while McCluskey accuses the Government of using its power to grant immunity in an unfair and selective manner, the Government points out that it is not immunizing Welch's  or

Province's trial testimony at all. Rather, in accordance with their cooperation agreements, they will have to waive their privilege against self-incrimination when they testify at McCluskey's trial. Finding McCluskey's arguments on this score to be without merit, the Court declines to compel him the Government to choose between granting the co-defendants immunity for their testimony at the suppression hearing or giving up the right to call them as witnesses at trial.

**IT IS THEREFORE ORDERED** that motions by co-defendants Casslyn Welch and Tracy Province to quash the subpoenas requiring them to testify at the evidentiary hearing on Defendant John McCluskey's motion to suppress their statements [Docs. 495, 496, 507] are hereby **DENIED** as further explained herein.

_____
**UNITED STATES DISTRICT JUDGE**