IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                                     Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

       Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant McCluskey's *Motion to Dismiss Counts 9, 10, 15, and 16 on the Ground that the Conspiracies Alleged Therein are not "Crime[s] of Violence" Within the Meaning of 18 U.S.C. § 924(c)(3)* [Doc. 314]. After considering the arguments of counsel and the applicable legal authorities, the Court concludes that the motion should be denied.

## BACKGROUND

The Defendant moves to dismiss Counts 9, 10, 15, and 16 of the Third Superceding Indictment, asserting that the conspiracies alleged therein are not "crimes of violence" within the meaning of 18 U.S.C. § 924(c)(3). Counts 9 and 10 charge the Defendant with causing death through the use of a firearm during the course of committing a crime of violence, the predicate crime of violence being conspiracy to commit carjacking, in violation of 18 U.S.C. §§ 924(j), 371 and 2119. Counts 15 and 16 charge the Defendant with causing death through the use of a firearm during the course of committing a crime of violence, the predicate crime of violence being conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(j) and 1951.

As an initial matter, the Court notes that it is beyond reasonable dispute that the underlying

substantive offenses -- carjacking and Hobbs Act robbery -- are themselves particularly violent crimes and qualify as crimes of violence.[1]  *See, e.g., United States v. Malone*, 222 F.3d 1286, 1292 (10th Cir. 2000) (carjacking); *United States v. Morris*, 247 F.3d 1080, 1084 (10th Cir. 2001) (Hobbs Act robbery).  The somewhat more vexing question before the Court today is whether *conspiring* to commit these violent crimes constitutes a crime of violence.  Narrowing the question further, the Court must determine whether the inchoate crimes of conspiracy to carjack and conspiracy to commit Hobbs Act robbery "by [their] nature involve a substantial risk that physical force against the person or property of another may be used in the course of committing the offense[s]," such that proof of these crimes would satisfy the "crime of violence" requirement necessary to support the charges at issue here.  18 U.S.C. § 924(c)(3)(B).

In support of his motion, the Defendant asserts that the Tenth Circuit's decision in *United States v. Fell,* 511 F.3d 1035 (10th Cir. 2007), which construed Supreme Court precedent in *James v. United States*, 550 U.S. 192 (2007), abrogated or supplanted settled Tenth Circuit law established in *United States v. Brown*, 200 F.3d 700 (10th Cir. 1999) on inchoate offenses as crimes of violence.  The Government responds that the Defendant misconstrues the relevant Supreme Court and Tenth Circuit decisions, and the existing law mandates a determination that the charges are valid.

---

[1]Carjacking is committed by one who "with the *intent to cause death or serious bodily harm* takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another *by force and violence or by intimidation . . . .*" 18 U.S.C. § 2119 (emphasis added).  Hobbs Act robbery is defined as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, *by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property*, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining."  18 U.S.C. § 1951 (emphasis added).

## STATUTORY SCHEME

18 U.S.C. § (c)(1)(A) states in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any *crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime–

(emphasis added).

18 U.S.C. § 924(c)(3) states:

> For purposes of this subsection the term "*crime of violence*" means an offense that is a felony and–
> (A) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> *(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense*

(emphases added).[2]

18 U.S.C. § 924(j) provides in pertinent part, that

> a person who, in the course of violating subsection (c), causes the death of a person through the use of a firearm, shall, if the killing is a murder (as defined in [18 USCS §] 1111), be punished by death or by imprisonment for any term of years or for life.

The relevant portions of the Hobbs Act are as follows:

> § 1951.  Interference with commerce by threats or violence
>
> (a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in

---

[2]The Government relies solely on subsection (B) to support the charges.

> commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.
>
> (b) As used in this section --
>
> (1) The term "robbery" means the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951.

The carjacking statute states:

> Whoever, with the intent to cause death or serious bodily harm takes a motor vehicle that has been transported, shipped, or received in interstate or foreign commerce from the person or presence of another by force and violence or by intimidation, or attempts to do so shall [ ]

18 U.S.C. § 2119.

The federal conspiracy statute provides:

> § 371.  Conspiracy to commit offense or to defraud United States
>
> If two or more persons conspire either to commit any offense against the United States, or to defraud the United States, or any agency thereof in any manner or for any purpose, and one or more of such persons do any act to effect the object of the conspiracy, each shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1951.

## DISCUSSION

To support a conviction under 924(c), the Government is required to show that the Defendant

(1) committed a crime of violence, (2) during which he used or carried a firearm. To support a conviction punishable under § 924(j), the Government must show that the Defendant, in the course of violating §924(c), caused the death of a person through the use of a firearm.  The Tenth Circuit has construed § 924(j) as a sentencing enhancement provision to be applied (in the presence of sufficient proof thereof) where the evidence shows a violation of § 924(c), rather than an aggravated offense separate from § 924(c). *United States v. Battle*, 289 F.3d 661, 668 (10th Cir. 2002). *But see United States v. Curtis*, 324 F.3d 501, 507 (7th Cir. 2003) (construing § 924(j) as creating a substantive offense distinct from § 924(c)).

To commit a carjacking conspiracy, the conspirators must intend to cause death or serious bodily injury *and* must agree to use force, violence, or intimidation. 18 U.S.C § 2119; § 371.  To commit a Hobbs Act robbery conspiracy, the conspirators must agree to use "actual or threatened force, or violence" to obtain person property from another. 18 U.S.C. § 2119; § 371.

**A.     Analysis**

In *Taylor v. United States*, 495 U.S. 575, 600 (1990), the Supreme Court set forth a "formal categorical approach" that permits courts to look "only to the statutory definitions of the prior offenses, and not to the particular facts underlying those convictions" when determining whether offenses are violent felonies.  In deciding whether conspiracy to carjack and conspiracy to commit Hobbs Act robbery qualify as a crimes of violence, this Court too must apply the categorical approach. *See James v. United States*, 550 U.S. 192, 202 (2007).  The categorical approach precludes the Court from examining the Defendant's underlying conduct, *i.e.*, that the inchoate crimes charged here were allegedly completed and in what manner.  The approach does not prohibit consideration of the violent nature of the completed crimes of carjacking and Hobbs Act Robbery, however, which is a necessary step in properly evaluating the elements of the particular conspiracy

charges. Nor does the categorical approach require that "every conceivable factual offense covered by the statute must necessarily present a substantial risk that physical force against the property of another may be used in the course of committing the offense before it can be considered a crime of violence." *James v. United States*, 550 U.S. at 208 (rejecting James' contention that attempted burglary cannot be a predicate violent felony under Section 924(e) unless *all* cases present requisite risk of potential injury). The proper inquiry as articulated by the Supreme Court is whether the conduct encompassed by the elements of the offense, "in the ordinary case," presents a substantial risk that physical force against the person or property of another be used. *See id.*

In *United States v. Brown*, 200 F.3d 700 (10th Cir. 1999), the Tenth Circuit held that conspiracy to commit carjacking is a "crime of violence" as defined by § 924(c)(3). The *Brown* court applied the categorical approach and found that completed carjacking is a crime of violence because it requires taking, or attempting to take, a vehicle by force, violence or intimidation, which satisfies § 924(c)(3). The court noted that conspiracy to carjack requires an overt act in furtherance of the conspiracy's objective, distinguishing *Brown* from its prior decision in *United States v. King*, 979 F.2d 801 (10th Cir. 1992) (New Mexico state conviction for conspiracy to commit armed robbery was not a violent felony for purposes of 18 U.S.C. § 924(e) in part because the state statute focused solely on the unlawful agreement and required no overt act). The primary significance of the overt act requirement to the *Brown* court's analysis was that it "plainly invite[d] consideration of the underlying offense," 200 F.3d at 706, but the court's ruling did not turn solely on the presence (or nature) of the overt act requirement. Instead, the *Brown* court expressly recognized "that conspiracy punishes collective criminal *agreement* rather the substantive offense," before holding that "at a minimum, an agreement to accomplish the statutory elements of carjacking necessarily involves a substantial risk of physical force against the person or property of a victim," in

6

satisfaction of § 924(c)(3)(B). *Id*. (emphasis added). Left undisturbed by subsequent precedent, then, *Brown* is directly on point to establish that the carjacking conspiracy charged in the instant case is a crime of violence, and highly instructive as to the Hobbs Act conspiracy, which requires only an agreement, as well.

Notably, the *Brown* holding is in line with the majority of circuits having determined that conspiracy to commit crimes of violence generally are, themselves, crimes of violence. *See United States v. Turner*, 501 F.3d 59, 67-68 (1st Cir. 2007) (Hobbs Act conspiracy, emphasizing that "the object of the conspiracy is the critical determinant of its nature"); *United States v. Elder*, 88 F.3d 127, 129 (2nd Cir. 1996) (same); *United States v. Gilliard*, 248 Fed. Appx. 462, 465 (3rd Cir. 2007) (conspiracy to commit robbery is 924(c) crime of violence); *United States v. Soto*, 313 Fed. Appx. 496 (3rd Cir. 2008) (bank robbery conspiracy); *United States v. Ayala*, 601 F.3d 256, 267 (4th Cir. 2010) (RICO conspiracy); *United States v. Robinson*, 275 F.3d 371 (4th Cir. 2001) (carjacking conspiracy); *United States v. Simmons*, 581 F.3d 582, 588 (7th Cir. 2009) (bank robbery conspiracy); *United States v. Harper,* 33 F.3d 1143, 1149 n.5 (9th Cir. 1994) (same); *United States v. Mendez*, 992 F.2d 1488, 1491 (11th Cir. 1986) (Hobbs Act robbery conspiracy); *Cf. United States v. Gomez-Hernandez* (9th Cir. No. 10-10441, May 31, 2012) (holding that attempted aggravated assault is a crime of violence for purposes of U.S.S.G. § 2L1.2, yet completed crime of aggravated assault is not).

Turning to the 2007 Supreme Court decision that the Defendant contends radically altered the inchoate crime of violence landscape for this Court's inquiry today, in *James v. United States*, 550 U.S. 192 (2007), the Court held that a conviction for attempted burglary under Florida law was a "violent felony" for purposes of the residual clause of the Armed Career Criminal Act, 18 U.S.C.

§924(e)(1) ("ACCA").[3]  It is the *James* Court's reasoning, not its result, that gives rise to the argument Defendant raises.

The Florida conspiracy provision at issue in *James* had been construed by the Florida Supreme Court as requiring a substantial step toward actually entering a building, and this, indeed, informed the Supreme Court's analysis. The scope of the *James* holding was limited, however, as the Court stated that it was not deciding whether more attenuated inchoate conduct could also satisfy the ACCA's "violent felony" requirement. *Id.* at 507.  The *James* Court articulated the fundamental inquiry as "whether the conduct encompassed by the elements of the offense, in the ordinary case, presents a serious potential risk of injury to another." *Id*. at 508.  Further, the Court expressly rejected the notion that something akin to a "metaphysical certainty" of potential violence was required. *Id.* at 207.  Finally, the *James* Court did not even discuss the well-settled weight of authority across the circuits finding that conspiracies to commit crimes of violence are, themselves,

---

[3]Passed in 1984 and targeting recidivism, the ACCA mandates that a defendant convicted under 18 U.S.C. § 922(g) (felon in possession of a firearm) receive a fifteen-year minimum term of imprisonment if he has three prior "violent felony" convictions.  18 U.S.C. § 924(e)(1). The ACCA currently defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year. . .that (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*.  18 U.S.C. § 924(e)(2)(B).  Subsection (ii), added by amendment in 1986, is commonly referred to as the "residual clause."

In 1987, the United States Sentencing Guidelines also began providing for increased offense levels based on prior convictions for crimes of violence, aiming to remove violent recidivists from the general population. United States Sentencing Manual § 4B1.2(a); *See generally* Megan A. Embrey, A Circuit Split on Violent Felonies and Crimes of Violence: Where Does the Tenth Circuit Stand?, 88 Denv. U.L Rev. 469 (2011).  Notably, the United States Sentencing Commission has determination that a predicate "crime of violence" for purposes of the Guideline's career offender enhancement "include[s]. . .conspiring to commit [a qualifying] offens[e]."  *See* Guidelines Manual § 4B1.2, comment, n 1.  *But see United States v. Martinez*, 602 F.3d 1166 (10th Cir. 2010) (Arizona attempted burglary is crime of violence for career offender purposes but not violent felony under ACCA)

crimes of violence.  *See* p. 5, supra ¶ 2.

The Tenth Circuit decided *United States v. Fell,* 511 F.3d 1035 (10th Cir. 2007), shortly after the *James* decision.  The Defendant contends that *Fell* undermined *Brown*'s precedential value in its application of *James*.  The *Fell* court was asked to determine whether a prior conviction under Colorado law for conspiracy to commit second degree burglary was a "violent felony" for purposes of the ACCA.  The district court had relied on the Tenth Circuit's analysis of § 924(c) in *Brown* to conclude that the prior crime qualified under § 924(e)(2)(B)(ii)'s residual clause.  The *Fell* court stated:

> There is no basis upon which this court can conclude the overt act requirement necessary to sustain a Colorado conspiracy conviction is analogous to the Florida overt act requirement analyzed in *James*.  Under Colorado law, a jury can convict a defendant of conspiracy to commit second degree burglary without proof that a conspirator committed an act directed toward the entry of a building or structure.  Accordingly, the Colorado conspiracy statute is analogous to the Utah and Oklahoma attempt statutes we analyzed in *Strahl* and *Permenter*, where we concluded the statutes permitted criminal convictions if a jury finds a defendant engaged in mere preparatory conduct 'with the kind of culpability otherwise required' for the commission of a burglary."  *Strahl*, 958 F.2d at 986 ('[A]n attempted burglary conviction may be based upon conduct such as making a duplicate key, 'casing' the targeted building, obtaining floor plans of a structure, or possessing burglary tools.")

511 F.3d at 1041. Yet the *Fell* court found it "unnecessary to resolve the question of whether the district court properly relied on *Brown* because the Supreme Court ha[d] recently provided the federal courts with a new framework applicable to the question of *whether a prior conviction for an inchoate crime qualifies as a violent felony under the ACCA*." *Id.* at 1039 (emphasis added). The Defendant asserts this "new framework" eroded the *Brown* approach as to inchoate crimes.

First, the *Fell* court acknowledged *Brown*, yet stated no intent to disturb its holding that conspiracy to carjack is a crime of violence for purposes of § 924(c)(3).  The *Fell* decision was informed by, and ultimately turned in appreciable part on, whether the inchoate offense of

9

conspiracy to commit second degree burglary in Colorado posed a risk of physical injury comparable to the most analogous offense from among those enumerated in the ACCA (completed burglary). 511 F.3d at 1043.  *See also James*, 550 U.S. at 203 ("In this case we can ask whether the risk posed by attempted burglary is comparable to that posed by its closest analog among enumerated offenses . . ."). For this Court's purposes, however, there *are no* enumerated offenses in § 924(c)(3) to form a baseline for any such comparison. This is but one way the subtle differences in the text of the ACCA and § 924(c)(3) differ meaningfully here, notwithstanding the general proposition that the definitions are "substantially identical." *See Brown*, 299 F.3d at 706. It is not only this absence of enumerated offenses that distinguish the two provisions, but also the language itself. As the Government points out, the residual clause of § 924(c)(3)(B) at issue states that "'crime of violence' means an offense that is a felony and . . . that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The residual clause of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), at issue in *Fell* states that "'violent felony' means any crime . . . that . . . otherwise involves conduct that presents a serious risk of physical injury to another." Resp. at 7. Indeed, the definition in § 924(c) on its face appears to encompass a broader range of conduct.

The law has evolved significantly in recent years as to what constitutes a proper predicate offense for sentencing enhancement purposes, primarily under the ACCA in the context of interpreting state statutes. Yet it is not surprising that the Defendant cites not a single case in which a federal court has ruled that a federal conspiracy to commit carjacking or Hobbs Act robbery is *not* a crime of violence, and the Court itself has identified none. Despite the plethora of authority on violent crimes and crimes of violence in other contexts, the Supreme Court has yet to interpret the crime of violence language in 18 U.S.C. § (c)(3)(B).

The narrow question the Court must answer today is whether, "in the ordinary case," conspiring to carjack and conspiring to commit Hobbs Act robbery are crimes of violence. *James,* 550 U.S. at 208. Calling for the presence of a "near completion" element in the charging statute before an inchoate crime qualifies would seemingly turn this fundamental proposition on its head. Regarding the carjacking offense, the Defendant's interpretation of the law inherently involves a determination that conspiring to commit virtually any crime charged under the federal conspiracy statute, however violent, is *not* a crime of violence in the "ordinary case." Similarly, as to the Hobbs Act offense, adopting the Defendant's position would be tantamount to declaring that the inchoate provision Congress chose to incorporate into the Hobbs Act is unavailable for purposes of establishing a predicate crime of violence in all but the "*extra*ordinary case." Relying on *Fell*, the Defendant would have the Court "do what the Supreme Court warned against in *James*, that is, require 'metaphysical certainty' that a conspiracy to commit carjacking or Hobbs Act robbery will involve a substantial risk that physical force . . . may be used." Resp. at 8 (quoting *James*, 550 U.S. at 207). The Court is not prepared to make such far-reaching conclusions in the absence of a very clear directive and will, instead, follow the precedent established in *Brown*.

## **CONCLUSION**

The Court concludes that the Tenth Circuit's holding in *United States v. Brown* survived both *James* and *Fell*. The Court further finds that the crimes of conspiracy to commit carjacking and conspiracy to commit Hobbs Act robbery, in the "ordinary case[s]," *see James*, 550 U.S. at 208, each present "a substantial risk that physical force against the person or property of another may be used" and they are, therefore, proper predicate "crime[s] of violence" within the meaning of 18 U.S.C. § 924(c)(3)(B). Accordingly, the Defendant's motion to dismiss Counts 9, 10, 15, and 16 will be denied.

**IT IS THEREFORE ORDERED** that Defendant McCluskey's *Motion to Dismiss Counts 9, 10, 15, and 16 on the Ground that the Conspiracies Alleged Therein are not "Crime[s] of Violence" Within the Meaning of 18 U.S.C. § 924(c)(3)* [Doc. 314] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**