IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                           **CR. No.  10-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *United States' Motion for Order Excluding Alibi Defense* [Doc. 401]. The Government asks the Court to "exclude any alibi defense asserted on behalf of Defendant by any means other than his own testimony" and to "order defense counsel and Defendant's witnesses (other than Defendant himself) to refrain in the jury's presence from asking or answering any question, introducing any evidence, or making any statement or argument . . . concerning any alibi defense." Doc. 401 at 3. After reviewing the motion, response, and reply briefs, the Court concludes that the motion should be granted in part and denied in part.

It is undisputed that the Government has, in accordance with Rule 12.1 of the Federal Rules of Criminal Procedure[1], sent the Defendant two separate written requests for notice of alibi defense.

---

[1] Rule 12.1 provides, in relevant part:

**(a) Government's Request for Notice and Defendant's Response.**
    **(1) Government's Request.** An attorney for the government may request in writing that the defendant notify an attorney for the government of any intended alibi defense. The request must state the time, date, and place of the alleged offense.
    **(2) Defendant's Response**. Within 14 days after the request, or at some other time the court sets, the defendant must serve written notice on an attorney for the government of any intended alibi defense. The defendant's notice must state:
        (A) each specific place where the defendant claims to have been at the time of the alleged

The Government sent the first request on July 25, 2011 and the second on February 2, 2012. As Defendant freely admits, he has not responded to either notice. However, he contends that the relief that the Government requests is too broad. He acknowledges that if he seeks to call any witness to testify regarding an alibi defense at trial, he will be required to show good cause for not timely disclosing the information under Rule 12.1(a)(2). However, he points out that Rule 12.1 provides for the exclusion of witness testimony only and does not require the exclusion of "evidence other than testimony." Defendant does not state what evidence of an alibi other than witness testimony he might offer. He also argues that the Rule does not bar defense counsel from making any argument, either directly or indirectly, concerning an alibi defense. Doc. 438 at 2.

Guided by the text of the rule itself, the Court will grant the Government's motion in part. The remedy that Rule 12.1(e) expressly provides for failure to comply with the disclosure

---

offense; and
(B) the name, address, and telephone number of each alibi witness on whom the defendant intends to rely.
**(b) Disclosing Government Witnesses.**
**(1) Disclosure**.
(A) In General. If the defendant serves a Rule 12.1(a)(2) notice, an attorney for the government must disclose in writing to the defendant or the defendant's attorney:
(i) the name of each witness--and the address and telephone number of each witness other than a victim--that the government intends to rely on to establish that the defendant was present at the scene of the alleged offense; and
(ii) each government rebuttal witness to the defendant's alibi defense.
. . .
**(2) Time to Disclose.** Unless the court directs otherwise, an attorney for the government must give its Rule 12.1(b)(1) disclosure within 14 days after the defendant serves notice of an intended alibi defense under Rule 12.1(a)(2), but no later than 14 days before trial.
. . .
**(d) Exceptions.** For good cause, the court may grant an exception to any requirement of Rule 12.1(a)--(c).
**(e) Failure to Comply.** If a party fails to comply with this rule, the court may exclude the testimony of any undisclosed witness regarding the defendant's alibi. This rule does not limit the defendant's right to testify.

requirements of the rule is "exclu[sion of] the *testimony of any undisclosed witness* regarding the defendant's alibi." Fed. R. Crim. P. 12.1(e) (emphasis added).  Thus, the Court holds that Defendant may not offer any witness testimony in support of an alibi defense unless he first shows good cause as required by the rule.  However, Rule 12.1 is silent regarding the exclusion of statements in voir dire, opening statements, closing argument by counsel or evidence other than witness testimony, such as exhibits.  As a result, the Court declines to exclude them on the grounds that Defendant violated Rule 12.1.

In its reply brief, the Government suggests that "in the unlikely event that defense counsel attempts to offer alibi evidence in a form other than witness testimony, the United States will object and request its exclusion as a sanction for willful violation of Rule 16(b)."  Doc. 466 at 2.  At this point, it is impossible to know what evidence, other than witness testimony, Defendant may offer to support an alibi defense.  *If* he offers such evidence at trial, and *if* the Government has a Rule 16 objection to that evidence, the Court will take up the objection at that time.

**IT IS THEREFORE ORDERED** that *United States' Motion for Order Excluding Alibi Defense* [Doc. 401] is **GRANTED IN PART** and **DENIED IN PART** as further described herein.

_____
**UNITED STATES DISTRICT JUDGE**

3