# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA**,

      Plaintiff,

    vs.                                 **No. 10-CR-2734 JCH**

**JOHN CHARLES McCLUSKEY**,

      Defendant.

### DEFENDANT MCCLUSKEY'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM USING NOTICED OR UNNOTICED 404(b) EVIDENCE IN ITS CASE-IN-CHIEF, IMPEACHMENT, OR REBUTTAL

Defendant John Charles McCluskey, by and through the undersigned appointed counsel, moves the Court , pursuant to the Fifth, Sixth, and Eighth Amendments and Fed.R.Evid. 402, 403, and 404 for an order precluding the government from using its noticed or unnoticed 404(b) evidence in its case-in-chief, impeachment, or rebuttal.

As grounds, counsel states:

1. Mr. McCluskey is presently charged under a Third Superseding Indictment with twenty counts, including, Conspiracy to Commit Carjacking Resulting in Death (Count 1), Carjacking Resulting in Death (Counts 2-3), and Murder of a Witness (Counts 4-5), Conspiracy to Interfere with Commerce (Count

6), Interference with Commerce (Counts 7-8), Using and Carrying Firearm During and in Relation to Crime of Violence (Counts 9-18), Felon in Possession of Firearms and Ammunition (Count 19), and Fugitive in Possession of Firearms and Ammunition (Count 20).  [Doc. 274.] Count 19 alleges that Mr. McCluskey has "been convicted of felony crimes punishable by imprisonment for a term exceeding one year, to wit: attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Case No. CR 2009-118185 in Maricopa County, Arizona; and robbery, criminal conspiracy, and aggravated assault in Case No. CR 2733-92, Lancaster County, Pennsylvania..." Count 20 alleges that Mr. McCluskey was "a person who was a fugitive from justice."  The Third Superseding Indictment includes several special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591.  The government filed its notice of intent to seek a sentence of death against Mr. McCluskey on January 26, 2012.  [Doc. 275.] Trial is presently scheduled to begin on July 22, 2013. [Doc. 793].

2. On May 11, 2012, the Court granted defendant's Motion for Disclosure of Prior Acts Evidence [Doc. 281], ruling that "the Court will order the Government to provide to the defense notice of any 404(b) evidence it intends to introduce at trial at least ninety (90) days prior to commencement of trial." [Doc.

446 at 24]. In so ruling, the Court noted that "the timing and sufficiency of the notice reflects a desire 'to reduce surprise [at trial] and promote early resolution on the issue of admissibility.' " Id. at 23, quoting Fed. R. Evid. 404(b) advisory committee note. The Court also noted that "Rule 404(b) requires reasonable notice in advance of trial" and that "[i]n view of the complexity and circumstances of this case, early disclosure and resolution of these admissibility issues is particularly important to assure that the parties have sufficient time to prepare their challenges, that the Court has time to thoroughly consider them, and to reduce the potential for trial disruptions." (Id. at 24) .

3. On December 12, 2012, the government served upon the defense a 404(b) notice. The notice provides in pertinent part that

> We believe that the entirety of our evidence during the guilt phase will be intrinsic evidence of the charges in the indictment, or inextricably intertwined, intimately connected, or intimately blended with that evidence.
>
> Nonetheless, we recognize that you may disagree with our characterization of some of the evidence we intend to introduce. Consequently, please be advised that we intend to offer (as intrinsic evidence or as extrinsic evidence under 404(b)) in our case-in-chief in the guilt phase the following:
>
> 1. Evidence of Defendant's importation and distribution of controlled substances into the Arizona Department of Corrections in 2009-2010, including his conspiring to do so with Casslyn Welch and others outside of prison, as well as Tracy Province and others inside of prison;
>
> 2. Evidence of the June 19, 2010 interception of controlled substances in the

possession of Casslyn Welch (and her subsequent apprehension) at the Kingman prison;

3. The aftermath of Welch's apprehension, including telephone calls between Defendant and Welch, Defendant's reclassification to administrative segregation, and Welch's debarment from visiting him;

4. Evidence of the planning of the escape, including all pertinent telephone calls and prior preparations;

5. All activities of the three codefendants from the time of their escape until the date and time of their capture.

4. As an initial matter, Mr. McCluskey objects to the admissibility of this evidence on the ground that the "notice" provided by the government is plainly insufficient under due process principles of notice, under Rule 404 (b), and under this Court's own order made pursuant to the Rule.

5. As the Supreme Court has stated:

> It is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process Clause . . . .The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence . . .

*Gardner v. Florida*, 430 U.S. 349, 358 (1977).  Fair notice is "the bedrock of any constitutionally fair procedure."  *Lankford v. Idaho*, 500 U.S. 100, 121, 111 S.Ct. 1723, 1729 (1991); *In re Oliver*, 333 U.S. 257, 273 (1948) ("A person's right to reasonable notice of the charge against him and an opportunity to be heard in his defense -- a right to his day in court -- are basic in our system of jurisprudence.").

Due process requires notice which includes disclosure of "the specific issues [the defendant] must meet." *In re Gault*, 387 U.S. 1, 33-34 (1967); *Skipper v. South Carolina*, 476 U.S. 1, 7 n.1 (1986) ("[I]t is also the elemental due process requirement that a defendant not be sentenced to death 'on the basis of information which he had no opportunity to deny or explain'").

6. Rule 404(b) requires "reasonable notice in advance of trial....of the general nature of any such evidence it intends to introduce at trial." The Rule "requires the prosecution to provide notice, regardless of how it intends to use the extrinsic act evidence at trial, i.e., during its case-in-chief, for impeachment, or for possible rebuttal." Fed. R. Evid. 404(b) advisory committee note (1991 amendment).  The purposes of the notice requirement, as this Court correctly concluded in its order are " 'to reduce surprise [at trial] and promote early resolution on the issue of admissibility.' " Doc. 446 at 23, quoting Fed. R. Evid. 404(b) advisory committee note (1991 amendment). These purposes are frustrated, not advanced, by the notice in this case which, instead of providing reasonable notice in advance of trial of the general nature of any 404(b) evidence the government intends to introduce at trial, simply lists broad and vague categories, such as (1) Mr. McCluskey " conspiring ...with Casslyn Welch *and others* outside of prison, as well as Tracy Province *and others* inside of prison"; (2) "The

5

aftermath of Welch's apprehension, *including telephone calls* between Defendant and Welch"; (3) "Evidence of the planning of the escape, *including* all *pertinent* telephone calls and *prior preparations";* and (4) "*All activities* of the three codefendants from the time of their escape until the date and time of their capture." Given the generality and vagueness of these categories, they do nothing to reduce surprise at trial and promote early resolution on the issue of admissibility. The notice is insufficient to comply with either the notice requirement of Rule 404(b) or this Court's order implementing it in this case. *See, United States v. Herder*, 59 Fed.Appx. 257 (10th Cir. 2003)(" *United States v. Birch*, 39 F.3d 1089 (10th Cir. 1994)(district court abused discretion in admitting 404(b) evidence because "[a]lthough the government filed a pretrial Notice of Intent to Introduce Evidence Pursuant to Rule 404(b), the Notice stated only that the evidence's purpose was 'to prove the defendant's knowledge, identity and absence of mistake or accident.' The Notice does not articulate 'the relevant purpose and specific inferences to be drawn from ... [the] evidence of other acts' offered by the government.")(quoting *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985)); *United States v. Barnes*, 49 F.3d 1144, 1148- 1149 (6th Cir.1995)("[T]he government's notice must characterize the prior conduct to a degree that fairly apprises the defendant of its general nature..... Moreover, the notice given to the defense regarding 'other

crimes' evidence must be sufficiently clear so as 'to permit pretrial resolution of

the issue of its admissibility....The notice requirement is now firmly embedded in

Rule 404(b), and courts should rebuff efforts to nullify the Rule's aim of enhancing

fairness in criminal trials.")(some internal quotation marks omitted)(citing *Baines*);

*United States v. Singleton*, 922 F.Supp. 1522, 1533 (D.Kan. 1996)(notice

providing that the government "might offer prior and subsequent conduct that

involves the manufacture and distribution of counterfeit payroll checks or that

relates to false statements" was " too vague and indefinite to satisfy the minimum

requirements of Rule 404(b). Such notice offers no chance of a pretrial resolution

of the issue of admissibility."); *United States v. Melendez*, 1992 WL 96327

(S.D.N.Y. April 24, 1992) ("Rule 404(b) will be satisfied if the notice to be given

by the government identifies each crime, wrong or act by its specific nature (e.g.,

sale of cocaine), place (e.g., New York City), and approximate date (e.g., July

1986) to the extent known by the government.")

    7. The government's failure to provide a sufficient 404(b) notice in this case,

especially as to such nebulous items as "telephone calls between Defendant and

Welch", "all pertinent telephone calls and prior preparations", and "[a]ll activities"

is exacerbated by the government's delayed "bury them in information" discovery

practices. [1] To date, the government has provided the defense with 14, 218 pages of

_____

[1] At least three courts have condemned such practices. In *United States v. Salyer*, 271 F.R.D. 148 (E.D.Cal. 2010), opinion adhered to as modified on reconsideration, 2010 WL 3036444 (E.D.Cal. Aug 02, 2010), the court ruled that

> To the extent that discovery has been disclosed to Salyer, it will not do to state that "to the extent *Brady/Giglio* material is present, defendant will 'know it when he sees it' "-i.e., Salyer can wade through piles of documents or gigabytes of disclosed discovery to find it, and if he is lucky, the information will bite him much as a fisherman may eventually hook a fish by casting aimlessly without bait, if he casts long enough. Prosecutors have a duty to disclose what they reasonably view as exculpatory or impeaching material. *Kyles v. Whitley*, 514 U.S. 419, 437, 115 S.Ct. 1555, 1567, 131 L.Ed.2d 490 (1995) (quoting the ABA rule on point). Although in performing that duty they have been instructed to not "tack[ ] too close to the wind," id. 439, 115 S.Ct. at 1568, this does not mean that in a case such as this, prosecutors can go to the extreme of disclosing everything as possible Brady/Giglio material such that a pearl of exculpatory or impeaching information is inevitably lost in the sea of the mundane. *In other words, at some point (long since passed in this case) a duty to disclose may be unfulfilled by disclosing too much; at some point, "disclosure," in order to be meaningful, requires "identification" as well.*

(271 F.R.D. at 155)(emphasis added). See also, *United States v. Kaczynski*, 1997 WL 716487 * 20 (E.D. CA 1997)("Contrary to the government's suggestion, the fact that the precise acts and/or events may have been disclosed in the course of discovery does not obviate the need for a more specific notice. Even if the government has provided Defendant with documents  detailing specific acts, the government has not yet indicated which acts and/or events it intends to use at sentencing. In fact, the characterization of the discovery provided as extensive lends further support for requiring the government to identify the particular acts upon which it will rely. Extensive discovery could make it difficult for Defendant to ascertain which precise discovery will be used against him."). Accord, *United States v. Rodriguez*, 380 F.Supp.2d 1041, 1057-58 (D.N.D. 2005).

documentary discovery and endless hours of video and audio recorded discovery.
The recorded telephone calls from the Arizona prison have come in three waves,
all long after they were due pursuant to the Discovery Order [Doc. 203] entered on
June 30, 2011, and this Court's Discovery Memorandum Opinion and Order [Doc.
446] entered on May 11, 2012. The first order required the disclosure of all of the
defendant's recorded statements 8 days within entry of the order on June 30, 2011.
The second order reaffirmed the first order and again ordered the government to
disclose all of defendants undisclosed statements "without delay." [Doc. 446, p.
22]. Despite these orders, the first disclosure of Arizona prison phone records was
not made until October 11, 2011, when 8 recorded calls of approximately 90
minutes duration were disclosed. The second disclosure of Arizona prison calls did
not come until November 15, 2012, when the government disclosed 146 recorded
calls of approximately 1500 minutes duration. The third disclosure of Arizona
prison calls did not come until March 25, 2013, when the government disclosed
100 additional recorded calls of approximately 1391 minutes duration, including
calls which allegedly "relate to  McCluskey's slashing of inmate Stevenson
Williams on April 21, 2010", an incident that is not specifically noticed in the
government's 404 (b) notice and one which the government claimed in an email

------

dated December 19, 2012, that it did not intend to use in its case-in-chief.

At the same time, the government claimed in a letter dated October 18, 2012, which was in compliance with the Court's Memorandum Opinion and Order [Doc. 564] requiring the government only to notify the defense of the evidence it did *not* intend to introduce in its case-in-chief during the guilt phase of trial , that

> We have not completed our review of [jail mail and telephone calls] and we continue from time to time to receive more. Consequently, we are unable to confirm at this time which of these documents and recorded calls we intend to introduce in our case-in-chief at the guilt phase. As we narrow this information down, we will advise you of the documents and calls that we do not intend to introduce in our case-in-chief at the guilt phase.

As of the date of this motion, no such advisement has been issued by the government. Indeed, in the only follow-up letter to its October 18, 2012 letter, the government advised the defense in a letter dated March 15, 2013, which omitted any reference to the intent to use or not use any of the Arizona prison calls, that "[t]he reasons for their omission could include that their contents relate only to the penalty phase, or that we may intend to introduce all of the Rule 16 evidence contained on them, or that we haven't finally decided which of their Rule 16 contents we do not intend to offer." Such "hide the ball" tactics are obviously designed to, and have, made a mockery of this Court's dual goal in entering its 404(b) notice order, which, again, was " 'to reduce surprise [at trial] and promote

early resolution on the issue of admissibility.' " Doc. 446 at 23, quoting Fed. R.

Evid. 404(b) advisory committee note. Consequently, the government has not

complied with the notice requirement mandated by law and this Court's order and

the government should not be permitted to use any of its 404(b) evidence in either

its case-in-chief, impeachment, or rebuttal. See, *United States v. Lopez-Gutierrez*,

83 F.3d 1235,  (10th Cir, 1996)("If the government does not comply with the notice

requirement of Rule 404(b) after a request by the accused, the offered evidence is

inadmissible."). See also, Fed.R.Evid. 404(b) advisory committee note (1991

Amendments) ("Because the notice requirement serves as condition precedent to

admissibility of 404(b) evidence, the offered evidence is inadmissible if the court

decides that the notice requirement has not been met."); *United States v. Carrillo*,

660 F.3d 914, 928 (5th Cir. 2011)("Even if the testimony otherwise satisfied Rule

404(b)'s requirements for admissibility, the government was still required to

comply with the notice requirement. Given the government's failure to meet that

requirement, we conclude that the district court abused its discretion by allowing

Lara to testify about smoking methamphetamine with Carrillo and Rodriguez in

July and August 2009."); *United States v. Vega*, 188 F.3d 1150, 1154-1155 (9th Cir.

1999)("The rule mandates that the government provide notice even if the

government intends to introduce the evidence for impeachment or for possible

rebuttal.... There is no dispute that the government failed to either disclose that

information prior to trial or obtain an excuse from the district court....Thus, the

government was not entitled to introduce evidence of Vega's prior [bad acts]

because it did not comply with the notice requirements of Rule 404(b). Therefore,

the trial court abused its discretion in admitting evidence of Vega's prior [bad

acts].").

8.   Considering the substance of such evidence, to the extent that any

substance can be discerned from the vague notice provided, the evidence should

also be excluded under Rule 404(a)(1)("Evidence of a person's character or

character trait is not admissible to prove that on a particular occasion the person

acted in accordance with the character or trait"), under Rule 404 (b)(1)("Evidence

of a crime, wrong, or other act is not admissible to prove a person's character in

order to show that on a particular occasion the person acted in accordance with the

character"), under Rules 402- 403, and under the constitutional right to a fair trial

and due process.

9.   "Evidence is admissible under Rule 404(b) if the following factors are

satisfied: "(1) the evidence must be offered for a proper purpose; (2) it must be

relevant; (3) its probative value must not be substantially outweighed by its

potential for unfair prejudice under Rule 403; and (4) the court must give a proper

limiting instruction, if it is requested by the defendant." *United States v. Schene*, 543 F.3d 627, 642 (10th Cir. 2008). "Although Rule 403 provides broad umbrella protection from unfair or undue prejudice, the specific provision in Rule 404(a) prohibiting evidence of uncharged crimes to show bad character or tendencies toward criminality not only reflects the special danger of other crimes evidence but should alert trial courts to be particularly careful in admitting such evidence." *United States v. Carleo*, 576 F.2d 846, 849 (10th Cir.), cert. denied, 439 U.S. 850, 99 S.Ct. 153, 58 L.Ed.2d 152 (1978) (citations omitted). "In addition, the trial court must specifically identify the purpose for which such evidence is offered and a broad statement merely invoking or restating Rule 404(b) will not suffice." *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir.1985).

The burden is on the government to show, at a pretrial evidentiary hearing if necessary, that its 404(b) evidence is admissible. See, *United States v. Biswell*, 700 F.2d 1310, 1317 (10th Cir.1983)("The burden is on the Government which...  must carry the burden of showing how the proffered evidence is relevant to one or more issues in the case; specifically, it must articulate precisely the evidential hypothesis by which a fact of consequence may be inferred from the other acts evidence.")(internal quotation omitted);  *United States v. Kendall*, 766 F.2d at 1436("The *Biswell* standard is clear. The Government must articulate precisely the

13

evidentiary hypothesis by which a fact of consequence may be inferred from the evidence of other acts."); *United States v. Roberts*, 88 F.3d 872, 881 (10th Cir.1996), superceded by statute as stated in *United States v. Meacham*, 115 F.3d 1488 (10th Cir.1997)(Although an evidentiary hearing is not necessary in every case, where the government alleged nine separate incidents, "[t]he government must produce additional information about the details of each of the nine [404(b) witnesses'] proposed testimony before a firm conclusion on this issue is possible. The district court must make this determination in the first instance on remand after holding an appropriate pretrial hearing.").

10. Contrary to these cases, the government seems to assume in its notice that all it need to do is to recite the words " inextricably intertwined, intimately connected, or intimately blended" to ensure the admissibility of its open-ended categories of 404 (b) evidence. However, to paraphrase Justice Stewart, the words " inextricably intertwined, intimately connected, or intimately blended" are not a talisman in whose presence the protections of a fair trial, due process, and Rules 403 and 404 fade away and disappear. [2] As most  recently indicated by the Tenth Circuit in *United States v. Hall*, 2013 WL 285549 * 3 (10th Cir. Jan. 25, 2013):

_____

[2] See, *Coolidge v. New Hampshire*, 403 U.S. 443, 461-62, 91 S.Ct. 2022, 2035, 29 L.Ed.2d 564 (1971)("The word 'automobile' is not a talisman in whose presence the Fourth Amendment fades away and disappears.")

Rule 404(b) prohibits the introduction of evidence of a person's prior crime, wrong, or other act to prove that person's character, in order to show that the person acted in accordance with the character on a particular occasion. Fed.R.Evid. 404(b). However, Rule 404(b) "only applies to evidence of acts extrinsic to the charged crime." [*United States v. Irving*, 665 F.3d 1184, 1212 (10th Cir.2011)] (citations omitted). "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." Id. *However, intrinsic evidence remains subject to analysis under Rule 403 and may not be admitted if its probative value is substantially outweighed by the danger of unfair prejudice.*

(emphasis added). See also, *United States v. Harrison*, 942 F.2d 751, 759 (10th Cir.1991) (even if evidence is relevant under Rule 404(b), the court may exercise its discretion and exclude the evidence under Rule 403); *United States v. Talamante*, 981 F.2d 1153, 1156-1157 n.5 (10th Cir. 1992)(district can exclude other crimes evidence under either Rule 403 or 404(b) if the incidents did not occur "close in time to the crime charged" or if "[t]he admission of these incidents could have led to collateral mini trials in which the defense and the government attempted to characterize the victim's relationship to the actors in those incidents.").

11. "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F .2d 1006, 1007–08 (10th

15

Cir.1993). "Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and is not intimately connected or blended with the factual circumstances of the charged offense." *United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir.2009) (internal quotation marks and citation omitted).

12. Certainly, given the government's refusal to identify even the general nature of its 404 (b) evidence, let alone to articulate the precise purpose for which such evidence is being offered as required by *Kendall*, it cannot be concluded that the government has sustained its burden of showing that the evidence listed by the government is "intrinsic" to the crimes alleged in the Third Superseding Indictment. Again, the government vaguely lists "[t]he aftermath of Welch's apprehension, including telephone calls between Defendant and Welch", "[e]vidence of the planning of the escape, including all pertinent telephone calls...", and "[a]ll activities of the three codefendants from the time of their escape until the date and time of their capture." Without knowing exactly what telephone calls or "activities" the government has in mind it is impossible to evaluate whether anything encompassed within these terms is "intrinsic." But the government's apparent assumption that it may admit the entirety of any phone conversation that

16

it deems "intrinsic" is simply incorrect. See e.g., *United States v. Oberle*, 136 F.3d 1414, 1418 (10th Cir.1998)("Although the statements are party admissions under Rule 801(d) and thus not hearsay, they must nevertheless also be analyzed for admissibility under Rule 404(b) because they reveal or suggest prior criminal conduct.). See also, *United States v. Minners*, 362 Fed.Appx. 931 * 7 (10th Cir. Jan. 26, 2010)(district court erred under 404(b) in admitting twenty four minute taped statements by defendant charged with weapon possession because "[w]hile the discussion of why Mr. Minners had the weapon may have been relevant, the facts that he had just been released from prison for possession of a gun and had been unfaithful to his girlfriend were not. The District Court erred by not redacting the video to play only the relevant portions.")

13.  Although this Court, in the course of denying defendant's severance motion [Doc.452], has determined that the defendant's fugitive status and the escape itself are "intrinsic", the determination of whether the escape and fugitive status, although "intrinsic", must still be excluded as more prejudicial then probative, still awaits the Courts decision, and should lead to the exclusion of this evidence under 403 because such evidence, like all of the government's noticed 404 (b) evidence, "make a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward

the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged." *United States v. Portillo–Quezada*, 469 F.3d 1345, 1354 (10th Cir. 2006) . And as in *United States v. Talamante*, 981 F.2d 1153, 1156-1157 n.5 (10th Cir. 1992), all of the government's 404(b) evidence is inadmissible under either Rule 403 or 404(b) because the alleged incidents did not occur "close in time to the crime charged" and "[t]he admission of these incidents [will lead] to collateral mini trials in which the defense and the government attempted to characterize the victim's relationship to the actors in those incidents."

Moreover, the Court's determination that the defendant's fugitive escape and the escape  itself are "intrinsic" in no way determined that "[a]ll activities of the three codefendants from [before and at] the time of their escape until the date and time of their capture", or that some unidentified "telephone calls", were also "intrinsic." And again, even if they were, that does not address whether such evidence, whatever it is, is still inadmissible under Rules 402 as irrelevant or under Rule 403 as  substantially more prejudicial and time consuming than probative.

Because the government has chosen to ignore and frustrate this Court's 404(b) order, the Court should simply conclude that the government has failed to sustain its burden of showing the admissibility of any of the general categories of evidence contained in its notice. The government should not in any event be

18

permitted to come forward at this late date and in effect be allowed to belatedly amend its notice by now informing the Court and the defense exactly what it had in mind when it filed its vague notice. The prejudice to the defense in allowing such a maneuver is exactly the same as it was in *United States v. Vega*, 188 F.3d 1150, 1154-1155 (9th Cir. 1999), where the Ninth Circuit concluded

> The government's failure to give Vega notice of the 404(b) evidence prejudiced Vega in that her trial strategy could not adequately address other acts evidence since she did not know it would be introduced. Vega was not able to investigate the other acts evidence that the government intended to use, nor could she prepare for cross examination of the rebuttal witnesses. Instead of giving Vega notice, as required by Rule 404(b), the government lay in wait and sprung the 'other acts' evidence on her in its so-called rebuttal case. Thus, we believe a new trial is warranted.

14. The only specific 404(b) criminal activity noticed by the government at this point is (1) evidence of Defendant's importation and distribution of controlled substances into the Arizona Department of Corrections in 2009-2010, including his conspiring to do so with Casslyn Welch and others outside of prison, as well as Tracy Province and others inside of prison; and (2) evidence of the June 19, 2010 interception of controlled substances in the possession of Casslyn Welch (and her subsequent apprehension) at the Kingman prison. Such evidence, occurring months before the charged crimes in this case, is inadmissible under 404 (b) because it is "extraneous and in not intimately connected or blended with the factual

19

circumstances of the charged offense." *United States v. Parker*, 553 F.3d 1309,

1314 (10th Cir.2009); *United States v. Bowie*, 232 F.3d 923, 928 (D.C.Cir.2000)

(commenting that "[t]he 'complete the story' definition of 'inextricably

intertwined' threatens to override Rule 404(b)"). Cf., *United States v. Coleman*, 78

F.3d 154, 156-157 (5th Cir.1996)(evidence of previous car-jacking attempt on

same night was intrinsic because it helped the government prove facts about the

defendant's participation in the carjacking for which the defendant was charged,

which allegedly occurred several hours later).  Moreover, such evidence is

inadmissible under Rule 403 and constitutional evidentiary standards because it is

substantially more prejudicial than probative of any of the charges in the Third

Superseding Indictment. See, *United States v. Talamante*, 981 F.2d 1153, 1156-

1157 n.5 (10th Cir. 1992).

## CONCLUSION

WHEREFORE, for all the reasons set forth herein, Defendant John

McCluskey respectfully requests that the Court preclude the government from

using its noticed or unnoticed 404(b) evidence either in its case-in-chief,

impeachment, or rebuttal.

Dated: April 1, 2013

Respectfully submitted,

/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan
Theresa M. Duncan
Duncan Earnest, LLC
600 Central Ave. SE
Suite 204
Albuquerque, NM 87102
505-842-5196

/s/ Gary C. Mitchell
Gary C. Mitchell
Gary C. Mitchell, P.C.
PO Box 2460
Ruidoso, New Mexico  88355
575-257-3070

Attorneys for Defendant John McCluskey

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 1, 2013, I contacted government counsel to determine the government's position on this motion.  Government counsel Gregory Fouratt advised that the government is opposed to the motion.

<u>/s/ Michael N. Burt</u>
Michael N. Burt

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013,  a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF.

<u>/s/ Michael N. Burt</u>
Michael N. Burt

22