# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**THE UNITED STATES OF AMERICA**,

    Plaintiff,

  vs.                                              No. 10-CR-2734 JCH

**JOHN CHARLES McCLUSKEY**,

    Defendant.

## DEFENDANT MCCLUSKEY'S MOTION IN LIMINE TO PRECLUDE THE GOVERNMENT FROM CALLING THE FIRST PHASE OF THE TRIAL THE "GUILT PHASE"

Defendant John Charles McCluskey, by and through the undersigned appointed counsel, moves the Court *in limine* for an order precluding the government from calling the first phase of the trial the "guilt phase" during jury selection or at trial.

As grounds, counsel states:

1. Mr. McCluskey is presently charged under a Third Superseding Indictment with twenty counts, including, Conspiracy to Commit Carjacking Resulting in Death (Count 1), Carjacking Resulting in Death (Counts 2-3), and Murder of a Witness (Counts 4-5), Conspiracy to Interfere with Commerce (Count 6), Interference with Commerce (Counts 7-8), Using and Carrying Firearm

During and in Relation to Crime of Violence (Counts 9-18), Felon in Possession of Firearms and Ammunition (Count 19), and Fugitive in Possession of Firearms and Ammunition (Count 20). [Doc. 274.] Count 19 alleges that Mr. MsCluskey has "been convicted of felony crimes punishable by imprisonment for a term exceeding one year, to wit: attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Case No. CR 2009-118185 in Maricopa County, Arizona; and robbery, criminal conspiracy, and aggravated assault in Case No. CR 2733-92, Lancaster County, Pennsylvania..." Count 20 alleges that Mr. McCluskey was "a person who was a fugitive from justice." The Third Superseding Indictment includes several special findings that authorize the government to seek a sentence of death, pursuant to 18 U.S.C. § 3591. The government filed its notice of intent to seek a sentence of death against Mr. McCluskey on January 26, 2012. [Doc. 275.] Trial is presently scheduled to begin on July 22, 2013. [Doc. 793].

    2. It seems to be the practice of both parties thus far in this case to refer to the first phase of the trial, during which the jury is to determine whether the defendant is guilty or not guilty of the charged offense, as the "guilt phase". This unfortunate turn of phrase seems to presuppose the outcome of that phase of the trial. Pursuant to 18 U.S. C. § 3593 (c) and the Fifth, Sixth, and Eighth

2

Amendments, Mr. McCluskey objects to the use of that phrase in the presence of the jury, and requests that the Court enter an order *in limine* precluding the use by anyone in Court, counsel, Court staff or anyone else, of the phrase "guilt phase" in the presence of the jury. See generally, *United States v. Lujan*, 603 F.3d 850, 854 (10th Cir. 2010)("Section 3593(c) provides the district court with greater discretion to exclude unfairly prejudicial or confusing information than the district court has during the guilt phase. This is so because § 3593(c) requires only that the countervailing interests 'outweigh' the information's probative value, while Federal Rule of Evidence 403 permits exclusion only where the countervailing interests 'substantially outweigh[ ]' the evidence's probative value."); *United States v. Pepin*, 514 F.3d 193, 203 n. 13 ( 2nd Cir. 2008)("...[T]he test in section 3593(c) gives the court greater power to exclude prejudicial evidence than does the test in section 848(j) or Rule 403."); *United States v. Johnson*, 362 F. Supp. 2d 1043, 1069 (N. D. Iowa 2005)("...[J]udges retain their gatekeeper function under § 848(j), as they do under § 3593(c), to exclude any type of unreliable or prejudicial evidence that might render a trial fundamentally unfair." ) (internal quotations omitted).

    3.    The use of the phrase "guilt phase" is unduly suggestive and inherently prejudicial to Mr. McCluskey's right to a fair trial. In *United States v. Henderson*, 485 F.Supp.2d 831 (S.D. Ohio 2007), with the non-opposition of the

government, the district court recognized that suggestiveness and the potential for unfair prejudice, and ordered that the phrase not be used.[1] *Henderson*, 485 F.Supp.2d at 841. Mr. McCluskey asks the Court to make the same determination and enter a similar order in this case.

## CONCLUSION

WHEREFORE, for all the reasons set forth herein, Defendant John McCluskey respectfully requests that the Court preclude the government from calling the first phase of the trial the "guilt phase" during jury selection or at trial.

Dated: April 1, 2013

                                          Respectfully submitted,

                                          /s/ Michael N. Burt
                                          Michael N. Burt
                                          1000 Brannan Street, Suite 400
                                          San Francisco, CA 94103-4888
                                          415/522-1508

                                          /s/ Theresa M. Duncan
                                          Theresa M. Duncan
                                          Duncan Earnest, LLC
                                          600 Central Ave. SE
                                          Suite 204
                                          Albuquerque, NM 87102
                                          505-842-5196

---

[1] The court in *Henderson* ordered that the first phase of the trial be referred to as the "trial phase", the second part of the trial as the "eligibility phase", and the third part of the trial as the "sentencing phase". 485 F.Supp.2d at 841.

/s/ Gary C. Mitchell
Gary C. Mitchell
Gary C. Mitchell, P.C.
PO Box 2460
Ruidoso, New Mexico  88355
575-257-3070

Attorneys for Defendant John McCluskey

**CERTIFICATE OF CONFERENCE**

I hereby certify that on April 1, 2013, I contacted government counsel to determine the government's position on this motion.  Government counsel Gregory Fouratt advised that the government is opposed to the motion.

<u>/s/ Michael N. Burt</u>
Michael N. Burt

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2013,  a true and accurate copy of the foregoing pleading was emailed to counsel of record by CM/ECF.

<u>/s/ Michael N. Burt</u>
Michael N. Burt