## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

    **v.**                     **Case No.  10-CR-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

      **Defendant.**

## MOTION FOR DISCLOSURE OF REBUTTAL EVIDENCE

Defendant John Charles McCluskey respectfully moves the Court to order the government to disclose all potential rebuttal evidence in its possession.  As grounds for this request, Mr. McCluskey states as follows:

Fed. R. Crim. P. 16(a)(1)(E)(i) requires the government to disclose any evidence in its possession, custody, or control that is material to preparing the defense.  Rebuttal evidence is material to preparing the defense.  Without the disclosure of rebuttal evidence, defense counsel is unable to thoroughly and effectively investigate the case, intelligently decide what theories of defense to pursue, competently select a jury free of biases, present accurate opening statements, undertake meaningful cross-examination, and present a consistent case in defense.  In short, the government's failure to disclose rebuttal evidence will prevent the defense

attorneys from providing constitutionally adequate assistance of counsel by undermining their ability to effectively prepare for trial.

Mr. McCluskey acknowledges that courts do not routinely grant requests for disclosure of rebuttal evidence except in cases involving an alibi defense. Nonetheless, as the United States Supreme Court's jurisprudence has made clear, death is different; for that reason more process is due, not less. *See Lockett v. Ohio*, 438 U.S. 586, 605 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (plurality opinion). The protections of the Due Process Clause apply with greatest force when a person's life interest, protected by the "life, liberty and property" language in the Clause, is at stake in the proceeding. *Ohio Adult Parole Authority v. Woodard*, 523 U.S. 272, 288 (1998) (O'Connor, Souter, Ginsberg, and Breyer, J.J., concurring); *id.* at 291 (Stevens, J., dissenting) (recognizing a distinct, continuing, life interest protected by the Due Process Clause in capital cases). The government's interest, if any, in refusing to disclose potential rebuttal evidence in its possession prior to trial pales in comparison to Mr. McCluskey's substantial life interest and interest in a reliable and fair trial.

The government has disclosed some rebuttal evidence to the defense. In December 2012, the government notified defense counsel of evidence related to an alleged act of violence that it might introduce to rebut defense

2

"claims such as Mr. McCluskey was a model inmate while incarcerated in ADOC, that he cannot carry out violence in a confined setting, or that he is not a violent or vengeful person."  December 23, 2012, email from AUSA Greg Fouratt to defense counsel.  In response to Mr. Fouratt's email, Michael Burt requested disclosure of all admissible evidence in the government's possession that might substantiate the allegation as well as discovery of evidence regarding any other incident the government intends to use in rebuttal.  December 23, 2012, email from Michael Burt to Greg Fouratt.  Mr. Fouratt in turn responded that the government would comply with its discovery obligations, but was unprepared to identify any other rebuttal evidence.  December 27, 2012, email from Greg Fouratt to Michael Burt.

A failure to timely disclose rebuttal evidence may violate due process. Further, all measures must be taken to prevent arbitrary, cruel, and unusual results in a capital trial.  See *Lockett*, 438 U.S. at 604; *Woodson*, 428 U.S. at 304-05.  This should include pretrial disclosure of all rebuttal evidence in the government's possession.

## CONCLUSION

For the foregoing reasons, Defendant John Charles McCluskey respectfully moves the Court to order the government to immediately disclose all rebuttal evidence in its possession.

Dated: April 1, 2013

Respectfully submitted,

/s/ Michael N. Burt
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan
Theresa M. Duncan
Duncan Earnest, LLC
600 Central Ave. SE
Suite 204
Albuquerque, NM 87102
505-710-6586

/s/ Gary C. Mitchell
Gary C. Mitchell
Gary C. Mitchell, P.C.
PO Box 2460
Ruidoso, NM 88355
(575) 257-3070

Attorneys for Defendant John McCluskey

## **CERTIFICATE OF CONFERENCE**

I certify that I conferred with counsel for the government, Gregory J. Fouratt, who stated the government opposes this motion.

/s/ Theresa M. Duncan
Theresa M. Duncan

## **CERTIFICATE OF SERVICE**

I certify that on April 1, 2013, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan