**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                                                    Cr. No. 10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the *United States' Motion To Exclude Defense Witnesses Johnson, Krane, and Ernest*. [Doc. No. 540, filed June 15, 2012] Defendant filed a Response [Doc. No. 585, filed July 24, 2012], and the Government filed a Reply [Doc. No. 636, filed August 17, 2012]. The Government moves to exclude any testimony of defense witnesses, Elizabeth Johnson, Dan Krane, and Richard Ernest as a sanction for failure to comply with Federal Rule of Criminal Procedure 16(a)(1)(G) and this Court's scheduling orders. Alternatively, the Government asks the Court to issue an order compelling Defendant to provide the discovery material which Defendant has so far failed to provide.

The Court has reviewed the parties' filings and the relevant law. The Court grants the Government's motion to exclude testimony by these three witnesses.

**BACKGROUND**

Scheduling orders by the Court set April 23, 2012, as the deadline for Defendant to complete all summaries and provide all reports on non-mental health experts, with foundational data to be disclosed by May 21, 2012. [Doc. No. 220, filed Sept. 9, 2011; Doc. No. 385, filed March 30, 2012

(extending earlier deadlines)] On April 23, 2012, Defendant sent an email advising the Government of witnesses, listing as potential expert witnesses Johnson, Krane, and Ernest, among others. Defendant states that he did provide the Government with CVs of these three witnesses. [Doc. No. 585, p. 2 n.1] The Government states that Defendant has provided no further information on these witnesses—thus failing to provide the bases for their opinion or foundational data.

Defendant has informed the Government that he has not actually retained Johnson, Krane, or Ernest in this case, and therefore none of them has reviewed any information in this case. The Government states that Defendant did provide it with a declaration from Krane regarding another case, *United States v. Davis*, RWT 07-199, and indicated that any testimony from Krane would be along the same lines as in *Davis*.

## DISCUSSION

Under the reciprocal discovery obligations of Rule 16(b)(1)(C)(i), Defendant was required to disclose expert evidence to be presented at trial under Rules 702, 703, or 705. [Doc. No. 203, p. 1 (Defendant deemed to request discovery unless waiver filed); Doc. No. 442, p. 2 (Defendant acknowledges that he did not file a waiver)] In civil cases, Rule 26 requires a "written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The requirements in criminal cases are more limited; Rule 16 requires only "a written summary" including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Rule 16 disclosure is designed to give the opposing party notice, permitting preparation for cross-examination and presentation of opposing experts. *See* Fed. R. Crim. P. 16 advisory committee's notes to 1993 amendment. Detailed, extensive discussion is not required in the Rule 16 summary: "Although the summary required by Rule 16 provides the defense with some notice, the requirement of setting

forth 'the bases and reasons for' the witnesses' opinions does not track the methodological factors set forth by the Daubert Court." Margaret A. Berger, *Procedural Paradigms for Applying the Daubert Test*, 78 Minn. L. Rev. 1345, 1360 (1994); *see United States v. Nacchio*, 555 F.3d 1234, 1263-64 (10th Cir. 2009) (McConnell, J., dissenting) (Rule 16 disclosure not required to establish reliability under *Daubert*); *id.* at 1246 n.13 (majority recognizing same point).

Defendant states that he did provide the Government with a description of the witnesses' qualifications; indeed, provision of a CV satisfies the obligation to include a description of the witness's qualifications. *See United States v. Mehta*, 236 F. Supp. 2d 150, 155 (D. Mass. 2002). However, it appears that Defendant has failed to notify the Government of the bases and reasons for any opinions of these three expert witnesses, or to provide foundational data. The Court has not been provided with the declaration by Krane in the *Davis* case, but such a declaration from another case may well not be sufficient to satisfy Rule 16. In addition, the Court has not been informed of any later efforts by Defendant to provide the missing materials. The Court concludes that Defendant has failed to comply with his discovery obligations.

It is the Government's burden to "demonstrate" prejudice from the timing or the adequacy of Defendant's disclosure. *See United States v. Kenyon*, 481 F.3d 1054, 1062 (8th Cir. 2007). Summarily asserting prejudice would not satisfy the Government's burden to demonstrate prejudice. *See United States v. Apperson*, 441 F.3d 1162, 1204 (10th Cir. 2006) (regarding denial of motion to continue). The purposes of Rule 16 include minimizing surprise from unexpected expert testimony and allowing a party to prepare for cross-examination and presentation of opposing experts. Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment.

The Government asserts that its ability to prepare for trial has been unfairly and severely compromised. The Government contends that its ability to prepare to effectively cross-examine

Johnson, Krane, and Ernest has been severely limited. [Doc. No. 540, p. 3] Finally, the Government argues that the lateness of the discovery materials significantly impairs the Government's ability to assess testimony by these three witnesses and to prepare any challenges to such testimony. [Doc. No. 636, p. 2] The Government certainly will not have the full time to prepare that it should have had, under the Court's scheduling orders; the Government should have had the discovery material long before the present time. The Government also points out that numerous other issues must be addressed before trial; the Government's time and attention to other issues may be unreasonably limited by the need to also give its attention to these three expert witnesses, in the time remaining before trial. There is also the possibility of unfair surprise. In light of the foregoing, the Court concludes that the purposes of Rule 16 may well have been frustrated. *See United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011); *United States v. Stevens*, 380 F.3d 1021, 1026 (7th Cir. 2004).

Defendant responded that he "is behind schedule with respect to these three expert witnesses." [Doc. No. 585, p. 1] Defense Counsel states that he informed the Court that he had another federal case set for trial in September of 2012 and that "he would do the best he could to keep up with the Court's scheduling order." [*Id.*] Defense Counsel states that he "needs additional time to retain and provide the expert witness summaries for these particular witnesses." [*Id.* p. 2] Defendant argued, in his July 24, 2012 Response, that trial was still "many months" away, and that the Government would not be prejudiced if the Court adopted the alternative sanction urged by the Government: to issue an order to compel Defendant to provide the missing discovery. However, as of this date, with trial set to begin in less than three months, the Court is unaware of any effort by Defendant to supplement his disclosures in order to meet his obligations under Rule 16.

The Court is required to impose the least severe sanction that would fulfill the purposes of

Rule 16. *Brown*, 592 F.3d at 1090. Exclusion of expert evidence "is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion." *United States v. Charley*, 189 F.3d 1252, 1262 (10th Cir. 1999).

The Court observes that Defendant did not request an additional extension of time under the scheduling orders, when Defense Counsel became aware that he would not be able to meet the deadlines. If the Court's scheduling orders are so cavalierly ignored, it would be difficult for the Court to control its docket, resolving cases in a timely manner and preventing prejudice to the opposing party. To excuse Defendant's failure to comply with time limits, when Defendant failed to even request an additional extension of time, would be unfair to the other party struggling to comply with the deadlines.

## CONCLUSION

The Court concludes that Defendant has failed to comply with the deadlines set by the Court's scheduling orders. Defendant did not request additional extensions of time, and merely informs the Court that he is running behind schedule. Although exclusion of witnesses is an extreme sanction, the Court concludes that the need for the Court to control its docket and prevent prejudice to the Government justifies exclusion in this case—given the extreme lateness of the discovery, Defendant's failure to request an additional extension of time, and Defendant's lack of sufficient justification.

**IT IS THEREFORE ORDERED** that the Government's Motion To Exclude Defense Witnesses Johnson, Krane, and Ernest [Doc. No. 540] is **GRANTED.**

_____
**UNITED STATES DISTRICT JUDGE**