IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                                Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.


**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on various motions in limine filed by the parties. The Court addresses each in turn as discussed below.

**I.     GOVERNMENT'S WITNESS LIST** [Doc. 859]

McCluskey moves the Court to order the Government to provide him with its witness list (including addresses) at least 60 days prior to the July 22, 2013 jury selection. He relies upon 18 U.S.C. § 3432, which provides that a person charged with a capital offense must be furnished with a list of witnesses, including each witness' "place of abode," no fewer than three days before commencement of trial. Both parties agree that the statute confers to the court the discretion to order the Government to disclose its witnesses at an earlier date. McCluskey argues that, in light of the complexity of the case, the seriousness and breadth of the charges against him, as well as the potential penalty of death, he needs additional notice of the names and addresses of witnesses so that he may adequately prepare his defense. He further points out that the Government has provided him with voluminous discovery encompassing hundreds of names, thereby undermining his ability to ascertain the identities of the witnesses that the Government will actually call at trial.

The Government opposes the motion, arguing that McCluskey has failed to show a specific need for the witness list justifying production of the information more than three days in advance. Relying on *United States v. Nguyen*, 928 F. Supp. 1525, 1551 (D. Kan. 1996), the Government argues that the complexities of a capital case, without more, do not demand production of its witness list more than three days before trial. In *United States v. James*, 2005 WL 5681297 at *5, (E.D.N.Y. Dec. 6, 2005), the court rejected the arguments put forth by McCluskey, pointing out that if it accepted a similar argument, "every defendant in a capital case would be entitled to [early] discovery of the government's witness list . . ." The Government also suggests that early disclosure could lead to witnesses being unwilling to testify or even jeopardize their safety, though it does not support these contentions with facts.

As both parties observed, in *United States v. Lujan*, 530 F. Supp. 2d 1224, 1261 (D.N.M. 2008), the Court ordered the Government to disclose to the defendant the identities and places of abode of its witnesses no fewer than 90 days prior to trial. The court's decision was based on the discretion granted to the court under the statute, the gravity of the potential punishment facing the defendant, the interests of due process, effective assistance of counsel, the fair and efficient conduct of trial, and the desire to avoid delays at trial. *Id*. The court further stated that, "[i]f the Government believes that providing the witness list to [defendant] in such manner may jeopardize the life or safety of any person, then the Government has the burden to provide notice to the Court and to prove its safety concerns by a preponderance of the evidence prior to [the disclosure deadline]." This Court agrees with the reasoning and approach in *Lujan*. This is a complex case that the Government predicts will take an extended period of time to try, and which will encompass evidence regarding activities and crimes occurring over a period of several weeks in various states. In order to allow McCluskey's counsel adequate opportunity to prepare to defend him against capital charges, it is

in the interests of due process to allow them advance notice of the identities of the witnesses the Government plans to call.  This is particularly true because, at least at this point, the Government makes only the speculative statement that "[t]here is a conceivable possibility that early disclosure could lead to witnesses being unavailable or unwilling to testify." Doc. 909 at 4.  To date, the Government had made some general statements about witness safety, *see* Doc. 909 at 5, but has made no specific showing of danger.

In light of the foregoing, the Court will grant McCluskey's motion for production of the Government's witness list.  The Government must provide McCluskey with its witness list, including places of abode, no later than June 3, 2013.  However, the list must be filed under seal, such that it is viewable only by the defense team, the Government, and the Court.

**II.     USE OF THE TERM "GUILT PHASE"** [Doc. 863]

McCluskey asks the Court to preclude all counsel and court staff from referring to the first phase of his trial as the "guilt phase" in front of the jury.  He argues that the phrase "seems to presuppose the outcome of that phase of the trial"and is therefore "unduly suggestive and inherently prejudicial to his right to a fair trial." McCluskey points out that in *United States v. Henderson*, 485 F. Supp. 2d 831, 841 (S.D. Ohio 2007), the court granted a similar motion and ordered the parties to refer to the first stage of the trial as the "trial phase" instead of the "guilt phase."  However, the circumstances in *Henderson* were different in that the government did not object to the defendant's request.

In response, the Government points out that courts, including the Supreme Court, often use the phrase "guilt phase" in capital cases, and it contends that there is no reason to believe that using the term in front of the jury would create unfair prejudice to McCluskey.  The Government contends that any risk of prejudice can be cured by an instruction reminding the jury that the defendant must

3

be presumed innocent.

A cursory review of published opinions regarding the Federal Death Penalty Act reveals that, in fact, in written decisions courts commonly use the term "guilt phase" to refer to the first portion of the trial in which the jury determines whether the Government has met its burden to prove the defendant guilty beyond a reasonable doubt. However, the fact that this is a term of art used among judges and lawyers does not end the inquiry, for it does not answer the question of whether it is a term that is appropriate to use in front of the jury. The Court concludes that it is not. In fact, the Court agrees with McCluskey that the term "guilt phase" may unduly influence, however slightly, the jurors in this case. Accordingly, this Court adopts the approach taken by Judge Brack in *United States v. Lujan*, Cr. No. 05-924 RB, and exercises its discretion and will require the parties, their counsel, and their witnesses to refer to the first phase of the trial as the "trial phase."

Accordingly, McCluskey's motion will be granted.

### III.   CROSS EXAMINATION WITH STALE PRIOR CONVICTION [Doc. 866]

Rule 609(b) provides that evidence of a witness' felony conviction that is more than ten years old is admissible only if: "(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use."

In its motion the Government requests an order precluding McCluskey, his counsel, and his witnesses from asking a question or introducing evidence regarding a 1991 criminal conviction of a lay fact witness. In that conviction, the witness pled guilty to one felony count of obtaining regulated drugs by fraud. The witness received a sentence of two years' probation, which was terminated after his successful completion of the first year, and no term of confinement was

imposed. The Government contends that under 609(b), the admission of this prior felony conviction is inadmissible to impeach the witness because it is more than ten years old. The Government also contends that it should not be admitted because McCluskey has not given written notice of his intent to use the conviction for impeachment purposes.

In his response, McCluskey withdraws his objection to the Government's motion. Accordingly, the motion will be granted.

## IV. PRE-TRIAL HEARING AND RULING ON ADMISSIBILITY OF EXHIBITS
[Doc. 869]

The Government moves for a pretrial hearing on the admissibility of some of its exhibits. It states that it has identified several hundred individual exhibits it intends to introduce in its case-in-chief during the trial phase, and that the largest number of these will be photographs. The Government suggests that the Court conduct a pretrial admissibility hearing within 30 days before trial, and that the Government will provide McCluskey with a list of the exhibits for which it seeks pretrial admission no later than ten days before the hearing date. The Government proposes that McCluskey have until three days before the hearing to inform the Court as to its position as to each exhibit. McCluskey does not object to the Government's proposed procedure, but he does object to the proposed schedule. He contends that he needs additional time to review the Government's exhibits and determine his position as to their admissibility.

The Court agrees with counsel that it is desirable to devise a procedure to save time during trial. Accordingly, on June 26, 2013, the Court will hold a hearing during which the Government may lay the foundation—for example, through testimony of records custodians and others regarding the authenticity of exhibits or testimony regarding whether a document satisfies the "business record" exception to the hearsay rule—regarding the admissibility of exhibits. However, while the Court may rule on the admissibility of certain exhibits at that time, it also may reserve until the time

of trial any final rulings regarding the admissibility of exhibits, so that the Court may rule in the context of the evidence at trial.

To that end, no later than June 7, 2013, the Government must disclose to counsel for McCluskey the exhibits that it intends to present at trial. No later than June 20, 2013, McCluskey must inform the Government and the Court which exhibits it will agree are admissible into evidence, and which he intends to contest. The Court urges counsel for both parties to stipulate to the admissibility of exhibits wherever possible**.**

**V.     REBUTTAL EVIDENCE** [Doc. 873]

McCluskey asks the Court to order the Government "to disclose all potential rebuttal evidence in its possession." As grounds for his request, he relies on the Government's burden under Rule 16(a)(1)(E)(I) to disclose evidence that is material to preparation of the defense, as well as principles of due process. He cites no case in which a court has granted a similar request. In fact, McCluskey acknowledges that, except in cases involving an alibi defense, defendants' requests for discovery of rebuttal evidence are usually unsuccessful.

The Government opposes the motion on several grounds. First, it points out that, until McCluskey presents his case, the Government cannot know what evidence it will need to present in rebuttal. It states that it recognizes its obligations under *Brady*, *Giglio* , and the Jencks Act to disclose exculpatory and impeachment evidence, and states that it has and will disclose such information. However, it contends that Rule 16 does not compel disclosure of potential rebuttal evidence in the absence of a request for specific evidence and a showing that the evidence is material to the defense.

The motion in limine for disclosure of rebuttal evidence will be denied, as there is no authority to support the request under the circumstances presented here. Rule 16(a)(1)(E) provides

that a defendant is entitled to evidence that is material to preparing a defense.  Here, McCluskey has not attempted to make such a showing.  Further, as the Government points out, federal courts reviewing similar requests under Rule 16 have required the defendant to request specific evidence and to demonstrate how that evidence is material to the defense.  *See, e.g., United States v. Doe*, 705 F.3d 1134, 1150-51 (9th Cir. 2013); *United States v. Santiago*, 46 F.3d 885, 894-95 (9th Cir. 1995).  In his reply, McCluskey does not dispute that he has not made that showing.  Instead, he contends that because he is facing the death penalty, he has a broader right to discovery under the due process clause.  Again, however, McCluskey cites no legal authorities to support his position that the rules governing discovery are different in a capital case.  Accordingly, the motion for discovery of rebuttal evidenced will be denied.

## VI.   WITNESSES WITH PAST OR PENDING JUVENILE ADJUDICATIONS [Doc. 862]

McCluskey asks the Court to order the Government to identify witnesses with past juvenile adjudications or pending juvenile proceedings, and to produce to the Court records of such adjudications and proceedings for *in camera* review.  With regard to juvenile witnesses , McCluskey notes that under *Davis v. Alaska*, 415 U.S. 308 (1974), a defendant may cross-examine the witness regarding a pending adjudication in order to demonstrate bias.  With regard to adult witnesses with juvenile adjudications, he notes that under Fed. R. Evid. 609(d), evidence of such adjudications is admissible in certain narrow circumstances.

In its response, the Government contends that it intends to call only one witness, a co-defendant, who has a prior juvenile delinquency proceeding, and that it has produced to McCluskey certain information regarding those proceedings.  It represents that it does not intend to call any other witness that falls within the ambit of the motion.

In light of the foregoing, it appears that the motion is moot at this time.  However, in the

event that the Government becomes aware of any additional witnesses with past or pending juvenile proceedings, it must disclose that information to the Court *in camera* as soon as possible—an obligation that the Government has already agreed to meet. To that extent, McCluskey's motion will be granted.

**IT IS THEREFORE ORDERED** that:

(1)   *Defendant McCluskey's Motion in Limine for Production of Government's Witness List* [Doc. 859] is **GRANTED** as explained above;

(2)   *Defendant McCluskey's Motion in Limine to Compel the Government to Identify Witnesses With Juvenile Adjudications and Pending Juvenile Proceedings* [Doc. 862] is **DENIED IN PART AS MOOT** and **GRANTED IN PART**;

(3)   *Defendant McCluskey's Motion in Limine to Preclude the Gvoernment from Calling the First Phase of the Trial the "Guilt Phase"* [Doc. 863] is **GRANTED**;

(4)   *United States' Motion in Limine to Preclude Cross-Examination With Stale Prior Conviction* [Doc. 866] is **GRANTED**;

(5)   *United States' Motion in Limine Requesting Pre-Trial Hearing and Pre-Trial Rulings on Admissibility of Exhibits* [Doc. 869] is **GRANTED** as explained herein; and

(6)   McCluskey's *Motion for Disclosure of Rebuttal Evidence* [Doc. 873] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**