IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**

      **Plaintiff,**

**vs.**                                                                                        **CR. No. 10-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

      **Defendant.**

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the *Government's Corrected Motion to Amend the Notice of Intention to Seek the Death Penalty* [Doc. 724]. Having considered the Motion, the Defendant's Response, the supplemental and other related pleadings, and the governing authorities, the Court finds that the Motion should be granted.

### BACKGROUND

The Government moves to amend its original *Notice of Intent to Seek the Death Penalty* ("Notice"), filed on January 26, 2012, in two respects. First, it seeks to add McCluskey's 1983 felony conviction for armed robbery in Maricopa County, Arizona. Second, the Government seeks to modify McCluskey's alleged involvement with the Aryan Brotherhood gang from "membership in" to "affiliation with" the gang. *See* Docs. 724 (*Government's Corrected Motion to Amend Notice*, hereinafter "Motion") and 755 (*Government's Corrected Amended Notice*, hereinafter "Amended Notice"). *Compare* Doc. 275 with 755.

The Government asserts that McCluskey's 1983 conviction is a "previous conviction of a violent felony involving the use of a firearm," squarely satisfying the statutory aggravating factor

found at 18 U.S.C. § 3592(c)(2), and that it also supports the previously pled, non-statutory aggravating factor of future dangerousness because it tends to show a continuing pattern of violence. The modified allegation of gang "affiliation," like the allegation of "membership" in the original Notice, supports the non-statutory aggravating factor of future dangerousness in its tendency to show that life imprisonment would be insufficient to prevent future violence.

After the Government moved to amend its Notice, the Court ordered the Government to supplement its Informative Outline to include a general description of how it intends to prove the modified "gang affiliation" sub-factor. After the Government supplemented its outline and provided more detail as to how it intends to prove the sub-factor, McCluskey filed a Supplemental Response [Doc. 879] to his original opposition to the Government's Motion to Amend. Therein, McCluskey asserts several new arguments, some related to the new information on gang affiliation contained in the Supplemental Outline, some related to the propriety of adding the 1983 conviction, and some unrelated to any issue to be determined on the present Motion to Amend. *See generally* Doc. 879. The Government filed an Opposition to McCluskey's Supplemental Response [Doc. 908], asserting first that the Court should not consider the Supplemental Response because it was filed out of time and without leave of court, then addressing McCluskey's new arguments on their merits. *See generally* Doc. 908.

## DISCUSSION

Under the Federal Death Penalty Act (FDPA), 18 U.S.C. § 3591 et seq., if the Government determines it will seek the death penalty as to a defendant, it must, at a reasonable time before trial, serve on that defendant a notice stating that death will be sought and "setting forth the aggravating factor or factors that the government, if the defendant is convicted, proposes to prove as justifying a sentence of death." 18 U.S.C. § 3593. Regarding amendment to such a notice, "[t]he court may

permit the attorney for the government to amend the notice upon a showing of good cause." *Id*. Thus, an amendment to a § 3593(a) notice is valid if: (1) it complies with the requirement that the notice be filed a reasonable time before trial, and (2) the government shows good cause for the amendment. 18 U.S.C. § 3593(a). Good cause within the meaning of §3593(a) is present where: (1) the new factors have plausible connection to the facts, (2) there was no deliberate delay by the government, and (3) there was no prejudice to the defendant. *United States v. Battle*, 173 F.3d 1343, 1347-48 (11th Cir. 1999) (citing *United States v. Pretlow*, 770 F. Supp. 239, 242 (D.N.J. 1991)). The Government filed its Motion to Amend more than eight months prior to the scheduled July 22, 2013 trial. The Court finds that eight months prior to commencement of trial is a reasonable amount of time for McCluskey to prepare to defend against introduction of his own prior conviction and a gang affiliation allegation that he was already apprised of in the Government's original Notice. *See Battle*, 173 F.3d at 1347 (thirty days notice was reasonable).

**I.     The Court Will Apply the Good Cause Standard**

The Government claims that it need not show good cause for its proposed amendments because, as sub-factors, the amendments merely add new facts pertaining to previously noticed aggravating factors rather than noticing new aggravating factors – a distinction made significant by the Eleventh Circuit in *Battle*, 173 F.3d 1343. Motion at 3. In *Battle*, the court indeed allowed the Government to amend its notice of intent to seek the death penalty between the guilt and penalty phases of trial without requiring good cause. The Government added multiple incidents of violence in support of future dangerousness, an aggravating factor already contained in its notice. The *Battle* court found that the additions to the notice consisted of specific evidence in support of future dangerousness rather than new aggravating factors as contemplated by §3593(a). The *Battle* court characterized the Government's addition of these sub-factors as a beneficial "forewarning" to the

3

defendant. *Id.* at 1347 ("[I]f anything, the Government is helping the defendant some by forewarning him of the evidence to be used against him.").

McCluskey responds that this Court "previously rejected *Battle*'s narrow approach to the notice requirements of 18 U.S.C. § 3593(a) [when it first ordered the Government to file an informative outline], reasoning that the constitutional rights to due process and confrontation weigh in favor of disclosure of the factual allegations underlying aggravating factors." Resp. at 2 (citing Doc. 645 at 12-14). McCluskey contends that the same considerations should "weigh in favor of requiring the Government to show good cause" to add and modify sub-factors to its Notice. *Id.* Moreover, in applying the good cause standard, McCluskey asks the Court to replace the "no deliberate delay" prong of the good cause standard as articulated in *Battle* with "whether the government exercised *due diligence* in uncovering the new information." *Id.* at 3 (citing *United States v. Cuong Gia Le*, 316 F. Supp. 2d 343, 348-49 (E.D. Va. 2004)) (emphasis added).[1]

McCluskey refers the Court to its August 27, 2012 Order [Doc. 645] requiring the Government to provide an informative outline pertaining to certain aggravating factors. In that Order, the Court indeed required the government to provide additional information on certain

---

[1] In *Cuong Gia Le*, the amended notice alleged nine new violent incidents and the court found, *inter alia*, that the defendant had not been convicted of any charges relating to those incidents, all of the incidents alleged in the amended death notice occurred long before the original death notice was filed, and the nature, seriousness, and number of the new allegations in the amended death notice provided a sufficient basis to conclude that the government did not file its amended death notice *a reasonable time before trial*, as required by § 3593(a) and case law. A finding of good cause under § 3593(a), the *Cuong Gia Le* court stated, had to focus on the government's diligence in uncovering the plethora of new information contained in the amended death notice and the timing of when that information was obtained. The nature, seriousness, and number of new allegations presented in *Cuong Gia Le* readily distinguish it from the issues to be determined by this Court today.

4

aggravating factors, but it did not require the Government to provide additional details on Defendant's prior convictions. To the contrary, regarding the statutory aggravating factors premised on Defendant's prior convictions, the Order stated:

> These statutory factors are relatively straightforward, and as McCluskey presumably is well aware of his own criminal history, it appears unnecessary for the Government to provide him with further information regarding these convictions. However, *in the event the Government intends to offer evidence of any conviction not set forth on pages 2 or 3 of the Notice of Intent, it must notify McCluskey in writing as soon as possible.*

Doc. 645 at 16 (emphasis added). Contrary to McCluskey's assertion, the Court's reasoning when exercising its discretion to require the Government to file an informative outline does not apply equally to the standard for amending the death notice.

The Government presents a colorable argument that good cause may not be required for the addition or modification of sub-factors that support already pled aggravating factors, but absent any binding authority directly on point, the Court finds it prudent to apply the good cause standard. The Court will not require a showing of due diligence to satisfy the good cause standard, however, and will instead apply the standard as propounded in *Battle* and followed by this District Court and others. *See, e.g., United States v. Lujan*, Case No. 05-CR-924, Doc. 826 at 3 (D.N.M. May 20, 2011); *United States v. Pretlow*, 770 F. Supp. 239, 242 (D.N.J. 1991). Again, that standard is whether: (1) the new factors have plausible connection to the facts, (2) there was no deliberate delay by the government, and (3) there is no prejudice to the defendant. *United States v. Battle*, 173 F.3d at 1347-48.

## II. McCluskey's 1983 Conviction for Armed Robbery

In 1983, at the age of seventeen, McCluskey was convicted by plea of armed robbery, Case No. CR-0000-132088, in Maricopa County, Arizona. The Government did not include this

conviction in its original Notice and presently seeks to add it to the list of McCluskey's prior convictions as a sub-factor of the non-statutory aggravating factor of future dangerousness.

### A. The 1983 Conviction Satisfies the Requirements of 18 U.S.C. § 3592(c)(2)

Before proceeding to the good cause analysis as applied to the prior conviction, the Court will resolve a separate issue McCluskey raises for the first time in his Supplemental Response[2] to the Government's Motion. Specifically, McCluskey contends that his 1983 conviction does not meet the statutory requirements of 18 U.S.C. § 3592(c)(2). Section 3592(c)(2) provides for inclusion of a prior conviction that involves "the use or attempted or threatened use of a firearm." McClusky asserts that although the Indictment charged "Armed Robbery, A Class 2 And Dangerous Felony," and also states that in Arizona "the offense charged in this count is a dangerous felony because the offense involved the use or exhibition of a deadly weapon or dangerous instrument, to-wit, a handgun, in violation of A.R.s § 13-604 (G) and (K)," this is not the offense to which McCluskey pled. Doc. 879 at 8-9 (quoting without citation Docs. 879-1,2). Instead, McCluskey points out, the plea agreement makes clear that "[t]he following charges are dismissed . . . Allegation of Dangerous Nature of Felony." *Id*. Stated differently, McCluskey pled guilty to armed robbery but not robbery with the use of a firearm. A conviction for armed robbery under Arizona law, in McCluskey's view, may not be used as a § 3592(c)(2) aggravating factor because it does not include as an essential element the use or threatened use of a firearm.

In so arguing, McCluskey seeks to superimpose on the sentencing provisions in the Federal

---

[2]The Court is unpersuaded by the Government's objection to McCluskey's supplemental pleading. Though leave of court was not sought, the Court envisioned that this pleading might be supplemented after the Government filed its supplemental Informative Outline. There is no prejudice to the Government where it has had the opportunity to fully respond. Accordingly, the Court considers the supplemental pleadings from both sides insofar as they are relevant to this Motion.

Death Penalty Act (FDPA) what is commonly known as the *Taylor* categorical approach to prior convictions, a method used in determining whether prior felonies can serve as predicate offenses for imposition of certain sentencing enhancements in non-capital cases. *See Taylor v. United States*, 495 U.S. 575 (1990). In support, McCluskey cites a single district court case concluding that the categorical approach is proper when considering the use of prior convictions as statutory aggravating factors for capital sentencing. *See* Doc. 879 at 9-10 (quoting *United States v. Smith*, 630 F.Supp.2d 713 (E.D.La. 2007)).

Nothing in the text of the FDPA indicates that a *Taylor*-type categorical approach is applicable to aggravating factors in a capital sentencing proceeding. The Supreme Court has called for such a categorical approach when Congress has required that a predicate offense have certain elements. *See, e.g., Taylor*, 495 U.S. at 588; *United States v. Pierce*, 278 F.3d 282, 286 (4th Cir. 2002). The FDPA language at issue here, by contrast, requires that the previous conviction "involve the use or attempted or threatened use of a firearm." Where the Court in *Taylor* noted that the categorical approach was proper to avoid "the practical difficulties and potential unfairness of a factual approach," *Taylor*, 495 U.S. at 601, the Court has also made it clear that an individualized determination informed by all the defendant's characteristics is preferable in the death penalty context. In *United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003), the court held, post-*Taylor*, that Maryland convictions for assault and reckless endangerment, which did not include use of a firearm as an element of the offenses, satisfied the aggravating factor where the plea colloquy indicated that the defendant fired a handgun during the offense. This Court finds the Fourth Circuit's reasoning in *Higgs* more persuasive than the Louisiana district court's in *Smith* and will not disallow the use of McClusky's prior conviction under *Taylor*. Accordingly, where the Government represents that the documents it intends to introduce support a finding that McCluskey's conduct in the course of

7

committing the 1983 robbery involved the use of a firearm, *see* Doc. 908 at 9 ("evidence from the court file will indicate that the offense did, in fact, involve Defendant's use of a firearm"), *Taylor* does not prohibit the use of the 1983 conviction under § 3592(c)(2).

### B.     Plausible Connection to the Facts

McCluskey contends that his 1983 conviction is not plausibly connected to the facts of this case because it is thirty years old and he was a juvenile when he committed the offense. Information is relevant to sentencing if it "has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the [information]." *United States v. Lujan,* 603 F.3d 850, 854 (10th Cir. 2010 ). The Court notes that Section 3592(c)(2) places no time restriction on the use of prior offenses, nor does it prohibit the inclusion of juvenile offenses. Federal courts have considered adult defendants' prior juvenile criminal conduct in support of death sentences for crimes committed as adults even after *Roper v. Simmons*, 543 U.S. 551 (2005), the seminal case holding, *inter alia*, that the death penalty may not be imposed on juveniles under the age of eighteen, no matter how heinous the crime. *See, e.g., United States v. Stitt*, 760 F. Supp. 2d 570, 585-86 (E.D. Va. 2010), *United States v. Henderson,* 461 F. Supp. 2d 133, 137 (S.D.N.Y. 2006).

In the recent case of *United States v. Rich*, 708 F.3d 1135 (10th Cir. Feb. 11, 2013), the Tenth Circuit Court of Appeals ruled that a 20-year-old juvenile adjudication may serve as a predicate offense for application of a recidivist sentence under the Armed Career Criminal Act without offending the defendant's Fifth Amendment due process rights or other constitutional protections. The reasoning in the *Rich* case is informative to this Court regarding whether McCluskey's 1983 conviction presents a plausible connection to this case. The *Rich* court stated:

> [W]e note the fact that the twenty years that have passed since Rich's

> juvenile adjudication actually cuts against him because within that length of time Rich had the opportunity to reform. The juvenile adjudication here triggered the enhanced sentence only after Rich received two more predicate convictions as an adult and committed the most recent felon-in-possession violation. Regardless of the inability of minors to fully understand the consequences of their actions, adults facing enhanced sentences based, only in part, on acts committed as juveniles have had the opportunity to better understand those consequences but have chosen instead to continue to offend.

*Rich* at 1141. The *Rich* court's reasoning informs this Court's view that McCluskey's 1983 conviction is plausibly connected to the sentencing issues that may arise in this case and its inclusion does not violate his constitutional rights. The fact that McCluskey was not quite eighteen years of age when he committed the offense does not persuade the Court that exclusion is warranted where capital sentencing favors allowing the jury a full appraisal of the defendant. *See Gregg v. Georgia,* 428 U.S. 153, 302-04 (1976) ( the jury should receive "as much information as possible when it makes the sentencing decision").

### C. Undue Delay

McCluskey asserts that the Government had access to the documents necessary to fully apprise it of the nature of the conviction at the time the Government filed its Notice of Intent. The Government responds that it was aware of the conviction but because certain pleadings in the prior case were sealed in the early stages of this case, the Government believed it did not have access to the documents necessary to evaluate the conviction for use in its original Notice. In the supplemental pleadings, the parties disagree about when the Government should have been able to conclude that the offense could satisfy the statutory requirements of the aggravating factor set forth in 18 U.S.C. § 3592(c)(2). The Court has reviewed all the information before it on the pleadings and cannot conclude that the Government engaged in deliberate or undue delay.

### D. Undue Prejudice to the Defendant

Given the length of time before trial, the fact that McCluskey himself has been aware of the conviction since 1983, McCluskey's attorneys were aware of it, and that he has now been heard in a full cycle of briefing as well as supplemental briefing on the present Motion, the Court finds no resulting prejudice. In the Government's words, "[r]egardless of when the Government knew or should have known that this conviction could support aggravating factors, Defendant knew it longer." Doc. 908 at 8. Further, the FDPA permits balancing of probative value against "*undue* prejudice, not all prejudice." *United States v. Lujan,* 603 F.3d 850, 858 (10th Cir. 2010) (quoting 18 U.S.C. § 3593(c)) (emphasis in original). Any prejudice McCluskey may suffer from inclusion of his 1983 conviction stems from the fact of the conviction, not from the Government's amendment including it, and is therefore not undue.

## III.     Gang Affiliation

The Government seeks to modify the gang participation sub-factor to the non-statutory aggravating factor of future dangerousness because, after it filed its original Notice, it determined that "the continued investigation into the Defendant's background has revealed that his connection to the Aryan Brotherhood gang is better characterized as an 'affiliation with' the gang, rather than membership in the gang." Doc. 724 at 3.

### A.     Plausible Connection to the Facts

Gang participation generally has a plausible connection to the facts because it is relevant to the non-statutory aggravating factor of future dangerousness. *Dawson v. Delaware*, 503 U.S. 159, 165 (1992); *Fuller v. Johnson*, 114 F.3d 491, 497-98 (5th Cir. 1997); *United States v. Umana*, 707 F. Supp. 2d 621, 638 (W.D.N.C. 2010). The Court ought not be heard to say that the proposed gang-related evidence is admissible in all respects, but simply that it indeed has a plausible connection to the facts at issue if a sentencing phase is necessary in this case.

10

### B. Undue Delay

McCluskey does not argue that the Government failed to timely disclose the information at issue here, nor could he given that essentially the same information was contained in the Government's original, timely Notice. Where the Government now seeks to modify the extent of the gang participation it had alleged, there is no undue delay. The Government avers that it learned through its ongoing investigation that the facts cannot support an allegation of full blown gang "membership." If the Government cannot support the membership allegation, it is proper that it be withdrawn from the Notice. The Government has also determined that the facts indeed support McCluskey's gang "affiliation," an allegation that is quite likely to carry less weight with the jury. There is no evidence before the Court that the Government engaged in undue delay in reaching this conclusion and the amendment will not be disallowed on this basis.

### C. Prejudice to the Defendant

#### i. Prejudice from the timing of the amendment

The Government filed its Corrected Motion to Amend the Notice on November 12, 2012 which is more than eight months prior to the current trial setting. Again, eight months in advance of trial is a reasonable time to amend the notice of intent to seek a penalty of death within the meaning of §3593(a). Moreover, McCluskey will suffer no prejudice from the modification to the gang affiliation sub-factor because within its original Notice the Government stated that McCluskey "has demonstrated an allegiance to and membership in the Aryan Brotherhood, a violent criminal enterprise." With respect to the proposed modification to this sub-factor, the Government has complied with the Court's Order to supplement its Informative Outline as to the modified "gang affiliation," again providing notice as to how it intends to prove gang association. *See* Doc. 840 at 10-11. The information in the proposed Amended Notice is simply not new to McCluskey or his

defense team and he will suffer no undue prejudice from the timing of the amended notice.

### ii. Prejudice resulting from the substance of the evidence

The information presented to establish aggravating factors must be relevant and may be excluded if its probative value is outweighed by the danger of unfair prejudice. 18 U.S.C. § 3593(c). Regarding unfair prejudice to McCluskey based on the substance of the proposed gang affiliation sub-factor, the Court first notes that it declined McCluskey's invitation to strike the more prejudicial gang "membership" sub-factor when ruling on McCluskey's (Corrected) *Defendant's Motion to Dismiss Particular Aggravating Factors From the Third Superseding Indictment, and to Strike Particular Aggravating Factors from the Notice of Intent to Seek the Death Penalty, And for Other Relief* [Doc. 396]. Instead, the Court ordered the government to file an informative outline pertaining to the gang affiliation factor (and others). *See* Doc. 645 at 22. The Court further recognizes that McCluskey's challenge to the proposed testimony to be offered in support of his alleged gang activity is also the subject of two additional motions. *See* Docs. 421 (McCluskey's *Motion to Exclude Prison Gang and BOP Expert Testimony, and Request for Daubert Hearing*), 892 (*[Corrected] Amended Motion to Strike Particular Aggravating Factors*).

McCluskey's challenges to admission of evidence in support of gang activity are clear. McCluskey stands to suffer significant prejudice from the presentation of testimony describing, wholesale, all manner of violent acts that have been committed by the highly organized Aryan Brotherhood gang and the gang's commitment and ability to continue to accomplish these acts inside (and outside) of prison. Indeed, where the Government has now conceded that it cannot prove McCluskey's membership in the Aryan Brotherhood – and McCluskey's own individual gang-related acts appear limited primarily to allegations of drug dealing – the probative value of certain gang evidence is potentially outweighed by the danger of unfair prejudice. Yet the Court is

presently asked to determine whether such prejudice results from the amended notice. Where McCluskey has treated his response to the Motion to Amend as a make-shift motion to strike the factor altogether, the issue has not been fully briefed and is not properly before the Court on this Motion. The question properly before the Court is whether McCluskey will suffer undue prejudice from the modification of the existing language from "membership" to "affiliation," and the Court finds he will not.

In summary, the Court determines that the *Government's Corrected Amended Notice of Intent to Seek the Death Penalty* is both timely and supported by good cause as contemplated by 18 U.S.C. § 3593(a). Accordingly, the amendment will be allowed.

**IT IS ORDERED** that the *Government's Corrected Motion to Amend the Notice of Intention to Seek the Death Penalty* is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**