IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                     CR. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Government's *Motion To Strike Supplemental Memorandum (Corrected) in Support of Motion To Exclude DNA Test Results and Request for Daubert Hearing*. [Doc. No. 443] Defendant filed a response to this motion [Doc. No. 448], and the Government filed a *Reply* [Doc. No. 464]. The Court has reviewed these pleadings. After considering the arguments of counsel and the relevant law, the Court reluctantly concludes that the Government's *Motion To Strike* should be denied.

## BACKGROUND

On April 22, 2012, Defendant filed a *Motion To Exceed Page Limit for Daubert Motions* requesting permission "to file a motion to exclude DNA and Serology Evidence that is approximately 144 pages long," a motion to exclude firearms testimony that is approximately 123 pages long, and a motion to exclude fingerprint testimony that is approximately 37 pages long. [Doc. No. 417, p. 3]

Also on April 22, 2012, Defendant filed:  a two-page *Motion To Exclude DNA and Serology Test Results*, stating that he would file a supplemental pleading later [Doc. No. 422]; a 141-page *Motion To Exclude Firearm Identification Testimony, and Request for Daubert*

*Hearing* [Doc. 418]; and a 43-page *Motion To Exclude Fingerprint Identification Testimony and Request for Daubert Hearing* [Doc. No. 419]. Defendant filed the latter two motions, both exceeding the allowed page limits, on the same day he requested permission for page extensions.

The Government objected to Defendant's request for page extensions. [Doc. No. 423] The Government noted that Defendant had already filed two motions exceeding the page limits without obtaining prior approval from the Court. The Government asked the Court to strike the firearms motion, with a refiling limited to 60 pages; the Government asked the Court to limit the DNA and Serology motion to 60 pages. [Doc. No. 423, pp. 3-4] The Government also asked the Court to require Defendant in future to obtain prior approval. [Doc. No. 423, pp. 2-4]

On April 26, 2012, the Court *nunc pro tunc* granted Defendant's motion for page extensions, allowing the requested page extensions for the two motions already filed. [Doc. 428] The Court also allowed the requested page extension to approximately 144 pages for the "DNA and Serology" motion. [Doc. No. 428]

On April 23, 2012, Defendant had filed a 25-page *Motion To Exclude Serology Evidence, and Request for Daubert Hearing*. [Doc. No. 424] Then on May 10, 2012, Defendant filed a 180-page *(Corrected) Supplemental Memorandum in Support of Motion To Exclude DNA Test Results and Request for Daubert Hearing*. [Doc. No. 442]

## DISCUSSION

The Government argues that the extension to 144 pages included Defendant's motions to exclude the serology and DNA evidence. The Government also states that counsel for the parties agreed between themselves that the 144-page limit included both motions. [Doc. No. 443, p. 2] Thus the Government argues that the 25 pages of Defendant's motion to exclude the serology

evidence should be subtracted from the 144 pages allowed, so that Defendant's motion to exclude the DNA evidence should not exceed about 120 pages.

The Court agrees that the reasonable interpretation of Defendant's page-extension motion and of the Court's Order is that Defendant requested and was allowed a total of 144 pages for the serology and DNA motion.  Defendant's 180-page motion on the DNA evidence therefore was about 60 pages over the extension granted by the Court.  Defendant violated the Court's Order.  In addition, Defendant does not dispute the Government's representation that the parties had discussed the extension and agreed that Defendant's DNA motion should be 120 pages, or less; thus Defendant apparently breached an agreement with the Government.  Defendant provides no reason for not contacting the Government again when Defendant realized his DNA motion was far longer than it should be.

Defendant's Response suggests that Defendant could have broken up ["Balkanized"] his motions directed against the DNA evidence into a succession of separate motions, one motion using up the 144-page limit extension permitted by the Court and a number of others—each of which would be allowed up to 27 pages under  D.N.M.LR-Cr.47.9. [Doc. No. 448, p. 2]  The page limits would become meaningless, however, if counsel could circumvent them simply by distributing separate but related contentions and challenges over a succession of motions.  In general, counsel should file closely related challenges in one motion (or one motion plus brief).  The Court agrees with the Government that Defendant still exceeded the page limit extension, even if arguments not related to *Daubert* were subtracted.

In his motion for a page extension, Defendant asserted that "counsel has drafted these motions as concisely as possible."  [Doc. No. 417, p. 3]  As the Court stated previously, the Court recognizes the nature and complexity of the case and will consider all "reasonable and

necessary" requests for page extensions.  [Doc. No. 428]  But the 180-page motion to exclude the DNA evidence was not concise; judicious editing and rewriting would have resulted in a far shorter motion.

In the Order allowing Defendant's requested page extensions, the Court stated that compliance with the rules on page limits would be required in all future pleadings.  [Doc. No. 428]  The Court also advised that leave of court must be sought in advance to assure sufficient time for the Court to thoroughly review the reasonableness of the request; the Court warned that nonconforming pleadings should be not filed without prior approval.  The Court is concerned that Defendant failed to follow these restrictions and will tolerate no future deviation from its orders.

## CONCLUSION

The Court strongly cautions Defendant to comply with page limits and time limits in future.  Nevertheless, the Court has accepted and fully reviewed Defendant's motion to exclude DNA evidence, despite Defendant's flouting of the Court's orders.

**IT IS THEREFORE ORDERED** that the Government's *Motion To Strike* [Doc. No. 443] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**