S!IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                     CR. No. 10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant McCluskey's Motion in Limine Renewing His Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses [Doc. 295], and Request for Expedited Jencks Act Disclosure* [Doc. 860]. For the reasons set forth below, the motion will be denied. However, Defendant's original motion to suppress statements of cooperating witnesses remains pending and will be ruled upon at trial.

## DISCUSSION

On January 31, 2012, McCluskey filed his *Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses* [Doc. 295]. In that motion, McCluskey argued that incriminating statements made by his co-defendants, Casslyn Welch and Tracy Province, were coerced through unlawful government conduct and therefore not admissible against him at trial. On July 19, 2012, the Court held an evidentiary hearing on the motion at which both Welch and Province were present and took the stand. *See* Transcript, Doc. 678. However, both Welch and Province asserted their Fifth Amendment privilege against self-incrimination at the hearing, thereby preventing McCluskey from eliciting testimony necessary to support his motion to suppress. After

consultation and with agreement of opposing counsel, the Government proposed that the motion be held in abeyance until after it had made its Jencks Act disclosure to McCluskey. Accordingly, in its Order filed July 31, 2012, Doc. 600, the Court stated: "In accordance with the agreement of the parties, the court will withhold ruling on the motion until trial, at which point Defendant is free to re-raise and/or supplement his motion. . . . The Court will rule at that time."

In the motion currently before the Court, McCluskey asks for the following relief: (1) an additional <u>pretrial</u> evidentiary hearing on his motion to suppress Welch and Province's statements, and (2) an order directing the Government to produce all of Welch's and Province's statements and debriefing in advance of the deadline previously set by the Court, which is 30 days prior to the commencement of trial.

First, the Court will deny McCluskey's request for a pretrial hearing on the motion to suppress. Testimony regarding the facts and circumstances surrounding Welch and Province's statements—evidence that bears directly upon the issue of coercion—will likely be presented to the jury. It would be duplicative for the Court to hear this evidence in both a pretrial hearing and again during the trial. Accordingly, the Court will hear evidence bearing on the issue of coercion at trial.[1] Then the Court will rule on the motion to suppress Welch and Province's statements. Only if the Court denies the motion to suppress will the jury then be permitted to hear the statements themselves. In this vein, the Court orders counsel for the parties to confer regarding the best and most efficient way to present the required evidence to the Court while minimizing the time spent by the jury outside of the courtroom.

---

[1] This procedure should also alleviate McCluskey's concern that the combination of a Jencks Act disclosure 30 days before trial and an pretrial hearing would not allow him sufficient time to investigate and brief the issues raised in the motion to suppress. *See* Doc. 933 at 2.

Second, the Court will deny McCluskey's motion for early Jencks Act disclosure. This issue has been previously litigated and decided. The Jencks Act requires that the prosecutor disclose any prior statement of a witness in the possession of the United States which relates to the subject testified to by the witness on direct examination. 18 U.S.C. § 3500. In a previously filed motion [Doc. 282], McCluskey requested disclosure of all Jencks Act material no fewer than 90 days before trial. In a Memorandum Opinion and Order entered May 11, 2012, the Court ordered the Government to make early disclosure of Jenks Act materials to McCluskey. Doc. 446 at 31. Specifically, it ordered the Government to disclose Jencks Act materials to the Court for *in camera* inspection no fewer than 90 days before trial[2], and to provide those materials to McCluskey no fewer than 30 days before trial. *Id.* However, the Court made an exception for any evidence that satisfied both *Brady v. Maryland*, 373 U.S. 83 (1963), and the Jencks Act, ordering that such information be disclosed in compliance with Brady. *Id.*

McCluskey's motion contains nothing—legal argument, change in circumstances, or new facts—which persuade the Court to alter its previous ruling. McCluskey does offer a novel argument in which he contends that when a defendant calls a cooperating co-defendant to testify at a suppression hearing, the disclosure requirements of Rule 26.2 should apply. The Court finds no merit in that argument. Rule 26.2, by its express terms, *see* Fed. R. Crim. Pro. 26.2(g), applies at suppression hearings. However, Rule 26.2(a) requires disclosure of a witness' statement only "on motion of a party who did not call the witness." That is not the case here, when it was McCluskey who called both Welch and Province to the stand at the hearing on the motion to suppress. McCluskey attempts to evade the express provisions of Rule 26.2(a) by arguing that cooperating co-

---

[2] The Government has met this obligation.

defendants such as Welch and Province should be considered "the functional equivalent of law enforcement officers," who are always considered government witnesses under Rule 12(h). McCluskey cites no authority for his proposed interpretation of the Rules, and the Court can find none. In addition, the Government argues that Rule 26.2(a) provides only for disclosure of witness statements that "relate[] to the subject matter of the witness's testimony" and points out that, beyond basic personal information, Welch and Province gave no testimony. Thus, there are no prior statements that "relate" to Welch and Province's limited testimony at the July 19, 2012 hearing. For all of these reasons, the Court concludes that it should not alter its previous ruling regarding Jencks Act disclosures.

In accordance with the foregoing,

**IT IS THEREFORE ORDERED** that *Defendant McCluskey's Motion in Limine Renewing His Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses [Doc. 295], and Request for Expedited Jencks Act Disclosure* [Doc. 860] is **DENIED**. McCluskey's original motion to suppress [Doc. 295] remains pending and will be resolved at trial in accordance with the procedures outlined herein.

_____
**UNITED STATES DISTRICT JUDGE**