IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on McCluskey's *Motion for Order Excluding Unnoticed Government Experts Who Testified at Daubert Hearings, or for Reconsideration of Part of Order Excluding Testimony of Defense Experts*. [Doc. No. 963] The Government filed a response opposing the motion [Doc. No. 986], and McCluskey filed a Reply [Doc. No. 1001]. The Court has reviewed these pleadings and the relevant law. The Court concludes that the motion should be denied as to the portion of the motion in which McCluskey requests exclusion of trial testimony by Aurelius and Potter on the ground that the Government failed to meet its Rule 16 disclosure obligations; however, under the particular circumstances of this case, the Court will grant the portion of the motion in which McCluskey asks the Court to reconsider its order excluding trial testimony by Krane. The Court will allow trial testimony by Aurelius, Potter, and Krane.

## BACKGROUND

Scheduling orders by the Court set January 20, 2012, as the deadline for the Government to complete all summaries and provide reports on all experts, with foundational data to be

disclosed by February 17, 2012.  [Doc. No. 220, filed Sept. 9, 2011]  On January 20, 2012, the Government filed a list of experts with sketchy summaries.  [Doc. No. 261]  On March 30, 2012 (without extension or asking permission), the Government filed a "Supplemental Notice of Intent To Offer Expert Testimony" with fuller summaries.  [Doc. No. 386]

The Court's scheduling orders set April 23, 2012, as the deadline for McCluskey to complete all summaries and provide all reports on non-mental health experts, with foundational data to be disclosed by May 21, 2012.  [Doc. No. 220, filed Sept. 9, 2011; Doc. No. 385, filed March 30, 2012]  On April 23, 2012, McCluskey sent a letter advising the Government of his witnesses, listing Dan Krane as a potential expert witness.  [Doc. No. 963-1]  This letter states that Krane's CV and Krane's declaration in another case, *Davis*, were provided to the Government; McCluskey indicated that any testimony by Krane would be "along the same lines as in *Davis*."  [Doc. No. 963-1, p. 2]

## DISCUSSION

Contending that the Government provided untimely and insufficient discovery on expert witnesses, McCluskey asks the Court to exclude five Government experts:  John Murdock, Melissa R. Gische, William Watson, Michelle Aurelius, and Wendy Potter.  In the alternative, Defendant moves for reconsideration of the Court's Memorandum Opinion and Order excluding trial testimony from Dan Krane on the ground of discovery violations.  [Doc. No. 955, filed May 2, 2013]

The Government responds that it does not intend to call Murdock, Gische, or Watson at trial in its case-in-chief, reserving the right to call them in rebuttal.  [Doc. No. 986, p. 10]  The Government otherwise opposes McCluskey's motion.

Rule 16(a)(1)(G) requires the Government to disclose expert witness testimony that the Government intends to use "during its case-in-chief at trial." The explicit language of Rule 16 shows that this discovery requirement does not apply to rebuttal experts. *United States v. Beilharz*, 378 Fed. Appx. 363, 365 (4th Cir. 2010) (unpublished); *see United States v. Windham*, 489 F.2d 1389, 1392 (5th Cir. 1974) (stating that "[r]ebuttal witnesses are a recognized exception to all witness disclosure requirements"). The Government was not required to provide discovery on Murdock, Gische, or Watson in order to call them as rebuttal experts.

The Court concludes that the only issues presented for its decision are: (I) Exclusion of trial testimony by Government expert witnesses, Aurelius and Potter; and (II) Exclusion of trial testimony by McCluskey's expert witness, Krane.

**Issue I:  Exclusion of Trial Testimony by Government Expert Witnesses, Aurelius and Potter**

Under Rule 16(a)(1)(G), the Government was required to disclose expert evidence to be presented during its case-in-chief at trial under Rules 702, 703, or 705. In civil cases, Rule 26 requires a "written report" containing "a complete statement of all opinions the witness will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B)(i). The requirements in criminal cases are more limited; Rule 16 requires only "a written summary" including "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Fed. R. Crim. P. 16(a)(1)(G). Rule 16 disclosure is designed to give the opposing party notice, permitting preparation for cross-examination and presentation of opposing experts. *See* Fed. R. Crim. P. 16 advisory committee's notes to 1993 amendment. Detailed, extensive discussion is not required in the Rule 16 summary: "Although the summary required by Rule 16 provides the defense with some notice, the requirement of setting forth 'the bases and reasons for' the

witnesses' opinions does not track the methodological factors set forth by the Daubert Court." Margaret A. Berger, *Procedural Paradigms for Applying the Daubert Test*, 78 Minn. L. Rev. 1345, 1360 (1994); *see United States v. Nacchio*, 555 F.3d 1234, 1263-64 (10th Cir. 2009) (McConnell, J., dissenting) (Rule 16 disclosure not required to establish reliability under *Daubert*); *id.* at 1246 n.13 (majority recognizing same point).

The Tenth Circuit clarified the level of information and detail necessary to meet the requirements of Rule 16 in *United States v. Brown*, 592 F.3d 1088, 1089 n.2 (10th Cir. 2009). In *Brown*, the government provided a fingerprint examiner's CV and report; the summary of testimony stated that the expert "will testify that she compared the defendant's known fingerprints found on fingerprints [sic] cards with a latent fingerprint found" on a job application, and "will testify the latent fingerprint on the job application is the defendant's fingerprint." *Brown*, 592 F.3d at 1089 n.2. At trial, the expert testified that she found fourteen identical points of comparison between the defendant's known print and the latent print found at the crime scene. *Id.* at 1089. The Tenth Circuit "was unpersuaded by Brown's argument that because the summary failed to mention fourteen identical points of comparison or specifically describe the expert's methodology, the summary was deficient." *Id.* at 1091. A sufficient statement of the expert's opinion and anticipated testimony was that "the fingerprint found at the scene of the crime matched Brown's." *Id.* at 1091.

On January 20, 2012, the Government filed a list of experts with sketchy summaries for Aurelius and Potter:

> Dr. Michelle Aurelius, Medical Investigator, Office of the Medical Investigator. Testimony will include discussion of the autopsy and results found therein, including the manner and cause of death.

4

>Wendy Potter, Ph.D., Center for Human Identification, Laboratory of Forensic Anthropology. Testimony will include discussion as to the condition of the skeletal remains collected including any biological profile and any indication of trauma or unique identifiers.

[Doc. No. 261, pp. 1-2]  On March 30, 2012 (without extension or asking permission), the Government filed a "Supplemental Notice of Intent To Offer Expert Testimony" with fuller summaries for Aurelius and Potter. [Doc. No. 386, pp. 2-4]

The Court has already concluded that the Government's supplemental notice, together with provision of Aurelius's reports, was more than sufficient to satisfy Rule 16. [Doc. No. 1051, pp. 7-9, filed June 21, 2013]  Although the March 30, 2012 supplemental notice was provided after the January 20, 2012 deadline, the Court concluded that the extreme sanction of exclusion of Aurelius's testimony was not warranted.  The purposes of Rule 16 were not frustrated, particularly since McCluskey had the opportunity to cross-examine Aurelius at the May 6-7, 2013 *Daubert* hearing. [Doc. No. 1051, pp. 8-9]

Similarly, the Court concludes that the Government has satisfied its discovery obligations with respect to Potter.  The Government provided the following summary of Potter's testimony:

>The United States expects to call Office of the Medical Investigator, Forensic Anthropologist Wendy Potter, Ph.D., formerly with the Center for Human Identification, Laboratory of Forensic Anthropology, to testify consistent with her report regarding the identification of cremains. (A copy of Dr. Potter's report has been disclosed to Defendant on February 24, 2011 (bates range 2877-3002).)  Dr. Potter is expected to testify about her nearly five years working at the Office of the Medical Investigator in forensic anthropology, and her approximately 200 cases she has worked on overall, including the West Mesa case in Albuquerque.  Dr. Potter is expected to testify that in this case she was able to determine the minimum number of persons represented in the cremains was two based upon her review of the bones recovered.  She is also expected to testify about the extensive thermal damage observed, unique identifiers she observed, as well as no definitive evidence of ballistic trauma observed.  Her testimony will include her expert opinion and specialized knowledge in forensic anthropology, derived from her education, training, and professional experience.

[Doc. No. 386, p. 4, filed March 30, 2012]  This notice—together with provision of Potter's report on February 24, 2011—was sufficient to comply with the Government's discovery obligation under Rule 16.  As the Court previously concluded with respect to Aurelius, even though this notice was provided about forty days after the January 20, 2012 deadline, the extreme sanction of exclusion requested by McCluskey is not warranted.

The Court is required to impose the least severe sanction that would fulfill the purposes of Rule 16.  *Brown*, 592 F.3d at 1090.  Exclusion of expert evidence "is almost never imposed in the absence of a constitutional violation or statutory authority for such exclusion."  *United States v. Charley*, 189 F.3d 1252, 1262 (10th Cir. 1999).  The purposes of Rule 16 include minimizing surprise from unexpected expert testimony and allowing a party to prepare for cross-examination and presentation of opposing experts.  Fed. R. Crim. P. 16 advisory committee's note to 1993 amendment.  McCluskey has not demonstrated prejudice from the slightly late notice.  *See United States v. Kenyon*, 481 F.3d 1054, 1062 (8th Cir. 2007) (party has burden of demonstrating prejudice); *United States v. Apperson*, 441 F.3d 1162, 1204 (10th Cir. 2006) (summary assertion of prejudice not sufficient; case concerns denial of motion to continue).  In addition, McCluskey had the opportunity at the May 2013 *Daubert* hearing to hear Potter's testimony and to cross-examine her.  The Court concludes that the purposes of Rule 16 have not been frustrated.  *See United States v. Thornton*, 642 F.3d 599, 606 (7th Cir. 2011); *United States v. Stevens*, 380 F.3d 1021, 1026 (7th Cir. 2004).  In addition, the Court does not find any indication that the Government has acted in bath faith.  The Court concludes that the extreme sanction of exclusion is not justified.

The Court will deny McCluskey's motion to exclude trial testimony by Aurelius and Potter in the Government's case-in-chief.

**II. Exclusion of Trial Testimony by McCluskey's Expert Witness, Krane**

On the basis of discovery violations, the Court previously granted the Government's motion to exclude McCluskey's expert witnesses, Johnson, Krane, and Ernest. [Doc. 955, filed May 2, 2013] On April 23, 2012, McCluskey sent a letter to the Government disclosing Krane as a potential expert witness:

> Dr. Dan Krane, Forensic DNA Expert. Dr. Krane's CV is being sent to you today electronically. We have not yet retained him, but depending upon what you or your DNA expert has to say in response to our *Daubert* motion on this topic, or at trial, we may call him at the *Daubert* hearing or at trial on issues such as laboratory procedure, blood testing, quantitation, low copy DNA testing, statistical issues such as lab error rates and the product rule, and the proper interpretation of DNA mixtures. I am also providing you his declaration in *USA v. Davis* (D.MD) and indicating at this time that any testimony by him will be along the same lines as in *Davis*.

[Doc. No. 963-1, p. 2] Although this notice was timely under the Court's scheduling order, the notice merely advised that Krane was a potential witness; the notice states that Krane has not even been retained yet. Receiving no further discovery from McCluskey on this expert, the Government moved to exclude testimony from Johnson, Krane, and Ernest. [Doc. No. 540, filed June 15, 2012]

In response to the Government's motion to exclude Johnson, Krane, and Ernest, McCluskey said he needed "additional time to retain and provide the expert witness summaries for these particular witnesses." [Doc. No. 585, p. 2, filed July 24, 2012] McCluskey asked the Court to adopt the alternative sanction proposed by the Government—an order compelling McCluskey to provide the missing discovery.

The Court's Memorandum Opinion and Order [Doc. 955] ruled that McCluskey had violated his discovery obligations, and excluded Johnson, Krane, and Ernest. The Court was concerned that Krane's declaration from another case did not sufficiently apprise the

Government of Krane's testimony and opinions with regard to the DNA evidence in McCluskey's case. The Court observed that McCluskey had not requested an additional extension of time, and had not provided further discovery; McCluskey's mere assertion in his response that he was "behind schedule" and needed additional time does not constitute a proper motion for extension of time. Most important, the Government had apparently not been told that McCluskey had indeed retained Krane.

The situation has now changed. Krane testified at the May 2013 evidentiary hearing. The Government has had the opportunity to hear Krane's testimony, and to conduct a limited cross examination of him. McCluskey acted promptly after that hearing, requesting—just three days after the hearing—that the Court reconsider its exclusion order and arguing that exclusion was not warranted in view of the Government's having had sufficient opportunity to prepare to meet Krane's testimony.

The Court does not condone McCluskey's failure to provide discovery in accordance with the Court's scheduling order, his failure to file a motion for an extension of time to provide that discovery, or his failure to remedy his lack of compliance for so many months. Under the particular circumstances of this case, however, the Court is forced to now conclude that the purposes of Rule 16 have not been frustrated; the Government has been advised of Krane's opinions and has even had the opportunity to observe Krane testify and to cross-examine him. The Court concludes that there is neither unfair surprise nor lack of sufficient opportunity to prepare for cross-examination of Krane at trial. The Court does not find any indication that McCluskey has acted in bad faith.

The Court is bound by the requirement to impose the least severe sanction that would fulfill the purposes of Rule 16. *See Brown*, 592 F.3d at 1090. Exclusion of expert testimony is

an extreme sanction, justified only when the purposes of Rule 16 have been frustrated. *See Thornton*, 642 F.3d at 606; *Stevens*, 380 F.3d at 1026. The Court is therefore compelled, under the particular circumstances presented at this time, to reconsider its earlier order excluding trial testimony by Krane. The Court will allow McCluskey's expert, Dan Krane, to testify at trial.

**IT IS THEREFORE ORDERED** that McCluskey's *Motion for Order Excluding Unnoticed Government Experts Who Testified at Daubert Hearings, or for Reconsideration of Part of Order Excluding Testimony of Defense Experts* [Doc. No. 963] is **DENIED** with regard to McCluskey's request for an order excluding testimony from Aurelius and Potter in the Government's case-in-chief, but **GRANTED** with regard to McCluskey's alternative request that the Court allow trial testimony by Krane.

_____
**UNITED STATES DISTRICT JUDGE**