IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                     **CR. No.  10-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Government's *Motion to Compel Completion of Defendant's Rule 12.2 Notice* [Doc. 957].  The Court has reviewed the Defendant's response brief [Doc. 965] and the relevant law.  The Government filed no reply brief.

In the motion before the Court, the Government asks the Court to order Defendant John Charles McCluskey ("McCluskey") to supplement the Rule 12.2 notice that he filed on March 4, 2013.  *See* Doc. 835.  In his notice, McCluskey stated that he intended to introduce expert evidence from a forensic neuropsychologist, Dr. Deborah Miora.  The notice set forth Dr. Miora's qualifications , as well as a summary of the topics she would address in her testimony.  At the end of the notice, McCluskey states: "Dr. Miora has recommended, but the defense has not yet completed, neuroimaging testing, including Magnetic Resonance Imaging (MRI), Positron Emission Topography (PET), and/or Diffusion Tensor Imaging (DTI)." Doc. 835 at 4.  The Government now argues that the Rule 12.2 notice is incomplete, as it leaves open the questions of whether the MRI, PET, and/or DTI testing was actually performed and, if so, whether Dr. Miora or any other expert will testify regarding those results.  *See* Doc. 957 at 3.

In his May 14, 2013 response brief, Doc. 965, McCluskey states that "the defense timely followed up on Dr. Miora's recommendation for further testing and a request for funding of such testing is still pending [*See* Doc. 954]."  Doc. 965 at 3.  According to the Court's docket, McCluskey's request for funding was granted on May 28, 2013, two weeks after McCluskey filed his response brief.[1]  McCluskey further states in his response that "when and if the testing results are such that the defense decides to use those results, the defense will promptly file an amended notice containing 'the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed.'"  Doc. 965 at 3.  The balance of McCluskey's response contains argument as to when it should be compelled to supplement its Rule 12.2 notice and how much detailed information the notice must contain.  The Government did not file a reply brief addressing these arguments.

The Court's *Order Regarding Mental Health Evidence* [Doc. 219], entered September 9, 2011, provides that McCluskey's Rule 12.2 notice must "include the name and professional qualifications of any mental health professional who will testify as an expert and a brief, general summary of the topics to be addressed that is sufficient to permit the Government to determine the area in which its expert must be versed."  That Order is still in effect and has not been superseded by any other order of this Court.  Accordingly, any supplemental Rule 12.2 disclosure filed by McCluskey must satisfy this standard; to the extent that the Government is requesting additional information, the motion is denied.  Furthermore, if McCluskey intends to offer expert testimony regarding the PET, MRI and/or DTI testing recommended by Dr. Miora, it must supplement its Rule 12.2 notice no later than **July 8, 2013.**

---

[1] Given this timing of events, the Government's request that McCluskey supplement his Rule 12.2 disclosure no later than May 31, 2013 was not feasible.

**IT IS THEREFORE ORDERED** that the Government's *Motion to Compel Completion of Defendant's Rule 12.2 Notice* [Doc. 957] is **GRANTED IN PART** and **DENIED IN PART** as further explained herein.

_____
**UNITED STATES DISTRICT JUDGE**