IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

**Plaintiff,**

vs.   CR. No. 10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

**Defendant.**

## MEMORANDUM OPINION ORDER

This matter is before the Court on *Defendant McCluskey's Motion in Limine to Preclude the Government from Using Noticed or Unnoticed 404(b) Evidence in Its Case-In-Chief, Impeachment, or Rebuttal* [Doc. 858]. In his motion, McCluskey asks the Court to preclude the Government from using either noticed or unnoticed Rule 404(b) evidence in its case-in-chief, or for impeachment purposes, or as rebuttal evidence. McCluskey argues that the Government's Rule 404(b) notice, served upon him on December 12, 2012—or 90 days prior to the original trial setting of March 11, 2013—is insufficient because it merely lists "broad and vague categories" of evidence. McCluskey contends that the lack of specificity in the notice does nothing to reduce unfair surprise at trial or to promote early resolution on the issue of the admissibility of the evidence. McCluskey further argues that to the extent the Court finds the Government's notice adequate, it should exclude the evidence because it is either irrelevant, extrinsic to the charged crimes, not offered for a permissible purpose under the rule, or should be excluded under Rule 403.

The Government first contends that McCluskey's motion is premature, citing a prior order in which the Court required the Government to provide notice of Rule 404(b) evidence no fewer

than 90 days before trial.  *See* Doc. 466 at 24, 32.  The Government acknowledges that the 90-day deadline was April 22, 2013. As that date has now passed, it appears that this argument is now moot and the motion is not premature.  Second, the Government argues that wholesale exclusion of any evidence offered under Rule 404(b) is an improper sanction for the wrong that McCluskey is asserting, which the Government characterizes as merely a claim of inadequate notice.  Third, the Government contends that its Rule 404(b) notice is adequate, in that it provides reasonable notice of the general nature of the evidence.  Fourth, the Government has provided additional, supplemental notice of Rule 404(b) notice in its response brief.

For the reasons more fully set forth below, the Court concludes that the motion should be granted in part and denied in part.

## DISCUSSION

Rule 404(b) prohibits the introduction of evidence of a person's prior crime, wrong, or other act to prove that person's character, in order to show that the person acted in accordance with his character on a particular occasion. Fed. R. Evid. 404(b).  In other words, the government may introduce evidence of a defendant's prior wrongs only "if it is relevant to something material other than criminal propensity."  *United States v. Shepherd*, 739 F.2d 510, 512 (10th Cir. 1984).  Rule 404(b) does permit the introduction of such evidence for other purposes, such as to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Rule 404(b)(2).  In a criminal case, the Government must "provide reasonable notice of the general nature of any such evidence that the prosecutor intends to offer at trial."  Rule 404(b)(2)(A).

As both parties agree, the Court ordered the Government to provide the Defendant with notice of any 404(b) evidence it intends to introduce at trial at least ninety (90) days prior to

commencement of trial. *See Memorandum Opinion and Order*, Doc. 446, at 24. On December 12, 2012, the Government provided notice to McCluskey that it intends to offer during its case-in-chief during the trial phase (either as intrinsic evidence of the crimes charged, or as extrinsic evidence under Rule 404(b) ), the following evidence:

> 1.  Evidence of Defendant's importation and distribution of controlled substances into the Arizona Department of Corrections in 2009-2010, including his conspiring to do so with Casslyn Welch and others outside of prison, as well as Tracy Province and others inside of prison;
>
> 2.  Evidence of the June 19, 2010 interception of controlled substances in the possession of Casslyn Welch (and her subsequent apprehension) at the Kingman prison;
>
> 3.  The aftermath of Welch's apprehension, including telephone calls between Defendant and Welch, Defendant's reclassification to administrative segregation, and Welch's debarment from visiting him;
>
> 4.  Evidence of the planning of the escape, including all pertinent telephone calls and prior preparations;
>
> 5.  All activities of the three co-defendants from the time of their escape until the date and time of their capture.

Doc. 916-1 at 1. This disclosure took place approximately 90 days prior to the original March 11, 2013, trial date. Subsequently, in January of 2013, the Court reset the trial to begin on July 22, 2013. In its response brief, filed on April 18, 2013, the Government included an "additional notice" of Rule 404(b) evidence. *See* Doc. 916 at 5-8. This notice adds significantly more detail than the original notice, and it adds an additional event—an alleged throat-slashing assault by McCluskey on fellow inmate Stevenson Williams—that was not included in the first notice:

> 6.  Defendant's throat-slashing assault on another inmate while both were incarcerated at the Kingman prison. The United States has provided thorough notice of its evidence of that assault in (a) its electronic mail to defense counsel dated December 19, 2012; (b) its letter to defense cousnel accompanying its March 25, 2013 disclosures, as well as (c) its Response in Opposition to the Motion in Limine

>    for Taint Hearing (Doc. 861). In the March 25th letter, the United States specifically referred counsel to calls made by Defendant on 4/20/2010 at 18:25:42, 04/21/10 at 10:00:32 and at 18:21:27, 04/22/10 at 11:08:58, 4/25/10 at 18:47:02, 4/26/10 at 10:17:27, 4/27/10 at 16:48:31, and 4/28/10 at 14:14:46.

Doc. 916 at 8.

## I.   TIMELINESS OF THE GOVERNMENT'S NOTICE

McCluskey contends that the Government's Rule 404(b) notice is untimely. The Court disagrees. The Court's order provided that the Government must make its disclosure no fewer than 90 days prior to the commencement of trial. To that end, the December 12, 2012 disclosure was timely with regard to the then-prevailing March 11, 2013 trial setting. Furthermore, when the trial date was moved to July 22, 2013, that in turn extended the time for additional Rule 404(b) disclosures until approximately April 22, 2013. As a result, the Government's April 18, 2013 supplemental disclosure was also timely.

There is no unfairness in this result. Rule 404(b)(2)(A) requires the Government to provide the defendant with "reasonable notice" of its evidence of his crimes, wrongs, or other acts. Defendant's receipt of that notice at least 90 days prior to trial is reasonable, regardless of whether there have been prior disclosures as a result of earlier trial settings. The supplemental disclosure provides McCluskey with adequate opportunity to prepare for trial.

## II.   SUFFICIENCY OF DETAIL IN THE GOVERNMENT'S NOTICE

McCluskey argues that the Government's notice is too vague and therefore fails to adequately inform him of the type of evidence the Government intends to offer against him. McCluskey's argument is without merit. In a criminal case, Rule 404(b)(2)(A) requires the prosecution to "provide reasonable notice of the *general nature* of any such evidence that the

prosecutor intends to introduce at trial." Fed. R. Evid. 404(b)(2)(A) (emphasis added).

In *United States v. Russell*, 109 F.3d 1503, 1507 (10th Cir. 1997), the government informed the defendant only that it might offer "prior and subsequent conduct involving the distribution of controlled substances." The Tenth Circuit concluded that this notice was adequate under Rule 404(b). The *Russell* court reasoned that "while the government might have provided some additional detail of the many drug-related episodes it adduced, this statement describes the 'general nature' of the evidence the government did use against [the defendant]." *Id*.

There have been similar rulings from other Circuit Courts of Appeals. For example, the Seventh Circuit emphasized that the rule requires only "general" information on the evidence the government intends to introduce, and that "courts have not been stringent in this regard." *United States v. Blount*, 502 F.3d 674, 678 (7th Cir. 2007). In *United States v. Erickson*, 75 F.3d 470 (9th Cir. 1996), the Ninth Circuit rejected a defendant's claim that he had insufficient notice of testimony about defendant's past medical fraud because the government had provided defendant with the witness's statements" and defendants thus "had pretrial notice of [the] potential testimony, though they did not know specifically what testimony the government planned to use." *Id*. at 478.

The two notices supplied by the Government to McCluskey more than satisfy this standard. The second notice [Doc. 916], in particular, provides McCluskey with a more than adequate level of detail regarding the Rule 404(b) evidence that the Government contends to offer against him.

### III.    APPLICATION OF RULE 404(b)

It is not enough for the Government to simply identify the general nature of the Rule 404(b) evidence that it intends to offer against McCluskey. Rather, the Tenth Circuit has held that a party offering evidence under Fed. R. Evid. 404(b) has the responsibility to "precisely articulate the

5

purpose" for which the evidence is to be admitted. *See United States v. Birch*, 39 F.3d 1089, 1093 (10th Cir. 1994); *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985). A broad statement invoking rule 404(b) is not enough. *See United States v. Youts*, 229 F.3d 1312, 1317 (10th Cir. 2000). The district court must make a threshold determination that the offered evidence is "'probative of a material issue other than character' " before admitting evidence under Rule 404(b). *United States v. Martinez*, 890 F.2d 1088, 1093 (10th Cir. 1989) (quoting *Huddleston v. United States*, 485 U.S. 681, 686 (1988)). In order to aid the district court's determination of whether evidence is offered to prove an issue other than character, the government must precisely articulate the purpose of the proffered evidence. *United States v. Kendall*, 766 F.2d 1426, 1436 (10th Cir. 1985); *see also United States v. Porter*, 881 F.2d 878, 884 (10th Cir. 1989). *Kendall* further requires the trial court to "specifically identify the purpose for which such evidence is offered," noting that "a broad statement merely invoking or restating Rule 404(b) will not suffice." *Kendall*, 766 F.2d at 1436.

In its response to the motion, the Government inexplicably announces that McCluskey's motion "concerns only the adequacy of the United States' notice." Doc. 916 at 2. The Court disagrees with the Government's characterization of McCluskey's motion, noting that in his brief McCluskey argues that the Government must articulate the precise purpose for which it is offering the Rule 404(b) evidence, and that it is not enough for the Government to simply argue that the evidence is inextricably intertwined with, or intrinsic to, the underlying crimes. *See* Doc. 858 at 12-18. He concludes with an argument that the evidence should be excluded under Rule 403. *See id.* at 20. The Government largely ignores these arguments, which is confusing given the fact that as the proponent of the evidence, the Government has the burden to meet an *in limine* Rule 404(b) challenge by demonstrating that the evidence is either intrinsic to the underlying crime or, if

extrinsic, that it is offered for one of the permissible purposes enumerated in the rule—a burden that the Government expressly recognizes. *See* Government's response, Doc. 916 at 5 (acknowledging that the Government must identify the purposes for which Rule 404(b) evidence is offered). The Government cites *United States v. Davis*, No. 3:11-CR-0142, 2012 WL 928344 at *3 (E.D. Tenn. Mar. 19, 2012), in which the court stated that the Government's response to a motion in limine under Rule 404(b) "will inform the Defendant of the theory or element which the Government believes provides the basis for the evidence's admissibility under Rule 404(b)." *See also* Doc. 916 at 5; Doc. 927 at 1-2. Unfortunately for the Government, it then contradicts the authority it cites by asserting, without supporting authority, that it need not identify the purposes for which it offers the evidence until trial. Doc. 916 at 5.

On the record before the Court, the Government has failed to meet its burden as the proponent of evidence to respond to a motion in limine under Rule 404(b) with an explanation of the purposes for which it is offering the evidence. As a result, McCluskey's motion in limine will be granted in part, but only to that evidence that is extrinsic to the crimes charged in the Third Superceding Indictment as more fully explained below.

Rule 404(b) "only applies to evidence of acts extrinsic to the charged crime." *United States v. Irving*, 665 F.3d 1184,1212 (10th Cir. 2011) (citations omitted). "If the contested evidence is intrinsic to the charged crime, then Rule 404(b) is not even applicable." *Id*. "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F.2d 1006,1007 (10th Cir. 1993). The Tenth Circuit has explained:

> Generally speaking, intrinsic evidence is that which is directly connected to the

> factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and in not intimately connected or blended with the factual circumstances of the charged offense.

*United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citation omitted). When found to be intrinsic, the other act evidence is not subject to analysis under Rule 404(b). *Irving*, 665 F.3d at 1212. Here, the Court has already concluded that evidence of McCluskey's escape from prison and resulting flight is intrinsic to the crimes charged in the indictment. *See Memorandum Opinion and Order*, Doc. 452 at 4-7. The Court reaffirms that ruling and, as a result, concludes that this intrinsic evidence does not fall under the provisions of Rule 404(b). However, McCluskey argues that the other evidence identified by the Government, particularly evidence of the activities of the three co-defendants before and at the time of their escape until their capture, is extrinsic to the crimes charged. Doc. 858 at 15-20; Doc. 926 at 11. The Government does not respond to this argument with any specificity; instead, it asserts in conclusory fashion that the evidence is "inextricably intertwined" with the charged crimes. *See, e.g.*, Doc. 916 at 2, and 8 n.3.

Once again, the Government leaves the Court with insufficient information and argument in order to rule upon an issue regarding which the Government bears the burden.[1] It is not enough for the Government merely to assert that the evidence is intrinsic, but rather it must explain why that is so. As a result of the Government's failure to meet its burden, the Court is forced to conclude that the evidence of: McCluskey's importation and distribution of drugs into the Arizona prison system in 2009-2010; the July 19, 2010 interception of Welch while she was attempting to bring drugs into

---

[1] In a similar fashion, the Government did not meet its burden to demonstrate the admissibility of certain evidence challenged by McCluskey on *Daubert* grounds. *See, e.g.*, Doc. Nos. 827 and 994.

the Kingman prison; the aftermath of Welch's June 19, 2010 apprehension; the planning of the co-defendants' escape from Kingman prison; and McCluskey's April 2010 assault on a fellow inmate in Kingman prison (categories 1, 2, 3, 4, and 6 in the Government's supplemental notice, Doc. 916) is extrinsic and comes within the ambit of Rule 404(b). In light of the Government's failure to show why the evidence is admissible under that Rule, McCluskey's motion in limine will be granted as to these categories of Rule 404(b) evidence.

## IV.  EXCLUSION UNDER RULE 403

Finally, even evidence found to be intrinsic to the charged offense may be excluded under Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403.  *See also United States v. Lambert*, 995 F.2d 1006, 1007–08 (10th Cir. 1993).  Rule 403 of the Federal Rules of Evidence provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The Tenth Circuit has interpreted "unfair prejudice" to mean an undue tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.  *United States v. Tan*, 254 F.3d 1204, 1211 (10th Cir. 2001).

McCluskey argues that even if found to be intrinsic, the evidence identified by the Government should be excluded under Rule 403 as more prejudicial than probative, because it tends to "make a conviction more likely because it provokes an emotional response in the jury or otherwise tends to affect adversely the jury's attitude toward the defendant wholly apart from its judgment as to his guilt or innocence of the crime charged."  Doc. 858 at 17-18 (quoting *United*

9

*States v. Portillo-Quezada*, 469 F.3d 1345, 1354 (10th Cir. 2006)).

Based on the record currently before it, the Court finds that the probative value of the intrinsic evidence is not substantially outweighed by any prejudicial effect. *See* Fed. R. Evid. 403. This determination is made, however, with the express recognition that Rule 403 is rarely an appropriate basis for pretrial exclusion, because the Rule requires a fact-bound determination and, as here, the Court currently has very little information about the evidence that will be offered. *See United States v. McVeigh*, 153 F.3d 1166, 1200 n.24 (10th Cir. 1998), *disapproved of on other grounds and limited by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999). Furthermore, the Court reminds the Government that evidence may be excluded under Rule 403 if it results in undue delay, wasting time, or needlessly presenting cumulative evidence; thus, the Government should give careful thought to the amount of time its intends to spend presenting this evidence to the jury.

**IT IS THEREFORE ORDERED** that *Defendant McCluskey's Motion in Limine to Preclude the Government from Using Noticed or Unnoticed 404(b) Evidence in Its Case-In-Chief, Impeachment, or Rebuttal* [Doc. 858] is **DENIED IN PART**. Specifically, the Court concludes that evidence of the co-defendants' actual escape from prison and resulting flight, including all of their activities up to and including the murder of the Haases, is intrinsic to the crimes charged and therefore should not be excluded under Rule 404(b). The motion is **GRANTED IN PART** as to the other acts enumerated in the Government's notice, Doc. 916 at 6-8.

_____
**UNITED STATES DISTRICT JUDGE**