IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>**JOHN CHARLES McCLUSKEY,** )<br> )<br>    Defendant. )<br> ) | NO. CR 10-2734 JCH |

**THE UNITED STATES OF AMERICA'S PROPOSED VOIR DIRE**

The United States respectfully requests, pursuant to Rule 24(a) of the Federal Rules of Criminal Procedure, that the Court include the following questions in its examination of prospective jurors. The Court is requested to allow counsel for the United States to pursue more detailed questioning if further inquiry is appropriate and, if desirable, to conclude with an inquiry as to whether the particular fact or circumstance would influence a juror in favor or against either the United States or the defendant. The Court is requested to invite jurors to approach the bench to respond outside the hearing of the rest of the panel if the prospective juror so desires.

**A.    The Charge.**

1.    This is a criminal case. The defendant has been charged in a Third Superseding Indictment with the capital offense of Carjacking Resulting in Death, Conspiracy to Commit Carjacking, Tampering with Witnesses by Killing, Robbery Affecting Interstate Commerce, Conspiracy to commit Robbery Affecting Interstate Commerce, Using a Firearm to Commit Murder During and in Relation to Crimes of Violence, Felon in Possession of Firearms, and Fugitive in Possession of Firearms.

2.      The Third Superseding Indictment is not evidence itself. It simply contains the charge that the United States is required to prove to the satisfaction of the trial jury beyond a reasonable doubt. I would like to summarize the charges in this case in order to determine whether there is anything about the nature of this case that may make it difficult or inappropriate for any of you to serve on the jury.

3.      The Third Superseding Indictment charges that Beginning on or about August 4, 2010, in Quay, Guadalupe, and Bernalillo Counties in the State and District of New Mexico, in Count 1 that the defendant, **JOHN CHARLES McCLUSKEY**, and others, did knowingly, unlawfully and intentionally combine, conspire, confederate, and agree to carjack Gary Haas and Linda Haas, and in furtherance of committed several overt acts including agreeing to take a 2006 Chevrolet pickup and 30-foot camper trailer from the Haases at a rest stop, by approaching them at the pickup and forcing Linda Haas to get into the vehicle, by forcing Gary Haas at gunpoint to drive the pickup and trailer away from the rest stop, by ordering Gary Haas and Linda Haas out of the pickup at gunpoint and thereafter shot and killed them, and then drove away in the Haases' pickup. In violation of 18 U.S.C. § 371.

Counts 2 and 3 charge that the defendant, and others, with the intent to cause death and serious bodily harm, did take the Haases' 2006 Chevrolet pickup truck, Vehicle Identification Number 1GCHK23D36F235389, which had been transported, shipped and received in interstate commerce, from the persons and presence of Gary Haas and Linda Haas by force and violence, and by intimidation, resulting in the deaths of Gary Haas and Linda Haas. In violation of 18 U.S.C. §§ 2119 and 2.

Count 5 charges that the defendant did unlawfully and with malice aforethought kill Gary Haas and Linda Haas with the intent to prevent the communication to any law enforcement officer

of the United States of information relating to the commission of Federal offenses, that being Conspiracy to Commit Carjacking, Carjacking, Conspiracy to Interfere with Commerce, and Interference with Commerce in Counts 1, 2, 3, 6, 7, and 8, and such killing was willful, deliberate, malicious, and premeditated.  In violation of 18 U.S.C. §§ 1512(a)(1)(C) and 2.

Count 6 charges that the defendant, and others, did unlawfully combine, conspire, confederate, and agree to obstruct, delay and affect commerce, and the movement of articles and commodities in such commerce, by robbery, in that defendant did unlawfully conspire and agree to rob and take and obtain personal property of , and from, Gary Haas and Linda Haas, individuals engaged in interstate commerce, a 2006 Chevrolet pickup truck, as previously described, a camper trailer, Vehicle Identification Number 4YDT2752132034867 a sum of United States currency, a Glock, Model 36, .45 caliber semi-automatic handgun, serial number DVU736US, a Glock, model 17, 9mm semi-automatic handgun, serial number AK548US, and a Rossi .38 caliber handgun, serial number W243613, against the will of Gary Haas and Linda Haas, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person.  In violation of 18 U.S.C. § 1951(a).

Counts 7 and 8 charge that  defendant did unlawfully obstruct, delay and affect commerce, and the movement of articles and commodities in such commerce, by robbery, by unlawfully taking and obtaining personal property from the presence of Gary Haas and Linda Haas, individuals engaged in interstate commerce, namely a 2006 Chevrolet pickup truck, and a camper trailer, as previously described, a sum of United States currency, a Glock, Model 36, .45 caliber semi-automatic handgun, serial number DVU736US, a Glock, Model 17, 9mm semi-automatic handgun, serial number AK548US a Rossi .38 caliber handgun, Serial number W243613, against the will of

Gary Haas and Linda Haas, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their person. In violation of 18 U.S.C. § 1951(a).

Counts 9 - 18 charge that the defendant did knowingly use and carry a firearm during and in relation to a crimes of violence for which the defendant may be prosecuted in a court of the United States, that being, Conspiracy to Commit Carjacking, Carjacking, Tampering With a Witness, Conspiracy to Interfere with Commerce, and Interference with Commerce, and in the course of these violations caused the deaths of Gary Haas and Linda Haas, which killing is murder, in that the defendant unlawfully and with malice aforethought killed Gary Haas and Linda Haas, and such killings were deliberate, and malicious. In violation of 18 U.S.C. §§ 924(c)(1) and (j)(1) and 18 U.S.C. § 2.

Counts 19 and 20 charge that the defendant, a person who had been convicted of felony crimes punishable by imprisonment for a term exceeding one year, to wit: attempted second degree murder, discharge of a firearm at a structure, and aggravated assault in Case No. CR 2009-118185 in Maricopa County, Arizona; and robbery, criminal conspiracy, and aggravated assault in Case No. CR 2733-92, Lancaster County, Pennsylvania; and as a person who was a fugitive from justice, did knowingly possess, in and affecting commerce, firearms, a Smith and Wesson, model SW40VE, .40 caliber handgun, serial number DUM2735, a Smith and Wesson, model SW40VE, .40 caliber handgun, serial number PDB5557, a Glock, model 36, .45 caliber handgun, serial number DVU 736US, a Glock, model 17, 9mm semi-automatic handgun, serial number AK548US, a Rossi, .38 caliber handgun, serial number W243613, approximately 25 rounds of Blazer 40 caliber ammunition, approximately 13 rounds of Winchester .40 caliber ammunition, approximately 4 rounds of Remington 9mm ammunition, approximately 5 rounds of Federal 9mm ammunition, approximately 5 rounds of Winchester 9mm ammunition, approximately 1 round of PMC 9mm ammunition,

approximately 1 round of 9-PACP 9mm caliber ammunition, approximately 99 rounds of Winchester .45 caliber ammunition, and approximately 12 rounds of Federal .45 caliber ammunition. In violation of 18 U.S.C. §§ 922(g)(2) and 924(a)(2).

Does any juror have any personal knowledge of the charges in the Third Superseding Indictment as I have described it? The alleged crimes occurred in Quay, Guadalupe, and Bernalillo Counties, New Mexico. Has any juror read or heard anything about the charges in the Third Superseding Indictment?

*NON-STIPULATED ADMONITION*:

The charges, if proven, carry a possible sentence of death. Such charges are referred to as a capital offense. This case will potentially involve two stages, trial and penalty. Questions regarding possible penalty are normal during this preliminary phase of a capital case. Do not misconstrue these questions to reflect upon the presumption of innocence of Defendant, or upon the Government's burden of proof beyond a reasonable doubt.

**B.     Nature Of The Charge.**

4.     During the trial, you will hear evidence concerning the charges involving carjacking and tampering with witnesses, and use of a firearm with a crime of violence that resulted in the deaths of Gary and Linda Haas. Does the fact that the charges resulted in death make it difficult for any juror to render a fair verdict? Does any juror feel that he or she could not decide fairly a case involving such a charge?

You previously filled out a long questionnaire regarding this case. Are there any answers that are now different than the ones you put down? Are there any updates that you wish to provide the Court and the parties as to the questionnaire?

**C.     Knowledge Of The Trial Participants.**

5. The defendant in this case is **JOHN CHARLES McCLUSKEY**. Does any juror know, or has he or she had any dealings, directly or indirectly, with the defendant, or with any relative, friend or associate of the defendant?

6. Does any juror have any relatives, friends, associates, or employers who know or who have had any dealings with the defendant?

7. Defendant **JOHN CHARLES McCLUSKEY** is represented by Mr. Michael Burt, Ms. Theresa Duncan, and Mr. Gary Mitchell. Do any of you know Mr. Burt, Ms. Duncan, or Mr. Mitchell? Has any juror had dealings, either directly or indirectly, with Mr. Burt, Ms. Duncan, or Mr. Mitchell? Attorney Mohammad Hamoudi, and Mitigation Specialist Nancy Pemberton will be at counsel table assisting the attorneys for Defendant. Does anyone know Mr. Hamoudi or Ms. Pemberton?

8. The United States is represented here by the United States Attorney for the District of New Mexico, who is Kenneth J. Gonzales. The conduct of the trial will be in the immediate charge of Assistant United States Attorneys Linda Mott and Greg Fouratt, and Department of Justice Trial Attorney Michael Warbel. Do any of you know Mr. Gonzales or his assistants, Ms. Mott or Mr. Fouratt, or Department of Justice attorney Mr. Warbel? Have any of you had dealings either directly or indirectly with these individuals? Federal Bureau of Investigation Special Agent Marcus McCaskill will be at counsel table assisting the attorneys for the United States. Does anybody know Special Agent McCaskill?

9. During the trial you may hear reference to the following people, and some may be called as witnesses: [read witness list] Do any of you know any of these witnesses? Has any juror had dealings, either directly or indirectly, with these witnesses?

10. Does anyone know or recognize anyone else in the courtroom? If so, will it affect your ability to listen to the evidence, deliberate, or render a fair verdict?

**D.     Burden Of Proof.**

11. In every single criminal trial - even a death penalty trial - the United States' burden of proof is beyond a reasonable doubt. A reasonable doubt is a doubt based on reason and common sense. The United States is not required to prove its case beyond a shadow of a doubt, or beyond all possible doubt. It must prove it beyond a reasonable doubt. Does anybody believe that the United States should be held to a higher burden of proof because this is a death penalty case? Does anybody believe that the United States should be held to a lower burden of proof?

12. Do you promise to follow the Court's instruction that the United States must prove its case beyond a reasonable doubt, nothing more, nothing less?

13. How many of you watch CSI or other shows related to forensic science?

14. Is everyone understand that CSI is not reality?

**E.     Ability To Render A Fair Verdict.**

15. Disposition Of Co-Defendant Cases. Evidence will show that other persons were associated with the charged crimes, however, only one person is on trial in this case and your job will only be to decide the guilt or innocence of the defendant in this case. Will this affect anybody's ability to be fair and impartial in this case?

16. Law Enforcement Personnel. There will be witnesses in this case from various law enforcement agencies including the Federal Bureau of Investigation, New Mexico State Police, United States Marshal Service, Arizona Department of Corrections, Arizona Department of Public Safety and various personnel from multiple sheriff's offices in New Mexico and Arizona.

        A.     Is there anyone who would tend to discredit the testimony of a law enforcement officer, simply because he or she is law enforcement?

        B.     Is there anyone who could not evaluate the testimony of a law enforcement officer as they would any other witness?

        C.     Is there anyone who would hold the testimony of a law enforcement officer to a higher standard of credibility than any other witness?

     17.     <u>Cooperating Witness Testimony</u>.  I anticipate that there will be witnesses who pled guilty to the charge in this case.  At least one of these witnesses will be testifying pursuant to an agreement that will allow the sentencing court to consider their cooperation in sentencing them.  This is sometimes known as a plea agreement.  There is nothing improper about this.  In fact, the law specifically allows for it.

        A.     Does anybody here feel that the use of a plea agreement to obtain additional evidence is wrong, improper, or unfair?

        B.     Is there anyone who would refuse to believe the testimony of a witness testifying pursuant to a plea agreement, regardless of the evidence in the case?

        C.     Is there anyone who could not evaluate the credibility of such a witness fairly and impartially?

        D.     Is there anyone who would automatically disbelieve or immediately dismiss such testimony without listening to it or considering it in relation to all of the evidence in the case?

     18.     <u>Prior Criminal History</u>.  You may be presented with evidence that some witnesses have previously been convicted of crimes.  Would you automatically disbelieve a witness who has been previously convicted of a crime or could you listen to the witness's testimony and then weigh his or her credibility in light of all the other evidence adduced at trial?

19. <u>Sympathy And Prejudice</u>.  The Court will instruct you that neither sympathy nor prejudice must enter into your deliberations.  Prejudice includes any prejudice you might have towards the Government.  Can you set aside any prejudice you might have and fairly judge the evidence in this case?  Similarly, can you set aside any sympathy you might have for the defendant, the victim, or the victim's family, and fairly judge the evidence in this case?

**F.     Relationship With Government.**

20.     Do any of you know, or have any association -- professional, business, or social, direct or indirect -- with any member of the staff of the United States Attorney's Office for the District of New Mexico, Federal Bureau of Investigation, New Mexico State Police, United States Marshal Service, Arizona Department of Corrections, Arizona Department of Public Safety, Bernalillo County Sheriff's Office, Guadalupe County Sheriff's Office, Mohave County Arizona Sheriff's Office, Apache County Arizona Sheriff's Office, or any other law enforcement agency?  Is any member of your family employed by any law enforcement agency, whether federal, state, or local?

21.     Does any juror have any strong feelings for or against the United States Attorney's Office for the District of New Mexico, the Department of Justice, the Federal Bureau of Investigation, New Mexico State Police, United States Marshal Service, Arizona Department of Corrections, Arizona Department of Public Safety, Bernalillo County Sheriff's Office, Guadalupe County Sheriff's Office, Mohave County Arizona Sheriff's Office, Apache County Arizona Sheriff's Office, or any particular law enforcement agency?

22.     Have you, or has any member of your family, either as an individual or in the course of business, ever been a party to any legal action or dispute with the United States or any of the

officers, departments, agencies, or employees of the United States, or had any interest in any such legal action or dispute and its outcome?

**G.      Experience As A Witness, Defendant, Or Crime Victim.**

23.      Since the date on which the questionnaire was returned in this case, has any juror or any relative or close friend of any juror, ever been involved or appeared as a witness in any investigation by a federal or state grand jury or been questioned in any matter by a federal, state, or local law enforcement agency?

24.      Have you ever been a witness or complainant in any prosecution, state or federal?

25.      Have you, or has any member of your family, any associate or close friend, ever been charged with a crime?

26.      Has any juror or any relative, associate, or close friend ever been the subject of any investigation or accusation by any grand jury, federal or state?

27.      Has anyone ever visited another person in any type of confinement facility: municipal or county jail, or state or federal penitentiary?

**H.      Other Questions.**

28.      Since the date on which the questionnaire was returned in this case have you, any family members or close friends ever undergone counseling, treatment, or hospitalization for psychiatric, emotional, family, behavioral, or substance abuse problems?

29.      Does any juror have any problem with his or her hearing or vision which would prevent him or her from giving full attention to all the evidence at this trial?

30.      Is any juror taking any medication which would prevent him or her from giving full attention to all of the evidence at this trial?

31. Does any juror have any difficulty reading or understanding English?

32. Does any juror have any moral, religious, personal, or philosophical beliefs which would make him or her unable to act as the judge of the facts in this case and to render a guilty verdict for reasons unrelated to the law and evidence? Similarly, is their anyone unwilling to pass judgment on another person to the extent that you are unwilling or unable to determine if a witness is telling the truth? If you are selected to be a juror in this case, and you take an oath to follow the law, can you set aside any moral, religious, personal, or philosophical beliefs that might otherwise cause you to be less than fair and impartial?

33. In these questions, I have tried to direct your attention to possible reasons why you might not be able to sit as a fair and impartial juror. Apart from any prior question, does any juror have the slightest doubt in his or her mind, for any reason whatsoever, that he or she will be able to serve conscientiously, fairly and impartially in this case and to render a true and just verdict without fear, favor, sympathy or prejudice, and according to the law as it will be explained?

**I.      Function Of The Court And Jury.**

34. The function of the jury is to decide questions of fact. You are the sole judge of the facts and nothing that the Court or lawyers say or do may encroach in any way on your role as the exclusive fact finder. When it comes to the law, however, you are to take your instructions from the Court and you are bound by those instructions. You may not substitute your notions of what the law is or what you think it should be. At the conclusion of this case, your job will be to determine whether or not the defendant is guilty as charged in the Third Superseding Indictment. Does any juror have any reason that might prevent him or her from accepting the instructions of law that I will give you in this case? Would anyone be unable to reach a firm yes/no, guilty/not guilty verdict based solely on the evidence admitted at trial and on the law?

35. Will each of you accept the proposition of law that the question of punishment must not enter into your deliberations as to whether the defendant on trial here is guilty?

**J.     Requested Instruction Following Impaneling.**

From this point until the time when you retire to deliberate your verdict, it is your duty not to discuss this case, and not to remain in the presence of other persons who may be discussing this case. The rule about not discussing the case with others includes discussions even with members of your family or friends. If at any time during the course of this trial, any person attempts to talk to you or to communicate with you about this case, either in or out of the courthouse, you should immediately report such an attempt to me. In this regard, let me explain to you that the attorneys and the defendant in a case are not supposed to talk to jurors, not even to offer a friendly greeting. So if you happen to see any of them outside this courtroom they will, and should, ignore you. Please do not take offense. They will only be acting properly by doing so.

Respectfully submitted,

KENNETH J. GONZALES
United States Attorney
*/s/ Electronically filed 07/08/2013*
LINDA MOTT
GREGORY J. FOURATT
Attorneys for United States
555 South Telshor, Suite 300
Las Cruces, New Mexico 88011
(575) 522-2304

MICHAEL S. WARBEL
Trial Attorney
United States Department of Justice
Capital Case Unit
1331 F. St. NW, Rm. 346
Washington, DC 20004
(202) 514-5605

I hereby certify that on July 8, 2013,
I electronically filed the foregoing with
the Clerk of the Court using the CM/ECF
system which will send notification to
Michael Burt, Theresa Duncan, and
Gary Mitchell, Esqs.
***/s/ Electronically filed 07/08/2013***
LINDA MOTT
Assistant United States Attorney