IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                       CR. No.  10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

    This matter is before the Court on two interrelated motions by a non-party to quash subpoenas duces tecum.  The first, *Management & Training Corporations's Motion to Quash Subpoena* [Doc. 972], was filed May 17, 2013, while the second, *Management & Training Corporation's Motion to Quash Subpoena* [Doc. 1002], was filed June 3, 2013.  Both have been fully briefed by Management & Training Corporation ("MTC") and Defendant John Charles McCluskey ("McCluskey").   After considering the briefs, exhibits, and relevant legal authorities, the Court concludes that both motions should be granted in part and denied in part.

### LEGAL STANDARD

Rule 17(c) provides:

> **(1) In General**. A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.
>
> **(2) Quashing or Modifying the Subpoena.** On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive.

Fed. R. Crim. Pro. 17(c).  A party seeking a subpoena duces tecum pursuant to Rule 17(c) must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*United States v. Nixon*, 418 U.S. 683, 699–700 (1974).  In order to meet this burden, the party seeking the evidence "must clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity."  *Id*. at 700.

## CONTENT OF THE SUBPOENAS

On approximately May 9, 2013, served MTC with a subpoena duces tecum commanding it to appear and produce the following records "for the institution identified as Arizona State Prison, Kingman":

- Hiring procedures, protocols, staff compensation, training procedures, materials and requirements.
- Internal communication including emails, notes, interoffice communication, telephone logs, documents, memoranda, etc. between and among any member of MTC staff and any personnel at Kingman relating to inmate or facility security, equipment, security incidents, inmate or staff injuries, staff disciplinary incidents, for 6 months prior to August 2, 2010.
- Communication including emails, notes, interoffice communication, telephone logs, documents, memoranda, etc., between MTC and Arizona Department of Corrections relating to inmate or facility security, equipment, security incidents, inmate or staff injuries, staff disciplinary incidents, for 6 months prior to August 2, 2010.
- Facility evaluations, reports, inspections, assessments, site visits, etc. for 1 year prior to August 2, 2010.
- Any and all documents including reports, emails, notes, interoffice communication, telephone logs, documents, memoranda, etc. related to incidents involving illegal drug trafficking, illegal drug sale, and illegal drug activity inside Kingman prison for 2009-2010.

On approximately May 10, 2013, McCluskey served MTC with a second subpoena commanding "Arizona State Prison, Kingman," and not MTC, to appear and produce the following records:

1. Full staff roster for institution for 6 months prior to August 2, 2010.
2. Staff training documents, manuals, records related to training received or completed, etc., staff disciplinary actions and records for 1 year prior to August 2, 2010.
3. Internal communication including emails, notes, interoffice communication, telephone logs, documents, memoranda, etc. between Kingman staff, the deputy warden, the warden or any agents or staff thereof, concerning inmate security, facility security, security incidents, etc., for 1 year prior to August 2, 2010.
4. Internal investigation records, documents, communications, reports, etc. regarding security incidents, inmate fights or riots, inmate or staff injuries, etc. for 1 year prior to August 2, 2010.
5. Alarm activity logs for 6 months prior to August 2, 2010.
6. Internal records, documents and reports of routine system checks, equipment audits, and security evaluations completed by Kingman staff.
7. Any records, submissions, audits, self-assessment reports, evaluation reports, compliance reports completed or received in connection with application for facility accreditation including but not limited to American Correctional Association (ACA), Correctional Education Association (CEA) accreditation.
8. Any and all documents including reports, emails, notes, interoffice communication, telephone logs, documents, memoranda, etc. related to incidents involving illegal drug trafficking, illegal drug sale, and illegal drug activity inside Kingman prison for 2009-2010.

## DISCUSSION

### I.   May 17, 2013 Motion to Quash [Doc. 972]

MTC objects to the May 9, 2013 subpoena on the grounds that it is unreasonable, unduly oppressive, and seeks production of confidential materials. For the reasons set forth herein, the motion will be denied.

First, the subpoena is not unreasonable. MTC contends that the subpoena is unreasonable because it seeks information that is not relevant to the crimes with which McCluskey has been charged. While MTC is correct that the materials listed in the subpoena are not relevant to whether

McCluskey is guilty or innocent of those crimes, they are relevant to the issue of whether McCluskey would pose an escape risk as well as McCluskey's future dangerousness if he is sentenced to life in prison.  *See* Doc. 982 at 2-3.

Second, the Court concludes that the subpoena, in large measure, does not pose an undue burden on MTC.  MTC complains that the first request, for "hiring procedures, protocols, staff compensation, training procedures, materials and requirements" is not limited as to date, nor is it limited to the facility where McCluskey was housed.  The Court concludes that this is a reasonable objection, and in fact McCluskey has stipulated to an appropriate limitation.  Therefore, the Court **will narrow the scope of this particular request to information pertaining to the facility or facilities where McCluskey was housed, and for a six month period prior to August 2, 2010**.  Otherwise, the Court is unpersuaded by MTC's argument that the subpoena is unduly burdensome.  The other categories of information requested are expressly limited by time frame and do not, as MTC suggest, span a period of almost eight years.  Furthermore, MTC is not expected to produce information not in its possession.  Finally, the Court shares McCluskey's skepticism of MTC's assertion that the requested information exists only in individual inmate files.

MTC's argument that its contract with the State of Arizona prevents it from complying with a federal subpoena is similarly unavailing.  MTC has not attached the relevant portion of the contract or explained how alleged contractual obligations can trump a court order.

Finally, MTC contends that the evidence McCluskey seeks is confidential "law enforcement-related information, medical information, and prisoner/personnel files," and that the request for disclosure of documents relating to prison security would created a risk to the safety of prisoners, visitors, employees, and the public.  MTC also argues that it cannot disclose private medical information of inmates or private information in staff personnel files.  However, these concerns can

4

be addressed through a confidentiality order.

Accordingly, the Court will deny MTC's motion to quash subject to the limitations discussed herein, and hereby orders MTC to produce the subpoenaed materials no later than **July 26, 2013**. The Court further orders counsel for McCluskey and MTC to meet and confer regarding the proper form of a confidentiality order regarding the subpoenaed documents, and to submit that form of order to the Court no later than **July 19, 2013.**

## II.    June 3, 2013 Motion to Quash [Doc. 1002]

MTC objects to the May 10, 2013 subpoena, which is very similar to the May 9, 2013 subpoena except that it requests two additional categories of documents. MTC objects on the grounds that the subpoena should have been served on the Arizona Department of Corrections ("ADOC"). MTC's other objections are essentially the same as those raised and discussed in Part I of the Discussion of this Memorandum Opinion and Order.

In responding to the subpoena, MTC need only produce information in its possession or control. To the extent that MTC objects on the ground that it is not the custodian of records for the Kingman prison, but rather ADOC fills that role, the objection is irrelevant. MTC cannot produce what it does not have.

The remainder of MTC's objections are essentially the same as those discussed in Part I, *supra*, and will be denied for the same reasons. The requested information is relevant to the penalty phase of McCluskey's trial, and the subpoena is reasonable. With regard to the request for a "full staff roster for institution for 6 months prior to August 2, 2010, **the Court again restricts the scope of the request to the facility where McCluskey was housed**.

Also, for the reasons stated above the subpoena does not present an undue burden on MTC, nor is a private contract between MTC and the State of Arizona a barrier to enforcement of the

subpoena.

As with the May 9, 2013 subpoena,, the Court will deny MTC's motion to quash subject to the limitations discussed herein, and hereby orders MTC to produce the subpoenaed materials no later than **July 26, 2013**. The Court further orders counsel for McCluskey and MTC to meet and confer regarding the proper form of a confidentiality order regarding the subpoenaed documents, and to submit that form of order to the Court no later than **July 19, 2013.**

**IT IS THEREFORE ORDERED** that both *Management & Training Corporations's Motion to Quash Subpoena* [Doc. 972] and *Management & Training Corporation's Motion to Quash Subpoena* [Doc. 1002] are **DENIED**, subject to the limitations further described herein.

_____
**UNITED STATES DISTRICT JUDGE**