IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**CR. No.  10-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the *United States' Motion to Preclude Cross-Examination With Juvenile Adjudications* [Doc. 985]. The defendant, John Charles McCluskey ("McCluskey"), filed a response [Doc. 1020], and the Government filed its reply [Doc. 1065]. After considering the briefs, the evidence, and the relevant legal authorities, the Court concludes that the motion should be granted in part as to the trial phase, and denied in part as to the penalty phase of the trial.

## DISCUSSION

The issue raised by the motion before the Court is whether McCluskey may use juvenile adjudications to impeach Tracy Province, McCluskey's co-defendant and alleged co-conspirator, who is now cooperating with the Government. The Government expects Province to testify regarding details surrounding his and McCluskey's escape from prison in Arizona, as well as the carjacking, killing, and burning of Gary and Linda Haas. It is undisputed that McCluskey has various means by which to impeach Province, including his significant adult criminal history and his plea agreement with the Government. Legal questions raised by the current motion include whether or not the Government has met its disclosure obligations regarding Province's juvenile

adjudications, whether McCluskey has met his burden to show that the evidence is admissible under Rule 609, and whether the evidence is admissible to impeach Province during the penalty phase of the trial.

**I.      The Government's Disclosure Obligation**

In a footnote in his response brief, McCluskey states that "the only disclosure ever made with respect to the specifics of these juvenile offenses were two summary references on two pages from reports not disclosed to defendant until March 15, 2013." Doc. 1020 at 2 n.1. These reports, from the Arizona Department of Corrections and a probation report, respectively, state that Province was incarcerated in February of 1984 for "petty theft," and again in September of 1984 for "theft of a vehicle." Also noted are charges of trespass, though it is not clear whether those were actually adjudicated. According to both reports, Province was born on September 18, 1967, and therefore he was a minor at the time of both adjudications. McCluskey criticizes the "sparse nature" of the information the Government has provided him regarding Province's juvenile adjudications.

The government denies a criminal defendant due process of law when it fails to disclose before trial evidence favorable to the defendant that is material either to guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). An extension of this rule also requires disclosure of evidence affecting the credibility of government witnesses. *See United States v. Bagley*, 473 U.S. 667, 676 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972). Evidence is material when "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Bagle*y, 473 U.S. at 682. When the evidence at issue was "available to the defendant from other sources," however, the defendant has no *Brady/Giglio* claim when the government fails to produce it. *United States v. Wilson*, 901 F.2d 378, 380 (4th Cir. 1990). *See also Spirko v. Mitchell*, 368 F.3d 603, 611 (6th Cir.2004). For example, in *United States v.*

*Bracy*, 67 F.3d 1421, 1428-29 (9th Cir. 1995), the court rejected a claim of *Brady* violation arising from a failure to disclose a government witness' criminal background in Florida and Wisconsin, because defense counsel had access to a computer printout and two reports sufficient for the defense to discover the witness's criminal history.

In light of the foregoing, the Court concludes that the Government has not violated its disclosure obligations to McCluskey. It has provided him with sufficient evidence regarding the date, place, and nature of Province's criminal adjudications. If McCluskey wants additional details about those adjudications, he may obtain them from an independent source—the State of Arizona. The Government is not obligated to provide it to him.

## II.     Admissibility During the Trial Phase Under Rule 609

Rule 609 of the Federal Rules of Evidence provides, in relevant part:

**(a) In General.** The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
. . .
    (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving--or the witness's admitting--a dishonest act or false statement.

**(b) Limit on Using the Evidence After 10 Years.** This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:
    (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
    (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.
. . .

**(d) Juvenile Adjudications.** Evidence of a juvenile adjudication is admissible under this rule only if:
    (1) it is offered in a criminal case;
    (2) the adjudication was of a witness other than the defendant;
    (3) an adult's conviction for that offense would be admissible to attack the adult's credibility; and

       (4) admitting the evidence is necessary to fairly determine guilt or innocence.

Here, the Government argues that McCluskey cannot meet his burden, as the proponent of the evidence, to show that: (1) pursuant to Rule 609(a)(2), the elements of either of Province's adjudicated juvenile crimes required proving--or the witness's admitting--a dishonest act or false statement; or (2) pursuant to Rule 609(d), that if he had been convicted as an adult for those crimes, Province's convictions for those offenses would be admissible to attack his credibility and that admitting the evidence is necessary to fairly determine McCluskey's guilt or innocence.  The Government further argues that Province's criminal adjudications, all of which occurred about 25 years before the crimes in this case and involved theft and trespassing, are not necessary to fairly determine McCluskey's guilt or innocence.  It further argues that the majority of the crimes do not appear to be "felony-type crimes," nor do they appear to have required a finding of a dishonest act or false statement. *See* Doc. 985 at 4.  Finally, in its reply brief, the Government contends that McCluskey has failed to demonstrate that the evidence satisfies Rule 609.  In *United States v. Seamster*, 568 F.2d 188, 191 (10th Cir. 1978), the Tenth Circuit stated that theft cases arising out of fraudulent and deceitful conduct *might*, depending on the circumstances of the crime, fall within the ambit of Rule 609(a)(2), and that such crimes should be evaluated on a case by case basis.  However, the Government points out that McCluskey has not met his burden to show that Province's crimes in this case satisfy Rule 609.

In his response brief, McCluskey does not meet most of these arguments head on.  Instead, he argues that the determination of the admissibility of this impeachment evidence should be postponed until after the Court has heard other evidence impeaching Province, as well as Province's own testimony about his criminal record.  Doc. 1020 at 4.  He further argues that "[o]nly if the jury learns of the exact nature and length of his long criminal career will the jury understand that

4

Province was at real risk for the death penalty in this case and therefore had very strong incentives to cooperate and implicate Mr. McCluskey." *Id.* at 6.

The Court agrees with the Government that McCluskey has not met his burden to demonstrate that the elements of any of Province's adjudicated juvenile crimes required proving– or the witness's admitting–a dishonest act or false statement; or that if he had been convicted as an adult for those crimes, Province's convictions for those offenses would be admissible to attack his credibility. Although McCluskey argues that this determination should be left until trial, when he cross examines Province, he does not explain why this is so other than to argue that by that time, the Government should have produced additional information about Province's criminal history. However, the Court has already held that the Government has met its discovery obligations on this issue. McCluskey offers no further reason to withhold ruling on the issue.

As a result of McCluskey's failure to meet his burden under Rule 609 to show that the evidence is admissible for impeachment, the motion will be granted as to the trial phase.

## III.   Admissibility During the Penalty Phase

The parties agree that Rule 609, like all the Federal Rules of Evidence, does not apply during the penalty phase of a trial under the Federal Death Penalty Act, 18 U.S.C. § 3593(c). Accordingly, McCluskey argues that in the absence of that rule, "the full nature and extent of Province's juvenile offenses" are relevant and admissible to prove that "another defendant or defendants, equally culpable in the crime, will not be punishable by death." Doc. 1020 at 6-7 (citing 18 U.S.C. § 3592(a)(4)). McCluskey further points out that this Court has previously ruled that McCluskey's conviction for robbery at the age of 17 is admissible in the penalty phase of this case on the grounds that the jury should receive as much information as possible when it makes the sentencing decision. McCluskey argues that for the same reasons, Province's juvenile criminal history should be

5

admissible in the penalty phase.

The Court agrees with McCluskey. To the extent that Province's testimony is relevant to any aggravating or mitigating factor, not limited to § 3592(a)(4), McCluskey is entitled to impeach him with evidence not otherwise admissible under Rule 609 unless "its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury." 18 U.S.C. 3593(c). Absent such a showing by the Government, the impeachment evidence will be admitted during the penalty phase of the trial.

**IT IS THEREFORE ORDERED** that the *United States' Motion to Preclude Cross-Examination With Juvenile Adjudications* [Doc. 985] is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

_____
**UNITED STATES DISTRICT JUDGE**