IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                      Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant John Charles McCluskey's Motion for Reconsideration and/or Clarification of Order Precluding Argument or Instruction on Residual Doubt*. [Doc. No. 1071] The Government filed a response opposing the motion [Doc. No. 1078], and McCluskey filed a reply [Doc. No. 1104]. The Court has reviewed these pleadings and the relevant law. The Court concludes that the motion for reconsideration should be denied. The Court clarifies its prior Memorandum Opinion and Order on the issue of residual doubt [Doc. No. 1060, pp. 11-16], but denies McCluskey's requested ruling.

## BACKGROUND

The Government previously filed a motion in limine asking the Court to rule that it will not allow argument or instruction on "residual doubt" in mitigation. [Doc. No. 870] The Court issued a Memorandum Opinion and Order granting that motion. [Doc. No. 1060]

## DISCUSSION

**I. Motion for Reconsideration**

Borrowing the standards for civil cases, a motion to reconsider is warranted "'when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent

manifest injustice.'"  *United States v. Harmon*, 871 F. Supp. 2d 1125, 1143 (D.N.M. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A motion for reconsideration is not appropriate "to rehash arguments previously addressed." *Id.*

In moving for reconsideration, McCluskey argues that:  (1) the Court did not address two of McCluskey's arguments; (2) the Court's Memorandum Opinion and Order precluding argument or instruction on residual doubt violates the Eighth and Fourteenth Amendments; and (3) the Court has discretion to permit argument and instruction on residual doubt and should exercise that discretion in his favor.

McCluskey contends that the Court failed to address two of his arguments:  McCluskey's citation to *Tennard* in support of his constitutional argument, and McCluskey's "geographical disparity" argument.  The Court rejects this contention and denies the motion for reconsideration.

First, McCluskey argues that the Court failed to address his argument that "denying him the benefit of a lingering doubt instruction and argument cannot be squared with the definition of mitigation endorsed by the Supreme Court in *Tennard v. Dretke*, 542 U.S. 274, 285-287 (2004)." [Doc. No. 1071, p. 2]  McCluskey quotes a statement in *Tennard* that "the question is simply whether the evidence is of such a character that it might serve as a basis for a sentence less than death." *Id.* at 287 (internal quotation marks omitted).  The *Tennard* Court also stated several times that any "relevant mitigating evidence" must be admitted.  *Id.* at 284-85.  These broad statements were made in a case involving—not residual doubt—but evidence of the defendant's low intelligence.  *Id.* at 276.  In cases specifically addressing the issue of residual doubt, the *Franklin* plurality limited broad statements like those in *Tennard*, recognizing that residual doubt is not mitigating evidence:

> Our edict that, in a capital case, the sentencer . . . [may] not be precluded from considering, *as a mitigating factor*, any aspect of a defendant's character or record and any of the circumstances of the offense, in no way mandates reconsideration by capital juries, in the sentencing phase, of their "residual doubts" over a defendant's guilt.  Such lingering doubts are not over any aspect of petitioner's "character," "record," or a "circumstance of the offense."  This Court's prior decisions, as we understand them, fail to recognize a constitutional right to have such doubts considered as a mitigating factor.

*Franklin v. Lynaugh*, 487 U.S. 164, 174 (1988) (internal quotation marks and citations omitted).  In 2006, the Supreme Court in *Guzek* observed:  "The *Franklin* plurality said it was 'quite doubtful'" that a capital defendant has "the right to introduce at sentencing evidence designed to cast 'residual doubt' on his guilt."  *Guzek*, 546 U.S. at 1231-32 (quoting *Franklin*, 487 U.S. at 173 n.6).

Although the Supreme Court did not hold that a defendant has no constitutional right to present argument and evidence concerning residual doubt, this conclusion is strongly supported by *Franklin* and *Guzek*.  Justice Scalia observed in *Guzek* that, after *Franklin*, lower courts "unanimously denied constitutional claims like the one we consider today."  *Id.* at 529 (Scalia, J., concurring); *see United States v. Rodriguez*, 581 F.3d 775, 814-15 (8th Cir. 2009); *United States v. Jackson*, 549 F.3d 963, 981 (5th Cir. 2008); *Mason v. Mitchell*, 320 F.3d 604, 639-40 (6th Cir. 2003); *United States v. Lujan*, Cr. No. 05-924 RB, p. 10 [Doc. No. 782, filed 4/15/11] [attached as Doc. No. 870-1 in Defendant's case].  The case characterized by McCluskey as "the seminal case on this issue" holds that there is no constitutional right to present residual doubt as a mitigating factor.  *United States v. Davis*, 132 F. Supp. 2d 455, 458 (E.D. La. 2001).  [Doc. No. 918, p. 7]

Although McCluskey contends that denial of argument and instruction on residual doubt "cannot be squared with the definition of mitigation endorsed by the Supreme Court in *Tennard*," [Doc. No. 1071, p. 2] the Supreme Court itself determined that *Tennard*'s broad

3

statements do not apply to the specific issue of residual doubt. In deciding *Guzek* two years after *Tennard*, the Supreme Court reaffirmed *Franklin* rather than applying a more expansive definition of mitigation. And another year later, the Supreme Court again reaffirmed *Franklin*'s view of what constitutes mitigating evidence:

> In *Franklin v. Lynaugh*, 487 U.S. 164, 172, 177, 183, 108 S.Ct. 2320, 101 L.Ed.2d 155 (1988), the plurality rejected the claim that the judge's instructions did not allow the jury to give adequate weight to whatever "'residual doubts'" it may have had concerning the defendant's guilt, or to evidence of the petitioner's good behavior while in prison. That particular holding is unremarkable because we have never held that capital defendants have an Eighth Amendment right to present "residual doubt" evidence at sentencing, see *Oregon v. Guzek*, 546 U.S. 514, 523-527, 126 S. Ct. 1226, 163 L.Ed.2d 1112 (2006), . . . .

*Abdul-Kabir v. Quarterman*, 550 U.S. 233, 250-51 (2007) (5-4 decision). The Majority in *Abdul-Kabir* specifically held that Justice O'Connor's concurring opinion in *Franklin* "correctly defined the relevant rule of law." *Abdul-Kabir*, 550 U.S. at 250-54 (citing *Penry v. Lynaugh*, 492 U.S. 302, 315-16 (1989) (5-4 decision), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304 (2002)). Justice O'Connor's concurrence in *Franklin* stated that residual doubt "is not a mitigating circumstance" because it "is not a fact about the defendant or the circumstances of the crime." *Franklin*, 487 U.S. at 188 (O'Connor, J., concurring). Justice O'Connor rejected the residual doubt claim because it improperly required reconsideration of guilt and a second decision on a "heightened burden of proof." *Id.* at 188-89 (O'Connor, J., concurring). The Supreme Court's reaffirmance in *Penry* and *Abdul-Kabir* of Justice O'Connor's views supports the arguments and conclusion on residual doubt already set forth in the Memorandum Opinion and Order issued by this Court [Doc. No. 1060].

In addition, *Tennard* is not even inconsistent with *Franklin*. *Tennard* did not hold that any evidence at all must be admitted—but only evidence that is both relevant and mitigating; under *Franklin*, residual doubt is not mitigating and is therefore not admissible under *Tennard*.

4

*See United States v. Gabrion*, ___ F.3d ___, 2013 WL 2301946, *9 (6th Cir. May 28, 2013) (on reh'g en banc) (*Tennard* concerned issue of relevance, not definition of mitigating).

The Court's Memorandum Opinion and Order cited and discussed cases specifically addressing the issue of residual doubt—in particular, *Franklin* and *Guzek*. It was unnecessary to full discussion and resolution of Defendant's issue for the Court to specifically discuss broad, general statements in *Tennard*—when there are two Supreme Court cases addressing the specific issue of residual doubt. The Court fully addressed McCluskey's argument that instruction and argument on residual doubt is constitutionally required; it is not necessary that the Court discuss every case cited in the parties' pleadings. The Court notes that the *Guzek* Court did not find it necessary to discuss *Tennard*. McCluskey's citation of *Tennard* does not even constitute an "argument," so that a motion for reconsideration was warranted  The Court thus rejects McCluskey's contention that one of his "arguments" was not addressed.

Second, McCluskey contends that the Court did not address his argument that there would be geographical disparity, violating the Eighth Amendment and the Fourteenth Amendment Equal Protection Clause, if this Court denies argument and instruction on residual doubt when other courts have allowed such argument and instruction. As the Government observes, this is the unremarkable result of different courts reaching different conclusions on an issue. This Court must act in accordance with its own rulings, and its own interpretation of the relevant authority. This Court concluded that McCluskey has no right under the Constitution or the FDPA to residual doubt instruction or argument; if there is no right, it follows without the necessity for discussion that there can be no equal protection violation.

McCluskey also contends that caselaw cited in the Court's Memorandum Opinion and Order establish that the Court has discretion to allow instruction on residual doubt, and do not

establish that such instruction is not allowed.  The Court cited *Franklin* and *Guzek*, along with other cases, for the propositions that residual doubt is not constitutionally required and that residual doubt is not a mitigating factor under the FDPA.  [Doc. No. 1060, pp. 11-12]  *United States v. Rodriguez*, 581 F.3d 775, 814-15 (8th Cir. 2009); *United States v. Caro*, 483 F. Supp. 2d 513, 519-20 (W.D. Va. 2007) (recognizing Constitution does not require instruction and refusing instruction on ground that residual doubt is "not a proper mitigating factor" under FDPA); *Lujan*, Cr. No. 05-924 RB, p. 10 [Doc. No. 782, filed 4/15/11] [attached as exhibit Doc. No. 870-1 in McCluskey's case]; *see also United States v. Eye*, 2008 WL 2121011, *1-2 (W.D. Mo. 2008) (unpublished) (holding "FDPA does not permit a jury to be instructed that it can consider residual doubt" and Constitution does not require such instruction).  If residual doubt is not mitigating evidence under the Constitution, and is not a mitigating factor under the FDPA, Defendant provides no source for any discretion the Court could exercise in allowing instruction or argument on residual doubt.

Although McCluskey argues that *Rodriguez* and *Lujan* stand for the proposition that the Court has discretion on this matter, the Court disagrees with McCluskey's interpretation of these cases.  The Court interpreted *Rodriguez* to hold that the FDPA does not allow instruction because residual doubt is not a mitigating factor under the FDPA.  The last sentence of *Rodriguez*'s discussion of residual doubt does state that the district court did not abuse its discretion in denying a residual doubt instruction.  *United States v. Rodriguez*, 581 F.3d 775, 814 (8th Cir. 2009).  But this is merely a statement of the Eighth Circuit's formulation of the standard of review for jury instructions; "abuse of discretion" includes errors of law.  *Rodriguez* also stated there was no "abuse of discretion" in rejecting proposed instructions that were inconsistent with the FDPA.  *Id.* at 814.  Like other circuits, the Eighth Circuit allows the trial court "broad

discretion in choosing the form and language of the jury instructions," but reviews de novo whether the instructions correctly state the law. *Wolfe v. Fayetteville, Arkansas School Dist.*, 648 F.3d 860, 864 (8th Cir. 2011) ("It is therefore error for the district court to provide the jury with instructions misstating the law."); *United States v. Nelson*, 347 F.3d 701, 712 (8th Cir. 2003) (penalty phase instructions were not "error" because they constituted correct statement of law; *Cincinnati Ins. Co. v. Bluewood*, 650 F.3d 798, 801 (8th Cir. 2009) (review de novo of legal question in instructions). The trial court only has discretion in choosing the form and language of jury instructions "so long as the jury is correctly instructed on the substantive issues." *Wheeling Pittsburgh Steel Corp. v. Beelman River Terminals*, 254 F.3d 706, 711 (8th Cir. 2001) (internal quotation marks omitted). When requested instructions were contrary to caselaw interpreting the FDPA, the Eighth Circuit held that the trial court "did not err" in refusing the instructions—thus showing that the Eighth Circuit was reviewing the issue de novo as a question of law on which the trial court did not have discretion. *United States v. Montgomery*, 635 F.3d 1074, 1099 (8th Cir. 2011). Careful reading of *Rodriguez* and Eighth Circuit caselaw shows that the Eighth Circuit does not allow the trial court discretion to misstate the law in jury instructions.

The *Lujan* court did observe, as alternative support for its denial of argument or instruction, that residual doubt would not be extremely helpful to the defendant; however, the Court believes that *Lujan*'s conclusion is that there is a "<u>lack of legal support</u> for the concept of residual doubt as an argument or jury instruction"—not that the court had discretion on this matter. *Lujan*, Cr. No. 05-924 RB, pp. 12-13 [Doc. No. 782, filed 4/15/11 (emphasis added)] [attached as exhibit Doc. No. 870-1 in McCluskey's case]. If this Court, however, has any

discretion in this matter, it could not properly exercise that discretion until later in the proceeding, after seeing the parties' evidence and arguments.

*Rodriguez* and other cases provide solid support for the Court's conclusion that instruction and argument on residual doubt are not allowed under the FDPA. *Rodriguez* holds that residual doubt is not a mitigating factor under the FPDA:

> *Franklin* addressed the constitutional claim in favor of a "residual doubt" instruction, rather than an argument based on § 3592(a). The Justices' reasons for declining to recognize a constitutional rule apply with equal force [to] the FDPA. <u>Residual doubt is not a mitigating circumstance</u> of the defendant or of the offense. Rather, residual doubt, if it exists, highlights the difficulty of ever proving anything with complete certainty.

*Rodriguez*, 581 F.3d at 815 (emphasis added). If residual doubt were a mitigating factor under the FDPA, instruction on residual doubt would be required—not optional or discretionary. The district court in *Eye* concluded that "the FDPA <u>does not permit</u> a jury to be instructed that it can consider residual doubt of guilt." *Eye*, 2008 WL 2121011, *2 (emphasis added). And the district court in *Caro* also denied an instruction, because the language of the FDPA suggests that residual doubt is "not a proper mitigating factor." *Caro*, 483 F. Supp. 2d at 520.

McCluskey disagrees with the Court's determination that residual doubt argument or instruction impermissibly requires a "two-stage guilt determination" with a higher standard applicable in the penalty phase than in the guilt phase. *Caro*, 483 F. Supp. 2d at 518 n.7; *see Rodriguez*, 581 F.3d at 815 (residual doubt "highlights the difficulty of ever proving anything with complete certainty"). The Court believes that the *McGriff* instruction proffered by McCluskey, however, convincingly demonstrates that McCluskey's position does require this improper and impermissible result. The mitigating factor recognized in *McGriff* was: "The evidence does not establish Mr. McGriff's guilt of the capital crimes with sufficient certainty to

8

justify imposition of a sentence of death." [Doc. No. 1071-2, p. 17] The instruction in *McGriff* was:

> Finally mitigating factor number 12 asks you to consider whether the evidence establishes the defendant's guilt of the capital crimes with sufficient certainty to justify imposition of a sentence of death. This factor is not intended to call into question your verdict at the first state of the trial. It does, however, require you to think about <u>the level of certainty that you feel regarding the defendant's guilt</u> of one or both of the capital crimes. <u>Proof of guilt beyond a reasonable doubt does not require 100% certainty.</u> And there may be <u>in your own individual views</u> of the evidence <u>a difference between proof that was sufficient to find guilt and proof that is sufficient to impose a sentence of death</u> on another human being. Thus, if you were <u>sure enough of the defendant's guilt to convict</u> him, but <u>harbor some level of doubt about his guilt that makes you uncomfortable about voting for the death penalty</u>, you should [or may] find this mitigating factor proven.

[Doc. No. 1071, pp. 6-7 (emphasis added)]. The instruction proffered by McCluskey constitutes a misstatement of the relevant law. The Court denies the proffered instruction.

For all of these reasons, the Court will deny McCluskey's motion for reconsideration.

## II.  Motion for Clarification

McCluskey alternatively requests that this Court clarify its Memorandum Opinion and Order, asking the Court to enter an order that McCluskey will be allowed to present argument or instruction "regarding lingering doubts with respect to the circumstances of the charged offenses." [Doc. No. 1071, p. 11] Since he has been charged as a principal or an aider and abettor, McCluskey argues that "lingering doubts" about whether he or someone else actually killed the Haases are permissible mitigating factors. The Government correctly observes that use of the word "lingering" instead of "residual" makes no difference. [Doc. No. 1078, pp. 8-9]

McCluskey will be allowed to present argument and proffer instructions on mitigation regarding the circumstances of the offense, under 18 U.S.C. § 3592(a)(8), if there is support for such mitigation. But the Court will not enter the order requested in McCluskey's motion. The motion for clarification is inapposite. As McCluskey notes, he has been charged both as a

principal and as an aider/abettor; the Government's proposed jury instructions and proposed verdict forms allow conviction on either basis. [Doc. No. 1069] If the jury convicts McCluskey without determining whether he was a principal or aider/abettor, McCluskey does not need the principle of residual or lingering doubt to argue that he was merely an aider/abettor; the principle of residual doubt is to suggest doubts on an issue actually decided by the jury in the guilt phase. Instead, McCluskey's argument would constitute a claim that he played a "lesser role" in the offense—a claim the Tenth Circuit held to be a permissible mitigating factor under § 3592(a)(8). *United States v. McVeigh*, 153 F.3d 1166, 1212 (10th Cir. 1998), *disapproved of on other grounds and limited by Hooks v. Ward*, 184 F.3d 1206, 1227 (10th Cir. 1999). The Court does not know what evidence or support McCluskey would present to show he was not the principal or whether such a claim would be otherwise appropriate. At this point, the Court cannot make any decision on whether McCluskey will be able to make this argument for mitigation; the Court is simply recognizing that a claim of playing a "lesser role" is a potential mitigating factor.

The Government argues that McCluskey may be opening the door to admission of his suppressed confessions if he pursues this course, and suggests that the Court invite briefing. [Doc. No. 1078, p. 11 & n.4] The Court concludes that it would be premature at this point to attempt to decide this issue and expresses no opinion on the matter.

For the same reasons discussed above and in the Court's prior Memorandum Opinion and Order [Doc. No. 1060], the Court clarifies that McCluskey will not be allowed instruction or argument on "residual doubt" or "lingering doubt" in the manner requested in his motion for clarification.

**IT IS THEREFORE ORDERED** that *Defendant John Charles McCluskey's Motion for Reconsideration and/or Clarification of Order Precluding Argument or Instruction on Residual Doubt* [Doc. No. 1071] is **DENIED** as to the motion for reconsideration.  The Court **GRANTS** McCluskey's motion for clarification, but **DENIES** McCluskey's requested ruling.

*[signature]*
UNITED STATES DISTRICT JUDGE