**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**vs.**                                                                     **CR. No.  10-2734 JCH**

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the court on the *United States' Motion to Reconsider Memorandum Opinion and Order Denying in Part and Granting in Part Defendant's Rule 404(b) Motion in Limine* [Doc. 1083]. Defendant filed a response [Doc. 1112], and the Government filed its reply [Doc. 1117]. The Court has considered the foregoing documents, as well as the evidence attached thereto and the applicable legal precedents and authorities, and concludes that the motion should be granted.

## BACKGROUND

In his motion to exclude Rule 404(b) evidence [Doc. 858], McCluskey argued that evidence of his prior bad acts should be excluded because the Government's Rule 404(b) notice was inadequate, or because the evidence is either irrelevant, extrinsic to the charged crimes, not offered for a permissible purpose under the rule, or should be excluded under Rule 403. In response, the Government addressed only the argument regarding the sufficiency of its Rule 404(b) notice. The Government made no attempt to show that the evidence at issue was either intrinsic to the charged crimes, or extrinsic but offered for a proper purpose under Rule 404(b). In its *Memorandum Opinion and Order* entered July 2, 2013 [Doc. 1073], the Court granted in part McCluskey's motion

to exclude evidence under Rule 404(b). Specifically, the Court excluded the evidence of (1) McCluskey's importation and distribution of drugs into the Arizona prison system in 2009-2010; (2) the July 19, 2010, interception of Casslyn Welch while she was attempting to bring drugs into the Kingman prison; (3) the aftermath of Welch's June 19, 2010 apprehension; (4) the planning of the co-defendants' escape from Kingman prison; and (5) McCluskey's April 2010 assault on a fellow inmate in Kingman prison (categories 1, 2, 3, 4, and 6 in the Government's supplemental notice, Doc. 916). As grounds for its decision, the Court held that the Government, as proponent of the evidence, had failed to show that the forgoing categories of evidence were either intrinsic to the charged crimes such that Rule 404(b) does not apply, or alternatively had failed to set forth the purpose under Rule 404(b) for which it intends to offer the evidence.

In the its motion currently before the Court, the Government asks the Court to reconsider its ruling excluding one of these categories—specifically, evidence of the planning of the co-defendants' escape from Kingman prison.

## LEGAL STANDARD FOR MOTION TO RECONSIDER

Borrowing the standards for civil cases, a motion to reconsider is warranted "'when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice.'" *United States v. Harmon*, 871 F. Supp. 2d 1125, 1143 (D.N.M. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d at 1012 (citation omitted). A district court has considerable discretion in ruling on a motion to reconsider. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997). A motion to reconsider is not an opportunity to rehash arguments previously

addressed or to advance new arguments that could have been raised in prior briefing. *See Servants of the Paraclete*, 204 F.3d at 1012.

## DISCUSSION

The Government argues that (1) the Court misapprehended the United States' position regarding what evidence is intrinsic to the charged crimes, and (2) misapplied the law governing what proof is required to establish that evidence is intrinsic to the charged crimes.[1] Doc. 1083 at 2. The Government further characterizes its failure to address arguments raised by McCluskey as an absence of the "meeting of the minds" between it and McCluskey as to the scope and nature of McCluskey's motion. *Id*. at 3. However, the record does not support the Government's contentions.

The Government suggests that McCluskey's motion did not raise the issue of whether evidence of McCluskey's prior bad acts was intrinsic or extrinsic to the charged crimes, thereby leaving the Government with no hint that it should address that question in its response. According to the Government, McCluskey's motion [Doc. 858], from its title to its prayer for relief, requested exclusion of only extrinsic evidence. *See* Doc. 1083 at 3. For several reasons, the Court finds no merit in this contention. First, implicit in the Government's argument is the assumption that the issue of whether evidence is intrinsic or extrinsic is somehow separate from the Rule 404(b) inquiry. However, the law is clear that the question of whether evidence of other acts is intrinsic or extrinsic to the charged crimes is a threshold issue, as the limitations imposed by Rule 404(b) do not apply to intrinsic evidence. In the absence of a stipulation by the parties, therefore, a determination of whether evidence is intrinsic or extrinsic to the crimes is a fundamental part of a Rule 404(b) motion

---

[1] The Government does not explain how the Court could have misapplied this law, when in fact the Government did not even attempt to prove that any of its Rule 404(b) evidence was intrinsic to the charged crimes.

3

such as that made by McCluskey.

Second, McCluskey's motion <u>expressly</u> challenged the Government's assertion that its noticed and unnoticed Rule 404(b) evidence of his prior acts is inextricably intertwined or intimately connected with the charged crime, and therefore outside the scope of that rule. McCluskey argued that the Government must do more than recite the phrase, "inextricably intertwined." Doc. 858 at 14. On the following page, the motion set forth the standard for determining whether other act evidence is inextricably intertwined with the charged crimes, *id*. at 15-16, and then McCluskey states that "it cannot be concluded that the government has sustained its burden of showing that the evidence listed by the government is 'intrinsic' to the crimes alleged in the Third Superseding Indictment." *Id*. at 16. McCluskey further argued that "the Court's determination that the defendant's fugitive escape and the escape itself are 'intrinsic' in no way determined that [other evidence identified by the Government] were also 'intrinsic.'" Finally, in the closing paragraph of his brief, McCluskey argued that all evidence of his importation and distribution of drugs into his Arizona prison in 2009 and 2010, as well as the interdiction and apprehension of Welch as she brought drugs to Kingman Prison, is "extraneous and in [sic] not intimately connected or blended with the factual circumstances of the charged offense." *Id*. at 19-20. Thus, it is clear from the face of McCluskey's Rule 404(b) motion that he was challenging the Government on its position that all of its noticed evidence is intrinsic to the charged crimes, thereby obligating the Government, as the proponent of the evidence, to make that showing to the Court.

Third, the Government's own Rule 404(b) notice to McCluskey recognized that there would be at least some question or dispute between the parties as to whether the evidence was intrinsic or extrinsic to the crimes. *See* Doc. No. 916-1 ("We believe that the entirety of our evidence during the guilt phase will be intrinsic evidence of the charges in the indictment, or inextricably interwined,

4

intimately connected, or intimately blended with that evidence. Nonetheless, we recognize that you may disagree with our characterization of some of the evidence we intend to introduce."). Thus, it should have come as no surprise to the Government that McCluskey would argue that some of the noticed evidence was extrinsic; indeed, the Government anticipated the issue.

Fourth, the Government states that because this Court had previously ruled that the escape itself was intrinsic to the charged crime, it did not believe that it was under any obligation to justify its admission. Doc. 1083 at 3. However, the evidence that the Government identified in its Rule 404(b) notice encompasses far more than the escape and includes a variety of events that occurred before the escape, including evidence of the planning of the escape. It simply makes no sense that the Government could believe that the Court's ruling that the escape was intrinsic to the crimes could extend to all the evidence in the notice. Despite this, in its response to McCluskey's Rule 404(b) motion, the Government offered no reasoning or explanation upon which this Court could rest a conclusion that evidence of the planning of the escape is intrinsic to the charged crimes. Instead, the Government elected to ignore the issue entirely.

For all of the foregoing reasons, the Court concludes that its ruling on McCluskey's Rule 404(b) motion was correct and proper in light of the record then before it. The Court did not commit clear error, nor did it misapprehend the facts, a party's position, or the controlling law. Rather, it was the Government's failure to create a clear and complete record that led to the decision now before the Court for reconsideration.

Nevertheless, the order of this Court for which the Government seeks reconsideration is not a final order or judgment, and consequently the Court retains considerable discretion in reconsidering that ruling. *See Price v. Philpot*, 420 F.3d 1158, 1167 n. 9 (10th Cir. 2005) ("[E]very order short of a final decree is subject to reopening at the discretion of the district judge."); *Wagoner*

*v. Wagoner*, 938 F.2d 1120, 1122 n. 1 (10th Cir. 1991) (noting that a motion for reconsideration filed prior to final judgment "was nothing more than an interlocutory motion invoking the district court's general discretionary authority to review and revise interlocutory rulings prior to entry of final judgment"); *United States v. Harmon*, 871 F. Supp. 2d 1125, 1144-45 (D.N.M. 2012) (Browning, J.). In exercising that discretion, the Court has considered the Government's argument and explanation of why evidence of the planning of the escape is intrinsic to the charged crimes. "Other act evidence is intrinsic when the evidence of the other act and the evidence of the crime charged are inextricably intertwined or both acts are part of a single criminal episode or the other acts were necessary preliminaries to the crime charged." *United States v. Lambert*, 995 F.2d 1006,1007 (10th Cir. 1993). The Tenth Circuit has explained:

> Generally speaking, intrinsic evidence is that which is directly connected to the factual circumstances of the crime and provides contextual background information to the jury. Extrinsic evidence, on the other hand, is extraneous and in not intimately connected or blended with the factual circumstances of the charged offense.

*United States v. Parker*, 553 F.3d 1309, 1314 (10th Cir. 2009) (internal quotation marks and citation omitted).

After consideration, the Court concludes that evidence of the planning of the escape is indeed intrinsic to the charged crimes, most notably Count 20 (fugitive in possession of a firearm), but also most of the other counts as well. The planning of the escape is part of the continuous string of events that led to the alleged actions of McCluskey, Welch, and Province after they escaped Kingman prison and attempted to evade capture, and allegedly committed the acts charged in the Third Superseding Indictment. The evidence of the planning of the escape also bears on the relationships among those individuals, all of which provide context for events that followed. Furthermore, the Court agrees with the Government that in the absence of evidence of the planning

of the escape, the jury will be confused as to how McCluskey, Welch, and Province arrived outside the prison fence.   Accordingly,

**IT IS THEREFORE ORDERED** that the *United States' Motion to Reconsider Memorandum Opinion and Order Denying in Part and Granting in Part Defendant's Rule 404(b) Motion in Limine* [Doc. 1083] is **GRANTED**, and the Court will permit the Government to present the limited evidence of the planning of the escape set forth in Doc. 1083 at page 4, to include (1) brief testimony from Welch and Province; (2) Government exhibits 50-R, 54-R, 60-R, and 64-R; and (3) photographs identified as Government exhibits 36-42 on the Government's proposed exhibit list.

_____
**UNITED STATES DISTRICT COURT**