IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        **Plaintiff,**

vs.                                                                                                       CR. No. 10-2734 JCH

**JOHN CHARLES McCLUSKEY,**

        **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant McCluskey's Motion for Eight Additional Peremptory Challenges* [Doc. 1140], as well as the *Government's Motion to Reconsider Decision to Grant Defendant Eight Additional Peremptory Challenges* [Doc. 1141]. McCluskey filed the former on the afternoon of August 6, 2013, while voir dire and challenges for cause were ongoing and 65 qualified jurors already had been identified. In that motion, McCluskey requested that he be granted eight additional peremptory challenges (for a total of 28). Due to the time-sensitive nature of the motion, the Government elected not to file a written response, but instead responded on the record in the courtroom on August 6, 2013. After considering the motion, response, and several written opinions cited by the parties, the Court granted the motion on the record at the hearing. Later that evening, the Government filed its written motion asking the Court to reconsider its decision granting McCluskey's request for additional peremptory challenges. In that motion, the Government contends that McCluskey is not entitled to additional strikes, and further argues that if the Court does grant McCluskey's request, it should grant him only two and grant the Government the same number.

For the reasons set forth on the record on August 6 and August 7, 2013, the Court grants McCluskey's motion [Doc. 1140] and denies the Government's motion to reconsider [Doc. 1141]. As the Court has explained, there has been significant pretrial publicity in this case, with a strong majority of the prospective jurors having at least some knowledge of the case. The Court takes judicial notice of the fact that, as far as it is aware, none of that publicity has been at the behest of the defendant or the defense team. In contrast, the United States Attorney for the District of New Mexico has conducted at least one press conference and has issued multiple press releases about this case in which he described facts and evidence prejudicial to McCluskey. As a result, various jurors have stated that, based on the pretrial publicity to which they had been exposed, they had formed the opinion that McCluskey was guilty of the crimes charged. In contrast, no juror has stated that the pretrial publicity had led him to opine that McCluskey was innocent of the charged crimes. While it is true that most of the jurors have stated that they can put aside any feelings about the case that have resulted in their exposure to pretrial publicity, the Court is left with the definite impression that the pretrial publicity engendered by the Government has to some degree affected the objectivity of the jury panel in favor of the Government. In order to ensure that McCluskey's right to a fair and impartial jury is protected, the Court finds it necessary to exercise its discretion to permit him to use eight additional peremptory challenges.

In its motion to reconsider, the Government contends that in light of Rule 24, the Court lacks discretion to grant additional peremptory challenges in a single defendant case such as this. However, the Court notes that while it is uncommon, district courts have granted additional challenges in single defendant cases where, as here, there has been significant pretrial publicity. *See, e.g., United States v. Blom*, 242 F.3d 799, 804 (8th Cir. 2001); *United States v. Moussaoui*, 01-cr-455, 2002 WL 1987955, at *1 n.3 (E.D. Va. Aug. 16, 2002). These cases indicate that the Court

has discretion to increase the number of peremptory strikes beyond that outlined in Rule 24(b)(1). The Government points out that in those cases, the district court granted the same number of additional challenges to both parties. However, those cases are distinguishable in that the court had not found that one party had generated and participated in pretrial publicity that was unfavorable to the opposing party. *Cf. United States v. Lujan*, 05cr924, Doc. 496 at 2 (D.N.M. Nov. 10, 2008) (slip. op.) (Brack, J.) (declining to grant request for additional peremptory challenges in the absence of any significant pretrial publicity). The Government also contends that McCluskey requested additional challenges too late in the jury selection process, and that his motion should be denied as untimely. While the Court agrees that McCluskey could have made his motion in a more timely fashion, it had adequate time to review the law and fully consider both sides of the argument.

In accordance with the foregoing and with the Court's rulings in the courtroom,

**IT IS THEREFORE ORDERED** that (1) *Defendant McCluskey's Motion for Eight Additional Peremptory Challenges* [Doc. 1140] is **GRANTED**, and (2) the *Government's Motion to Reconsider Decision to Grant Defendant Eight Additional Peremptory Challenges* [Doc. 1141] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**

3