IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

                                          Cr. No. 10-2734 JH

vs.

JOHN CHARLES McCLUSKEY,

      Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's *Motion to Exclude Any Fingerprint Identification Evidence or Testimony Based On or Mentioning the Results of Any Automated Fingerprint Identification System (AFIS) Search* [Doc. 1180], filed August 20, 2013. The motion relates to the testimony of the Government's fingerprint identification witness, Bonnie Knoll, who the Government intends to call to the stand on August 22, 2013.

The Court will deny the motion for several reasons. First, the motion is untimely. On July 22, 2013, trial in this case began with the commencement of voir dire and jury selection. *Daubert* motions were due to be filed with the Court no later than April 22, 2012. While McCluskey did file a *Daubert* motion relating to fingerprint evidence prior to this deadline, his motion did not address the reliability of the Automated Fingerprint Identification System ("AFIS") database and its algorithms, nor did it address the admissibility of an expert opinion that relied, at least in part, on an AFIS search. In the motion currently before the Court, McCluskey provides no explanation or justification for his decision to file the motion fourteen months after the deadline, well after trial has begun, and less than two days before Knoll is anticipated to testify. The timing of the motion affords the Government very little time to respond and the Court inadequate opportunity to consider

the issue.

Second, in his motion McCluskey suggests that it was the Government's August 19, 2013 opening statement that first put him on notice of the need to make a *Daubert* challenge to any testimony from Knoll regarding her reliance on an AFIS search. *See* Doc. 1180 at 2 ("Based on this [opening] statement, Mr. McCluskey fears that the government will attempt to elicit from its fingerprint expert Bonnie Knoll that not only is her identification of Province's fingerprint based on an AFIS search, but that her identification of Mr. McCluskey's print is based on such a search as well."). However, this information should not have come as a surprise to the Defendant. On August 30 and August 31, 2012, the Court held a hearing on McCluskey's original *Daubert* motion [Doc. 419] challenging the admissibility of firearm identification evidence. At the hearing, Knoll testified in some detail regarding AFIS generally, her use of New Mexico's AFIS system in her work on this case, and the manner in which she used AFIS to help identify certain latent prints with McCluskey. *See, e.g.*, Tr. 8/30/2012, Doc. 680, at pp. 206-11, 217-18, and 232-34; Tr. 8/31/2012, Doc. 683, at pp. 34-40, 46-49, and 54-60. McCluskey had ample opportunity to cross examine Knoll on these topics, and in fact he did so. *See id.* However, after the hearing McCluskey chose not to supplement his original *Daubert* motion to challenge her testimony based on the lack of reliability of the AFIS system. He had ample opportunity to do so, as the Court did not rule on his motion until July 22, 2013. *See* Doc. 1121. Again, in the motion now before the Court, McCluskey does not explain why he has waited until the eleventh hour to make this new challenge to the expert fingerprint evidence, leaving the Court with the impression that the delay was tactical.

Finally, the Court concludes that McCluskey's interests can be adequately protected through cross examination. McCluskey's counsel, who have demonstrated that they are highly skilled, can use cross examination to question Knoll about her reliance on AFIS and to point out the system's

2

limitations.

      **IT IS THEREFORE ORDERED** that Defendant's *Motion to Exclude Any Fingerprint Identification Evidence or Testimony Based On or Mentioning the Results of Any Automated Fingerprint Identification System (AFIS) Search* [Doc. 1180] is **DENIED**.

                                               _____
                                               **UNITED STATES DISTRICT COURT**