# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

                                **Cr. No. 10-2734 JH**

  **vs.**

**JOHN CHARLES McCLUSKEY,**

      **Defendant.**

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on two motions addressing the same subject matter: *Defendant McCluskey's Motion That the Court Take Judicial Notice of Certain Adjudicative Facts Pursuant to Rule 201 of the Federal Rules of Evidence* [Doc. 1155], filed August 14, 2013; and the *United States' Motion to Forbid Admission of Underlying Facts of Co-Defendant's Prior Convictions* [Doc. 1160], filed August 15, 2013. The latter, although itself a motion, contains within it a response to the former. The Court has considered the two motions, the response/reply briefs, and the supplements [Docs. 1173, 1175, 1177, and 1199], all filed on the eve of or during the trial phase, which began on August 19, 2013. The Court concludes that it may not take judicial notice of another court's findings of fact in a separate case involving McCluskey's alleged coconspirator, Tracy Province. However, the Court also concludes that under certain circumstances set forth below, McCluskey can cross examine Province about the prior conviction.

In his motion [Doc. 1155], Defendant John McCluskey ("McCluskey") asks the Court to take judicial notice not only of the fact of Tracy Province's prior conviction for a 1991 robbery and murder in Arizona, but also the entire contents of the Arizona district judge's factual findings and conclusions of law relating to Province's sentencing. According to McCluskey, Province's defense

in the earlier case–which the Arizona judge did not find credible– "bears a remarkable resemblance" to his version of events in the case now before the Court. McCluskey wishes to use the Arizona judge's findings to impeach Province's credibility. Conversely, in its motion [Doc. 1160], the Government asks the Court to forbid McCluskey from either introducing extrinsic evidence of, or conducting any cross-examination about, the underlying facts of Province's prior convictions. In response to the Government, McCluskey argues that he has a right to cross examine Province on the issue pursuant to  the Sixth Amendment's Confrontation Clause as well as Rules 404(b), 406, 608(b), 609 of the Federal Rules of Evidence, and the doctrines of collateral estoppel and res judicata.

## DISCUSSION

**I.**      **RULE 201**

Rule 201 of the Federal Rules of Evidence, titled Judicial Notice of Adjudicative Facts, provides in relevant part:

> **(a) Scope.** This rule governs judicial notice of an adjudicative fact only, not a legislative fact.
> **(b) Kinds of Facts That May Be Judicially Noticed.** The court may judicially notice a fact that is not subject to reasonable dispute because it:
>> (1) is generally known within the trial court's territorial jurisdiction; or
>> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

As the Court noted in *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994):

> In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite. 21 C. Wright & K. Graham, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE § 5104 at 485 (1977 & Supp.1994). Since the effect of taking judicial notice under Rule 201 is to preclude a party from introducing contrary evidence and in effect, directing a verdict against him as to the fact noticed, the fact must be one that only an unreasonable person would insist on disputing. *Id*. If it were permissible for a court to take judicial notice of a fact merely because it has been found to be true in some other action, the doctrine of collateral estoppel would be superfluous.  *Id*. at 256-57 (footnote omitted).

2

Relying on *Nipper v. Snipes*, 7 F.3d 415 (4th Cir. 1993), the *Jones* court concluded that it was error to take judicial notice of findings of fact from a previous lawsuit.  In *Nipper*, the district court had allowed plaintiffs' counsel to introduce into evidence an order entered in a state court case involving some of the same parties in the case before it. The order included the state court judge's findings of fact.  Portions of the findings of fact were read to the jury. The *Nipper* court concluded that judicial findings of fact in a court's order in a previous case are not admissible in another case under Rule 803(8)(C).  *Nipper*, 7 F.3d at 418.

Many courts that have confronted this issue have similarly concluded that it is improper to take judicial notice of another court's findings of fact.  *See, e.g., Wyatt v. Terhune*, 315 F.3d 1108, 1114 (9th Cir. 2003); *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 830 (5th Cir. 1998); *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998); *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1082-83 & n. 6 (7th Cir. 1997); *In re Delta Resources, Inc.*, 54 F.3d 722, 726 (11th Cir. 1995); *Meredith v. Beech Aircraft Corp.*, 18 F.3d 890, 895 (10th Cir. 1994); *Halloway v. Lockhart*, 813 F.2d 874, 879 (8th Cir. 1987); *In re Ford Motor Bronco II Product Liability Litigation*, 982 F.Supp. 388, 395 (D.C. La.1997).  Similarly, highly respected federal court scholars and commentators have concluded that a court may not take judicial notice of the truth of another court's findings of fact.  *See* 21B Charles Alan Wright et al., FEDERAL PRACTICE AND PROCEDURE § 5106.4 (2d ed. 2012).

The Court finds the reasoning in these cases to be persuasive.  Accordingly, the Court will deny McCluskey's motion to take judicial notice of the Arizona court's findings of fact in Province's prior murder case.

## II.    COLLATERAL ESTOPPEL AND RES JUDICATA

McCluskey argues that the doctrines of res judicata and collateral estoppel weigh in favor

of admitting the Arizona judge's factual findings and preventing Province from "relitigating" the underlying facts of his previous murder conviction. As the Court explains briefly below, neither legal theory is applicable in the present circumstances.

When a final judgment has issued on the merits of an action, such as Province's 1993 murder conviction, the doctrine of claim preclusion (res judicata) "precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Pelt v. Utah*, 539 F.3d 1271, 1281 (10th Cir. 2008). Claim preclusion has three elements: "(1) a final judgment on the merits in an earlier action; (2) identity of parties or privies in the two suits; and (3) identity of the cause of action in both suits." *Id*. In this instance, neither the second nor the third element is satisfied.

Issue preclusion generally applies when four elements are satisfied: (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action. *Park Lane Res. Ltd. Liab. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (internal quotation marks omitted). Again, this doctrine does not apply in the present circumstances. The "issue" here is not Province's guilt or innocence of the prior murder, but rather his credibility as a witness. Despite McCluskey's protestations to the contrary, that issue was not decided in the Arizona case. While Judge Alley explicitly stated that he did not "believe or accept" the testimony of Province's co-defendant, he says nothing about Province's testimony or his credibility. *See* Doc. 1155-1 at 3. Judge Alley does note that "Defendant continues to argue there is no evidence to support a finding that he had a knife or that he stabbed the deceased," *id*., it strains credulity to infer from that statement that the judge was finding Province to be a liar. Province was represented by counsel in that case, and it is counsel,

4

not defendants, who make arguments about the absence or presence of evidence to support a finding of guilt.  Accordingly, collateral estoppel does not apply here.

## III.    RULE 404(b)

In order to be admissible under Rule 404(b), evidence of other crimes, wrongs, or acts must be offered to prove motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.  McCluskey, as the proponent of the evidence,  has not proven that any of these applies in the current circumstances.  Nor does it appear to the Court, from the record currently before it, that any of these prerequisites is met here.  Therefore, the Arizona state court's findings are not admissible under this rule.

## IV.    RULE 609

The parties do not dispute that under Rule 609(a)(1), McCluskey may attack Province's character for truthfulness through the admission of evidence that he was convicted for the 1991 murder of Norman Knoblich.  That evidence will include the nature of the charge against Province, the date and place of his conviction, and the punishment imposed.  However, under *United States v. Lopez-Medina*, 596 F.3d 716, 737-38 (10th Cir. 2010), this is all that Rule 609(a)(1) requires when the witness is not the defendant on trial.

Citing *United States v. Wolf*, 561 F.2d 1376, 1381 (10th Cir. 1997), McCluskey argues that a witness who "on direct examination attempts to explain away the effect of the conviction or to minimize his guilt" is subject to cross examination as to any facts which are relevant to the direct examination.  Doc. 1173 at 9.   The Court agrees that if, on direct examination, Province testifies that he did not actively participate in the murder of  Norman Knoblich, then McCluskey is entitled to cross examine him with Judge Alley's findings.  Unless Province opens the door in this manner, however, the evidence will not be admitted under Rule 609.

**V.    RULE 608(b)**

Rule 608(b) provides that "the court may, on cross-examination, allow [specific instances of a witness' conduct] to be inquired into if they are probative of the character for truthfulness or untruthfulness of  . . . the witness."  Here, McCluskey has presented evidence that during his debriefing sessions with counsel for the Government, Province made statements about his role in the 1991 Arizona murder that are not consistent with his conviction and sentence, or with the findings of Judge Alley.  The Government asks the Court to prohibit McCluskey from asking questions about his inconsistent statements during the debriefings.

The Tenth Circuit's decision in *United States v. Woodard*, 699 F.3d 1188 (10th Cir. 2012)[1], though cited by both parties, is not particularly helpful.   In that case, the issue was whether the defendant could question a government witness about a judge's finding in a prior case that the witness was not credible.  As explained above, it appears that Province did not testify and Judge Alley did not make any determinations regarding his credibility as a witness.

However, in the Court's judgment, Province's prior statements to counsel for the Government downplaying his role in the 1991 Arizona murder are "probative of [his] character for truthfulness or untruthfulness" within the meaning of Rule 608(b), and therefore McCluskey can inquire about them on cross examination.  It appears that the Government does not dispute this, as it argues that in the event the Court permits such cross examination McCluskey should be required to submit his questions to the Court in writing in advance.  Doc. 1175 at 8.  While the Court will not require such a written submission, the Court orders counsel for McCluskey to request a bench conference before he commences such a cross examination so that he may inform the Court of the

---

[1] The undersigned sentenced Mr. Woodard but was not the district judge who presided over his trial.

questions he intends to ask.

## VI.   RULE 406

Rule 406 provides that evidence of a person's habit may be admitted to prove that on a particular occasion the person acted in accordance with that habit.  McCluskey argues that this rule supports admission of Judge Alley's findings because those findings show that Province has a "habit" of claiming that he was merely present during the commission of a murder.  However, that Province claimed not to be the actual murderer in 1993, and does so again in 2013, does not have the repetition, numerosity, or frequency to rise to the level of a habit under Rule 406.

## VII.  RULE 403

Rule 403 provides that the court may exclude evidence that is otherwise admissible  "if its probative value is substantially outweighed by the danger of" unfair prejudice, among other things. Here, the Government argues that the specific facts and circumstances of Province's Arizona murder conviction, including Judge Alley's factual findings, are substantially more unfairly prejudicial to the Government than they are probative of Province's credibility of a witness.

Determinations under Rule 403 are best left to the time of trial, when the specific questions, evidence, and circumstances are before the court performing the required balancing test.  However, at this time and on the record currently before the Court, it concludes that if the evidence is introduced in the way permitted under Section IV or Section V of this Memorandum Opinion, then it is highly probative of Providence's credibility as a witness.  While the evidence may result in prejudice to the Government, the Court concludes that it is not *unfair* prejudice.


**IT IS THEREFORE ORDERED** that:

(1)    *Defendant McCluskey's Motion That the Court Take Judicial Notice of Certain Adjudicative*

7

*Facts Pursuant to Rule 201 of the Federal Rules of Evidence* [Doc. 1155] is **DENIED**;  and

(2)      the *United States' Motion to Forbid Admission of Underlying Facts of Co-Defendant's Prior Convictions* [Doc. 1160], filed August 15, 2013 is **GRANTED IN PART** and **DENIED IN PART** as explained herein.

_____

**UNITED STATES DISTRICT JUDGE**