IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                       Cr. No. 10-2734 JH

**JOHN CHARLES McCLUSKEY,**

      **Defendant.**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on several motions that have arisen during the trial phase of this case, as well as one motion filed long before the trial commenced on July 22, 2013. Each is discussed below.

**DISCUSSION**

**I.  Motion to Suppress Cooperating Witness Statements**

On January 31, 2012, McCluskey filed his *Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses* [Doc. 295].[1] In that motion, McCluskey argues that incriminating statements made by the cooperating witnesses, Casslyn Welch and Tracy Province, were coerced through unlawful government conduct and therefore not admissible against him at trial. He contends that both Province and Welch's in-court testimony should be suppressed on the same grounds. On July 19, 2012, the Court held an evidentiary hearing on the motion at

---

[1] In addition to the motion, the Court has considered the Government's response [Doc. 331], McCluskey's reply [Doc. 356], as well as all the briefing in connection with McCluskey's motion in limine addressing the same issue.

which both Welch and Province were present and took the stand. *See* Transcript, Doc. 678. However, both Welch and Province asserted their Fifth Amendment privilege against self-incrimination at the hearing, thereby preventing McCluskey from eliciting testimony necessary to support his motion to suppress. After consultation and with agreement of opposing counsel, the Government proposed that the motion be held in abeyance until after it had made its Jencks Act disclosure to McCluskey. Accordingly, in its Order filed July 31, 2012, Doc. 600, the Court stated: "In accordance with the agreement of the parties, the court will withhold ruling on the motion until trial, at which point Defendant is free to re-raise and/or supplement his motion. . . . The Court will rule at that time." *See also Memorandum Opinion and Order*, Doc. 1038.

"[T]he Fourteenth Amendment forbids the use of involuntary confessions not only because of the probable unreliability of confessions that are obtained in a manner deemed coercive, but also because of the 'strongly felt attitude in our society that important human values are sacrificed where an agency of the government, in the course of securing a conviction, wrings a confession out of an accused against his will.'" *Jackson v. Denno*, 378 U.S. 368, 385-86 (1964) (quoting *Blackburn v. Alabama*, 361 U.S. 199, 206-07 (1960)). Further, if officers use false evidence, including false testimony, to initiate charges or to secure a conviction, the defendant's Fourteenth Amendment due process rights are violated. *Napue v. Illinois*, 360 U.S. 264, 269 (1959); *Chambers v. Florida*, 309 U.S. 227, 228 (1940). In *Clanton v. Cooper*, 129 F.3d 1147 (10th Cir. 1997), the Tenth Circuit reviewed the denial of qualified immunity to police defendants who had elicited a coerced confession in 1993 and used it against the plaintiff. The court held that "because the evidence is unreliable and its use offends the Constitution, a person may challenge the government's use against him or her of a coerced confession given by another person." *Id.* at 1157-58.

"[T]he standard for determining whether a statement was voluntary is the same whether we

2

are dealing with a defendant or a third party." *United States v. Dowell*, 430 F.3d 1100, 1107 (10th Cir. 2005) (quoting *United States v. Gonzales*, 164 F.3d 1285, 1289 n. 1 (10th Cir. 1999)). A statement is involuntary if the government's conduct caused the witness' will to be overborne and his capacity for self-determination critically impaired. *Gonzales*, 164 F.3d at 1289. In determining whether a defendant's will was overborne in a particular case, the Court must assess the totality of all the surrounding circumstances—both the characteristics of the accused and the details of the interrogation. *Schneckloth v. Bustamante*, 412 U.S. 218 (1973). McCluskey bears the burden to prove, by a preponderance of the evidence, that his co-defendants' inculpatory statements were coerced. *See Dowell*, 430 F.3d at 1107.

In this trial, the Government called Tracy Province on the morning of August 26, 2013, and he remained on the witness stand for almost two and a half days. Though McCluskey had the opportunity to cross examine Province at length, McCluskey did not elicit from Province testimony to support a conclusion that law enforcement officers had coerced Province into making statements that incriminated McCluskey. As a result, on the record currently before the Court, McCluskey's motion to suppress Province's statements and trial testimony will be denied. The motion remains pending as to Casslyn Welch.

## II.     Motion to Exclude Hearsay Regarding Verification of Fingerprint Identification

On August 21, 2013, McCluskey filed his *Motion to Exclude Any Hearsay Evidence That A Fingerprint Examiner's Identification of a Latent Fingerprint Was Verified By Another Person* [Doc. 1181]. In that motion, McCluskey asked the Court to exclude testimony by the Government's expert fingerprint examiner, Bonnie Knoll, that her conclusions regarding the latent prints she examined in this case had been verified by another fingerprint examiner. As grounds for that motion, McCluskey argued that such testimony was hearsay because Knoll would be conveying the

out-of-court statements of the other examiner and offering them for their truth—that is, that the other examiner reviewed the prints in question and agreed with Knoll's conclusions. After hearing oral argument, the Court granted the motion, concluding that the statements were inadmissible hearsay offered for their truth. *See* Trial Transcript, Aug. 22, 2013, at 4613-20. For the reasons stated on the record, the Court was persuaded by the rationale on this issue set forth in *State v. Langill*, 13 A.3d 171 (N.H. 2010), and *People v. Smith*, 628 N.E.2d 1176, 1181 (Ill. Ct. App. 1994).

Accordingly, McCluskey's *Motion to Exclude Any Hearsay Evidence That A Fingerprint Examiner's Identification of a Latent Fingerprint Was Verified By Another Person* [Doc. 1181] is granted.

### III. Recross Examination of Cooperating Witnesses

On the morning of August 28, 2013, McCluskey filed a motion requesting permission to conduct re-cross examination of cooperating witnesses Province and Welch. That day, after the Government conducted its redirect examination of Province, McCluskey renewed his motion for leave to re-cross Province. The Court heard oral argument on the motion, and after consideration allowed McCluskey to conduct recross examination of Province on one narrow issue raised for the first time in redirect examination. *See* Trial Transcript, Aug. 28, 2013, at 5422-33. Similarly, the Court will permit McCluskey to conduct recross examination of Welch, but only as to new matters raised in her redirect examination.

Accordingly, *Defendant McCluskey's Motion to Be Allowed to Conduct Re-Cross Examination of Government Cooperating Witnesses* [Doc. 1216] is granted in part as explained above.

### IV. In Camera Review of Documents Related to Province Threat Assessment

On August 28, 2013, McCluskey requested disclosure of all materials (including a

psychiatric evaluation and results of a polygraph test) relating to a threat assessment conducted by the Department of Justice regarding Tracy Province. Counsel for McCluskey argued that the defense was entitled to the materials under *Brady v. Maryland*, 373 U.S. 83 (1963), an assertion which the Government disputed. *See* Trial Transcript, Aug. 28, 2013, at 5366-69. The Court required the Government to produce the materials for *in camera* review as soon as possible. *Id*. at 5370. On September 4, 2013, the Government made that disclosure to the Court by filing a sealed, *ex parte* motion for *in camera* review with the requested records attached as exhibits.

The Court has thoroughly reviewed the Government's document, as well as the attached exhibits, and concludes that they do not contain discoverable materials under either Rule 16, *Brady*, or *Giglio v. United States*, 405 U.S. 150 (1972). Specifically, the Court finds that the materials contain no relevant information not already available to the defense. Accordingly, McCluskey's oral motion for production of those documents will be denied, and the United States' sealed, *ex parte* motion filed on September 4, 2013 will be granted.

**IT IS THEREFORE ORDERED** that:

(1) McCluskey's *Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses* [Doc. 295] is **DENIED IN PART** as to statements and testimony of Tracy Province, but remains pending as to statements and testimony of Casslyn Welch;

(2) McCluskey's *Motion to Exclude Any Hearsay Evidence That A Fingerprint Examiner's Identification of a Latent Fingerprint Was Verified By Another Person* [Doc. 1181] is **GRANTED** for the reasons stated herein and in open court;

(3) *Defendant McCluskey's Motion to Be Allowed to Conduct Re-Cross Examination of Government Cooperating Witnesses* [Doc. 1216] is **GRANTED IN PART** as described herein; and

(4)	the United States' sealed, *ex parte* motion filed on September 4, 2013 is **GRANTED**, and McCluskey's oral motion for the production of materials is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**