IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Cr. No. 10-2734 JH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

In the course of the past ten days, the Court has ruled on several pending motions in open court during the trial of this case. In this Memorandum Opinion and Order, the Court further memorializes those rulings.

First, on September 16, 2013, the Court denied the motion to suppress made by Defendant John Charles McCluskey through counsel in open court on the afternoon of September 5, 2013. In that motion, McCluskey asked the Court to suppress a statement that he made to law enforcement at the time of his arrest on the grounds that the arresting officers elicited the statement in violation of his *Miranda* rights. McCluskey raised this motion on the eve of the last court day before the witness through whom McCluskey's statement would be offered was scheduled to testify.[1] The

---

[1] McCluskey made his motion at the end of the day on Thursday, September 5, 2013, with trial set to reconvene on Monday, September 9, 2013. The first witness scheduled to testify on September 9, 2013 was Robert Watkins, a law enforcement officer who participated in McCluskey's arrest and who would testify regarding McCluskey's out-of-court statement. However, due to circumstances beyond the control of the Court or of the parties, the Court was in recess the entire week of September 9, and the trial recommenced on September 16, 2013,

Government argued that the motion was untimely under Rule 12(b)(3)(C), which provides that motions to suppress evidence must be raised before trial.  The Government further argued that there was no equitable reason to overlook the untimeliness of the motion because the out-of-court statement had been disclosed to McCluskey well in advance of trial.  The Court denied the motion because it is indeed untimely under Rule 12(b)(3)(C), and it is simply not feasible to stop the jury trial mid-stream in order to conduct a suppression hearing.  Such a result would waste both judicial resources and the valuable time of the jury, which would be forced to sit idly by while the Court conducted such a hearing.  Furthermore, the Court concurs with the Government that McCluskey had ample notice of this out-of-court statement, and that by failing to raise his motion in a timely fashion, he has waived it.  For all of these reasons as well as the reasons stated on the record in open court, McCluskey's motion to suppress is denied.

Second, on September 10, 2013, the Government filed a motion to unseal certain documents relating to Casslyn Welch, which the Court granted by an Order entered on September 11, 2013.  *See* Docs. 1246 and 1248.  As a result of that Order, the Court hereby directs the Clerk of Court to **unseal** Document 1226 in this case.[2]  At the hearing, counsel for the Government moved to unseal other items on the docket relating to Ms. Welch.  The Court granted the motion, but the precise identities of the documents to be unsealed remains unclear.  Accordingly, the Court orders counsel for the parties to meet and confer, and inform the Court of the docket numbers of theses additional items no later than September 26, 2013, so that the Court may direct the Clerk of Court to unseal

---

beginning with the testimony of Mr. Watkins.

[2] In point of fact, the Government filed Doc. 1226 not under seal, but as an *ex parte* document viewable only by the Government and the Court.  Thus, making the document viewable by the defense team and the public may require the involvement of counsel for the Government.

those as well.

Third, in open court on September 16, 2013, the Court denied McCluskey's sealed motion [Doc. 1255] regarding the testimony of Casslyn Welch. For all the reasons stated on the record in open court, McCluskey's motion is denied.

Fourth, the Court reviewed McCluskey's sealed motion for discovery [Doc. 1256], and after hearing argument from counsel for both parties it ordered the Government to provide the requested documents to the Court for *in camera* review as soon as possible. When the Court receives the materials in dispute, it will issue a ruling.

Finally, the Court had previously withheld ruling on McCluskey's motion to suppress allegedly coerced statements of Casslyn Welch. *See* Docs. 295, 1233. The Government called Ms. Welch to the witness stand on the morning of September 16, 2013, and she remained on the witness stand for approximately three days. Though McCluskey had the opportunity to cross examine Welch at length, McCluskey did not elicit from Welch testimony to support a conclusion that law enforcement officers had coerced Welch into making statements that incriminated McCluskey. As a result, on the record currently before the Court, McCluskey's motion to suppress Welch's statements and trial testimony [Doc. 295] will be denied.

**IT IS THEREFORE ORDERED** that:

(1) McCluskey's motion to suppress, made in open court on September 5, 2013, is **DENIED**;

(2) the Court hereby directs the Clerk of Court to **UNSEAL** Document 1226 on the docket and orders counsel for the parties to inform the Court of the docket number of additional items to be unsealed or otherwise made available for public view no later than September 26, 2013;

(3) McCluskey's motion, Doc. No. 1255, is **DENIED**; and

(4)  McCluskey's *Motion to Suppress Coerced Statements and Anticipated Testimony of Cooperating Witnesses* [Doc. 295] is **DENIED IN PART** as to statements and testimony of Casslyn Welch.

_____
**UNITED STATES DISTRICT JUDGE**