IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

**vs.**                                                            **Cr. No. 10-2734 JH**

**JOHN CHARLES McCLUSKEY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

On September 16, 2013, Defendant John McCluskey filed his *Motion for Discovery* [Doc. 1256] asking the Court to order the Government to disclose certain materials relating to his cross examination of cooperating co-defendant Casslyn Welch. The categories of documents that McCluskey requested were: (1) an email from Assistant U.S. Attorney Linda Mott to counsel for Ms. Welch identifying inconsistencies between Ms. Welch's statements to law enforcement; (2) documents related to the validation of Ms. Welch by the Torrance County Detention Facility's Security Threat Group; (3) any threat assessment documents related to Ms. Welch; (4) any letters to/from Ms. Welch and any telephone calls she has made while she has been incarcerated that were not previously disclosed. McCluskey argues that the defense is entitled to the materials under the Jencks Act, Rule 16, Rule 26.2, and various constitutional amendments. On September 18, 2013, counsel for the Government argued in open court that the materials were not discoverable under any existing authority. *See* Trial Transcript, Sept. 18, 2013, at 6620-30. After hearing argument from counsel, the Court required the Government to produce the materials for *in camera* review as soon as possible. *Id*. at 6628-29.

On September 20, 2013, the Government made that disclosure to the Court by filing a sealed, *ex parte* motion for *in camera* review [Doc. 1264], and by hand-delivering the requested records to a member of the Judge's staff. The Court has reviewed the Government's document, as well as the hand-delivered exhibits, and concludes that they do not contain discoverable materials under either Rule 16, Rule 26.2, the Jencks Act, *Brady*, or *Giglio*. Specifically, the Court finds that the materials contain no relevant information not already available to the defense. Accordingly, McCluskey's motion for production of those documents [Doc. 1256] will be denied, and the United States' sealed, *ex parte* motion filed on September 20, 2013 [Doc. 1264] will be granted.

**IT IS THEREFORE ORDERED** that:

(1)   McCluskey's *Motion for Discovery* [Doc. 1256] is **DENIED**; and

(2)   the United States' sealed, *ex parte* motion filed on September 20, 2013 [Doc. 1264] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**