IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                        Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *United States' Motion To Reconsider Exclusion of Witness Dodrill for the Purpose of Penalty-Phase Rebuttal*. [Doc. No. 1047, filed 6/20/13] McCluskey filed a Response, and the Government filed a Reply. [Doc. No. 1074, filed 7/3/13; Doc. No. 1084, filed 7/8/13]

The Court has reviewed the pleadings and the relevant law. The Court concludes that the motion for reconsideration should be granted.

## BACKGROUND

On January 20, 2012, the Government filed its *Notice of Intention To Offer Expert Testimony*, identifying D. Scott Dodrill as an expert witness:

> 12. D. Scott Dodrill. It is anticipated the government will call Mr. Dodrill as a witness in the areas of Bureau of Prisons conditions of confinement, and including but not limited to, classification of prisoners, rules, and statistics of misconduct within BOP.

[Doc. No. 261, filed 1/20/12, p. 3] On March 30, 2012, the Government filed its *Supplemental Notice of Intent To Offer Expert Testimony* ["NOI"], identifying Dodrill as a rebuttal witness:

> 9. The United States anticipates calling D. Scott Dodrill as a rebuttal witness. It is expected that Mr. Dodrill will testify regarding his knowledge and expertise about the Bureau of Prisons (BOP), in the areas of conditions of confinement, classification of prisoners, rules, and statistics of misconduct within

>BOP. Mr. Dodrill is expected to testify based on his 32 years of experience in prison management experience with BOP. He retired in 2011 as the Assistant Director, Correctional Programs Division, Senior Executive Service Staff member, after serving at nine federal correctional institutions, two regional offices and the central office.
>
>Mr. Dodrill is also expected to testify regarding his development and writing of numerous policies within BOP, as well has his direction of training efforts in all departments. He is also expected to discuss his direction of all critical BOP inmate management and program functions, as well as inmate intelligence gathering and sharing, psychology services, drug abuse programs, security aspects, witness security, and designation and sentence computations.

[Doc. No. 386, filed 3/30/12, p. 8]

On April 22, 2012, McCluskey filed a *Motion To Exclude Prison Gang and BOP Expert Testimony, and Request for Daubert Hearing* [Doc. No. 421], asking the Court to exclude testimony by Dodrill, Leslie Smith, and Keland Boggs. The Court's Memorandum Opinion and Order determined that the Government had not met the Scheduling Order's deadline, because the Government had not set forth the experts' summary, reports, and foundational data. [Doc. No. 994, filed 5/28/13, pp. 4-5] The Court concluded that there was no discovery violation because the Government intended to offer these experts as rebuttal witnesses and Rule 16 does not apply to rebuttal experts. [Doc. No. 994, pp. 4-5] The Court concluded, however, that the Government had not shown the testimony was admissible under Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 n.10 (1993). The Court ruled that the testimony of Dodrill and the other experts would be excluded at trial. [Doc. No. 994, pp. 11, 14]

On June 20, 2013, the Government filed a motion to reconsider the exclusion of Dodrill and to allow Dodrill to testify as a rebuttal expert at the penalty phase. [Doc. No. 1047]

## LEGAL STANDARDS

Borrowing the standards for civil cases, a motion to reconsider is warranted "'when: (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence which was previously unavailable; or (3) it is necessary to correct clear error or prevent manifest injustice.'"  *United States v. Harmon*, 871 F. Supp. 2d 1125, 1143 (D.N.M. 2012) (quoting *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).  A motion for reconsideration is not appropriate "to rehash arguments previously addressed," but "a district court has broad discretion to reconsider its interlocutory rulings before the entry of judgment." *Id.* at 1145.  Holding that the district court had authority to reconsider a prior *Daubert* ruling, the Tenth Circuit concluded that "'district courts generally remain free to reconsider their earlier interlocutory orders.'"  *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) (quoting *Been v. O.K. Indus.*, 495 F.3d 1217, 1225 (10th Cir. 2007)).

## DISCUSSION

The Court previously excluded the testimony of Dodrill from the guilt phase.  The Government states that its motion for reconsideration is not based on an assertion that the Court's prior Order was incorrect.  The Government argues, instead, that reconsideration is warranted primarily because of the changed nature of the ongoing litigation. [Doc. No. 1047, pp. 4-6; Doc. No. 1084, pp. 1, 3]

McCluskey's Response focuses solely on the Court's authority to reconsider.  McCluskey recognizes that the Court has discretion to reconsider an interlocutory order, but argues that the Court should not do so in this case because the Government is merely rehashing its previous arguments and arguing that the Court's prior Order was incorrect. [Doc. No. 1074, pp. 4-7]

The Government's NOI (quoted above) indicates that Dodrill would be expected to give rebuttal testimony related to "Future Dangerousness" at a penalty phase, if one becomes

necessary in this case.  After the Court's Order excluding Dodrill's testimony from the guilt phase, the Court issued its Memorandum Opinion and Order regarding the "Future Dangerousness" aggravating factor.  [Doc. No. 1017, filed 6/11/13, pp. 14-15]  This Order concluded that McCluskey's request for discovery of the Government's evidence on "Future Dangerousness" would be premature because the "Government cannot be expected to provide discovery of potential cross-examination or rebuttal evidence until Defendant has disclosed the identity of defense witnesses and the substance of their anticipated testimony."  [Doc. No. 1017, p. 15]  The Court also concluded that McCluskey's request for specific prior incidents of escape or violence within BOP was premature, because "the Government cannot be expected to formulate its response to defense expert testimony until it has been informed by Defendant of the defense experts and of the substance of their testimony."  [Doc. No. 1017, p. 14]

Then, on July 2, 2013, the Court issued its Memorandum Opinion and Order [Doc. No. 1072] on the *United States' Motion To Compel Discovery of Mitigating Factors and Penalty Phase Witnesses* [Doc. No. 997].  McCluskey had argued that he should not be required to disclose his lists of mitigating factors and penalty phase witnesses until the day a verdict is returned, if a guilty verdict is returned.  [Doc. No. 1024]  The Court ordered that McCluskey provide this information on the next business day after the verdict, if a guilty verdict is returned.  [Doc. No. 1072, p. 5]

The Court previously excluded testimony by Dodrill from the guilt phase.  Now the issue has been raised in the context of penalty phase testimony,[1] and after intervening motions and orders on topics related to Dodrill's expected testimony.  The Court concludes that these changed circumstances in the ongoing litigation warrant exercise of the Court's discretion to reconsider;

---

[1] Neither party addresses the issue of the application of *Daubert* at the penalty phase.  The Court recognizes that *Daubert* is an interpretation of Rule 702, and the Rules of Evidence do not apply in the penalty phase.  § 3593(c).

because McCluskey has not yet been required to inform the Government of his expected penalty phase evidence, the Government cannot be expected to provide and support the evidence it would provide in rebuttal.  Any rebuttal testimony by Dodrill would, of course, be subject to the standard set by § 3593(c); evidence that is not reliable would lack probative value and would also be prejudicial.

## CONCLUSION

The Court concludes that exclusion of rebuttal testimony by Dodrill from the penalty phase is not warranted.

**IT IS THEREFORE ORDERED** that the *United States' Motion To Reconsider Exclusion of Witness Dodrill for the Purpose of Penalty-Phase Rebuttal* [Doc. No. 1047] is **GRANTED**.

_____
UNITED STATES DISTRICT JUDGE