IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                      Cr. No. 10-2734 JH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant McCluskey's Motion in Limine to Suppress, Exclude, and Return a Mental Health Evaluation and Report Ordered Sealed* . . . [Doc. 871]. The Government filed a response [Docs. 901, 1010] as well as certain exhibits under seal, and the Defendant has filed a reply [Doc. 948]. After consideration of all of the foregoing and the relevant legal authorities, the Court concludes that Defendant's motion should be granted, though perhaps not for the reasons cited by Defendant.

## BACKGROUND

In 1983, Defendant John Charles McCluskey was convicted of armed robbery in Arizona state court. As part of the sentencing process, McCluskey's probation officer referred him for a psychological evaluation. As a result, a psychologist examined McCluskey and generated a written report setting forth his findings. Thereafter, the probation officer prepared a presentence investigation report that incorporated some of the psychologist's findings.

The case file from the 1983 Arizona case was publicly available until December 2011, when the state court placed portions of the file under seal, including the psychological evaluation and the presentence investigation report. In December of 2012, counsel for the Government submitted to

the Arizona court a request for all portions of the 1983 armed robbery case file that were not under seal. The Arizona court produced those materials to the Government, along with additional materials that had, in fact, been placed under seal. These include the psychological evaluation and presentence investigation report at issue here. The record before the Court indicates that this unauthorized disclosure was the result of a clerical error by the Arizona court, and not of any wrongdoing by the Government.

The Government has expressed its intent to use all but a portion of the presentence investigation report in its case-in-chief during the penalty phase of this trial, and to use both the remainder of that report and the entire psychological evaluation during its rebuttal case. McCluskey argues that the Government's use of these documents at any time would violate his rights under the Fourth and Sixth Amendments.[1] The Government, in turn, disputes the application of the Fourth Amendment's exclusionary rule under the present circumstances, argues that the Arizona court's sealing order was overbroad, and distinguishes the cases cited by McCluskey.

## DISCUSSION

The Court need not reach the constitutional issues raised and briefed by the parties. It appears that the Arizona court has sealed the two documents at issue in this case. That single fact precludes the Government from using the psychological evaluation and the presentence investigation report for any purpose in this case, and essentially ends the inquiry. This Court will neither litigate nor second-guess the validity of the Arizona court's order sealing the documents. That is a matter within the exclusive purview of the Arizona court. Furthermore, nothing in the record currently before this Court indicates that the Government has made any effort to secure an order from the

---

[1] McCluskey has withdrawn his argument that the 1983 interview conducted by the Arizona state probation officer violated his *Miranda* rights. *See* Doc. 948 at 2.

Arizona court unsealing the documents.

**IT IS THEREFORE ORDERED** that *Defendant McCluskey's Motion in Limine to Suppress, Exclude, and Return a Mental Health Evaluation and Report Ordered Sealed . . .* [Doc. 871] is **GRANTED**.

_____
**UNITED STATES DISTRICT JUDGE**