IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                          Cr. No. 10-2734 JH

JOHN CHARLES McCLUSKEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on *Defendant McCluskey's Motion to Strike Factors Alleged Under 18 U.S.C. § 3591(a)(2)(C) and (D), and the Non-Statutory Factor of Lack of Remorse . . .* [Doc. 1331], and *Government's Motion in Limine to Preclude Defense Mental Health Evidence at the Eligibility Phase of Trial* [Doc. 1340].

**I.     MOTION TO STRIKE**

In his motion to strike [Doc. 1331], Defendant argues first that during the eligibility phase, the Court should not instruct the jury that they may find that, in committing the crimes for which he has been convicted, Defendant had the mental states set forth in 18 U.S.C. §§ 3591(a)(2)(C) and (D), which correlate to being an "aider or abettor" in a crime. The basis of Defendant's argument is that during the trial phase, the Government abandoned its aider and abettor theory. The Court agrees, and therefore it will instruct the jury only on intentional killing as set forth in 18 U.S.C. §§ 3591(a)(2)(A). It appears that the Government agrees as well; in open court on October 21, 2013, the Government agreed that it is not pursuing an aider and abettor theory and did not object to omitting the mental health factors Defendant seeks to exclude here. Tr. at 8240-41. This portion

of the motion is unopposed and will be granted.

Also in his motion, McCluskey asks the Court to strike one of the Government's alleged aggravating factors, lack of remorse, and to preclude any evidence, argument, or instructions relating to that factor. As grounds for his motion, McCluskey argues that the Government waived its right to argue in favor of his alleged lack of remorse during the trial phase when it elicited testimony from Tracy Province, who stated that McCluskey had repeatedly expressed to Province his remorse for shooting Gary and Linda Haas. McCluskey argues that the Government, having relied on Province's statements regarding McCluskey's remorse in order to prove that McCluskey was the "trigger man," may not now change tactics and try to prove McCluskey's lack of remorse (and resulting future dangerousness) in the selection phase. He contends that permitting the Government to argue lack of remorse in the selection phase would violate due process and the Eighth Amendment, though he cites no authorities in support of his argument.

The Court will deny McCluskey's motion. It is true that the Government elicited testimony during the trial phase that undermines one of its noticed aggravating factors. That is entirely different, however, from taking an inconsistent position on a legal issue relating to that aggravating factor. By taking inconsistent legal positions, it is possible for a party to waive a claim or defense. *See generally Data Gen'l Corp. v. Johnson*, 78 F.3d 1556, 1565 (Fed. Cir. 1996) ("Judicial estoppel is designed to prevent the perversion of the judicial process and, as such, is intended to protect the courts rather than the litigants."); 18 Moore et al., MOORE'S FEDERAL PRACTICE § 134–30, at 134–63 (3d ed. 1997) (noting that the doctrine of judicial estoppel has been applied broadly to prevent a party from adopting inconsistent legal positions in the same or related judicial proceedings). However, in this case the Government offered evidence in the trial phase that does not support one of its alleged aggravating factors to be considered in the selection phase. This merely creates a fact

issue regarding Defendant's remorse for the jury to resolve and weigh; nothing more. McCluskey is, of course, free to argue that the evidence in the record does not support this aggravating factor. This portion of McCluskey's motion will be denied.

## II.     MENTAL HEALTH EVIDENCE

The eligibility phase of this case began on Monday, October 21, 2013. In its motion in limine to preclude the Defendant from presenting mental health evidence during the trial [Doc. 1340], filed on the evening of Sunday, October 20, 2013, the Government argued that the evidence is irrelevant at the eligibility phase, is an improper attempt to evade this Court's previous rulings on residual or lingering doubt, and would invade the province of the jury by introducing expert opinion testimony on an ultimate issue—defendant's intent. On October 21, 2013, this Court denied the motion in open court. *See* Tr. at 8241 (["One of the issues that the jury needs to decide is whether the defendant acted with a level of intent sufficient to allow consideration of the death penalty, which may be different than the intent required to convict the defendant."]).

In its motion, the Government relied upon non-capital cases in which courts applied Rule 704(b) of the Federal Rules of Evidence to exclude mental heath evidence bearing on the issue of the defendant's intent. However, as this Court has already ruled, the Federal Death Penalty Act provides that the Federal Rules of Evidence do not apply in the penalty phase of this capital case, 18 U.S.C. § 3593(c), and therefore those cases are not applicable.

During the eligibility segment of the penalty phase, the jury must determine whether the Defendant is eligible for the death penalty, and as a prerequisite for eligibility the jury must conclude that he possessed one of the statutorily prescribed mental states. 18 U.S.C. § 3591(a)(2). The statute requires that the jury make this finding "at the hearing under section 3593," *id.*, which is the penalty phase proceeding. The Government complains that the jury may not revisit this issue

3

after the trial phase, having already found that McCluskey intended to kill the Haases, and did so with premeditation. And yet, that is exactly what the Federal Death Penalty Act prescribes, as it requires the jury to find that a defendant possessed a death-eligible mental state once in the trial phase, and again in the eligibility phase. *See* Tenth Cir. Pattern Jury Instruction 3.02 (instructing jury at the start of the penalty phase that in order to find a defendant statutorily eligible for a sentence of death, it must first find that "the defendant acted with a level of intent sufficient to allow consideration of the death penalty, which may be different than the intent required to convict the defendant of the offenses."). If the jury were not permitted to revisit that finding during the penalty phase, then the defendant's mental state would be moot during the penalty phase; there would be no need to require the jury to make a special finding regarding Defendant's mental state during the penalty phase in order to ensure his eligibility for the death penalty. This suggests to the Court that during the eligibility phase, the jury must be permitted to hear evidence relating to Defendant's mental heath as it relates to his ability to form the required mental state, and concomitantly to his eligibility for a sentence of death. For that reason, the Court has permitted Defendant to offer mental heath evidence during the eligibility phase.

There are two additional reasons to permit the Defendant to offer mental health evidence during the eligibility phase. First, the Government's motion to prohibit the evidence was filed extremely late. As early as October 8, 2013, the Government had notice that the Defendant intended to introduce mental health evidence during the eligibility phase. At a hearing held on that date, the Court and the parties discussed the appropriate date on which to begin the eligibility phase. Counsel for the Government suggested that the eligibility phase could begin before the mental health examinations and reports were finalized (and therefore before the Defendant was required to give notice as to his intent to offer mental health evidence). In response, counsel for the Defendant stated

4

that the decision would have to be made prior to the start of the eligibility phase, because if he was going to offer mental health evidence, he would want to inform the jury of that fact during his opening statement.  *See* Oct. 8, 2013 Tr. at 8224-25.  At that point, the Government knew of Defendant's intent to introduce mental health evidence at the eligibility phase.  Despite that, the Government did not file its motion in limine to exclude the evidence until the evening before the commencement of the eligibility phase, leaving the Court very little time to consider the issues raised by the motion.  Second, not only is the mental health evidence relevant to the intent requirement to be decided in the eligibility phase, but it also relevant to the aggravating and mitigating factors that a jury normally considers during the selection phase.  Thus, this is evidence that the jury was going to hear eventually during the selection phase.  In fact, the Government opposed bifurcation of the penalty phase, instead advocating for a unitary penalty phase.  *See* Doc. 1172.  However, in a unitary penalty phase, the jury would have heard the mental health evidence and would have been permitted to consider it when evaluating both the Defendant's eligibility for the death penalty, as well as the aggravating and mitigating factors.  In light of that fact, it is difficult to see how the Government has been prejudiced by allowing the mental health evidence to be presented during the eligibility phase.  For all of the foregoing reasons,

        **IT IS THEREFORE ORDERED** that:

(1)    *Defendant McCluskey's Motion to Strike Factors Alleged Under 18 U.S.C. § 3591(a)(2)(C) and (D), and the Non-Statutory Factor of Lack of Remorse* . . . [Doc. 1331], is **GRANTED IN PART** and **DENIED IN PART** as set forth above, and

5

(2)     *Government's Motion in Limine to Preclude Defense Mental Health Evidence at the Eligibility Phase of Trial* [Doc. 1340] is **DENIED**.

_____
**UNITED STATES DISTRICT JUDGE**