IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                              Case No.  10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

### MOTION TO STRIKE NON-STATUTORY AGGRAVATING FACTORS DUE TO INSUFFICIENCY OF EVIDENCE

Defendant John Charles McCluskey, pursuant to the Fifth and Eighth Amendments to the United States Constitution, respectfully moves the Court to strike the government's alleged non-statutory aggravating factors because the evidence is legally insufficient for any rational juror to find these factors proved beyond a reasonable doubt.

**A.**    **Legal Standard**

"While Federal Rule of Criminal Procedure 29 is not directly applicable to the penalty phase of a proceeding under the FDPA, similar procedures and standards for evaluating the evidence are appropriate.  A court can, therefore, decide a defendant's challenges to the sufficiency of the government's evidence at the close of the government's case-in-chief or reserve decision and decide at a later

time on the basis of the evidence at the end of the government's case-in-chief." *United States v. Sampson*, 335 F. Supp. 2d 166, 198 (D. Mass. 2004).

Review of the evidence offered to prove alleged aggravating factors is appropriate because "the imposition of the death penalty in the absence of evidence to establish an aggravating factor beyond a reasonable doubt would violate the defendant's right to due process." *Id*., citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (proof beyond reasonable doubt required by due process clause); *Smith v. Armontrout*, 888 F.2d 530, 538 (8th Cir. 1989) ("By analogy with *Jackson*, due process would forbid a verdict of death unless the evidence was sufficient to convince a rational trier of fact, beyond a reasonable doubt, of the existence of at least one aggravating circumstance."). Therefore, to provide the procedural safeguards necessary to vindicate a defendant's due process rights, it is appropriate for a court to evaluate the sufficiency of the evidence presented at the penalty phase. *Id.* at 201.

In deciding a Rule 29 motion, the Court must "determine whether, viewing the evidence in the light most favorable to the government, any rational trier of fact could have found the defendant guilty of the crime beyond a reasonable doubt." *United States v. Irvin*, 682 F.3d 1254, 1266 (10th Cir. 2012). "'[T]he evidence, when viewed in its entirety, must generate more than a mere suspicion of guilt, and where such evidence is equally consistent with both guilt and innocence the

conviction cannot be sustained.'"  *United States v. Weidner*, 437 F.3d 1023, 1032-1033 (10th Cir. 2006), quoting *United States v. Fox*, 902 F.2d 1508, 1513-14 (10th Cir. 1990).  While the Court must indulge all reasonable inferences in favor of the government, it "may not uphold a conviction obtained by piling inference upon inference."  *United States v. Valadez-Gallegos*, 162 F.3d 1256, 1262 (10th Cir. 1998); *see also United States v. Mullins*, 613 F.3d 1273, 1280 (10th Cir. 2010) ("While undoubtedly deferential, [sufficiency of the evidence] review has some bite: if the evidence does no 'more than raise a mere suspicion of guilt' or requires 'piling inference upon inference' to conclude the defendant is guilty, we will reverse the conviction.").

**B.    The Government Has Introduced Insufficient Evidence To Prove the "Lack of Remorse" Sub-Factor.**

In support of its proposed non-statutory aggravating factor "Future Dangerousness" the government has alleged five sub-factors.[1]  [Doc. 755 at 5-8.] Included among these factors is "Lack of Remorse."  [*Id*. at 6-7.]  In its Corrected Amended Notice of Intention to Seek the Death Penalty, the government describes this sub-factor as follows:

> Defendant has not expressed genuine remorse for killing Gary Haas and Linda Haas as indicated by his actions following the killings and his

---

[1] The government originally alleged 6 factors, but has withdrawn the "Gang Membership" sub-factor.  [Doc. 374.]

statements to his accomplices and law enforcement agents during the course of and following the offenses alleged in the Indictment.

[*Id.* at 7.] In its informative outline, the government explained that it intended to prove this sub-factor through the testimony of Casslyn Welch and Tracy Province, and testimony regarding statements Mr. McCluskey allegedly made at the time of his arrest.[2] [Doc. 840 at 9.] In particular, the government noticed its intent to rely on evidence of:

> Defendant's decision to burn the victims' bodies after recognizing blood was leaking from the camper trailer while at a gas station along Interstate 40 in New Mexico; continued criminal activity (8/2/10 purchase of illegal drugs, 8/11/10 robbery of Kut and Kurl Hair Salon) after Defendant killed the Haases; having repeated sexual intercourse with Co-Defendant Welch in the days after Defendant killed the Haases; camping, fishing, and enjoying freedom in national parks in the days following the killings; and wearing Gary Haas's John Deere hat in the days following the killings.

[*Id.* at 10.]

The government has failed to prove many of the facts on which it sought to rely to prove lack of remorse. It failed to prove that it was Mr. McCluskey's decision to burn the Haases' camper trailer, although it introduced evidence that he participated in the burning. [TR 6431 (Welch testimony) ("Q. Once you had made the observations about the blood and the blowback and you had -- you had cleaned it up, what, if any, decisions about the trailer were made? A. Have to get rid of the

---

[2] The government originally noticed its intent to prove this factor with evidence of statements Mr. McCluskey made to Agents Rominger and McCaskill, but those statements were not introduced into evidence after this Court issued two orders suppressing them.

trailer.  Q. And as you sit here today, do you recall who among you originally came up with that idea?  A. No, I do not remember.  Q. Okay. Is it possible that it was the defendant's idea? A. It could be possible.  Q. Possible that it was your idea?  A. It could be very possible."); 6456 ("A. … And like I say, the decision had been made to burn.  Q. And I need to stop you.  How was the decision made and by whom?  A. Charlie made the decision."); 6659-6600 ("Q. And it's also your idea, and you said it more clear here in front of Agent McCaskill, that in fact it was your idea to burn it. We got to get rid of this evidence.  A. I told him that, yes, sir.").]

It also failed to prove that it was Mr. McCluskey who purchased illegal drugs on August 2, 2010.  The evidence introduced at trial established that it was Mr. Province, not Mr. McCluskey, who purchased heroin and marijuana from a dealer in Albuquerque.  [TR 5047-50 (Province testimony) ("A. He asked if we wanted to buy some weed too. Q. And your answer?  A. I asked Cassie if she wanted some, and she said yeah, so I bought the weed."); 6477-78 (Welch testimony) (Q. "So ultimately, was Mr. Province able to purchase heroin? A. Yes.").]  It also failed to introduce any evidence that Mr. McCluskey had "repeated sexual intercourse with Co-Defendant Welch in the days after Defendant killed the Haases."  Thus, the only noticed facts for which the government has introduced evidence are the robbery of the Kut and Kurl and Mr. McCluskey's possession of a

hat belonging to Gary Haas.  These facts do not show lack of remorse and no reasonable juror could find otherwise.

With respect to the robbery of the Kut and Kurl, it is undisputed that Joyce Cook was neither harmed[3] nor killed during the robbery.  Although Ms. Cook testified that the male robber told her "don't make me come back" [TR 10166-67], there is no evidence that he threatened to harm or kill her.  To the contrary, Ms. Cook testified that the male robber said "about four times, 'We don't want to hurt you, ma'am.'" [TR 10179.]  There is also no evidence that either robber said anything about previously harming or killing people.  This evidence simply does not give rise to a reasonable inference that Mr. McCluskey lacked remorse for what happened to the Haases.

With respect to the John Deere hat, there is no evidence that Mr. McCluskey associated that hat with Mr. Haas.  Tracy Province testified that, at the time of the carjacking, Mr. Haas was wearing a wide brimmed hat, not a ball cap.  [RT 4999-5000.]  Although Ms. Welch testified that the John Deere cap that Mr. McCluskey was wearing at the time of his arrest "came from the Haases" [RT 6541], she did not provide any further information about it.  The mere possession of the hat—

---

[3] Although Mrs. Cook testified that her arm was bruised when the male suspect grabbed her arm, photographs taken on the day of the robbery show no such injury.  Furthermore, the government introduced no evidence to support an inference that the male suspect intended to hurt Mrs. Cook when he grabbed her arm.  To the contrary, Mrs. Cook testified that the male robber repeatedly told her he did <u>not</u> want to hurt her.

without more—does not give rise to a reasonable inference that Mr. McCluskey lacked remorse.

For these reasons, Mr. McCluskey moves the Court to strike the "Lack of Remorse" sub-factor.

**C.   The Government Has Introduced Insufficient Evidence to Prove "Future Dangerousness."**

Mr. McCluskey respectfully incorporates the numerous pleadings he has filed challenging the government's reliance on "future dangerousness" as a non-statutory aggravating factor.  [Docs. 393 and 396 (decided 8/27/12 (Doc. 645)); Doc. 892 (decided 10/7/13 (Doc. 1288).]  In addition to those arguments, Mr. McCluskey asks the Court to strike the future dangerousness aggravating factor on the ground that the government has introduced insufficient evidence to prove beyond a reasonable doubt that Mr. McCluskey "is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others" [Doc. 755 at 5] within the penal system where he will spend the rest of his life.

To support this aggravating factor the government has introduced evidence of (1) the killing of Gary and Linda Haas, (2) the destruction of the Haases' trailer, (3) Mr. McCluskey's prior convictions for conduct outside the prison setting and the robbery of the Kut and Kurl, (4) Mr. McCluskey elbowing a law enforcement officer while exiting a courtroom following a disappointing hearing, (5) Mr.

7

McCluskey's escape from the Kingman Prison in 2010, (6) his alleged possession and distribution of illegal drugs at the Kingman Prison, (7) his use of a contraband cellphone inside the Kingman Prison, and (8) statements Mr. McCluskey made that he should have or would have committed acts of violence which, in fact, he never committed. None of this evidence is sufficient to prove beyond a reasonable doubt that Mr. McCluskey "is likely to commit criminal acts of violence" within the confines of a prison.

While it is true that the Tenth Circuit has held that evidence of violent conduct outside the prison setting may be sufficient to prove future dangerousness while incarcerated, that non-prison evidence must support a finding that the defendant will present a future danger in prison. *See United States v. Fields*, 516 F.3d 923, 943 (10th Cir. 2008). The evidence in this case fails to do so.

**D.  Remaining Non-Statutory Aggravating Factors.**

With respect to the remaining non-statutory aggravating factors, Mr. McCluskey incorporates the challenges he raised in pretrial motions [Doc. 892], and makes a general challenge to the sufficiency of the evidence to support these factors.

CONCLUSION

For the foregoing reasons, Defendant John Charles McCluskey respectfully moves the Court to strike the government's alleged non-statutory aggravating

factors because the evidence is legally insufficient for any rational juror to find these factors proved beyond a reasonable doubt.

Dated: November 11, 2013

        Respectfully submitted,

        /s/ Michael N. Burt
        Michael N. Burt
        1000 Brannan Street, Suite 400
        San Francisco, CA 94103-4888
        415/522-1508

        /s/ Theresa M. Duncan
        Theresa M. Duncan
        Duncan Earnest, LLC
        600 Central Ave. SE
        Suite 204
        Albuquerque, NM 87102
        505-710-6586

        /s/ Gary C. Mitchell
        Gary C. Mitchell
        Gary C. Mitchell, P.C.
        PO Box 2460
        Ruidoso, NM 88355
        (575) 257-3070

        Attorneys for Defendant John McCluskey

**CERTIFICATE OF SERVICE**

I certify that on November 11, 2013, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan