IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                               Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the *Government's Sealed Motion in Limine To Preclude Certain Mitigating Factors, Combine Certain Mitigating Factors, and Exlcude of [sic] Certain Evidence*. [Doc. No. 1370, filed 11/3/13] McCluskey filed a Response. [Doc. No. 1379, filed 11/5/13]

In open court on November 6, 2013, the Court ruled that the Government's Motion in Limine would be denied as untimely, with the exception of issues on which the Court had previously ruled and with one modification. [Tr. 11/6/13, pp. 10029-10033] This Memorandum Opinion and Order more fully explains the Court's rulings.

## BACKGROUND

On May 30, 2013, the Government filed a motion to compel McCluskey to disclose his lists of mitigating factors and penalty phase witnesses. [Doc. No. 997, filed 5/30/13] Recognizing that the FDPA requires the Government to give pretrial notice of aggravating factors, but imposes no reciprocal duty on the defendant to give pretrial notice of mitigating factors, the Government nevertheless asked the Court to exercise inherent authority to require

pretrial disclosure from McCluskey in order to avoid delay before the penalty phase; the Government argued that it might otherwise request a continuance to allow time to prepare to meet McCluskey's penalty phase presentation. The Court concluded that it was appropriate to exercise its inherent authority to order pretrial disclosure by McCluskey in order to further the Government's right of rebuttal and to promote "the fair and efficient administration of justice." [Doc. No. 1072, filed 7/2/13, p. 3] The Court concluded that disclosure thirty days before commencement of jury selection (as the Government requested) was not justified, but that disclosure on the next business day after a guilty verdict represented a reasonable balance of all interests involved. [Doc. No. 1072, p. 5]

The jury returned a guilty verdict on October 7, 2013, and on October 8, 2013, McCluskey filed—under seal—his *Notice of Defense Mitigating Factors*. [Doc. No. 1292, filed 10/8/13 (under seal)] McCluskey stated that he reserved the right to amend this list depending on his decision whether to put on mental health evidence, and also reserved the right to amend the list in any other way depending on the evidence presented at the eligibility and selection phases. [Doc. No. 1292, p. 1] McCluskey listed 137 mitigating factors (not including mental health factors). [Doc. No. 1292-1, pp. 1-8]

The Government waited almost four weeks before filing its Motion in Limine. The Government argues that some of McCluskey's mitigating factors have already been precluded by this Court's prior Orders regarding: residual doubt, execution impact, McCluskey's offers to plead guilty, and New Mexico's abolition of the death penalty. The Government argues that certain other factors are not relevant to McCluskey's background, record, character, or circumstances of the offense, or "are not relevant to the individualized sentencing decision the jury must make regarding *this* particular defendant." [Doc. No. 1370, p. 1] And the Government

argues that other factors are duplicative and cumulative, and should be combined into many fewer factors—distinguishing between "facts" and "factors" and arguing that a list of "hyper-specific facts" should not be allowed. [Doc. No. 1370, pp. 15-17]

McCluskey's Response cites Supreme Court caselaw observing that mitigation is "potentially infinite" and as having "virtually no limits." [Doc. No. 1379, pp. 1-2] McCluskey strongly opposes the Government's attempt to limit the number of mitigating factors, arguing that the Eighth Amendment and the FDPA limit aggravating factors—in contrast to allowing the capital defendant a broad right to present mitigation evidence. [Doc. No. 1379, pp. 3-4]

## DISCUSSION

The Court previously exercised its inherent authority by ordering McCluskey to disclose his mitigating factors on the day after the guilty verdict—which turned out to be almost two weeks before commencement of the eligibility phase; the purpose of the Court's Order was to allow the Government time to prepare to meet McCluskey's penalty phase presentation. In accordance with the Court's Order, McCluskey filed his *Notice of Defense Mitigating Factors* on October 8, 2013. Yet the Government waited almost four weeks to file its Motion in Limine challenging those factors. The Government appears to have failed to take advantage of the opportunity to prepare which the Court provided.

The Court will deny the Government's Motion in Limine as untimely—except as to those mitigating factors clearly precluded by the Court's prior Orders. The Government has provided no adequate explanation for such a lengthy delay in filing its Motion in Limine. *Cf. Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) (observing that Tenth Circuit focuses primarily on whether there is adequate explanation for delay when reviewing denial of untimely motion to amend pleadings). The Government's twenty-one page Motion presents a number of

detailed and in-depth arguments on 58 of McCluskey's 137 proposed mitigating factors. The Motion was filed two weeks after commencement of the eligibility phase, just before jury verdict on eligibility, and just before the Court intended to begin the selection phase. The Court finds that full consideration at this time of the Government's Motion—and McCluskey's twenty-four page Response—would unduly burden the defense and this Court. *Cf. United States v. Gonzales*, 229 Fed. Appx. 721, 725, 2007 WL 1113958, **4 (10th Cir. 2007) (unpublished) (holding district court did not abuse its discretion in denying as untimely motions to suppress and to disclose confidential informant, when motions were made one day before trial although Rule 12 and court's scheduling order required pretrial motions at least ten days before trial).

The filing of such a motion this late in the proceeding is unfair to the defense— particularly when the Court ordered the defense to provide disclosure ahead of time for the specific purpose of giving the Government time to respond and prepare. If the Court were to require substantial changes in McCluskey's mitigating factors at this late date, the defense might be unfairly required to divert attention from other matters to redrafting mitigating factors and altering the defense's selection phase presentation. And full consideration of all of the issues raised by the Motion and Response would consume substantial time when the Court and its staff are already involved in the selection phase proceeding. In addition, this jury has already been present at a lengthy trial and a lengthy eligibility phase, and faces a potentially lengthy selection phase; the Court finds that any delay to consider a late-filed motion is unwarranted, because it would increase the burden on the jurors and also increase the chance of a juror becoming unavailable.

As the Government's Motion observes, however, some of the mitigating factors proposed by McCluskey have already been precluded by the Court's prior Orders. McCluskey's Response

notes that he proposed those factors in order to preserve his appellate record. [Doc. No. 1379, p. 13] The Court will grant the Government's Motion with respect to these factors only, with one exception discussed below.

**A.  Residual doubt**

The Court has already ruled that it will not allow argument or instruction on "residual doubt" as a mitigating factor. [Doc. No. 1060, filed 6/26/13, pp. 11-15; Doc. 1105, filed 7/15/13 (denying motion for reconsideration of Order precluding "residual doubt")] The Court finds that Factors 134 and 135 clearly set forth the "residual doubt" argument and will be precluded:

> 134.  The evidence does not establish John's guilt of the capital crimes with sufficient certainty to justify imposition of a sentence of death.

> 135.  Residual doubt exists as to whether John shot Gary and Linda Haas.

[Doc. No. 1292-1, p. 9] The Government argues that four additional factors are "back-door" efforts to introduce the concept of residual doubt. [Doc. No. 1370, p. 4 (Factors 88, 111, 113, 114)] In view of the untimeliness of the Government's Motion, however, the Court will not consider argument on factors that are not indisputably precluded by the Court's prior Orders.

**B.  Execution impact**

The Court previously ruled that it would not allow "execution impact" evidence—testimony relating to the effect that McCluskey's execution would have on his family, friends, and loved ones. [Doc. No. 1060, pp. 8-10] In accordance with that ruling, the Court will preclude the following proposed mitigating factor:

> 137.  If John is executed, others will suffer grief and loss, including his family and friends.

[Doc. No. 1292-1, p. 9]  Because of the untimeliness of the Government's Motion, the Court will not consider the Government's argument that seven additional factors might be characterized as "execution impact" evidence.  [Doc. No. 1370, pp. 5-6 (Factors 35, 39, 40, 73, 74, 75, 115)]

**C. Abolition of death penalty by State of New Mexico**

The Court previously issued a specific ruling that abolition of the death penalty by the State of New Mexico does not constitute mitigating evidence under the Constitution or a mitigating factor under the FDPA.  [Doc. No. 1060, pp. 16-22]  In accordance with that ruling, the Court will preclude the following proposed mitigating factor:

> 131.  If tried in a New Mexico state court, the death penalty would not be an option.

[Doc. No. 1292-1, pp. 8-9]  On essentially the same analysis, the Court will also preclude the following proposed mitigating factors:

> 132.  In modern times, a verdict of death has never been returned in the United States District Court for the District of New Mexico.
>
> 133.  Nationwide, a verdict of death is rarely returned in the federal courts.

The Government's Motion in Limine raises new arguments about a number of additional factors relating to the death penalty issue.  Because of the untimeliness of the Government's Motion, and as stated in open court on November 6, 2013, the Court will not at this time exclude other proposed mitigating factors referring to the death penalty issue.

**D.  Offers to plead guilty**

The Court previously ruled that it would exclude evidence of McCluskey's offers to plead guilty in exchange for an agreement that the Government would not seek the death penalty.  [Doc. No. 1060, pp. 25-29]  The Court concluded that such evidence would be excluded on three alternative grounds:  (1) the conditional plea offers do not demonstrate remorse or acceptance of

responsibility, and are not mitigating factors under § 3592(a); (2) the conditional plea offers are not mitigating evidence which McCluskey would have a constitutional right to introduce; and (3) the probative value of the plea offers is outweighed by the danger of unfair prejudice under § 3593(c). The previous ruling would have precluded proposed mitigating Factor No. 136:

> 136. From the beginning of this case, John offered to plead guilty to all charges in this case and to accept a sentence of life imprisonment without the possibility of release and has never withdrawn that offer.

[Doc. No. 1292-1, p. 9] However, as stated in open court on November 6, 2013, the Court determines that the Government opened the door to admission of McCluskey's offer to plead guilty—both by rebuttal argument characterizing the defense as responsible for long testimony in the eligibility phase and by testimony elicited from the two co-defendants in the guilt phase.

Argument by the prosecution may open the door to admission of otherwise properly excluded evidence. *Dodd v. Trammell*, 730 F.3d 1177, 1194-95 (10th Cir. 2013); *see United States v. MacKay*, 715 F.3d 807, 839-40 (10th Cir. 2013) (stating that a party who raises a subject in opening argument opens the door to admission of evidence on that subject by opposing party); *United States v.* Chavez, 229 F.3d 946, 952 (10th Cir. 2000) ("It is widely recognized that a party who raises a subject in an opening statement 'opens the door' to admission of evidence on that same subject by the opposing party." (citing additional cases)). In *Dodd*, the Tenth Circuit discussed and approved the opinion in *Paxton v. Ward*, 199 F.3d 1197, 1211-16 (10th Cir. 1999). In *Paxton*, the Tenth Circuit held on two grounds that exclusion of evidence violated the capital defendant's Eighth Amendment right to present mitigating evidence at the sentencing phase and the defendant's due process right to explain or deny the evidence against him. The *Paxton* defendant was found guilty of murdering a friend. The bulk of the state's evidence at sentencing was information that the defendant had been charged in the shooting death of his wife years

7

earlier; the defendant offered into evidence a court order stating that the charge had been dismissed because he had been cleared by a polygraph examination. *Id.* at 1211-12. The state court excluded the court order under a rule that polygraph evidence was inadmissible for any purpose. The prosecutor's closing argument in the capital sentencing proceeding told the jury that the defendant had been given the opportunity to present any evidence showing that he had not killed his wife and also told the jury: "We don't know why [the charge for killing his wife] was dismissed." *Id.* at 1212-13. The Tenth Circuit held that exclusion of the polygraph information, under these circumstances, violated the capital defendant's right to present mitigating evidence at sentencing and to explain the evidence against him. *Id.* at 1216.

McCluskey argues that the Government's rebuttal argument at the eligibility phase opened the door to admission in the selection phase of McCluskey's plea offer, because McCluskey should be allowed to correct a false and misleading impression left with the jury. [Doc. No. 1379, p. 13] McCluskey argues that he should be allowed to respond with evidence to counter the Government's statement that it "did not pick this fight" and did not necessitate the five days of expert testimony in the eligibility phase.

In rebuttal argument during the eligibility phase, the Government referred to the long eligibility phase, in which five days of expert mental health testimony were presented, as caused by the defense:

> Prosecutor: The government's experts. We did not pick this fight. It would have been just fine for us not to have made you guys endure and, frankly, just barely survive five days of expert testimony.

[Tr. 11/4/13, p. 9941] The Court was concerned that this comment could suggest a shifting of the burden of proof, but concluded that an instruction to the jury was not required at that point. [Tr. 11/4/13, p. 9943] Now, however, the Court concludes that it would be unfair to prevent

8

McCluskey from informing the jury that he offered to plead guilty in exchange for a life sentence. This information would allow McCluskey to counter the Government's implication that it was McCluskey's fault that the jury had to sit through many days of eligibility phase expert testimony; had the Government accepted McCluskey's plea, no lengthy eligibility phase—and, of course, no trial at all—would have been required.

On redirect of the co-defendant, Cassie Welch, the Government elicited testimony, three times, that Welch had accepted responsibility and pleaded guilty to carjacking and other offenses because it was "the right thing to do," so she had to do it.  [Tr. 9/18/13, pp. 6787-88]  The Government also elicited much testimony from the co-defendant, Tracy Province, that he had never denied his involvement in the carjacking and other offenses, that he pleaded guilty instead of going to trial, that he helped in the investigation by talking to police and prosecutors "[b]ecause it was the truth," and he "didn't want to withhold nothing."  [Tr. 8/28/13, 5387-5401] Province testified that he wanted to take responsibility for his actions, and wanted to clear his conscience; thinking of the victims' family had an "enormous amount" of influence on his decision to talk to police and prosecutors.  [Tr. 8/28/13, 5376]  In addition to supporting the credibility of the co-defendants, the Government's elicitation of this testimony raised the implication that McCluskey did not "do the right thing" because he did not take responsibility and plead guilty.  The Court concludes that elicitation of the co-defendants' testimony opened the door to presentation by McCluskey of his offers to plead guilty.

The Court concludes that the Government's eligibility phase rebuttal argument and elicitation of the co-defendants' testimony that they "did the right thing" opened the door to mitigation evidence on Factor No. 136.  Under these circumstances, exclusion of McCluskey's offers to plead guilty would unfairly deprive McCluskey of his right to present mitigating

evidence and to explain the information presented against him. The Court concludes that mitigating Factor No. 136 will be allowed and that McCluskey is entitled to present information in support of that Factor.

### **CONCLUSION**

Because of the untimeliness of the Government's Motion in Limine, the Court will not address it except to the extent that prior Orders of the Court already clearly precluded some mitigating factors. The Court precludes the following as mitigating factors: Factors No. 131, 132, 133, 134, 135, and 137 [Doc. No. 1292-1].

**IT IS THEREFORE ORDERED** that the *Government's Sealed Motion in Limine To Preclude Certain Mitigating Factors, Combine Certain Mitigating Factors, and Exlcude of [sic] Certain Evidence* [Doc. No. 1370] will be **DENIED IN PART AND GRANTED IN PART**, as discussed above.

_____
UNITED STATES DISTRICT JUDGE