IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant McCluskey's Motion for Disclosure of Information and Documents Related to the Testimony of Expert Witness Scott Dodrill.* [Doc. No. 1315, filed 10/14/13] In accordance with the Court's Order [Doc. No. 1334], the Government filed an expedited Response [Doc. No. 1341, filed 10/20/13]. McCluskey filed a Reply [Doc. No. 1353, filed 10/27/13]. The Court has reviewed the pleadings and the relevant law.

In open court on November 6, 2013, the Court ruled that it would deny McCluskey's Motion. [Tr. 11/6/13, p. 10028] The Court issues this Memorandum and Opinion to more fully explain the Court's ruling.

## BACKGROUND

On January 20, 2012, the Government filed its *Notice of Intention To Offer Expert Testimony*, identifying D. Scott Dodrill as an expert witness in Bureau of Prisons (BOP) conditions of confinement, including classification of prisoners, rules, and statistics of misconduct within BOP. [Doc. No. 261, filed 1/20/12, p. 3] On March 30, 2012, the

Government filed a *Supplemental Notice of Intent To Offer Expert Testimony* (NOI), identifying Dodrill as a rebuttal witness:

> 9.   The United States anticipates calling D. Scott Dodrill as a rebuttal witness. It is expected that Mr. Dodrill will testify regarding his knowledge and expertise about the Bureau of Prisons (BOP), in the areas of conditions of confinement, classification of prisoners, rules, and statistics of misconduct within BOP. Mr. Dodrill is expected to testify based on his 32 years of experience in prison management experience with BOP. He retired in 2011 as the Assistant Director, Correctional Programs Division, Senior Executive Service Staff member, after serving at nine federal correctional institutions, two regional offices and the central office.
>
> Mr. Dodrill is also expected to testify regarding his development and writing of numerous policies within BOP, as well has his direction of training efforts in all departments. He is also expected to discuss his direction of all critical BOP inmate management and program functions, as well as inmate intelligence gathering and sharing, psychology services, drug abuse programs, security aspects, witness security, and designation and sentence computations.

[Doc. No. 386, filed 3/30/12, p. 8]

The Government's NOI (quoted above) indicates that Dodrill would be expected to give rebuttal testimony related to "Future Dangerousness" in the selection phase. After the Court's Order excluding Dodrill's testimony from the guilt phase, the Court issued its Memorandum Opinion and Order regarding the "Future Dangerousness" aggravating factor. [Doc. No. 1017, filed 6/11/13, pp. 14-15] This Order concluded that McCluskey's request for discovery of the Government's evidence on "Future Dangerousness" would be premature because the "Government cannot be expected to provide discovery of potential cross-examination or rebuttal evidence until Defendant has disclosed the identity of defense witnesses and the substance of their anticipated testimony." [Doc. No. 1017, p. 15] The Court also concluded that McCluskey's request for specific prior incidents of escape or violence within BOP was premature, because "the Government cannot be expected to formulate its response to defense expert testimony until

it has been informed by Defendant of the defense experts and of the substance of their testimony." [Doc. No. 1017, p. 14]

On November 1, 2013, the Government filed a *Notice of Disclosure of Documents Relating to Testimony of Government Rebuttal Witness Dodrill*. [Doc. No. 1367, filed 11/1/13] Attached to the Notice are fifty-four pages of statistics and charts showing data on homicides, escapes, incidents of violence, and other information regarding the various institutions within the BOP. [Doc. No. 1367-1]

## LEGAL STANDARDS

It is not clear that Rule 16 applies to the penalty phase. *United States v. Beckford*, 962 F. Supp. 748, 754 (E.D. Va. 1997). Even if Rule 16 were applicable to the selection phase, Rule 16 does not require disclosure of rebuttal experts. *United States v. Frazier*, 387 F.3d 1244, 1269 (11th Cir. 2004); *United States v. Beilharz*, 378 Fed. Appx. 363, 365 (4th Cir. 2010) (unpublished).

## DISCUSSION

McCluskey's motion requests extremely broad disclosure related to rebuttal expert testimony, including:

> 1. All documents previously provided to Dodrill by BOP in connection with his testimony in *Lujan*, *Candelario-Santana*, and *Savage*.
>
> 2. All documents provided to Dodrill by BOP in connection with his testimony in is case.
>
> 3. All documents in the possession of BOP relating to the statements, opinions and exhibits offered in *Lujan*, *Candelario-Santana*, and *Savage*, as specifically described below.

[Doc. No. 1315, pp. 2-3] The Court concludes that McCluskey has not justified the request under (1) or (3) above; he has not shown relevance to this case, and the request is unduly broad

3

and burdensome. The Court will deny McCluskey's request for the documents specified under (1) and (3) above.

McCluskey's Reply argues that the Government did not specifically object to some information requested, and that the Court should therefore order disclosure of that information without further ado. [Doc. No. 1353, p. 11] The Government's Response did generally object, however, to McCluskey's "sweeping request" for "an extraordinary amount of information from the BOP" and argue that the request was overbroad and unduly burdensome. [Doc. No. 1341, pp. 1-2] At any event, the Court is not bound by the parties' pleadings in its decision on what to order disclosed.

It is important to keep in mind that Dodrill would be a rebuttal expert witness. McCluskey states that he intends to call Mark Bezy as an expert witness to testify on whether McCluskey would present a future danger if imprisoned under a life sentence. McCluskey observes that testimony by Bezy and Dodrill has been given in several previous cases, implying that the Government should be able to predict just what information it will need to rebut Bezy's testimony. By the same token, McCluskey should be able to adequately prepare to cross-examine Dodrill based on familiarity with Dodrill's testimony in prior cases.

The Court has ordered disclosure of witnesses and information in general under its inherent authority with the following principles in mind: allowing sufficient opportunity for preparation of their cases and for responding to the other party's case, fair and efficient administration of proceedings, and avoidance of lengthy delays for the jury and all involved. McCluskey has no specific rule, statute, or caselaw to support his current broad discovery requests—even for category (2) above (all documents provided to Dodrill by BOP in connection with his testimony in this case). The Court previously denied under *Brady* and Rule 16

(assuming arguendo that Rule 16 even applied in the penalty phase) McCluskey's request for disclosure of information regarding the "Future Dangerousness" aggravating factor, including: all documented acts of violence in BOP from 2006 to the present, and all escapes. [Doc. 1017, filed 6/11/13, pp. 14-18] *Brady v. Maryland*, 373 U.S. 83 (1963); Fed. R. Crim. P. 16. The Court concluded that McCluskey could not show materiality under *Brady* or Rule 16. The Government nevertheless has now provided much of that information and in its Response has committed to providing some additional disclosure. [Doc. No. 1367, filed 11/1/13] But McCluskey wants even more.

McCluskey has already received more information than strictly required, and the Court declines to exercise its inherent authority to order further disclosure. The information already provided should be sufficient to allow McCluskey to prepare the defense case and to prepare to meet the Government's case. The Court concludes that an order for further disclosure is not warranted and that cross-examination will allow McCluskey to adequately make his points and test the accuracy of the Government's information.

As the Court understands it, McCluskey intends to present testimony by Bezy to give the jury background information about BOP protocol and procedures, and BOP's ability to maintain order and prevent inmates from escape and acts of violence. [Doc. No. 1291, p. 1 (McCluskey's list of penalty phase witnesses, identifying Mark Bezy as non-mental health expert); Doc. No. 1291-1, p. 1 (listing Bezy); Doc. No. 1291-2 (resume of Mark Bezy)] Bezy is a "Prison Management Consultant," who will be offered to support McCluskey's argument against the "Future Dangerousness" aggravating factor by testifying that BOP has "high security measures" sufficient to prevent McCluskey (or inmates in general) from committing future acts of violence, and BOP can safely house McCluskey (or inmates in general). [Doc. No. 1292-1 (McCluskey's

Ex Parte list of mitigating factors), p. 5 (nos. 89-92) and p. 6 (nos. 108-110)] One purpose of Dodrill's proposed testimony would be to rebut Bezy's general testimony that violent inmates can be safely housed by BOP, with Dodrill giving the jury information about those security measures not always being sufficient to prevent homicides and serious acts of violence. As Judge Brack said in *Lujan*: "If the Defendant wants to open the door to testimony regarding the safety of the BOP, then the Government has the right to rebut the testimony with relevant statistical evidence." *United States v. Lujan*, Cr. No. 05-924 RB [Doc. No. 1359, filed 9/27/11, p. 7].

In exploring any statistical information which may be presented by Dodrill, the Court does not anticipate that an intensive and exhaustive foray into each individual act of escape or violence by other prisoners will be required or allowed. *See* § 3593(c) ("information may be excluded if its probative value is outweighed by the danger of creating unfair prejudice, confusing the issues, or misleading the jury"). Instead, McCluskey can adequately explore Dodrill's testimony and the general accuracy of his statistical information through cross-examination, without having access to a multitude of underlying documents concerning other prisoners.

McCluskey correctly observes that the Court will be required to assess proposed testimony by Dodrill to ensure that it meets the standard of § 3593(c). The Court is not now ruling on admissibility of any testimony by Dodrill. The Court will make that determination at a later point, when the Court is fully aware of the evidence presented by McCluskey which Dodrill's testimony may be offered to rebut, and when the Court is fully aware of the basis of Dodrill's information. The Court will deny a request contained in McCluskey's Reply that the Court conduct, in advance, a separate hearing on the reliability of Dodrill's testimony. [Doc. No. 1353, pp. 1, 13]

**IT IS THEREFORE ORDERED** that *Defendant McCluskey's Motion for Disclosure of Information and Documents Related to the Testimony of Expert Witness Scott Dodrill* [Doc. No. 1315, filed 10/14/13] is **DENIED**, as discussed above.

_____
**UNITED STATES DISTRICT JUDGE**