IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

      v.                              Case No.  10-CR-2734 JCH

JOHN CHARLES McCLUSKEY,

      Defendant.

## MOTION TO ALLOW MR. MCCLUSKEY SURREBUTTAL ARGUMENT AT THE SELECTION PHASE

Pursuant to the Fifth and Eighth Amendments to the United States Constitution, Defendant John Charles McCluskey respectfully moves the Court to allow him to rebut the government's arguments against his proposed mitigating circumstances in a surrebuttal closing argument.  Given that both parties bear burdens of proof at this stage in the proceedings, the Court has rejected Mr. McCluskey's argument that the government bears the ultimate burden of proving the aggravators outweigh the mitigators beyond a reasonable doubt, and the government's pattern of misconduct in its rebuttal arguments thus far, granting Mr. McCluskey the right to surrebuttal is necessary to protect his rights to a fair trial and a reliable sentencing determination.

This Court has the discretion to allow Mr. McCluskey to make a surrebuttal closing argument.  *See United States v. Maloney*, 699 F.3d 1130, 1140 (9th Cir.

2012) (in non-capital case, holding "it is left to the district court's sound discretion, on a case-by-case basis, to determine whether a defendant should be granted surrebuttal summation."); *United States v. Garcia*, 94 F.3d 57, 63 (2d Cir. 1996) (same).  Although the usual order of argument gives the government the last word, *see* 18 U.S.C. § 3593(c),[1] concerns for heightened reliability in capital sentencing, fundamental fairness and justice weigh in favor of permitting Mr. McCluskey to speak last in this case.  The prosecution's misconduct in both its trial phase and eligibility phase rebuttal arguments not only undermined the integrity of those phases of the trial, it also created a real risk of a death sentence being unfairly and arbitrarily imposed.  And given the prosecution's demonstrated inability to adhere to the law and the Constitution in making its rebuttal arguments, there is also substantial risk that it will engage in further misconduct during this final phase of the trial.  It is apparent that the government has adopted a strategy of saving its most inflammatory and improper arguments for rebuttal knowing Mr. McCluskey will have no further opportunity to rebut those misstatements and misconducts.  Surrebuttal is necessary to keep the prosecution within constitutional limits and protect the integrity of the jury's ultimate verdict at this final stage of trial, in which the jury will decide whether Mr. McCluskey should live or die.

---

[1] 18 U.S.C. § 3593(c) provides, in relevant part: "The government shall open the argument. The defendant shall be permitted to reply. The government shall then be permitted to reply in rebuttal."  *See also* Fed. R. Crim. P. 29.1  ("Closing arguments proceed in the following order: (1) the government argues; (2) the defense argues; and (3) the government rebuts.").

As the United States Supreme Court's jurisprudence has made evident, death is different.  *See Lockett v. Ohio*, 438 U.S. 586, 605 (1978); *Woodson v. North Carolina*, 428 U.S. 280, 305 (1976) (plurality opinion).  "The Supreme Court has made it clear that, because the consequences of a death verdict are so final and severe, this qualitative difference between death and other penalties calls for a greater degree of reliability when the death sentence is imposed." *United States v. Chanthadara*, 230 F. 3d 1240, 1267 (10th Cir. 2000); *see also Lockett*, 438 U.S. at 604. Consequently, courts are required to take "extraordinary measures to ensure that the prisoner sentenced to be executed is afforded process that will guarantee, as much as is humanly possible, that the sentence is not imposed out of ... prejudice." *Eddings v. Oklahoma*, 455 U.S. 104, 117-18 (1982) (O'Connor, J., concurring).

Mr. McCluskey acknowledges that several courts have held that the FDPA's allocation of argument—permitting the prosecution to go last—is constitutional. *See, e.g., United States Gooch*, 2006 U.S. Dist. LEXIS 91892, at *50-51 (D.D.C. Dec. 20, 2006); *United States v. Minerd*, 176 F.Supp.2d, 424, 437 (W.D. Pa. 2001); *United States v. Cooper*, 754 F. Supp. 617, 627 n. 17 (N.D. Ill. 1990).[2]

---

[2] Nonetheless, at least two states have sought to alleviate the inherent unfairness in allowing the prosecution to speak last before the mitigation-phase jury.  The Kentucky statute governing penalty phase hearings provides that "the defendant shall conclude the argument."  Ky. Ref. Stat. § 532.025(1)(A).  California has reached the same result through judicial interpretation.  *See People v. Bandhauer*, 426 P.2d 900, 905 (Cal. 1967) ("Equal opportunity to argue is . . . consistent with the Legislature's strict neutrality in governing the jury's choice of penalty . . . .

However, many of these cases were decided in the context of unitary penalty proceedings in which the jury was asked to decide whether the defendant was eligible for the death penalty and whether that penalty should be imposed. *See, e.g., Gooch*, 2006 U.S. Dist. LEXIS 91892, at 51-52 ("The Government bears the burden of establishing the existence of the gateway factors beyond a reasonable doubt, findings absent which a defendant cannot be sentenced to death. The order of argument prescribed by § 3593(c) mirrors that set forth in Federal Rule of Criminal Procedure 29.1 for guilt-phase proceedings. This order of argument is entirely consistent with the allocation of the burden of proof. The defendant's protections come from the requirement that the requisite intent and all aggravating factors be proved beyond a reasonable doubt to the unanimous satisfaction of the jury, while mitigating factors need only be demonstrated by a preponderance of the information to any juror who wishes to consider them. And, of course, at the final step of the selection phase, the jury must unanimously agree that a death sentence is justified. These statutory procedures incline toward life, not death. Under such circumstances, it is entirely appropriate to retain the normal rules of procedure."); *but see United States v. Henderson*, 485 F. Supp. 2d 831, 856 (S.D. Ohio 2007) (upholding constitutionality of § 3593(c)'s order of argument provision in

---

Accordingly, hereafter the prosecution should open and the defense respond. The prosecution may then argue in rebuttal and the defense close in surrebuttal."). The essential fairness of this position has application in this case.

bifurcated penalty proceeding). In this case, the jury has already found Mr. McCluskey eligible for the death penalty and is now faced solely with the decisions (1) whether mitigating factors and additional aggravating factors have been proven and (2) whether to sentence Mr. McCluskey to life imprisonment without the possibility of release or to death. Surrebuttal is appropriate because both parties bear burdens of proof at this stage and the rationale behind rebuttal is to allow the party bearing the burden of proof to respond to challenges to that proof. Given the Court has rejected Mr. McCluskey's argument that the government bears the burden of proving the aggravators outweigh the mitigators beyond a reasonable doubt, it would be unfair to allow the government's challenges to the mitigating evidence to go unanswered.

Finally, these cases do not speak to the Court's discretion to allow surrebuttal in an individual case. Even in non-capital cases, courts have the authority—and in some cases the duty—to allow the defense to give a surrebuttal argument if the prosecution raises new issues on rebuttal to which the defense has not opened the door in its closing argument and which are not based on reasonable inferences from the record. *Maloney*, 699 F.3d at 1140-41. Other considerations may also weigh in favor of granting the right of surrebuttal. *See, e.g., United States v. Cardascia*, 951 F.2d 474, 485 (2d Cir. 1991) (upholding trial judge's grant of defense rebuttal on the ground that the trial judge has discretion over this

issue as part of the "obligation . . . to ensure a fair and orderly procedure in the closing arguments to the jury"). Given the government's conduct throughout these proceedings, defense rebuttal is necessary to protect Mr. McCluskey's rights to a fair trial and a reliable sentencing determination.

In its rebuttal argument at both the trial and eligibility phases of this case the government has engaged in misconduct intended to inflame the jury against Mr. McCluskey. In the trial phase, government counsel impermissibly referred to Mr. McCluskey as "the alpha male, the pit bull," descriptions intended to demonize and dehumanize him.[3] Trial Tr. 8131. And as the Court is aware, the defense had to wait until its eligibility phase closing argument to rebut the government's improper portrayal of Mr. McCluskey as an animal. Without an opportunity for surrebuttal, similar inflammatory remarks in the government's final rebuttal argument will go unanswered before the jury decides Mr. McCluskey's fate.

Government counsel then went on to argue that the jury should consider Mr. McCluskey's prior convictions as character evidence. Trial Tr. 8132 ("Let's – we've heard a lot about Mr. Province's prior criminal record. Let's not forget that John McCluskey wasn't in prison for being late to mass. At the age of -- the

---

[3] Mr. McCluskey's Motion in Limine to Prohibit Specified Types of Prosecutorial Misconduct in Penalty-phase Summation (Doc. 891 at 68-69) includes citations to many cases holding that such characterizations of a defendant are highly improper. *See also Wilson v. Sirmons*, 536 F.3d 1064, 1118 (10th Cir. 2008) ("As to the prosecutor's use of the terms 'animal' and 'unadulterated evil' to describe Mr. Wilson, we find the pejoratives unprofessional, inappropriate, and unworthy of an officer of the court.").

evidence is, at the age of 27, he was convicted and sentenced to 15 years for multiple armed rob- -- for multiple robberies, multiple aggravated assaults. Then at the ripe old age of 44, he shot into an occupied dwelling with the intent to kill in Mesa, Arizona, and he was convicted and sentenced to15 years again. So when we are comparing the who's worse as between Mr. Province and Mr. McCluskey, let's remember the full scope of the evidence."). Although government counsel represented to the Court that he would move on from this argument after defense counsel objected (Trial Tr. 8133), he nonetheless continued: "Robbery, aggravated assault, attempted murder, shooting in an occupied dwelling, we're not talking about aggravated jaywalking." Trial Tr. 8134. While the Court denied the defense motion for mistrial based on this misconduct, it did find that the prosecution's argument was improper and instructed the jury accordingly. Trial Tr. 8181-85.

Then during the eligibility phase, government counsel improperly shifted the burden to the defense arguing: "The government's experts. We did not pick this fight. It would have been just fine for us not to have made you guys endure and, frankly, just barely survive five days of expert testimony." Trial Tr. 9941. Again, although the Court declined to provide the jury with a curative instruction, it did order the government to move on from this improper argument. Trial Tr. 9943.

Finally, during its opening statement in this final stage, the government improperly suggested to the jury that it should find a lack of remorse based on Mr.

7

McCluskey's courtroom behavior or a lack of affirmative evidence of remorse. Trial Tr. 10065 ("The third reason why the defendant represents a future danger is because he has shown no genuine or authentic remorse. He has shown a lack of genuine and authentic remorse for what he did to Gary and Linda Haas. *You have seen it with your own eyes.*") (emphasis added).  Although the Court denied Mr. McCluskey's motion for mistrial because the comments were made at a time when the government was showing certain photographs, government counsel acknowledged that he "stumbled a bit" and had to correct himself to avoid commenting on Mr. McCluskey's silence.  Trial Tr. 10069.

This pattern of misconduct creates a real risk of further misconduct during the government's rebuttal argument at the final stage of trial.  Given the importance of the decision the jury is being asked to make, fundamental fairness requires that Mr. McCluskey be permitted surrebuttal argument to respond to the government's challenges to the mitigating factors for which Mr. McCluskey bears the burden of proof and to any improper or unfairly prejudicial arguments the prosecution chooses to save for its rebuttal.

## CONCLUSION

For the foregoing reasons, Defendant John Charles McCluskey respectfully moves the Court to allow him to rebut the government's arguments against his proposed mitigating factors in a surrebuttal closing argument.

Dated: November 26, 2013

Respectfully submitted,

/s/ Michael N. Burt_____
Michael N. Burt
1000 Brannan Street, Suite 400
San Francisco, CA 94103-4888
415/522-1508

/s/ Theresa M. Duncan\_\_\_\_\_
Theresa M. Duncan
Duncan Earnest, LLC
600 Central Ave. SE
Suite 204
Albuquerque, NM 87102
505-710-6586

/s/ Gary C. Mitchell_____
Gary C. Mitchell
Gary C. Mitchell, P.C.
PO Box 2460
Ruidoso, NM 88355
(575) 257-3070

Attorneys for Defendant John McCluskey

## CERTIFICATE OF SERVICE

I certify that on November 26, 2013, I filed the foregoing document electronically through the CM/ECF system, which caused all counsel of record to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

/s/ Theresa M. Duncan
Theresa M. Duncan