IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                Cr. No. 10-2734 JCH

JOHN CHARLES McCLUSKEY,

        Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *Defendant McCluskey's Motion To Strike Non-Statutory Aggravating Factors Due to Insufficiency of Evidence*. [Doc. No. 1396, filed 11/11/13] The Government filed a Response. [Doc. No. 1421, filed 11/18/13]

The Court has reviewed the pleadings and the relevant law. The Court concludes that the Motion should be denied.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 29, "Motion for a Judgment of Acquittal," provides:

**(a) Before Submission to the Jury.** After the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction. The court may on its own consider whether the evidence is insufficient to sustain a conviction. If the court denies a motion for a judgment of acquittal at the close of the government's evidence, the defendant may offer evidence without having reserved the right to do so.

**(b) Reserving Decision.** The court may reserve decision on the motion, proceed with the trial (where the motion is made before the close of all the evidence), submit the case to the jury, and decide the motion either before the jury returns a verdict or after it returns a verdict of guilty or is discharged without having returned a verdict. If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved.

The Government is required to prove an aggravating factor beyond a reasonable doubt. § 3593(c). A jury finding with respect to an aggravating factor must be unanimous. § 3593(d). The same standards for sufficiency of evidence to support a conviction apply to sufficiency of evidence to support a finding of an aggravating factor. *United States v. Fields*, 516 F.3d 923, 940 (10th Cir. 2008). The Tenth Circuit observed that a defendant challenging the sufficiency of evidence on an aggravating factor "faces a 'high hurdle,' as we 'ask only whether, taking the evidence—both direct and circumstantial, together with the reasonable inferences therefrom—in the light most favorable to the government, a reasonable jury could [make the challenged finding] beyond a reasonable doubt.'" *Id.* (quoting *United States v. Jenkins*, 175 F.3d 1208, 1215 (10th Cir. 1999)) (alteration in original); *Revilla v. Gibson*, 283 F.3d 1203, 1216 (10th Cir. 2002).

## DISCUSSION

Citing the Fifth and Eighth Amendments, McCluskey asks the Court to strike the Government's non-statutory aggravating factors. McCluskey acknowledges that Federal Rule of Criminal Procedure 29 "'is not directly applicable'" to the penalty phase of a capital proceeding. [Doc. No. 1396, p. 1 (quoting *United States v. Sampson*, 335 F. Supp. 2d 166, 199 (D. Mass. 2004))] McCluskey argues, however, that the Court should exercise inherent authority to apply the standards of Rule 29 to review the sufficiency of evidence on non-statutory aggravating factors before submission to the jury; he asserts that the evidence[1] is insufficient for any rational juror to find these factors proved beyond a reasonable doubt. The Government observes that the

---

[1] Although the Rules of Evidence do not apply in the penalty phase, and the FDPA refers to "information" instead of "evidence" to support aggravating or mitigating factors, *see* § 3593(c), the parties and caselaw also use the term "evidence." This Memorandum Opinion and Order uses "evidence" and "information" interchangeably, without intending to imply that "information" admissible in the penalty phase is subject to the Rules of Evidence.

Tenth Circuit has not held that the district court can review sufficiency of evidence on aggravating factors, but cites several cases that have so held; the Government does not appear to oppose the Court's undertaking such a review in this case. [Doc. No. 1421, p. 2]

In *Brown*, the defendant made a motion for "directed verdict" on the statutory aggravating factor of pecuniary gain; the district court denied the motion and the defendant appealed. *United States v. Brown*, 441 F.3d 1330, 1368 (11th Cir. 2006). Observing that directed verdicts had been abolished, the Eleventh Circuit stated that the motion "properly should be treated as one seeking a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29." *Id.* Without analysis or discussion of the applicability of Rule 29 in this context, the Eleventh Circuit reviewed for sufficiency of evidence on the aggravating factor and affirmed "the district court's denial of what should be viewed as a Rule 29 motion." *Id.* at 1371.

McCluskey cites one district court case, *Sampson*, in support of his argument that the Court should exercise its inherent authority to extend the provisions of Rule 29 to the selection phase. *United States v. Sampson*, 335 F. Supp. 2d 166, 199 (D. Mass. 2004). *Sampson* recognizes that the terms of Rule 29 show that it is inapplicable to a capital sentencing proceeding. *Sampson*, 335 F. Supp. 2d at 199. Rule 29 refers to evidence "insufficient to sustain a conviction" and to entry of a "judgment of acquittal"—indicating that Rule 29 does not apply to the penalty phase of a capital trial, in which there is no question of evidence sufficient for "conviction" and no possibility of "acquittal." *Id.* Concluding that a capital defendant should be given additional protection against a judgment based on insufficient evidence, the *Sampson* court decided that it would exercise inherent power to evaluate the sufficiency of the evidence in the penalty phase. *Id.* at 199-200. The court concluded that doing so would not be inconsistent with any of the Federal Rules of Criminal Procedure. *Id.* at 200.

The *Sampson* court noted that there are "unique concerns for reliability in capital cases," there is a "heightened need for reliability," and there should be "unique safeguards" in place. *Id.* at 199 (discussing *United States v. Lee*, 39 F. Supp. 2d 1017, 1021 (E.D. Ark. 2000), *rev'd on other grounds*, 274 F.3d 485 (8th Cir. 2001)). *Sampson* stated that "the imposition of the death penalty in the absence of evidence to establish an aggravating factor beyond a reasonable doubt would violate the defendant's right to due process." *Id.* at 201 (citing *Jackson v. Virginia*, 443 U.S. 307, 318 (1979); *Smith v. Armontrout*, 888 F.2d 530, 538 (8th Cir. 1989)). The court concluded that "to provide the procedural safeguards necessary to vindicate the defendant's due process rights," it would be appropriate for the court to evaluate the sufficiency of the evidence in the penalty phase. *Id.* For this evaluation, the *Sampson* court adopted the Rule 29 standard applicable to guilt phase determinations. *Id.*

The district court in *Taylor* similarly concluded that it was appropriate to review aggravating factors for sufficiency of evidence before submission to the jury. *United States v. Taylor*, 583 F. Supp. 2d 923, 945-46 (E.D. Tenn. 2008). "By its terms, Rule 29 does not apply at sentencing phases, but the district court in *Sampson* concluded it was nevertheless proper for district courts to exercise such power during a capital sentencing phase." *Id.* at 945. *Taylor* determined that the district court should apply the same standard used by courts of appeal to review the sufficiency of the evidence on aggravating factors (which is the same as the Rule 29 standard). *Id.* at 946 (considering evidence in light most favorable to the government and allowing all reasonable inferences in favor of the government). Concluding that there was insufficient evidence of "pecuniary gain," the *Taylor* court granted the motion to strike that aggravating factor. *Id.* at 946-47.

A district court in Virginia similarly allowed the defendant to file a post-trial motion challenging the sufficiency of the evidence presented at the penalty phase information, based on the court's inherent authority.  *United States v. Runyon*, 652 F. Supp. 2d 716, 718-19 (E.D. Va. 2009), *aff'd*, 707 F.3d 475 (4th Cir. 2013) (not addressing district court's authority to rule on sufficiency of evidence on aggravating factor), *pet. for cert. filed* (Aug. 21, 2013); *United States v. Runyon*, 667 F. Supp. 2d 648 (E.D. Va. 2009) (reaffirming prior decision that district court should review information on aggravating factor).  The *Runyon* court recognized that Rule 29 only applies to the guilt phase, but reasoned that a defendant should be afforded a post-trial remedy other than an appeal to correct error during the selection phase.  *Id.* at 719.

As the *Sampson* court observed, it would violate due process to allow the jury to impose the death penalty when that decision may rest, at least in part, on an aggravating factor for which there is insufficient evidence.  *Sampson*, 335 F. Supp. 2d at 201.  Such an error could and would presumably be corrected by an appeal.  Reversal on appeal for insufficiency of evidence on an aggravating factor, however, would cause delay and consume additional resources, and later could subject the defendant to a second sentencing proceeding.  In the interest of providing timely protection to the defendant's due process right, the district courts in *Sampson* and *Taylor* concluded that they should review for sufficiency of evidence on aggravating factors before submitting the case to the jury.

The Court concludes, however, that it is unnecessary to reach this issue.  Assuming arguendo that the Court were to review for sufficiency of evidence on aggravating factors, the Court would conclude that the Government has presented sufficient evidence to allow a reasonable jury to find, beyond a reasonable doubt, the factors challenged by McCluskey.

**I.  Sufficiency of Evidence on "Lack of Remorse" Sub-Factor**

5

"Lack of remorse" is one of five sub-factors alleged in support of the non-statutory aggravating factor of "Future Dangerousness." [Doc. No. 755, filed 12/5/12, pp. 5-8][2] McCluskey argues that the Government has not presented sufficient evidence for a reasonable jury to find the "Lack of remorse" sub-factor beyond a reasonable doubt.

McCluskey first assumes that the Government was required to prove all of the facts included in the Government's informative outline, and contends that the Government's failure to do so means that the Court should strike the "Lack of remorse" sub-factor on the ground of insufficiency of evidence. [Doc. No. 1396, pp. 4-7] The Government responds that the Court should gauge sufficiency of the evidence on "the evidence introduced into the record as a whole," while acknowledging that "the guesswork of trial practice has resulted in slightly more or less evidence than was noticed." [Doc. No. 1421, p. 3]

Recognizing that McCluskey did not have a constitutional right to further detail than was provided in the Notice of Intent, the Court nevertheless concluded that it was appropriate to order an informative outline providing more detail about how the Government planned to prove some of the non-statutory aggravating factors. [Doc. No. 645, p. 14] The Court exercised its inherent authority to order the Government to provide an informative outline "to ensure a meaningful opportunity to prepare a defense, reasoning that the constitutional rights to due process and confrontation weigh in favor of supplemental notice in connection with aggravating factors." [Doc. No. 645, filed 8/27/12, p. 13] In that prior Order, the Court "emphasize[d] that the outline need not reveal evidentiary detail, but it should address the general nature of the [information]

---

[2] The Government has withdrawn the sixth sub-factor, Gang affiliation, which was originally alleged in support of the "Future Dangerousness" aggravating factor.

6

the Government will offer to prove its statutory threshold findings and aggravating factors."[3] [Doc. No. 645, p. 14]  The Court's Order for an informative outline was focused on providing additional notice of "the <u>general nature</u>" of the information the Government expected to produce; that Order was not intended to bind the Government to prove every allegation in the informative outline.  McCluskey does not contend that he had insufficient notice to prepare a defense.  Instead, McCluskey's Motion raises a different issue, which is not related to the purpose of the informative outline.

McCluskey's Motion concerns whether there is sufficient evidence before the jury for the jury to find the sub-factor of "Lack of remorse" and the factor of "Future Dangerousness" beyond a reasonable doubt.  Since it is the jury that is required to make these findings, the focus is on the evidence which has been presented to the jury—in the guilt phase, eligibility phase, and selection phase.  The jury will not see the Government's informative outline and that outline will play no part in the jury's decisions; therefore, the informative outline is irrelevant to the issues raised by McCluskey's Motion.  The Court agrees with the Government's Response that, in determining whether there is sufficient evidence on an aggravating factor or sub-factor, the focus is on the evidence presented in court, before the jury.

As a preliminary matter, the Court notes that McCluskey's argument on lack of remorse is directed against a sub-factor, not an aggravating factor.  An aggravating factor must be proved beyond a reasonable doubt.  § 3593(c).  There is some authority that sub-factors need not be proved beyond a reasonable doubt, on the ground that they constitute evidence of an aggravating factor and thus do not require the same level of proof as the aggravating factor itself.  *See United*

---

[3] McCluskey subsequently challenged the sufficiency of that informative outline with respect to "Victim Impact," and the Court concluded that the outline provided sufficient information to allow McCluskey to prepare a defense. [Doc. No. 1017, filed 6/11/13, pp. 6-7]

*States v. Lujan*, Cr. No. 05-924 RB [Doc. No. 1388, filed 10/13/11, pp. 6-7] (concluding that government is not required to "prove each supporting allegation, or sub-factor, regarding future dangerousness beyond a reasonable doubt"); *see also United States v. Lujan*, 603 F.3d 850, 854-58 (10th Cir. 2010) (implying that unadjudicated criminal conduct presented in support of aggravating factor of future dangerousness need not be proved beyond a reasonable doubt); *Turner v. Johnson*, 106 F.3d 1178, 1188-89 (5th Cir. 1997) (holding that proof beyond a reasonable doubt is not required for unadjudicated offenses used in capital sentencing proceedings); *United States v. Edelin*, 134 F. Supp. 2d 59, 76 n.18 (D.D.C. 2001) (concluding under § 848(j) that each aggravating factor must be proved beyond a reasonable doubt, but "each piece of evidence used to support the aggravating factor need not be proved beyond a reasonable doubt"); *United States v. Umana*, 707 F. Supp. 2d 621, 635 (W.D.N.C. 2010) (observing that sub-factors of future dangerousness aggravating factor "are alleged as evidence—not elements—of future dangerousness"); *United States v. Corley*, 348 F. Supp. 2d 970, 973 (N.D. Ind. 2004) (recognizing dearth of cases addressing whether unadjudicated criminal conduct must be proved beyond a reasonable doubt when used in support of an aggravating factor).  The Government, however, in its Response appears to take the position that it will prove the sub-factor of lack of remorse on the same standard as an aggravating factor—arguing that "sufficient evidence exists for which a rational jury could find each of the alleged non-statutory factors and sub-factors beyond a reasonable doubt," and the Government "introduced sufficient evidence from which a rational jury could conclude, beyond a reasonable doubt, that Defendant has not expressed genuine remorse for killing Gary Haas and Linda Haas." [Doc. No. 1421, pp. 1, 4]  The Court has not yet resolved the issue of how the jury will be instructed on proof of sub-factors.  At this point, however, since the Government appears to commit to the same standard of sufficiency as

for aggravating factors, and further because the Court concludes that the evidence presented on the lack of remorse sub-factor is sufficient to satisfy this standard, the Court need not resolve the issue of whether sub-factors require proof beyond a reasonable doubt.

The Supreme Court has approved the factor of lack of remorse. *See Zant v. Stephens*, 462 U.S. 862, 886 n.22 (1983). "Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation." *Id.* Lack of remorse is relevant to a determination of the appropriate and individualized sentence; the concept of lack of remorse is built into the Sentencing Guidelines, but in a capital case is not built into the sentencing process and must instead be presented to the jury by argument. *United States v. Mikos*, 539 F.3d 706, 718 (7th Cir. 2008). This aggravating factor "differs in principle from a penalty for failure to incriminate oneself." *Id.*; *see United States v. Nguyen*, 928 F. Supp. 1525, 1541-42 (D. Kan. 1996) (observing that there is no constitutional problem with factor of lack of remorse when shown though defendant's actions, statements, and demeanor). Neither McCluskey's silence nor his decision to proceed to trial can be used as evidence to support the lack of remorse factor; the Court previously recognized the Government's commitment to rely only on McCluskey's affirmative actions and statements. [Doc. No. 1288, filed 10/7/13, pp. 57-58]

"Remorse means regret and contrition." *Mikos*, 539 F.3d at 718. A defendant exhibiting lack of remorse "is both more dangerous and less capable of incapacitation by imprisonment than is someone who genuinely regrets his misdeeds." *Id.* at 718-19. Gloating or boastfulness may support a finding of lack of remorse. *Id.* at 718; *United States v. Davis*, 912 F. Supp. 938, 946 (E.D. La. 1996) (concluding that defendant's alleged exultation over victim's death could not be used in support of an independent aggravating factor of lack of remorse, but could be presented

in support of factor of future dangerousness). But evidence to support lack of remorse is not limited to such expressions. For instance, actions taken in disposing of a victim's body may support the lack of remorse factor. *See United States v. Ortiz*, 315 F.3d 873, 879 (8th Cir. 2002) (concluding that lack of remorse was shown by evidence defendant placed murder victim's body in car trunk and drove vehicle to a park and abandoned vehicle with body inside). Cold-bloodedness may show lack of remorse and thus support the aggravating factor of future dangerousness. *See United States v. Lujan*, 603 F.3d 850, 854-55 (10th Cir. 2010) (determining that prior homicide involving "cold, calculated, and brutal conduct has a strong tendency to show *Lujan* has a propensity for violence and future dangerousness"); *Fields*, 516 F.3d at 942 (determining evidence was sufficient to support aggravating factor of future dangerousness when defendant committed "coldly calculated murder of strangers who could have been anyone"). And calculated efforts to avoid detection, conceal evidence, and mislead law enforcement may support the lack of remorse factor. *See United States v. Mikos*, 539 F.3d 706, 718 (7th Cir. 2008) (concluding that evidence supported lack of remorse factor, when defendant did nothing to reduce the hurt his crimes had caused but instead continued with crimes to escape conviction); *United States v. Runyon*, 707 F.3d 475, 498 (4th Cir. 2013) (recognizing that defendant's scheming to conceal evidence and mislead law enforcement supported lack of remorse aggravating factor).

McCluskey argues that the only noticed facts for which the Government has presented evidence are: (1) the robbery of the Kut and Kurl, and (2) McCluskey's wearing the John Deere hat belonging to Gary Haas. [Doc. No. 1396, pp. 5-6] The Government's Response details much additional evidence which has been presented in court and on which the jury could rely to support the "Lack of remorse" sub-factor.

The jury could find that burning the Haases' bodies demonstrated both cold-bloodedness and calculated efforts to avoid detection. *See Lujan*, 603 F.3d at 854-55; *Fields*, 516 F.3d at 942. McCluskey and Province bought brake fluid and paper towels, which they used to wipe down the Haases' truck, both inside and out, to remove fingerprints and thwart detection. [Tr. 5036-38, 8/26/13] The post-mortem burning prevented easy identification of the victims and could also be found to constitute desecration of bodies that the victims' relatives and friends would have wanted respectfully treated and buried. *See Mikos*, 539 F.3d at 718; *Runyon*, 707 F.3d at 498. A reasonable jury could find that all of these actions showed lack of remorse.

McCluskey minimizes the facts of the robbery of the Kut and Kurl. Joyce Cook testified that McCluskey pointed a gun at her, though it was just lying in his hand, and demanded the money from the cash register. [Tr. 10157-58, 11/6/13] When Cook went to the cash register and reached down to flip a lever, McCluskey grabbed her arm and pushed the gun closer to her. [Tr. 10159, 11/6/13] She testified that he grabbed her arm "hard," and turned blue. [Tr. 10160, 11/6/13] They asked her to sit in a chair, McCluskey handed Welch some black ties, and Welch tied Cook's hands behind her back and also tied her feet. [Tr. 10164-65, 11/6/13] They pushed her to the back of the shop and pulled a table and bookshelf around to pin her in. [Tr. 10166, 11/6/13] As they left, McCluskey said to Cook, "Don't make me come back." [Tr. 10166, 11/6/13]

Evidence was presented that McCluskey took and wore Gary Haas's John Deere hat, after McCluskey shot Haas. [Tr. 6249, 9/16/13; Tr. 6541, 9/17/13] A reasonable jury could find that this behavior indicated lack of remorse.

Province testified that McCluskey and Welch took as nicknames Bonnie and Clyde. [Tr. 5062, 8/26/13] Such a lighthearted approach to a crime spree, involving two murders, could be

11

found to indicate lack of remorse. *See United States v. Roman*, 371 F. Supp. 2d 36, 50 (D.P.R. 2005) (concluding that support for lack of remorse factor was provided by defendant's taking on nickname of "Ranger" after killing security guard in armed robbery of Ranger American Armored Services).

The Court recognizes that during the guilt phase the Government elicited some testimony that could be found by the jury to undermine the lack of remorse sub-factor: Province's testimony that McCluskey had repeatedly expressed to Province his remorse for shooting Gary and Linda Haas. As the Court previously concluded, this testimony "merely creates a fact issue regarding Defendant's remorse for the jury to resolve and weigh." [Doc. No. 1377, filed 11/5/13, p. 3] It is not the province of this Court to judge the credibility of testimony, in considering whether the information presented could support a jury finding of lack of remorse. The Court concludes that a jury, having heard this testimony along with all of the other information presented in court, could reasonably find sufficient support for the lack of remorse sub-factor.

The Court will not relate all of the evidence that could be used to support the lack of remorse sub-factor. The Government's Response summarizes additional information on which the jury could rely. [Doc. No. 1421, pp. 5-7] Assuming arguendo that the Government is required to present sufficient evidence for the jury to find the "Lack of remorse" sub-factor beyond a reasonable doubt, the Court concludes that the Government has done so. The Court will deny McCluskey's Motion to strike the "Lack of remorse" sub-factor.

## II. Sufficiency of Evidence on "Future Dangerousness" Aggravating Factor

McCluskey also argues that the Government has not introduced sufficient evidence to support the "Future Dangerousness" factor and that the Court should strike this factor. [Doc. No. 1396, pp. 7-8] As McCluskey recognizes, the Government has introduced the following

evidence: (1) the killing of Linda and Gary Haas; (2) the destruction of the Haases' trailer; (3) McCluskey's prior convictions for criminal conduct including the armed robbery of the Kut and Kurl salon; (4) McCluskey's "elbowing" a law enforcement officer in connection with a court hearing; (5) McCluskey's 2010 escape from the Arizona State Prison-Kingman; (6) McCluskey's alleged possession and distribution of illegal drugs at the Kingman prison; and (7) McCluskey's statement when arrested that if he had access to his gun he would have attempted to kill law enforcement officers.

The Government argues that there is sufficient evidence. [Doc. No. 1421, pp. 8-9] In addition to the evidence discussed above in support of the "Lack of remorse" sub-factor, the Government cites further evidence to support the other four sub-factors of "Future Dangerousness": (1) Continuing pattern of violence (including the twenty crimes on which McCluskey was convicted in this case, "previous conviction[s] of violent felony involving a firearm," and other "previous conviction[s] of other serious offenses" found in the eligibility phase [Doc. No. 1404, pp. 6-8 ("Special Findings Form Regarding Eligibility")]; (2) Low rehabilitative potential (including repeated acts of institutional misconduct while in custody, the 2010 escape from Arizona prison, possession and sale of illegal drugs while incarcerated); (3) Callous disregard for human life (including killing of Haases and post-mortem mutilation of their bodies, attempts to kill or seriously injure victims of previous criminal acts in Pennsylvania and Arizona, McCluskey's statement at time of 2010 arrest that he would have killed arresting officers if he could have gained access to his gun, statements to an accomplice indicating he would fight and kill law enforcement officers if confronted while on the run); (4) Escape risk (including 2010 escape from Arizona prison and demonstrated ability to fabricate and possess contraband weapons while incarcerated).

McCluskey argues that this evidence is not sufficient to support a jury finding that he is likely to commit criminal acts of violence "within the confines of a prison." [Doc. No. 1396, p. 8] McCluskey acknowledges, however, that the Tenth Circuit has held that evidence of violent conduct outside the prison setting may be sufficient, without more, to support a finding of future dangerousness. In *Fields*, the Tenth Circuit concluded that there was sufficient evidence of future dangerousness provided in the circumstances of the murders themselves. *United States v. Fields*, 516 F.3d 923, 943 (10th Cir. 2008). The evidence showed "coldly calculated murder[s] of strangers" and a lack of remorse; the circumstances did not suggest "an inherently one-time occurrence" and thus supported a finding that the defendant was likely to commit criminal acts of violence in the future. *Id.* The defendant had "stalked" and "sniped" his victims at a campground. *Id.* The Tenth Circuit concluded that, even though the particular circumstances of the murders could not be repeated inside a prison, these circumstances nevertheless supported a finding of future dangerousness: "While the particulars of Fields' stalk-and-snipe plan would obviously not directly translate to a prison setting, neither would such a setting deny future occasions for acting out the dangerous personal characteristics that the plan and its execution reflected." *Id.* The Tenth Circuit concluded that the defendant's challenge to the jury finding of future dangerousness was "meritless." *Id.*

As in *Fields*, sufficient evidence has been presented of McCluskey's violent conduct outside prison and the jury could reasonably find that this evidence supports a finding beyond a reasonable doubt that McCluskey is likely to commit criminal acts of violence in the future that would constitute a continuing and serious threat to the lives and safety of others. For example, even though the particular circumstances of the armed robbery of the Kut and Kurl salon could not be repeated within a prison setting, the jury could find that a prison setting would not "deny

future occasions for acting out the dangerous personal characteristics" that McCluskey's violent acts reflected.  *Fields*, 516 F.3d at 943.  It will be up to the jury to decide how to interpret McCluskey's conduct and character.  *See id.*

Viewing all of the information in the light most favorable to the Government, and giving the Government the benefit of all reasonable inferences, the Court concludes that McCluskey has not cleared the "high hurdle" to show that a reasonable jury could not find "Future Dangerousness" proved beyond a reasonable doubt.  *Fields*, 516 F.3d at 940.  The Court will deny McCluskey's Motion to strike the "Future Dangerousness" aggravating factor.

## III.  Challenge to "Remaining Non-Statutory Aggravating Factors"

McCluskey makes a one-sentence conclusory challenge to the "Remaining Non-Statutory Aggravating Factors."  [Doc. No. 1396, p. 8]  McCluskey fails to develop any arguments, and includes no discussion of the evidence or citation to the record.  The Government suggests that the Court should not be required to comb the record for testimony relevant to McCluskey's conclusory challenges.  [Doc. No. 1421, p. 4]

The Court concludes that McCluskey's conclusory challenge to the other non-statutory aggravating factors need not be addressed.  A cursory statement without supporting analysis does not properly present an issue for an appellate court or this Court to decide.  *See United States v. Fillman*, 325 Fed. Appx. 700, 703 (10th Cir. 2009) (unpublished); *Murrell v. Shalala*, 43 F.3d 1388, 1390 (10th Cir. 1994) (perfunctory reference, without development of an argument, is insufficient to invoke appellate review); *Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999) (declining to consider suggestion of an issue, without further argument or support); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (declining to consider even a pro se defendant's allegations when they "are merely conclusory in nature and without supporting

15

factual averments").  The Court will deny McCluskey's motion to strike the other non-statutory aggravating factors.

## **CONCLUSION**

The Court need not reach the issues of whether to exercise its inherent authority to review aggravating factors for sufficiency of evidence and whether sub-factors must be proved beyond a reasonable doubt.  Assuming arguendo that the Court has authority to conduct such review and that the sub-factor of lack of remorse requires proof beyond a reasonable doubt, the Court would conclude that the Government has presented sufficient evidence to allow a reasonable jury to find the challenged factors beyond a reasonable doubt.  The Court will deny McCluskey's Motion to strike the non-statutory aggravating factors.

**IT IS THEREFORE ORDERED** that *Defendant McCluskey's Motion To Strike Non-Statutory Aggravating Factors Due to Insufficiency of Evidence* [Doc. No. 1396] is **DENIED.**

_____
**UNITED STATES DISTRICT JUDGE**